UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
LEIGHTON TECHNOLOGIES LLC,          :

                Plaintiff,      :

       - against -                        :      Civil Action No.: **04 CV 02496**

OBERTHUR CARD SYSTEMS, S.A.         :      **DEMAND FOR JURY TRIAL**

                Defendant.      :
----------------------------------x

## COMPLAINT

Plaintiff Leighton Technologies LLC ("Leighton Technologies"), by its attorneys, Clifford Chance US LLP, brings this patent infringement action against Defendant Oberthur Card Systems, S.A. ("OCS-France") and for its complaint hereby states and alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

2.    This Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3) (McKinney 2001) by virtue of Defendant's transacting and soliciting business in this district.

3.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(d) because a substantial part of the events giving rise to the claims occurred in this district and because the Defendant is an alien corporation.

NYA 663580.4

## THE PARTIES

4.      Plaintiff Leighton Technologies is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 75 Montebello Park, Suffern, NY 10901-3740. Leighton Technologies is the owner of several patents covering "smart cards" and processes for making "smart cards." Smart cards are plastic cards with a silicon chip embedded into the body of the plastic that are used, *inter alia*, to enable secure financial payments and access to secure locations.

5.      Defendant OCS-France is a corporation organized and existing under the laws of France with its principal place of business at 71/73 rue des Hautes-Pâtures, 92726 Nanterre Cedex, France. Defendant OCS-France is a global manufacturer and distributor of smart cards.

## THE FOUR PATENTS-IN-SUIT

6.      Each of the four patents-in-suit covers processes for making certain types of smart cards. One of the four patents-in-suit also covers smart cards made in accordance with one of the processes.

7.      United States Patent No. 5,817,207 (the "'207 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," was duly and lawfully issued on October 6, 1998, based upon an application filed by the inventor, Keith R. Leighton. A copy of the '207 patent is attached hereto as Exhibit A.

8.      United States Patent No. 6,036,099 (the "'099 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Card And Product Resulting Therefrom," was duly and lawfully issued on March 14, 2000, based upon an

application filed by the inventor, Keith R. Leighton. A copy of the '099 patent is attached hereto as Exhibit B.

9. United States Patent No. 6,214,155 B1 (the "'155 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," was duly and lawfully issued on April 10, 2001, based upon an application filed by the inventor, Keith R. Leighton. A copy of the '155 patent is attached hereto as Exhibit C.

10. United States Patent No. 6,514,367 B1 (the "'367 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Card," was duly and lawfully issued on February 4, 2003, based upon an application filed by the inventor, Keith R. Leighton. A copy of the '367 patent is attached hereto as Exhibit D.

11. Leighton Technologies is the owner by assignment of the '207, '099, '155, and '367 patents (collectively, "the Patents") and has the right to sue, and recover damages, for infringement thereof.

## GENERAL ALLEGATIONS

12. Upon information and belief, from October 6, 1998 (the earliest issue date of the Patents) until at least early 1999, Defendant made smart cards in France according to a secret manufacturing process (the "OCS-France Manufacturing Process"). Upon information and belief, these smart cards were imported into, and sold and used in, New York and other places throughout the United States.

13. Upon information and belief, since early 1999, Defendant has exercised direct and substantial control over certain of its U.S. Affiliates that make and sell smart cards ("U.S. Affiliates").

3

14. Upon information and belief, since early 1999, Defendant has provided and continues to provide its U.S. Affiliates with the technological details of, and support for, the OCS-France Manufacturing Process.

15. Upon information and belief, since early 1999, Defendant has actively directed, caused, and encouraged its U.S. Affiliates to make smart cards in the United States in accordance with the OCS-France Manufacturing Process, to sell such smart cards in New York and other places throughout the United States, and to cause such smart cards to be used in New York and other places throughout the United States.

16. Upon information and belief, Defendant has engaged in and continues to engage in continuous and substantial activity in New York.

17. Upon information and belief, Defendant has committed and continues to commit tortious acts inside and outside of New York, and these acts have caused and continue to cause direct injury to Leighton Technologies.

18. Upon information and belief, Defendant regularly transacts and solicits business in New York, engages in other persistent courses of conduct in New York, and derives substantial revenue from goods used or consumed, or services rendered, in New York.

19. By virtue of its aforementioned acts, Defendant, upon information and belief, expects to or should reasonably expect such acts to have consequences in New York, and Defendant derives substantial revenue from interstate and international commerce.

## COUNT I
## (PATENT INFRINGEMENT)

20. Leighton Technologies repeats and incorporates the allegations contained in paragraphs 1 through 19 above as is set forth fully herein.

