James David Jacobs (JJ-7351)
Frank Gasparo (FG-2958)
BAKER & MCKENZIE
805 Third Avenue
New York, New York 10022
(212) 751-5700

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | | |
|---|---|---|
| LEIGHTON TECHNOLOGIES LLC, | ) | |
| | ) | 04 Civ. 02496 (CM) |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | **ANSWER and** |
| vs. | ) | **COUNTERCLAIMS** |
| | ) | |
| OBERTHUR CARD SYSTEMS, S.A., | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) | **ELECTRONICALLY FILED** |

-----------------------------------------------------------

`

    Defendant, Oberthur Card Systems, S.A. ("OCS"), by its undersigned counsel, answers the Complaint of Leighton Technologies LLC ("Leighton") as follows:

    1.    OCS denies each and every allegation of paragraph 1 of the Complaint.

    2.    OCS denies each and every allegation of paragraph 2 of the Complaint.

    3.    OCS denies each and every allegation of paragraph 3 of the Complaint.

    4.    OCS denies each and every allegation of paragraph 4 of the Complaint, except is without sufficient knowledge or information to form a belief as to the truth of the allegations that Leighton is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 75 Montebello Park, Suffern, NY 10901-2740 and that Leighton is the owner of several patents covering "smart cards" and processes for making "smart cards", and therefore denies the same.

5. OCS denies each and every allegation of paragraph 5 of the Complaint, except admits that is a corporation organized and existing under the laws of France with its principal place of business at 71/73 rue des Hautes-Pâtures, 92726 Nanterre Cedex, France and that it is a manufacturer and distributor of laminated plastic cards that contain microchips, sometimes referred to as "smart cards".

6. OCS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies the same.

7. OCS denies each and every allegation of paragraph 7 of the Complaint, and therefore denies the same, except admits that what purports to be a copy of the '207 patent is attached to the Complaint as Exhibit A.

8. OCS denies each and every allegation of paragraph 8 of the Complaint, and therefore denies the same, except admits that what purports to be a copy of the '099 patent is attached to the Complaint as Exhibit B.

9. OCS denies each and every allegation of paragraph 9 of the Complaint, and therefore denies the same, except admits that what purports to be a copy of the '155 patent is attached to the Complaint as Exhibit C.

10. OCS denies each and every allegation of paragraph 10 of the Complaint, and therefore denies the same, except admits that what purports to be a copy of the '367 patent is attached to the Complaint as Exhibit D.

11. OCS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. OCS denies each and every allegation of Paragraph 12 of the Complaint.

13. OCS denies each and every allegation of Paragraph 13 of the Complaint.

14. OCS denies each and every allegation of Paragraph 14 of the Complaint.

15. OCS denies each and every allegation of Paragraph 15 of the Complaint.

16. OCS denies each and every allegation of Paragraph 16 of the Complaint.

17. OCS denies each and every allegation of Paragraph 17 of the Complaint.

18. OCS denies each and every allegation of Paragraph 18 of the Complaint.

19. OCS denies each and every allegation of Paragraph 19 of the Complaint.

20. OCS repeats and realleges the denials in paragraphs 1 through 19 as if fully set forth here.

21. OCS denies each and every allegation of Paragraph 21 of the Complaint.

22. OCS denies each and every allegation of Paragraph 22 of the Complaint.

23. OCS denies each and every allegation of Paragraph 23 of the Complaint.

24. OCS denies each and every allegation of Paragraph 24 of the Complaint.

25. OCS denies each and every allegation of Paragraph 25 of the Complaint.

26. OCS denies each and every allegation of Paragraph 26 of the Complaint.

27. OCS denies each and every allegation of Paragraph 27 of the Complaint.

### FOR AND AS A FIRST AFFIRMATIVE DEFENSE

28. Leighton fails to state a claim upon which relief may be granted against OCS.

### FOR AND AS A SECOND AFFIRMATIVE DEFENSE

29. This court lacks jurisdiction over the person of OCS.

### FOR AND AS A THIRD AFFIRMATIVE DEFENSE

30. Leighton's claims are barred due to its or its predecessor in interests' laches.

### FOR AND AS A FOURTH AFFIRMATIVE DEFENSE

31. Leighton is estopped from bringing its claims in this action.

## FOR AND AS A FIFTH AFFIRMATIVE DEFENSE

32. This action is barred in whole or part by 28 U.S.C. § 1498 (a).

## FOR AND AS A SIXTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM
### (Patent Invalidity and Noninfringement)

33. This is a claim for a declaratory judgment of non-infringement, unenforceability and invalidity, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

34. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C.§§ 1331, 1338(a), 2201 and 2202 and 35 U.S.C. § 291.

