# United States District Court

SOUTHERN DISTRICT OF NEW YORK

LEIGHTON TECHNOLOGIES LLC

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 04 CV 02496

OBERTHUR CARD SYSTEMS, S.A.

TO: (Name and address of defendant)

OBERTHUR CARD SYSTEMS, S.A.
71/73 rue des Hautes-Patures
92726 Nanterre Cedex
FRANCE

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph Floriani, Esq.          Michael A. O'Shea, Esq.
CLIFFORD CHANCE US LLP         CLIFFORD CHANCE US LLP
200 Park Avenue                2001 K Street, NW
New York, NY 10166-0153        Washington, DC 20006-0001

an answer to the complaint which is herewith served upon you, within _____twenty (20)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

MAR 30 2004
DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
          Date                                  Signature of Server

                                                _____
                                                Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>OBERTHUR CARD SYSTEMS, SA<br><br>Defendant. | 04 Civ 02496 (CM) (LMS)<br><br><br>DECLARATION |

I, Youna Le Berre Lemaire, Avocat, of Clifford Chance, 112 avenue Kléber, BP 163 Trocadero, 75770 Paris Cedex 16, France, depose and say:

1. Since 1994, I have been employed in Paris by the firm of Clifford Chance. I am a senior litigation associate with particular responsibility for international insolvency matters, conflicts of laws and jurisdiction matters, cross-border proceedings and service of foreign Court documents in France. I am a graduate of the Sorbonne Law school in Paris and am a member of the Paris Bar. I have been practising law in France and overseas for over 10 years. I am qualified to provide this affidavit concerning French law.

2. I was informed on or around 25 March 2004 that the Plaintiff intended to serve proceedings on Oberthur Card Systems SA, a French company located in Nanterre. I was instructed to arrange service of (i) the summons in a civil case (2 pages), (ii) the complaint with demand for jury trial (49 pages), (iii) the order re scheduling and initial pretrial conference (3 pages), (iv) the individual practices of Judge McMahon (28 pages) and (v) the individual practices of Magistrate Judge Lisa Margaret Smith (2 pages) in compliance with the rules of the 15 November 1965 Hague Convention *"on the service abroad of judicial and extra-judicial documents in civil or commercial matters"* and French procedural law.

3. I have also been informed that, under the United States' Federal Rules of Civil Procedure, service of the documents mentioned under paragraph 2 above would be valid if effected according to the rules applicable in the country where it takes place. Furthermore, service is also valid if effected according to the rules set in the 15 November 1965 Hague Convention *"on the service abroad of judicial and extra-judicial documents in civil or commercial matters"*. Articles 10. c indicates that *"provided that the State of destination does not object, the present Convention shall not interfere with (...) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the*

*judicial officers, officials or other competent persons of the State of destination"*. Neither France nor the United States of America did object to the application of this provision.

4.  Service is, under French procedural law, accomplished by remittance by a bailiff. I therefore contacted a French bailiff (*Huissier de Justice*), Me. Joël Leroi (hereafter referred to as the "Bailiff"). French bailiffs are public officers. They have exclusive authority to serve judicial documents within their territorial jurisdiction. This Bailiff, who has jurisdiction to serve documents in Nanterre, was instructed to serve the documents mentioned under paragraph 2 above, both according to the provisions of French procedural law and by registered mail with acknowledgement of receipt, on the company Oberthur Cards Systems, 71/73 rue des Hautes-Pâtures, 92726 Nanterre- France.

5.  Service of the documents mentioned under paragraph 2 above was delivered on 5 May 2004 by direct remittance by the Bailiff, as described by the Bailiff himself in the affidavit attached hereto as exhibit 1.

5.1  Direct remittance by the Bailiff: Service was also accomplished by the Bailiff pursuant to the French rules for service of judicial documents.

5.1.1  Procedure to be followed by the Bailiff: When serving documents, the Bailiff must first attempt to serve them on the recipient in person, i.e in the case of a legal entity, on its legal representative, on an authorised recipient, or on any person authorized in relation to the same (article 654 of the French New Code for Civil Proceedings).

5.2  As a general rule, the Bailiff must go to the registered office of the legal entity to serve the documents. However, French caselaw permits the service of documents on any authorized person at the main place of business where the dispute arose. This condition is fulfilled because the dispute arose in part out from the Oberthur Card Systems' office in Nanterre where it ordinarily conducts business.

5.2.1  When service is accomplished at the legal entity's headquarters or in another registered place of business, a copy of the served documents is remitted to anyone present who accepts it and declares to the Bailiff his first name, last name and position. In addition to this, the Bailiff must leave a notice of venue (*avis de passage*) at the same address, indicating that a copy of the served documents was left at this address and specifying the nature of the documents, the name of the Plaintiff and of the person who accepts service (article 655 of the French New Code for Civil Proceedings). One of the two original copies of the "service order" is left with the person who accepts service. On the same day, or the next business day, the Bailiff must also send a letter to the recipient, reiterating the information in the notice of venue (article 658 of the French New Code for Civil Proceedings).

6. <u>In conclusion</u>, the documents listed under paragraph 2 above, have been validly served on the company Oberthur Card Systems SA, both pursuant to French procedural law and to the rules of the 15 November 1965 Hague Convention "*on the service abroad of judicial and extra-judicial documents in civil or commercial matters*".

7. I, Youna Le Berre Lemaire, declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed in Paris
On 2 July 2004

*[signature]*

Youna Le Berre Lemaire