UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUG 2 0 2004

-----------------------------------------------------------x

LEIGHTON TECHNOLOGIES LLC,                    :

        Plaintiff,                    :                    ORDER

        - against -                    :            04 Civ. 2496 (CM) (LMS)

OBERTHUR CARD SYSTEMS, S.A.,                    :

        Defendant.                    :

-----------------------------------------------------------x

       In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy

and inexpensive manner, to insure compliance with the case management plan, and to prevent the

accumulation of unresolved discovery issues, the following procedures will be followed for the

resolution of discovery disputes:

       The party objecting to disclosure, claiming an insufficient response to a discovery

request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the

attention of the court as hereinafter set forth.

       The objecting party has <u>3 business days</u> to attempt an amicable resolution of the dispute.

If the dispute is not affirmatively resolved within 3 business days, the objecting party then has <u>5</u>

<u>business days</u> to bring the issue to the attention of the court by a letter brief limited to two (2)

double spaced pages.  Opposing parties have <u>5 business days</u> thereafter to submit a two (2) page

double spaced answering letter brief.  If appropriate, counsel may annex to the letter briefs

relevant portions (only) of relevant documents.  Written replies will not be accepted.  If the court

deems it necessary, the parties will have an opportunity to make oral replies to points made in the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

letter briefs on the return day of the matter.

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the court by a letter brief limited to two (2) doubled spaced pages, accompanied by a privilege log in full compliance with Local Civil Rule 26.2(a)(1) and (2), and an *in camera* submission of legible copies of any material to which the privilege is asserted. If disclosure of the privilege would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the court, and serve a redacted log on the adverse party. Opposing parties have 5 business days to serve and file an answering two (2) page double spaced letter brief. No written replies will be accepted. If the court deems it necessary the parties will have an opportunity to make oral replies to points raised in the letter briefs on the return day of the matter.

A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party. The time for asserting a privilege starts 4 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the court.

The time limitations set forth herein and in scheduling orders made by the court, whether oral or in writing, are to be strictly observed, and the parties and counsel are not authorized to extend any of the set time limitations without the prior approval of the court. Any objection to discovery which is not raised within these time limitations will be waived.

On matters assigned for pre-trial supervision any party wishing to file objections to a discovery ruling entered orally on the record shall, on the day of the ruling, order a transcript of the record setting forth the ruling. The transcript shall be ordered on a <u>two (2) day expedited</u> basis. The party shall then have <u>ten (10) days</u> from the date of the receipt of the record to file the objections with the assigned District Judge. A failure to order the record in accordance with these directions may result in a failure to timely file objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30 (d) regarding the conduct of depositions. If a privilege objection is raised at a deposition counsel are directed to contact chambers by telephone from the deposition for a ruling.

Dated: August 5, 2004
      White Plains, New York

**SO ORDERED**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

LEIGHTON TECHNOLOGIES LLC,            )
                                      )        04 Civ. 02496 (CM)(LMS)
        Plaintiff and Counterclaim Defendant, )
                                      )        **STIPULATED PROTECTIVE**
        vs.                           )        **ORDER**
                                      )
OBERTHUR CARD SYSTEMS, S.A.,          )
                                      )
        Defendant and Counterclaim Plaintiff. )
--------------------------------------------------------

Whereas, each of the parties to the above-captioned action (the "Action"), Leighton Technologies LLC ("Leighton") and Oberthur Card Systems, S.A. ("OCS"), may seek discovery or documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

Whereas, Leighton and OCS have sensitive, confidential, proprietary business and technical information; and

Whereas, Leighton and OCS wish to ensure that such confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way.

Therefore, the parties hereby stipulate and agree to the terms, and jointly move this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of the following Protective Order, and the Court having found that, in light of the nature of the competitively sensitive information that may be sought in discovery, good cause exists for the entry of the following Protective Order,

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1.          This Protective Order shall cover all information, documents, or tangible items disclosed and/or produced in connection with any discovery taken in the above-captioned action pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York or disclosed and/or produced in connection with any hearings or other proceedings in the above-captioned action.  All information,

documents, or tangible items covered by this Protective Order shall be used only for the purposes of this litigation and shall not be used for any purpose outside of this litigation.

