# TAB I
# PART 2

Page 1 of 2

| VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) AND 1.27 (b)) - INDEPENDENT INVENTOR | Docket No. 6014-2 |
|---|---|

| Serial No. | Filing Date | Patent No. | Issue Date |
|---|---|---|---|
| | | | |

Applicant/ **Keith R.Leighton**
Patentee:

Invention: **HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM**

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for purposes of paying reduced fees under section 41(a) and (b) of Title 35, United States Code, to the Patent and Trademark Office with regard to the invention entitled above and described in:

☒ the specification to be filed herewith.

☐ the application identified above.

☐ the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

☒ No such person, concern or organization exists.

☐ Each such person, concern or organization is listed below.

*NOTE: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities (37 CFR 1.27)

FULL NAME _____
ADDRESS _____

| ☐ Individual | ☒ Small Business Concern | ☐ Nonprofit Organization |
|---|---|---|

FULL NAME _____
ADDRESS _____

| ☐ Individual | ☐ Small Business Concern | ☐ Nonprofit Organization |
|---|---|---|

FULL NAME _____
ADDRESS _____

| ☐ Individual | ☐ Small Business Concern | ☐ Nonprofit Organization |
|---|---|---|

FULL NAME _____
ADDRESS _____

| ☐ Individual | ☐ Small Business Concern | ☐ Nonprofit Organization |
|---|---|---|

0891997.081.8552.1080

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF INVENTOR   **Keith Leighton**
SIGNATURE OF INVENTOR  _Keith R. Leighton_     DATE:  _8-19-97_

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

NAME OF INVENTOR  _____
SIGNATURE OF INVENTOR  _____  DATE:  _____

08918582.081997

Express Mail Label No. _____                    Page 1 of 3

In application of:  Keith A. Leighton

| Docket No. |
| 6014-2 |

# Declaration and Power of Attorney For Patent Application

## English Language Declaration

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name,

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

**HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM**

the specification of which

(check one)

☒ is attached hereto.

☐ was filed on _____ as United States Application No. or PCT International

　Application Number _____

　and was amended on _____

(if applicable)

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose to the United States Patent and Trademark Office all information known to me to be material to patentability as defined in Title 37, Code of Federal Regulations, Section 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119(a)-(d) or Section 365(b) of any foreign application(s) for patent or inventor's certificate, or Section 365(a) of any PCT International application which designated at least one country other than the United States, listed below and have also identified below, by checking the box, any foreign application for patent or inventor's certificate or PCT International application having a filing date before that of the application on which priority is claimed.

Prior Foreign Application(s)                                   Priority Not Claimed

| (Number) | (Country) | (Day/Month/Year Filed) | ☐ |
| (Number) | (Country) | (Day/Month/Year Filed) | ☐ |
| (Number) | (Country) | (Day/Month/Year Filed) | ☐ |

Form PTO-SB-01 (8-96) (Modified)    Copyright 1994-96 Legalsoft    P02/REV02    Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

0891852 . 081997

I hereby claim the benefit under 35 U.S.C. Section 119(e) of any United States provisional application(s) listed below:

_____          _____
(Application Serial No.)                  (Filing Date)

_____          _____
(Application Serial No.)                  (Filing Date)

_____          _____
(Application Serial No.)                  (Filing Date)

I hereby claim the benefit under 35 U. S. C. Section 120 of any United States application(s), or Section 365(c) of any PCT International application designating the United States, listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States or PCT International application in the manner provided by the first paragraph of 35 U.S.C. Section 112. I acknowledge the duty to disclose to the United States Patent and Trademark Office all information known to me to be material to patentability as defined in Title 37, C. F. R., Section 1.56 which became available between the filing date of the prior application and the national or PCT International filing date of this application:

| 08/727,789 | 10/07/96 | **Pending** |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status) |
| | | (patented, pending, abandoned) |
| 60/024,255 | 08/21/96 | **Pending** |
| (Application Serial No.) | (Filing Date) | (Status) |
| | | (patented, pending, abandoned) |
| (Application Serial No.) | (Filing Date) | (Status) |
| | | (patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

POWER OF ATTORNEY: As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.  *(list name and registration number)*

Edwin W. (Ned) Oldham, Reg. No. 22,003        Scott M. Oldham, Reg. No. 32,712
Mark A. Watkins, Reg. No. 33,813                    Louis F. Wagner, Reg. No. 35,730
Stephen L. Grant, Reg. No. 33,390                    Craig E. Miller, Reg. No. 33,427
R. Eric Gaum, Reg. No. 39,199

Send Correspondence to:   Mark A. Watkins
                                            Oldham & Oldham Co., LPA
                                            1225 West Market Street
                                            Akron, Ohio 44313-7188

Direct Telephone Calls to:  *(name and telephone number)*
(330)864-5550

| Full name of sole or first inventor Keith Leighton | |
|---|---|
| Sole or first inventor's signature *Keith R. Leighton* | 8-19-97 Date |
| Residence Lorain, Ohio 44053 | |
| Citizenship United States of America | |
| Post Office Address 2817 Fulmer Road | |
| Lorain, Ohio 44053 | |

| Full name of second inventor, if any | |
|---|---|
| Second inventor's signature | Date |
| Residence | |
| Citizenship | |
| Post Office Address | |

Form PTO-SB-01 (8-96) (Modified)        Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

I45

PRINT OF DRAWINGS
AS ORIGINAL FILED

Fig. 1



10

22

Fig 2



3b

3a

10

3a

26

22

16    3b    20    24

08910582.081997

146

PRINT OF DRAWINGS
AS ORIGINAL FILED



Fig 2a



Fig 3



Fig. 3a

08918582.081997

147

PRINT OF DRAWINGS
AS ORIGINAL FILED



Fig. 4

08913582.081997

PRINT OF DRAWINGS
AS ORIGINAL FILED

Fig. 5



Fig. 5a

PRINT OF DRAWINGS
AS ORIGINALLY FILED

Fig. 6

80

30

36

32

36

A

08918582.081897

135

42

70

60

90

38

33

36

92

62

72

44

40

Fig. 7

150

PRINT OF DRAWINGS
AS ORIGINALLY FILED

Fig.