21. Upon information and belief, Defendant has imported into the United States certain smart cards that were made in France pursuant to the OCS-France Manufacturing Process and, thus, in accordance with the Patents. This importation has infringed the Patents under 35 U.S.C. § 271.

22. Upon information and belief, Defendant has induced infringement of and is continuing to induce infringement of the Patents by providing its U.S. Affiliates with technological details of, and support for, the OCS-France Manufacturing Process and by actively directing, causing, and encouraging its U.S. Affiliates to make smart cards in the United States in accordance with the OCS-France Manufacturing Process, which smart cards were sold and used in New York and other places throughout the United States. This inducement is an infringement of the Patents under 35 U.S.C. § 271(b), since the use of the OCS-France Manufacturing Process by Defendant's U.S. Affiliates, and the sale and use of smart cards made in accordance therewith, is a direct infringement of the Patents under 35 U.S.C. § 271(a).

23. Defendant has committed the foregoing infringing activities without license from Leighton Technologies.

24. Upon information and belief, Defendant knew the Patents existed before committing the foregoing infringing acts, thereby willfully and deliberately infringing the Patents. This action is "exceptional" within the meaning of 35 U.S.C. § 285, and Leighton Technologies therefore is entitled to its reasonable attorneys' fees and litigation expenses.

Additionally, Leighton Technologies' damages should be trebled pursuant to 35 U.S.C. § 284 because of Defendant's willful infringement of the Patents.

25. As a direct and proximate result of Defendant's infringing conduct and the threat of continuing infringement, Leighton Technologies has suffered and will continue to suffer irreparable harm and damages for which Leighton Technologies has no adequate remedy at law.

26. Unless this Court enjoins Defendant, Defendant will continue to infringe the Patents.

27. If Leighton Technologies is unable to stop Defendant's patent infringement, Leighton Technologies will suffer irreparable harm. Leighton Technologies' remedy at law is inadequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Defendant should be enjoined pursuant to 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Permanently enjoining Defendant – together with each of its affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Court's order by personal service or otherwise – from using in the United States the OCS-France Manufacturing Process, from manufacturing or selling in the United States smart cards made by the OCS-France Manufacturing Process, and from otherwise infringing the Patents in any manner.

B. Requiring Defendant to file and serve on Leighton Technologies, within 30 days after service of an injunction, a written report under oath setting forth in detail Defendant's compliance with the injunction.

NYA 663580.4

C.  For a judicial determination and declaration that Defendant's importation into the United States of certain smart cards that were made in France pursuant to the OCS-France Manufacturing Process and in accordance with the Patents – and such other of Defendant's products or practices as may infringe – infringe the Patents.

D.  For a judicial determination and declaration that Defendant's inducement of its U.S. Affiliates to infringe the Patents by providing said affiliates with technological details of, and support for, the OCS-France Manufacturing Process – and by actively directing, causing, and encouraging these affiliates to make and sell smart cards in the United States in accordance with the OCS-France Manufacturing Process – infringe the Patents.

E.  For a judicial determination and declaration that because Defendant's infringement of the Patents is willful and deliberate, this is an exceptional case under 35 U.S.C. § 285.

F.  For an order requiring Defendant to account for the sales and profits related to the sale of smart cards made using its infringing process.

G.  For an award, to be determined at trial, of damages adequate to compensate Leighton Technologies for Defendant's infringement and Leighton Technologies' costs, but in no event less than a reasonable royalty – plus pre-judgment and post-judgment interest – and for such damages to be trebled, pursuant to 35 U.S.C. § 284.

H.  For an award of Leighton Technologies' reasonable attorneys' fees and expenses, pursuant to 35 U.S.C. § 285.

I.  For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Leighton Technologies LLC hereby demands a jury trial on all triable issues raised in this action.

Date:  March 30, 2004
       New York, New York

_____
Joseph Floriani, Esq. (JF 0305)
CLIFFORD CHANCE US LLP
200 Park Avenue
New York, NY 10166-0153
Tel: 212-878-8000
Fax: 212-878-8375
*Attorneys for Plaintiff*

**Of Counsel**:

Michael A. O'Shea, Esq. (MOS 7985)
Jin-Suk Park, Esq.
CLIFFORD CHANCE US LLP
2001 K Street, NW
Washington, DC 20006-1001
Tel: 202-912-5000
Fax: 202-912-6000


General Patent Corporation International
Neil G. Cohen, Esq. (NC 0648)
75 Montebello Road
Suffern, NY 10901-3740
Tel: 845-368-2264
Fax: 845-818-3945

NYA 663580.4