35. OCS is a corporation organized and existing under the laws of France with its principal place of business in Nanterre, Cedex, France.

36. Upon information and belief Leighton is a limited liability company organized and existing under the law of New York State with its principal place of business in Suffern, NY.

37. Leighton alleges in its Complaint and at various times before alleged that OCS infringes the '207, '099, '155, and '367 patents.

38. OCS does not infringe any claim of the '207, '099, '155, and '367 patents.

39. The '207, '099, '155, and '367 patents are invalid because each of them fails to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

40. By reason of the foregoing an actual and justiciable case and controversy exists between OCS and Leighton that the '207, '099, '155, and '367 patents are invalid and not infringed.

41. OCS is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of or induced the infringement of, and is not infringing, contributing to the

infringement of or inducing the infringement of any valid and enforceable claim of the '207, '099, '155, and '367 patents.

### FOR AND AS A SEVENTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM
### (Inequitable Conduct)

42. OCS repeats and realleges the allegations in paragraphs 33 through 41 inclusive as if fully set forth here.

43. This is a claim for a declaratory judgment of unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

44. Upon information and belief Keith Leighton, Leighton's predecessor in interest, on September 22, 1998 filed the application ("'155 patent application") that would mature into the '155 patent.

45. Upon information and belief Keith Leighton caused to be filed on August 5, 1999 the application ("'367 patent application") that would mature into the '367 patent.

46. Upon information and belief on or about December 6, 2000 the United States Patent and Trademark Office mailed to Keith Leighton's attorney a rejection of all the then pending claims in the '367 patent application. That rejection cited Japanese Patent 6-176214 as prior art.

47. Upon information and belief the '155 patent application was pending on December 6, 2000 in the United States Patent and Trademark Office and did not issue until April 10, 2001.

48. Upon information and belief Keith Leighton or his representatives did not cause Japanese Patent 6-176214 to be made of record in the '155 patent application.

49. Japanese Patent 6-176214 was material to the patentability of the claims in the '155 patent application.

50. Japanese Patent 6-176214 was not cumulative of the other references of record in the '155 patent application.

51. Upon information and belief Keith Leighton and his representatives did not cause Japanese Patent 6-176214 to be made of record with the intent to deceive the United States Patent and Trademark Office.

52. Keith Leighton's and his representatives' failure to cause Japanese Patent 6-176214 to be made of record in the '155 patent application was a violation of Leighton's duty to disclose to the United States Patent and Trademark Office all information known to him to be material to patentability of the claims of the '155 patent application and constitutes inequitable conduct.

53. By reason of the foregoing an actual and justiciable case and controversy exists between OCS and Leighton that the '207, '099, '155, and '367 patents are unenforceable by reason of Leighton's and its predecessor's inequitable conduct.

54. OCS is entitled to a declaratory judgment that the '207, '099, '155, and '367 patents are unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, OCS requests judgment as follows:

A. For an order dismissing Leighton's claims with prejudice with Leighton to recover nothing thereon;

B. For a declaration that the '207, '099, '155, and '367 patents are invalid, not infringed, and unenforceable;

    C.    For a declaration that this case is exceptional under 35 U.S.C. § 285;

    D.    For an award to OCS of its costs, interest, and attorneys' fees; and

    E.    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 9, 2004

                            BAKER & McKENZIE

                            _____/s/_____
                          By: James David Jacobs (JJ-7351)
                          Attorneys for Defendant Oberthur Card
                                Systems, S.A.
                          805 Third Avenue
                          New York, New York 10022
                          (212) 891 3951