2.    The following classifications shall apply:

a.  "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action ("Discovery Material"), which contains non-public, confidential or proprietary information, whether personal or business-related.  Certain limited types of "Confidential Information" may be further designated by a party or non-party ("Designating Party"), as defined and detailed below, as "Trial Counsel's Eyes Only."

b.  The "Trial Counsel's Eyes Only" designation shall be reserved for the following categories: (i) the content of or strategy relating to pending patent applications or drafts of patent applications; (ii) information relating to products currently in development and not yet commercially released; (iii) business or strategic plans; (iv) future sales/financial projections; (v) current or future marketing plans; and (vi) trade secrets, know-how or proprietary data, business, financial or commercial information, including but not limited to commission structure, cost structure and/or profit margin information, the disclosure of which is likely to cause harm to the competitive position of the Designating Party.

c.  All such "Confidential" or "Trial Counsel's Eyes Only" designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate any Discovery Material after such inadvertent failure subject to the protections of this Protective Order in accordance with such designation on or after such designation.  The attorneys of record for such Designating Party shall be deemed to have certified that such counsel believes that the designation has been made in good faith and that there are

substantial grounds in law and fact to support the designation. When the Designating Party produces files, records, or materials for inspection, no marking need be made in advance of the inspection. All files, records, and materials subject to inspection shall be treated as "Trial Counsel's Eyes Only." Upon selection of files, records, or materials for copying, the witness or Designating Party shall mark the copies with the appropriate classification prior to production to the Receiving Party.

d. Designations of "Confidential" or "Trial Counsel's Eyes Only" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid and good faith basis for such designation, and that disclosure of such information to persons other than those permitted access to such material hereunder would cause competitive injury to the Designating Party.

3.    The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs and tapes), other than depositions or other pretrial testimony, as "Confidential" or "Trial Counsel's Eyes Only Information" shall be made by the Designating Party in the following manner:

a. Documents designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by production number. To the extent practical, the "CONFIDENTIAL" legend shall be placed near the production number.

b. Documents designated "Trial Counsel's Eyes Only" shall be so marked by conspicuously affixing the legend "TRIAL COUNSEL'S EYES ONLY" or similar designation on each page containing any Trial Counsel's Eyes Only Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

c. If a document has more than one designation, the more restrictive or higher confidential designation applies.

4.        Confidential and Trial Counsel's Eyes Only information shall not include any Discovery Materials which:

a. Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate nondisclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

b. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

5.        Subject to paragraphs 6 and 7 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order, in this action are:

a. Clifford Chance US LLP, trial counsel for Leighton, and Neil G. Cohen, Assistant General Counsel for General Patent Corporation International ("GPCI"), their administrative assistants, clerical and paralegal employees whose duties and responsibilities require access to such materials;

b. Baker & McKenzie, trial counsel for OCS, and Breese Majerowicz, independent French patent attorneys, and their administrative assistants, clerical and paralegal employees whose duties and responsibilities require access to such materials;

c. For each party, a total of three in-house attorneys and patent agents, if desired, whose names are listed below and who have responsibility for maintaining, defending or evaluating this litigation or otherwise assisting trial counsel, and their administrative

assistants, clerical and paralegal employees whose duties and responsibilities require access to such material. The approved in-house attorneys and patent agents for each party are as follows:

| | Leighton | OCS |
|---|---|---|
| Name<br>Title | Paul Lerner<br>General Counsel, GPCI,<br>Manager of Leighton | Mireille Clapier<br>General Counsel |
| Name<br>Title | | Jean-Claude Huot<br>Director Intellectual Property & Methodology |
| Name<br>Title | | François Leblanc<br>Counsel |

The parties to this action may, for good cause shown, amend or supplement their respective approved in-house attorneys and patent agents lists by substituting or adding new in-house attorneys and patent agents to the list, provided that the total number of approved in-house attorneys and patent agents for Leighton or OCS does not exceed three at any time.

    d.  For each party, a total of six officers and employees, if desired, whose names are listed below and who have responsibility for making business decisions dealing directly with the subject matter of this action, provided that such persons shall receive such material solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes, and their administrative assistants and other support personnel whose duties and responsibilities require access to such material. The approved officers and employees for each party are as follows:

| | Leighton | OCS |
|---|---|---|
| Name<br>Title | Alexander Poltorak, CEO of GPCI,<br>Manager of Leighton | Jean-Pierre Savare<br>President |
| Name<br>Title | | Pierre Barberis<br>Chief Executive Officer |
| Name<br>Title | | Jean-François Arzel<br>Support & Project Director |
| Name<br>Title | | Cyril Malher<br>Chief Financial Officer |
| Name | | Jean-Luc Poirier |

| Title | | Industrial Director |
|-------|--|---------------------|

The parties to this action may, for good cause shown, amend or supplement their respective approved officers and employees lists by substituting or adding new officers and employees to the list, provided that the total number of approved officers and employees for Leighton or OCS does not exceed six at any time.