#2

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    Leighton, Keith R.          Examiner:

Serial No:    08/918,582                   Art Unit:

Filed:        08/17/97                     Date:   October 17, 1997

For:    HOT LAMINATION PROCESS FOR THE MANUFACTURE
        COMBINATION CONTACT/CONTACTLESS SMART CARD AND
        PRODUCT RESULTING THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

### INFORMATION DISCLOSURE STATEMENT
#### Under 37 CFR § 1.97

This Information Disclosure Statement is filed within three months after the filing

date of this application and is therefore timely.  37 CFR §1.97(b).

The filing of this Information Disclosure Statement shall not be construed as a

representation that a search has been made (37 CFR §1.56(g)), an admission that the

information cited is, or is considered to be, material to patentability or that no other

material information exists.

The filing of this Information Disclosure Statement shall not be construed as an

admission against interest in any manner.  Notice of January 9, 1992, 1135 O.G. 13, at

25.

This Information Disclosure Statement is made to comply with the duty of candor

imposed on all individuals associated with the filing or prosecution of this application, as

defined by 37 CFR §1.56(c).

A list of the patents and other cited references cited by the applicant are enclosed on

two sheets of Form PTO-1449 which are attached and made a part hereof.  Copies of the

references are enclosed herein.  The relevance of each cited reference is thought to have



2

been sufficiently discussed in the prosecution of the parent applications and, therefore, has not been recited herein.

This Information Disclosure Statement is based on information contained in the undersigned attorney file as of the date of this statement and is inclusive of the best information known to the undersigned at that date.

The Examiner is kindly requested to consider the Information Disclosure Statement in addition to any references identified by the Examiner as a result of his independent search and examination.

Respectfully submitted,

OLDHAM & OLDHAM CO., LPA

Mark A. Watkins
Registration 33,813

MAW/clj

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket: 6014-2

**INFORMATION DISCLOSURE CITATION**
*(Use several sheets if necessary)*

| | | |
|---|---|---|
| Docket Number (Optio. | | Application Number |
| 601. | | 08/918,582 |
| Applicant(s) | | |
| Keith R. Leighton | | |
| Filing Date | | Group Art Unit |
| 08/17/97 | | |

**U.S. PATENT DOCUMENTS**

| *EXAMINER INITIAL | REF | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| DHS | AA | 4,450,024 | 5/22/84 | Haghiri-Tehrani et al. | | | |
| DHS | AB | 5,067,008 | 11/19/91 | Yanaka et al. | | | |
| DHS | AC | 5,396,650 | 3/7/95 | Terauchi | | | |
| DHS | AD | 5,208,450 | 5/4/93 | Uenishi et al. | | | |
| DHS | AE | 4,980,802 | 12/25/90 | Champagne et al. | | | |
| DHS | AF | 5,097,117 | 3/17/92 | Champagne et al. | | | |
| DHS | AG | 5,438,750 | 8/8/95 | Venambre | | | |
| DHS | AH | 5,567,362 | 10/22/96 | Grun | | | |
| DHS | AI | 4,795,898 | 1/3/89 | Bernstein et al. | | | |
| DHS | AJ | 4,701,236 | 10/20/87 | Vieilledent | | | |
| DHS | AK | 4,792,843 | 12/20/88 | Haghiri-Tehrani et al. | | | |

**FOREIGN PATENT DOCUMENTS**

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**OTHER DOCUMENTS**    *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | | |
| | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| Daniel Sherr | 11/3/98 |

**EXAMINER:** Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820
(also form PTO-1448)

Copyright 1994-97 LegalStar    POSA/REV03    Patent and Trademark Office * U.S. DEPARTMENT OF COMMERCE

154

| INFORMATION DISCLOSURE CITATION | | Docket Number (Option) 601. | | Application Number 08/918,582 | | |
|---|---|---|---|---|---|---|
| (Use several sheets if necessary) | | Applicant(s) Keith R. Leighton | | | | |
| | | Filing Date 08/17/97 | | Group Art Unit | | |

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | REF | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| DHS | AL | 5,173,840 | 12/22/92 | Kodai et al. | — | — | |
| DHS | AM | 5,272,596 | 12/21/93 | Honore et al. | — | — | |
| DHS | AN | 5,412,192 | 5/2/95 | Hoss | — | — | |
| DHS | AO | 5,268,699 | 12/7/93 | Laute et al. | — | — | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**OTHER DOCUMENTS**   (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| EXAMINER Daniel Stein | DATE CONSIDERED 11/3/98 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820
(also form PTO-1449)

Copyright 1994-97 LegalStar        P08A/REV03        Patent and Trademark Office • U.S. DEPARTMENT OF COMMERCE