e.  Retained independent consultants, litigation-support vendors or experts for Leighton or OCS (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such material(s)) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation;

f.  Court personnel and court and video reporters engaged in proceedings incident to this action; and

g.  Outside document copying services (e.g., ACT, Ikon, Xerox), language translation services, document coding or computerization services (*e.g.*, Quorum/Lanier), trial graphics consultants (*e.g.* FTI, ACT, Animators at Law), jury and trial consultants (*e.g.* The Litigation Group), and other entities retained by counsel of record to aid in the preparation of or in the trial of this action.  The class of persons identified in this subsection does not include any independent consultants or experts as set forth in subsection (e) above.  Notwithstanding any other provision of this Protective Order, access to Confidential and Trial Counsel's Eyes Only Information shall be permitted to such entities, without need for the completion of Exhibit A or the execution of Exhibit B. The outside counsel providing  Confidential or Trial Counsel's Eyes Only Information to an entity defined in this subsection shall take reasonable measures to insure that entity's compliance with the provisions of this Protective Order.

6.    Any Trial Counsel's Eyes Only Information designated under this Protective Order shall be treated the same as Confidential, with the following exceptions:

a. There shall be no access by Qualified Persons pursuant to paragraph 5(d) to Trial Counsel's Eyes Only Information;

b. Access by Qualified Persons pursuant to paragraph 5(e) of this Protective Order shall be restricted to the retained independent consultants or experts for each party whose duties and responsibilities require access to material designated as Trial Counsel's Eyes Only Information, and who have complied with the provisions of paragraph 7. Individual staff, stenographic, and clerical employees of each such consultant or expert who has complied with the provisions of paragraph 7 need not comply separately with paragraph 7.    However, Qualified Persons pursuant to paragraphs 5(e) must take reasonable measures to insure their staff, stenographic, and clerical employees do not violate any provision of this Protective Order; and

c. Each person in paragraph 5(a) and each Leighton designee identified in paragraph 5(c) who has had access to information designated as Trial Counsel's Eyes Only Information under this Protective Order, shall not, from entry of this Protective Order until one year after the date on which no further appeal is possible from a judgement finally determining this litigation, supervise or be involved with the drafting of patent applications, claim language for patent applications, arguments made in support of patent applications, or patent interferences, before the U.S. Patent and Trademark Office or similar foreign patent agencies, concerning plastic cards or other plastic devices that have a chip and comprise two or more plastic layers (excluding any clear overlaminate material) having a chip. Any person or party may move the Court for relief from this patent application, prosecution or interference bar at any time during this litigation, including during all appeals, and for one year thereafter, for good cause shown. The Court shall provide each party with an opportunity to be heard on the issue, and decide whether relief should be granted or not.

7.    Qualified Persons defined in paragraph 5(e) shall be allowed access to Confidential Information or Trial Counsel's Eyes Only Information, as limited by paragraphs 5 and 6 of this Protective Order, only after complying with the following procedure:

a. Each party shall prepare a written list, in a form similar to Exhibit A hereto, setting forth the name of the person, his or her occupation, and business address, for each person described in paragraphs 5(e) who reviews or is given access to Confidential Information or Trial Counsel's Eyes Only Information, a curriculum vitae of the retained person and disclosure of any past or current relationship with any party to this case. The parties to this action shall be allowed to disclose Confidential Information or Trial Counsel's Eyes Only Information to such persons unless, within ten (10) business days after the identity of the person has been provided to the Designating Party, the Designating Party objects to the disclosure of Confidential Information, or Trial Counsel's Eyes Only Information to the particular person. If the parties are unable to resolve that objection, the Designating Party shall, no later than five (5) business days after the day the parties are unable to resolve such objection, petition the Court for an order prohibiting the disclosure at issue. The Designating Party shall have the burden of persuasion that disclosure should not be made. A failure by the Designating Party to timely serve an objection or file a motion shall be deemed to constitute approval of disclosure to the proposed person. If an objection is made, no Confidential Information or Trial Counsel's Eyes Only information shall be made available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition. This objection procedure does not apply to the approved individuals already listed in paragraphs 5(c) and 5(d).

b. Before receiving any Confidential Information or Trial Counsel's Eyes Only Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit B, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order. In-house attorneys authorized to receive Confidential Information under paragraph 5(c) shall not

be required to execute the acknowledgment form, but shall otherwise be bound by its terms. Notwithstanding anything in this paragraph 7, no party may seek discovery from, or take the deposition of, any retained consultant, litigation-support vendor, or expert identified pursuant to this paragraph 7 unless such person is identified as a testifying witness by the party who retained such consultant, litigation-support vendor, or expert, and such person makes the disclosures required by Rule 26(b)(4) of the Federal Rules of Civil Procedure.

c. Outside counsel for each Receiving Party shall retain a copy of each such written list (Exhibit A) and acknowledgment form (Exhibit B), and shall serve opposing counsel with a copy of such list and acknowledgment form as soon as practicable and thereafter upon any revision of such documents.