SHEET  2  OF  2

155

O/10

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| Applicant: | Leighton, Keith R. | Examiner: | |
| Serial No: | 08/918,582 | Art Unit: | |
| Filed: | 08/17/97 | Date: | October 17, 1997 |

For:   HOT LAMINATION PROCESS FOR THE MANUFACTURE
       COMBINATION CONTACT/CONTACTLESS SMART CARD AND
       PRODUCT RESULTING THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

## TRANSMITTAL

Transmitted herewith:

1)   Information Disclosure Statement Under 37 CFR § 1.97;
2)   PTO-Form 1449 and fifteen references; and
3)   Acknowledgement of Receipt/Return Card

                        Respectfully submitted,

                        OLDHAM & OLDHAM CO., LPA

                        Mark A. Watkins, Esq.
                        Registration 33,813

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550                          Our File: 6014-2

## CERTIFICATE OF MAILING

I hereby certify that this Information Disclosure Statement and all documents referred to as enclosed therein
are deposited with the United States Postal Service on this date in an envelope as "Express Mail Post Office
to Addressee" Mailing Label No. EM094965196US addressed to: Commissioner of Patents and Trademarks,
Washington, D.C. 20231.

___October 17, 1997___
Date                                    Mark A. Watkins, Esq.

156



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 087918,582 | 08/19/97 | LEIGHTON      K | 60142 |

```
┌
    MARK A WATKINS              MM51/1118
    OLDHAM & OLDHAM CO
    1225 WEST MARKET STREET
    AKRON OH 44313-7188
```

| EXAMINER |
|---|
| SHERR, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2876 | 3 |

DATE MAILED:      11/18/98

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

| **Office Action Summary** | Application No. 08/918,582 | Applicant(s) Leighton | |
|---|---|---|---|
| | Examiner Daniel Sherr | Group Art Unit 2876 | |

☐ Responsive to communication(s) filed on _____.

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*three*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-24* _____ is/are pending in the application.

   Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-24* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is   ☐ approved   ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All   ☐ Some*   ☐ None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____.

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

158

Application/Control Number: 08/918,582                                    Page 2

Art Unit: 2876

### Claim Objections

1.     Claims 1, 9, 15 and 21 are objected to because of the following informalities:

Replace "at one" in claim 1, line 7 with --at least one--.

Replace "10" in claim 9, line 2 with --10%--.

Replace "techniques" in claim 15, line 2 with --technique--.

Replace "at one" in claim 21, line 11 with --at least one--.

Appropriate correction is required.

### Claim Rejections - 35 USC § 103

2.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

3.     Claims 1-2, 5-9, 11-17 and 20-24 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Haghiri-Tehrani et al (US 4,450,024) in view of Sitzberger (US 3,994,225).

Haghiri-Tehrani et al shows a card (column 5, lines 7-47) which teaches: For claim 1, a

hot lamination process for the manufacture of a plastic card, the process comprising the steps of

providing first and second plastic core sheets; positioning at least one electronic element between

the first and second plastic core sheets to form a layered core; positioning the core in a laminator

Application/Control Number: 08/918,582                                Page 3

Art Unit: 2876

apparatus, heating the core in the laminator, thereafter applying pressure to the core such that at

least one electronic element is encapsulated in the core, and thereafter cooling the core in

conjunction with laminator pressure being applied to the core, the core including an upper and

lower surfaces; and printing on at least one of the upper and lower surfaces of the core such that a

layer of ink is applied to the at least one upper and lower surface of the core.  For claim 2, a hot

lamination process having a step, comprising milling a region of the core to a controlled depth so

as to form a cavity which exposes at least one contact pad of the electronic element. For claim 5,

a hot lamination process wherein the first and second plastic core sheets are made from a material

selected from the group consisting of polyvinyl chloride, polyester, and acrylonitrile-butadiene-

styrene, wherein each of the sheets has a thickness in the range of 0.007 inches to 0.024 inches.

For claim 6, a hot lamination process wherein the first and second plastic core sheets have a

thickness of approximately 0.0125 inches.  For claim 7, a hot lamination process where a step is

carried out by constructing a first book including the core and at least first and second laminating

plates respectively adjacent to the upper and lower surfaces of the core; positioning the book in

the laminator apparatus; closing the laminator apparatus and heating the core for a first

predetermined amount of time without applying essentially any laminator ram pressure to the

core; increasing the laminator ram pressure following the passage of the first predetermined

amount of time to apply pressure to the core in conjunction with the heating of the core; cooling

the core in the laminator in conjunction with laminator ram pressure being applied to the core.

For claim 8, a hot lamination process wherein a step is carried out with a ram pressure that is

Application/Control Number: 08/918,582                                    Page 4

Art Unit: 2876

greater than the ram pressure utilized in a step. For claim 9, a hot lamination process wherein the

laminator pressure utilized in a step ranges from about 10% to about 40% greater than the ram

pressure utilized in a previous step.