8.      Confidential Information and Trial Counsel's Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 5-7 of this Protective Order. Confidential Information or Trial Counsel's Eyes Only Information shall be maintained by the Receiving Party under the overall supervision of trial counsel.

9.      Any person in possession of Confidential Information or Trial Counsel's Eyes Only Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information or Trial Counsel's Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

10.      If Confidential Information or Trial Counsel's Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information and make every reasonable effort to retrieve such Confidential Information or Trial Counsel's Eyes Only Information and to prevent further disclosure.

11.        The use of Confidential Information or Trial Counsel's Eyes Only Information in depositions, hearings or at trial shall be as follows:

a. When Confidential Information or Trial Counsel's Eyes Only Information is discussed, quoted or referred to in any deposition, both parties shall ensure that only persons permitted by paragraphs 5-7 of this Protective Order have access to such Information are present, except as provided herein under paragraph 12.

b. Persons not authorized to have access to Confidential Information shall be asked to leave the courtroom when such Confidential or Trial Counsel's Eyes Only Information is being published, except that such persons may be shown Confidential Information or Trial Counsel's Eyes Only Information from another party's documents strictly limited to those documents, which on their face reveal that they were authored or received in the normal course of business by such persons.   The confidentiality of evidence published in open court during any hearing is not waived.

c. The use of any such Confidential or Trial Counsel's Eyes Only Information for the purpose of any trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

12.        During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown Confidential Information or Trial Counsel's Eyes Only Information from another party's documents strictly limited to those documents, which on their face reveal that they were authored or received in the normal course of business by the deponent/witness. Use of Confidential Information or Trial Counsel's Eyes Only Information during a deposition shall be subject to compliance with this Order.

13.        Any deposition transcript containing Confidential Information or Trial Counsel's Eyes Only Information shall be marked on the cover as "CONFIDENTIAL" or "TRIAL COUNSEL'S EYES ONLY," as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the court reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential or Trial Counsel's Eyes Only Information) or when the

Confidential Information or Trial Counsel's Eyes Only Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind it from the non-confidential portions. However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential or Trial Counsel's Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the court reporter, who shall accordingly indicate in the deposition transcript what portions of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) days after receipt of the transcript. Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Trial Counsel's Eyes Only Information. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated "Confidential" or "Trial Counsel's Eyes Only," whichever protection is being sought, until this Court rules otherwise.

14.    The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the Protective Order. Documents containing confidential information shall NOT be filed with the Clerk of Court. Documents requiring the Court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. After the Court's review, the in camera items will be returned by the Court to the producing party who shall maintain the submission intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record.

15.    Entering into, agreeing to and/or producing or receiving Confidential Information or Trial Counsel's Eyes Only Information or otherwise complying with the terms of this Protective Order shall not:

a.    Operate as an admission by any party that any Discovery Material designated as Confidential Information or Trial Counsel's Eyes Only Information contains or reflects

trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Trial Counsel's Eyes Only Information;

c. Prejudice in any way the rights of any party to object to the authenticity or admissibility in evidence of any document, testimony or the evidence subject to this Protective Order;

d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Trial Counsel's Eyes Only Information should be subject to the terms of the Protective Order;

e. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information or Trial Counsel's Eyes Only Information;

f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Trial Counsel's Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Confidential Information or Trial Counsel's Eyes Only Information by that party.

16.        The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential information or Trial Counsel's Eyes Only Information, to challenge or object to the Confidential or Trial Counsel's Eyes Only

Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential designation at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential or Trial Counsel's Eyes Only Information and may request permission to use or disclose information with Confidential or Trial Counsel's Eyes Only Information designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Confidential Information or Trial Counsel's Eyes Only Information sought to be disclosed including production number, and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall, thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

17.      Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

18.      All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated Confidential or Trial Counsel's Eyes Only Information, shall, at the request of the Designating Party, be returned to the party within sixty (60) days after a final judgment herein from which no appeal is possible or settlement of this action. Otherwise, the Receiving Party shall destroy in that time frame all such Discovery Materials, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, written discovery responses served on the parties, each deposition

transcript together with the exhibits marked at the deposition, the trial transcript together with trial exhibits, and documents constituting work product which were internally generated based upon or which include Confidential Information or Trial Counsel's Eyes Only Information. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of Confidential Information or Trial Counsel's Eyes Only Information to another party absent subpoena or court order. In the event that documents are returned to or destroyed at the request of the Designating Party, the Receiving Party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