Haghiri-Tehrani et al also shows a card (column 5, lines 7-47) which teaches: For claim

11, a hot lamination process having a step comprising positioning the core in a laminator

apparatus with a layer of overlaminate film on at least one of the upper and lower surfaces of the

core in the laminator to thereby form a sheet of plastic card stock. For claim 12, a hot lamination

process wherein a step is carried out by heating the core to a temperature in the range of 300

degrees F to 370 degrees F for at least 5 to 10 minutes. For claim 13, a hot lamination process

wherein a step is carried out by increasing the laminator pressure to a pressure approximately in

the range of 200 p.s.i. to 450 p.s.i. on the core for at least 10 minutes. For claim 14, a hot

lamination process wherein a step is carried out utilizing a printing press. For claim 15, a hot

lamination process wherein a step is carried out utilizing a coating technique selected from the

group consisting of silk screen printing, offset printing, letterpress printing, screen printing, roller

coating, spray printing and litho-printing. For claim 16, a hot lamination process where a step is

carried out by positioning the core between first and second sheets of overlaminate film such that

a layer of overlaminate film is laminated to both the upper and lower surfaces of the core. For

claim 17, a hot lamination process comprising a further step of inserting an electronic contact

element into the cavity. For claim 20, a hot lamination process wherein a step is carried out by

positioning the core with the layer of overlaminate film in the laminator apparatus between first

Application/Control Number: 08/918,582                                          Page 5

Art Unit: 2876

and second laminating plates, wherein at least on of the first and second laminating plates includes

a highly polished surface in contact with the layer of overlaminate film.  For claim 21, a hot

lamination process for the manufacture of a plastic card, the process comprising the steps of

providing first and second plastic core sheets, at least one core sheet having a cavity formed

therein; positioning at least one electronic element having at least one electronic subcomponent

between the first and second plastic core sheets to form a layered core, the cavity positioned so as

to expose the at least one contact pad therein; inserting a spacer into the cavity, the spacers

substantially filling the cavity covering the at least one electronic sub-component; positioning the

core in a laminator apparatus, heating the core in the laminator, thereafter applying ram pressure

to the core such that the at least one electronic element is encapsulated in the core, and thereafter

cooling the core in conjunction with laminator ram pressure being applied to the core, the core

including an upper and lower surfaces; printing on at least one of the upper and lower surfaces of

the core such that a layer of ink is applied to the at least one upper and lower surface of the core;

and removing the spacer from the cavity of the core.  For claim 22, a hot lamination process

wherein the electronic sub-component comprises one or more elements from the group consisting

of a microprocessor chip, a contact pad, a transponder and a contact sensor.  For claim 23, a

plastic card comprising a plastic core including at least one electronic element embedded therein,

the core having an upper surface and a lower surface; a coating on at least one of the upper and

lower surfaces; and a layer of overlaminate film positioned on the at least one coated surface,

wherein the card has an overall thickness in the range of approximately 0.028 inches to 0.032

Application/Control Number: 08/918,582                                    Page 6

Art Unit: 2876

inches with a variation in overall thickness across the upper and lower surfaces being no greater than approximately 0.0005 inches.  For claim 24, a plastic card wherein the core is made from a plastic selected from the group consisting of polyvinyl chloride, polyester, and acrylonitrile-butadiene-styrene.

Haghiri-Tehrani et al fails to show, for claim 1 and 21, the step of cutting at least one card from the sheet of plastic card stock.  However,  Sitzberger shows a sheet of badge stock (column 1, line 46–63) which teaches, for claim 1 and 21, the step of cutting at least one card from the sheet of plastic card stock. It would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Sitzberger with the teachings of Haghiri-Tehrani et al because it is profitable to produce badges in a highly efficient manner (column 1, line 29-33).

4.       Claims 3-4, 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Haghiri-Tehrani et al (US 4,450,024) in view of Sitzberger (US 3,994,225) as applied to claims 1-2, 5-9, 11-17 and 20-24 above, and further in view of Hida et al (US 4,841,134).

Haghiri-Tehrani et al as modified by Sitzberger fails to show: For claim 3, a hot lamination process wherein the step of positioning the core in a laminator apparatus is carried out by positioning the core between first and second laminating plates having a matte finish to provide at least one of the upper and lower core surfaces with a correspondingly textured surface.  For claim 4, a hot lamination process wherein at least one of the first and second laminating plates includes matte finish to provide both at least one outer surface of the core with a correspondingly textured surface.  For claim 10, a hot lamination process wherein at least one of the first and

I63

Application/Control Number: 08/918,582                                        Page 7

Art Unit: 2876

second laminating plates in a matte finished laminating plate to provide at least one of the upper

and lower surfaces of the core with a corresponding matte finish.

      However, Hida et al shows applying a matte on a substrate surface (column 5, lines 6-13)

which teaches: For claim 3, a hot lamination process wherein the step of positioning the core in a

laminator apparatus is carried out by positioning the core between first and second laminating

plates having a matte finish to provide at least one of the upper and lower core surfaces with a

correspondingly textured surface.  For claim 4, a hot lamination process wherein at least one of

the first and second laminating plates includes matte finish to provide both at least one outer

surface of the core with a correspondingly textured surface.  For claim 10, a hot lamination

process wherein at least one of the first and second laminating plates in a matte finished laminating

plate to provide at least one of the upper and lower surfaces of the core with a corresponding

matte finish.  It would have been obvious to one of ordinary skill in the art at the time of invention

to combine the teachings of Hida et al with the teaching of Haghiri-Tehrani et al as modified by

Sitzberger because it helps air escape during pressing to prevent unevenness on the substrate

surface (column 5, lines 6-13).

5.     Claims 18 and 19 are rejected under 35 U.S.C. 103(a) as being unpatentable over Haghiri-

Tehrani et al (US 4,450,024) in view of Sitzberger (US 3,994,225) as applied to claims 1-2, 5-9,

11-17 and 20-24 above, and further in view of Mundigl et al (US 5,809,633).