19.     If any Receiving Party is subpoenaed in another action, served with a demand in another action to which it is a party, or served with any other legal process by one not a party to this action seeking information which was produced or designated as Confidential or Trial Counsel's Eyes Only Information by someone other than the Receiving Party, the Receiving Party shall transmit a copy of such subpoena, demand, or legal process, by messenger or facsimile transmission, within three business days of receipt of such subpoena, demand, or legal process, to those who produced or designated the Confidential or Trial Counsel's Eyes Only Information and shall cooperate with the Designating Party or producing witness and prepare timely objections to production of the Confidential or Outside Counsel's Eyes Only Information. Should the person seeking access to the Confidential or Trial Counsel's Eyes Only Information take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information covered by this Protective Order, subject itself to any penalties for noncompliance with any legal process or order, or seek any relief from this Court.

20.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof,

or the confidential nature of any such information, provided that the Designating Party shall immediately notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned and the Receiving Party and counsel shall not use such information for any purpose, provided however that either party may seek relief from the Court. Any analyses, memoranda, or notes which were internally generated based upon such inadvertently produced information shall immediately be destroyed.

21.      Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court, or such other or additional relief as deemed appropriate by the Court.

22.      Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

23.      Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

24. The Standing Order filed 10-5-01 is incorporated herein and attached hereto.

STIPULATED AND AGREED TO BY:

Dated: 8/19/04

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Michael A. O'Shea (MO-7985)
Patrick L. Parker (PP-5892)
Telephone:    (212) 878-8000
Facsimile:     (212) 878-8375

Attorneys for Plaintiff Leighton
Technologies LLC

Baker & McKenzie LLP
805 Third Avenue
New York, NY 10022
James David Jacobs (JJ-7364)
Telephone:    (212) 891-3951
Facsimile:    (212) 310-1651

Attorneys for Defendant Oberthur Card
Systems, S.A.

SO ORDERED:

Entered this 20th day of August 2004

United States District Judge
Southern District of New York

**EXHIBIT A**

LIST OF QUALIFIED PERSONS, paragraph 5(e)

| Name | Business Address | Occupation Title | Governing Paragraph | Date Identified |
|------|------------------|------------------|---------------------|-----------------|
|      |                  |                  |                     |                 |
|      |                  |                  |                     |                 |

## EXHIBIT B

## CONFIDENTIALITY DECLARATION

I hereby declare that I am to receive information, designated as "Confidential Information" or "Trial Counsel's Eyes Only" pursuant to the terms of the Protective Order Governing in a case entitled *Leighton Technologies LLC v. Oberthur Card Systems, S.A.,* 04 Civ. 2496 (CM), pending in the United States District Court for the Southern District of New York. I further declare that I have read a copy of the Protective Order, and I agree to be bound by all terms set forth therein. I acknowledge my obligation to return or destroy all "Confidential Information," in accordance with Paragraph 18 thereof, and I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Protective Order.

_____           _____

Date Signed                                     Declarant's Signature

                                                    _____

                                                    Printed Name

                                                    _____

                                                    Address

                                                    _____

                                                    City, State, Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
IN THE MATTER OF RETENTION OF        :
SEALED DOCUMENTS IN CIVIL CASES      :
                                     :          STANDING ORDER
                                     :             M-10-468
                                     :
----------------------------------X

MICHAEL B. MUKASEY, CHIEF JUDGE:

       Any protective order in any civil case that provides

for the filing of information under seal shall include the

following provision:

> "Sealed records which have been filed with the clerk shall
>
> be removed by the party submitting them (1) within ninety
>
> (90) days after a final decision is rendered if no appeal is
>
> taken, or (2) if an appeal is taken, within thirty (30) days
>
> after final disposition of the appeal. Parties failing to
>
> comply with this order shall be notified by the clerk that,
>
> should they fail to remove the sealed records within thirty
>
> (30) days, the clerk may dispose of them."

       This order will be self-executing, in that the Clerk

will treat all protective orders that direct the sealing of

documents in civil cases as if they contain the above provision.

SO ORDERED:

Dated:   New York, New York
          October 5, 2001

Michael B. Mukasey,
U.S. District Judge

MICROFILM OCT - 5 2001 -3:02 PM