Application/Control Number: 08/918,582                                    Page 8

Art Unit: 2876

    Haghiri-Tehrani et al as modified by Sitzberger fails to show, for claims 18 and 19, a hot lamination process wherein at least one electronic element is a micro-chip and an associated circuit board or wire antenna or is a read/write integrated chip and an associated antenna.

    However, Mundigl et al shows a carrier module 1 (column 2, lines 36-62) which teaches, for claims 18 and 19, a hot lamination process wherein at least one electronic element is a micro-chip and an associated circuit board or wire antenna or is a read/write integrated chip and an associated antenna.  It would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Mundigl et al to the teachings of Haghiri-Tehrani et al as modified by Sitzberger because it is desirable to transfer data through a coil (column 1, lines 17-21).

### *Conclusion*

8.    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure: Yanaka et al (US 5,067,008) and Uenishi et al (US 5,208,450) disclose IC cards.

9.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to *Daniel H. Sherr* whose telephone number is (703) 305-0267.  The examiner can normally be reached between the hours of 7:30 AM to 6:00 PM Monday thru Thursday.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Donald Hajec, can be reached on (703) 308-4075.  The fax phone number for this Group is (703)308-5841 or (703) 308-7722.

Application/Control Number: 08/918,582                                    Page 9

Art Unit: 2876

    Communications via Internet e-mail regarding this application, other than those under 35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and should be addressed to [**donald.hajec@uspto.gov**].

    All Internet e-mail communications will be made of record in the application file. PTO employees do not engage in Internet communications where there exists a possibility that sensitive information could be identified or exchanged unless the record includes a properly signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the Patent and Trademark on February 25, 1997 at 1195 OG 89.

    Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-0956.

Daniel H. Sherr

November 4, 1998

Donald Hajec
Supervisory Patent Examiner
Technology Center 2800

I66

| *Notice of References Cited* | Application No. 08/918,582 | | Applicant(s) Leighton | | |
|---|---|---|---|---|---|
| | Examiner Daniel Sherr | | Group Art Unit 2876 | | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,067,008 | 11/91 | Yanaka et al | 357 | 81 |
| B | 5,208,450 | 5/93 | Uenishi et al | 235 | 492 |
| C | 4,450,024 | 5/84 | Haghiri-Tehrani et al | 156 | 108 |
| D | 5,809,633 | 9/98 | Mundigl et al | 29 | 600 |
| E | 4,841,134 | 6/89 | Hida et al | 235 | 488 |
| F | 3,994,225 | 11/76 | Sitzberger | 101 | 426 |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

Practitioner's Docket No. 6014-2                                      *PATENT*

*GP2876#*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Leighton, Keith R                              #4
Application No.: 08/918,582            Group No.: 2876                4-2-99
Filed: 08/19/1997                      Examiner: Sherr, D.
For: Hot Lamination Process for the Manufacture Combination Contact/Contactless Smart Card and Product    T. Flowes
Resulting Therefrom

**Assistant Commissioner for Patents**
**Washington, D.C. 20231**
                                                                    **RECEIVED**
                    AMENDMENT TRANSMITTAL
                                                                    MAR 2 5 1999
1.      Transmitted herewith is an amendment for this application.
                                                                    TECHNOLOGY CENTER 2800

                            **STATUS**

2.      Applicant is a small entity. A statement was already filed.


                        **EXTENSION OF TERM**

3.      The proceedings herein are for a patent application and the provisions of 37 C.F.R. 1.136 apply.
        Applicant petitions for an extension of time under 37 C.F.R. 1.136 (fees: 37 C.F.R. 1.17(a)(1)-(4))
        for one month:

03/23/1999 AIBRAHIM 00000066 08918582                    Fee:    $55.00
01 FC:215                    55.00 OP


_____

                CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8(a))

I hereby certify that, on the date shown below, this correspondence is being:

        **MAILING**                              **FACSIMILE :**

■   deposited with the United States Postal Service      □   transmitted by facsimile to the Patent and
    with sufficient postage as first class mail in an        Trademark Office.
    envelope addressed to the Assistant Commissioner
    for Patents, Washington, D.C. 20231.
                                                        _____
                                                        Signature
    Date: 3/15/99
                                                        _____
                                                                Mark A. Watkins
                                                        *(type or print name of person certifying)*

                                                        (Amendment Transmittal—page 1 of 2)

**FEE FOR CLAIMS**

4.    The fee for claims (37 C.F.R. 1.16(b)-(d)) has been calculated as shown below:

| | (Col.1) Claims Remaining After Amendment | | (Col. 2) Highest No Previously Paid For | (Col. 3) Present Extra | SMALL ENTITY Rate | Addit. Fee |
|---|---|---|---|---|---|---|
| Total | 18 | Minus | 20 | = 0 | x $9 = | $0 |
| Indep. | 2 | Minus | 3 | = 0 | x $39 = | $0 |
| First Presentation of Multiple Dependent Claim | | | | + $130 = | | $0 |
| | | | | Total Addit. Fee | $0 | |

No additional fee for claims is required.

**FEE PAYMENT**

5.    Attached is a check in the sum of $55.00.

**FEE DEFICIENCY**

6.    If any additional extension and/or fee is required, charge Account No. 15-0450.

**SIGNATURE OF PRACTITIONER**

Reg. No. 33,813                    Mark A. Watkins

Tel. No.: (330) 864-5550           Oldham & Oldham Co., L.P.A.
                                   1225 W. Market St.

Customer No.: 021324               Akron, OH 44313-7188

(Amendment Transmittal—page 2 of 2)

I69

*Receipt*

| (Rei 5-1 1/04 Feb 405) | FORM 5-8 | 5—63 |

*O.I.P.E. JGA7 MAR 1 9 1999 PATENT & TRADEMARK OFFICE* (stamp)

Attorney's Docket No. _____ 6014-2 _____

**PATENT**

**RECEIVED**
NOV 3 0 1999
Publishing Division
*09

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re application of:  Leighton

Serial No.: 0 8 / 918,582          Group No.: 2876
Filed: August 19, 1997          Examiner:  Sherr, D.
For: HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION CONTACT/
CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

**REQUEST FOR CORRECTED FILING RECEIPT**

1. Attached is a copy of the official filing receipt received from the PTO in the above
application for which issuance of a corrected filing receipt is respectfully requested.

2. There is an error with respect to the following data which is:

☒  incorrectly entered

*and/or*

☒  omitted.

**RECEIVED**
MAR 3 0 1999
TECHNOLOGY CENTER 2800 (stamp)

**Error in**                                    *Correct data*

| | | | | |
|---|---|---|---|---|
| 1. | ☐ | Applicant's name | 1. | |
| 2. | ☐ | Applicant's address | 2. | |
| 3. | ☐ | Title | 3. | |
| 4. | ☐ | Filing Date | 4. | |
| 5. | ☐ | Serial Number | 5. | |
| 6. | ☐ | Foreign/PCT Application Re: | 6. | |
| 7. | ☒ | Other | 7. see PAGE 2 | |

**CERTIFICATE OF MAILING/TRANSMISSION (37 CFR 1.8a)**

I hereby certify that this correspondence is, on the date shown below, being:

| MAILING | FACSIMILE |
|---|---|

☒  deposited with the United States Postal
Service with sufficient postage as first class
mail in an envelope addressed to the
Commissioner of Patents and Trademarks,
Washington, D.C. 20231

☐  transmitted by facsimile to the
Patent and Trademark Office

Date: March 15, 1999

Signature
Mark A. Watkins
*(type or print name of person certifying)*

(Request for Corrected Filing Receipt [5-8]—page 1 of 2)

170

Applicant hereby requests that the Applicant Processing Division's Customer Correction Branch issue a corrected Filing Receipt that this application is a Continuation-in-part of co-pending application 08/727,789. This copendency was indicated in the originally filed specification at page 1, line 6 & 7. Applicant requests that the Correction Branch make the indicated correction and issue a corrected Filing Receipt for this application.

3.              (complete the following applicable Item A or B).

A. ☒  The correction(s) is/are not due to any error by applicant and no fee is due.

**OR**

B. ☐  At least one of the above corrections is due to applicant's error and the fee therefor under 37 CFR 1.19(h) of $25.00 is paid as follows:

☐ Enclosed is check for $25.00.

☐ Charge Account _____ $25.00.

_____
SIGNATURE OF ATTORNEY

Reg. No.: 33,813

Mark A. Watkins
(type or print name of attorney)
Oldham & Oldham Co., LPA
1225 West Market Street
(P.O. Address)
Akron, Ohio  44313-7188

Tel. No.: (330) 864-5550

(Request for Corrected Filing Receipt [5-8]—page 2 of 2)



PTO-103X
(Rev. 8-95)

**FILING RECEIPT**

FEB 0 2 1998

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 08/918,582 | 08/19/97 | 3612 | $429.00 | 60142 | 6 | 24 | 3 |

60141·2

MARK A WATKINS
OLDHAM & OLDHAM CO
1225 WEST MARKET STREET
AKRON OH 44313-7188

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the
results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF
INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy
of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's
Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

Applicant(s)    KEITH LEIGHTON, LORAIN, OH.

FOREIGN FILING LICENSE GRANTED 01/26/98          * SMALL ENTITY *
TITLE
HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION
CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM
PRELIMINARY CLASS: 156

RECEIVED
MAR 30 1999
TECHNOLOGY CENTER 2800

172

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Keith Leighton | Examiner: | Sherr, D. |
| Serial No. | 08/918,582 | Art Unit: | 2876 |
| Filed: | 8/19/97 | Date: | March 12, 1999 |

Title: HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION
CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING
THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

### RESPONSE AND AMENDMENT A

Dear Sir:

The following response and amendment is responsive to the Office Action mailed

November 18, 1998. Also included with this response and amendment is a request for an one-

month extension of the shortened statutory period, which expired February 18, 1999.

**In the Specification:**

In the Title, after the word "MANUFACTURE", please insert the words --OF A--.

In page 1, line 13 delete the words "combi-chip" and insert therefore the words --dual

function--.

At page 3, line 2, delete the words "COMBI-CHIP" and insert therefore the words --dual

function--.

At page 3, line 21 delete the words "combi-chip"and insert therefore the words --dual

function--.

At page 7, line 14 delete the words "combi-chip"and insert therefore the words --dual

function--.

At page 23, line 4 delete the words "combi-chip"and insert therefore the words --dual

function--.

**In the Claims:**

Please delete the following claims: 2, 7, 10, 20, 23, and 24.

1.(Amended)  A [hot lamination] process for incorporating at least one electronic element in the manufacture of a plastic card, [said process] comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a [layered] core[;], said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core [in said laminator,] for a first period of time;

(ii) [thereafter] applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated [in] by said core[,];

(iii) [and thereafter] cooling said core [in conjunction with laminator ram] while applying a second pressure [being applied] to said core [, said core including an upper and lower surfaces];

(d) [printing on] coating at least one of said [upper and lower] outer surfaces of said core [such that] with a layer of ink [is applied to said at least one upper and lower surface of said core;

(e) cutting at least one card from said sheet of plastic card stock.];

(e) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

2.(Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said [step (c) of positioning said core in a] laminator apparatus [is carried out by positioning said core between] has first and second laminating plates, at least one of said first and second laminating plates having a matte finish [to provide at least one of said upper and lower core surfaces with a corresponding] for creating a textured surface on at least one of said outer surfaces of said core.

2

3  ~~X~~. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim ~~5~~ 2, wherein each of said first and second laminating plates [includes] has a matte finish [to provide both of said upper and lower surfaces of said core with a correspondingly] for creating said textured surface on both of said outer surfaces of said core.

4  ~~X~~. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said first and second plastic core sheets are made from a material selected from the group consisting of polyvinyl chloride, polyester, and acrylonitrile-butadiene-styrene, [wherein] each of said sheets [has] having a thickness in the range of 0.007 [inches] to 0.024 [inches] inch.

5  ~~X~~. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 5, wherein said first and second plastic core sheets have a thickness of approximately 0.0125 inch [inches].

6  ~~X~~. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim ~~X~~ wherein [said step (c5) is carried out with a ram] said second pressure [that] is greater than [the ram] said first pressure [utilized in step (c4)].

7  ~~X~~. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim ~~8~~, wherein [the laminator] said second pressure [utilized in step (c5)] ranges from about 10% to about 40% greater than [the ram] said first pressure [utilized in step (c4)].

9  ~~X~~. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim [7] 1, wherein said [step (c3) is carried out by heating said] core is heated in step (c)(i) to a temperature in the range of [300] 275°F to [370] 400°F and said first period of time is [for] at least five (5) [5 to 10] minutes.

10  ~~X~~. (Amended) [A hot lamination] The process for incorporating at least one electronic element

3

in the manufacture of a plastic card as recited in claim [12] 1, wherein said [step (c4) is carried out by increasing said laminator ram] first pressure [to a pressure] is approximately [in the range of 200 p.s.i. to] 450 p.s.i. and said second period of time is [for] at least 10 minutes.

(Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said step (d) is carried out utilizing a printing press.

(Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said step (d) is carried out utilizing a coating technique [techniques] selected form the group consisting of silk screen printing, offset printing, letterpress printing, screen printing, roller coating, spray printing, and litho-printing.

(Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said step (e) [is carried out by positioning said core between first and second sheets of overlaminate film such that a layer of overlaminate film is laminated to both said upper and lower surfaces of said core] of applying a layer of overlaminate film comprises the further steps of:

    (a) positioning an overlaminate film on at least one ink coated surface of said core;

    (b) subjecting said core to a second heat and pressure cycle comprising the steps of:

        (i) heating said core to a temperature between approximately $175^0$F to $300^0$F for approximately 10 to 25 minutes;

        (ii) applying approximately 1000 p.s.i. pressure to said core; and

        (iii) cooling said core to a temperature in the range of approximately $40^0$F to $65^0$F for approximately 10 to 25 minutes.

(Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said at least one electronic

4

element is a micro-chip and an associated circuit board <u>antenna</u> or <u>an associated</u> wire antenna.

16. (Amended) [A hot lamination] <u>The</u> process <u>for incorporating at least one electronic element</u> <u>in the manufacture of a plastic card</u> as recited in claim 1, wherein said at least one electronic element is a read/write integrated chip and an associated antenna.

17.(Amended)  A [hot lamination] process for <u>incorporating at least one electronic element</u> <u>having at least one electronic subcomponent in</u> the manufacture of a plastic card, [said process] comprising the steps of:

(a) providing first and second plastic core sheets, at least one core sheet having a cavity formed therein;

(b) positioning <u>said</u> at least one electronic element [having at least one electronic subcomponent] <u>in the absence of a non-electronic carrier</u> between said first and second plastic core sheets to form a layered core, <u>said plastic core sheets defining a pair of inner and outer</u> <u>surface of said core,and</u> said cavity positioned so as to expose said at least one [contact pad] <u>electronic subcomponent</u> therein;

(c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent;

(d) positioning said core in a laminator apparatus, <u>and subjecting said core to a heat and</u> <u>pressure cycle, said heat and pressure cycle comprising the steps of:</u>

(i) heating said core [in said laminator,] <u>for a first period of time;</u>

(ii) [thereafter] applying  <u>a first</u> [ram] pressure to said core <u>for a second period</u> <u>of time</u> such that said at <u>least</u> one electronic element is encapsulated [in] <u>by</u> said core[,];

(iii) [and thereafter] cooling said core [in conjunction with laminator ram] <u>while</u> <u>applying a second</u> pressure [being applied] to said core [, said core including an upper and lower surfaces];

(e) [printing on] <u>coating</u>  at least one of said [upper and lower] <u>outer</u> surfaces of said core [such that] <u>with</u> a layer of ink[ is applied to at least one upper and lower surface of said core];

(f)  removing said spacer from the cavity of said core[;

5



**Amendment to Specification**

The correction to the title of the specification is offered to correct a grammar/syntax error.

The specification has been amended at several points to delete the reference to the words "combi-chip" and replacing them therefore with the words "dual function". Applicant is making this amendment to the specification because the term "combi-chip" has become a U.S. Registered Trademark. Applicant's wish to avoid the use of this registered trademark in the application and submit that the amendment as indicated presents no new matter to the specification. Support for the amendment is found at page 3, lines 1-3. Applicant includes with this amendment a printout from the Patent Office website showing the registration data for the mark "combi-chip".

**Amendments to Claims**

The Examiner has objected to several formalities in the claims, and has kindly offered suggestions to overcome the objection. The amendments to claims 1, 9, 15, and 21 are responsive to the Examiner's suggestions.

The amendments made to the claims have not been made to avoid the 103(a) rejections. It is believed that the claims as originally submitted are unobvious over the cited patents. The amendments were made to clarify claim language and to insure consistent language throughout both the specification and the claims.

**Rejections based on 35 U.S.C. 103**

*Rejection of Claims 1-2, 5-9, 11-17, and 20-24 over Haghiri-Tehrani in view of Sitzberger*

The Examiner has rejected claims 1-2, 11-17, and 20-24 as being unpatentable over Haghiri-Tehrani et al (U.S. 4,450,024) in view of Sitzberger (U.S. 3,994,225) It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Sitzberger with the teachings of Haghiri-Tehrani et al because it is profitable to produce badges in a highly efficient manner. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Claims 7 and 20 have been deleted.

6

Haghiri-Tehrani et al (U.S. 4,450,024) in view of Sitzberger (U.S. 3,994,225) It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Sitzberger with the teachings of Haghiri-Tehrani et al because it is profitable to produce badges in a highly efficient manner. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Claims 7 and 20 have been deleted.

From the Examiner's rejection, it is apparent that the Examiner claims to have found each of the elements of applicant's claimed invention anticipated by the '024 patent with the exception of the cutting step. Further, the Examiner apparently claims to have found the cutting step element anticipated by the '225 patent, which the Examiner combines with the '024 patent as a basis for the obviousness rejection under section 103(a). Applicant maintains that the '024 patent does not teach the process of the present application even in the absence of the cutting step.

The '024 patent claims a lamination process for making an electronic card which protects the electronic element of the card by first placing it in a recess formed within a card layer so as to avoid damage to the electronic element from localized pressure applied in the lamination process. The patent then requires that a "buffer zone" be present within the recess. Even the broadest of claims of the '024 patent require a recess and a buffer zone, for and protecting the electronic element. These are required by the '024 invention in order to enable the card assembly to be subjected to a full laminating pressure.

No such protective elements are desired or necessary to the invention of the present application. Further, the invention taught by the '024 patent requires that the electronic element also be placed in a protective carrier disk (6), which is subsequently located within the recess.

The controlled use of a heat and pressure cycle of the present invention eliminates the requirement of both a protective carrier disk for the electronic element and/or a recess or other buffer zone formed in one or more of the card layers for carrying and protecting the electronic element. The process of the present invention allows the electronics-containing core to be

7

subjected to the full laminating pressure without use of a recess in a card layer. Unlike anything shown in the prior art, the electronic unit is placed directly between two (2) plastic sheets. Admittedly, the '024 patent does make reference to card forming processes which vary pressure with temperature. *'024 Patent, col.6, ln. 30-46.* However, there is nothing in the '024 patent which suggests the heat and pressure cycle of the present invention. The '024 patent merely discusses the variation of pressure with temperature, it does not suggest a sequence of steps or the duration of steps which might be used to encapsulate an electronic element by a plastic card. The '024 patent does not discuss a cooling step, nor does it propose a solution to the relative pressures to be applied in the steps of the cycle.

Applicant therefore submits that claims 1-2, 5-9, 11-17, and 20-24 are not obvious over the cited art.

*Rejection of Claims 3-4 and 10 over Haghiri-Tehrani in view of Sitzberger and Hida*

The Examiner has rejected claims 3-4 and 10 as being unpatentable over Haghiri-Tehrani et al in view of Sitzberger and further in view of Hida et al (U.S. 4,841,134). It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Hida et al with the teaching of Haghiri-Tehrani as modified by Sitzberger because it helps air escape during pressing to prevent unevenness on the substrate surface. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Claim 10 has been deleted.

Applicant reiterates the argument presented for the rejection of claims 1-2, 11-17, and 20-24. Applicant submits again that as the '024 patent does not present the elements of the present invention, even in lieu of the limitation of the matte finish as recited in claims 3, 4, and 10, the claims are not obvious over the cited art.

*Rejection of claims 18 and 19 over Haghiri-Tehrani in view of Sitzberger and Mondigl*

The Examiner has rejected claims 18 and 19 as being unpatentable over Haghiri-Tehrani in view of Sitzberger and further in view of Mundigl et al (U.S. 5,809,633). It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Mundigl et al to the teachings of Haghiri-Tehrani et al as modified

8

by Sitzberger because it is desirable to transfer data through a coil. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Applicant reiterates the argument presented for the rejection of claims 1-2, 5-9, 11-17, and 20-24. Applicant submits again that as the '024 patent does not present the elements of the present invention, even in lieu of the limitation of the electronic element as recited in claims 18 and 19 the claims are not obvious over the cited art.

**Conclusion**

Based on the foregoing, the applicant earnestly requests that the Examiner reconsider the rejection of the claims and issue a notice of allowance for all claims.

Respectfully submitted,
OLDHAM & OLDHAM CO., LPA

Mark A. Watkins, Esq.
Registration No. 33,813

Twin Oaks Estate
1225 West Market Street
Akron, Ohio  44313-7188
(330)864-5550

Attorney Docket No. 6014-2