# TAB J
# PART 2

(i) heating said core to a temperature between approximately 175$^{0}$F to 300$^{0}$F for approximately 10 to 25 minutes;

(ii) applying approximately 1000 p.s.i. pressure to said core; and

(iii) cooling said core to a temperature in the range of approximately 40$^{0}$F to 65$^{0}$F for approximately 10 to 25 minutes.

SUB B2

15. A process as recited in claim 1 comprising the further step of inserting an electronic contact element into said cavity.

16. The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said at least one electronic element is a micro-chip and an associated circuit board antenna or an associated wire antenna.

17. The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said at least one electronic element is a read/write integrated chip and an associated antenna.

18. A process for incorporating at least one electronic element having at least one electronic subcomponent in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets, at least one core sheet having a cavity formed therein;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier between said first and second plastic core sheets to form a layered core, said plastic core sheets defining a pair of inner and outer surface of said core, and said cavity positioned so as to expose said at least one electronic subcomponent therein;

J41

(c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent;

(d) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core;

(e)    removing said spacer from the cavity of said core.

19.    A process as recited in claim 18, wherein said electronic subcomponent comprises one or more elements from the group consisting of a microprocessor chip, a contact pad, a transponder, and a contact sensor.

20.    A plastic card constructed in accordance with claim 1.

21.    A plastic card constructed in accordance with claim 18.

22.    The process of claim 18, further comprising the step of coating at least one of said surfaces of said core with a layer of ink.

23.    The process of claim 8, further comprising the step of coating said at least one surface of said core with a layer of ink prior to positioning said overlaminate film on said at least one surface of said core.

14 ~~24~~. The process of claim 13 ~~14~~, further comprising the step of coating said at least one surface of said core with a layer of ink prior to positioning said overlaminate film on said at least one surface of said core.

add A4

add B6

**Practitioner's Docket No. 6014-2-CON** *PATENT*

**COMBINED DECLARATION AND POWER OF ATTORNEY**

(ORIGINAL, DESIGN, NATIONAL STAGE OF PCT, SUPPLEMENTAL, DIVISIONAL, CONTINUATION, OR C-I-P)

As a below named inventor, I hereby declare that:

**TYPE OF DECLARATION**

This declaration is for a continuation application.

**INVENTORSHIP IDENTIFICATION**

My residence, post office address and citizenship are as stated below, next to my name. I believe that I am the original, first and sole inventor *(if only one name is listed below)* or an original, first and joint inventor *(if plural names are listed below)* of the subject matter that is claimed, and for which a patent is sought on the invention entitled:

**TITLE OF INVENTION**

Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom

**SPECIFICATION IDENTIFICATION**

The specification is attached hereto.

**ACKNOWLEDGMENT OF REVIEW OF PAPERS AND DUTY OF CANDOR**

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information, which is material to patentability as defined in 37, Code of Federal Regulations, § 1.56.

**CLAIM FOR BENEFIT OF PRIOR U.S. PROVISIONAL APPLICATION(S)**
(35 U.S.C. § 119(e))

I hereby claim the benefit under Title 35, United States Code, § 119(e) of any United States provisional application(s) listed below:

| PROVISIONAL APPLICATION NUMBER | FILING DATE |
|---|---|
| 60/005,685 | 10/17/1995 |
| 60/024,255 | 10/21/1996 |

**CLAIM FOR BENEFIT OF EARLIER U.S./PCT APPLICATION(S) UNDER 35 U.S.C. § 120**

I hereby claim the benefit, under Title 35, United States Code, § 120, of any United States application(s) or PCT international application(s) designating the United States of America that is/are listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in that/those prior application(s) in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose information that is material to patentability as defined in 37, Code of Federal Regulations, § 1.56 and that is material to the examination of this application, namely, information where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent, that occurred between the filing date of the prior application(s) and the national or PCT international filing date of this application.

| **PRIOR U.S. APPLICATIONS OR PCT INTERNATIONAL APPLICATIONS DESIGNATING THE U.S. FOR BENEFIT UNDER 35 USC § 120:** | | | | |
|---|---|---|---|---|
| U.S. APPLICATIONS | | STATUS | | |
| U.S. APPLICATIONS | U.S. FILING DATE | Patented | Pending | Abandoned |
| 1.0 /5,817,207 | 10/07/1996 | X | | |
| 2.0 /08/918,582 | 08/19/1997 | | X | |
| PCT APPLICATION DESIGNATING THE U.S. | | | | |
| PCT APPLICATION NO. | PCT FILING DATE | U.S. APPLICATION NOS. ASSIGNED (IF ANY) | | |
| | | | | |

**POWER OF ATTORNEY**

I hereby appoint the following practitioner(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.

Mark A. Watkins Registration Number 33,813

I hereby appoint the practitioner(s) associated with the Customer Number provided below to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith.

---

SEND CORRESPONDENCE TO

Mark A. Watkins
Oldham & Oldham Co., L.P.A.
1225 W. Market Street
Akron, OH 44313 USA

Customer Number 021324

DIRECT TELEPHONE CALLS TO:

Mark A. Watkins
(330) 864-5550

---

**DECLARATION**

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

**SIGNATURE(S)**

Keith R. Leighton
**Inventor's signature** ______________________________
**Date** ____________________ **Country of Citizenship** USA
**Residence** Lorain, OH
**Post Office Address** 2817 Fulmer Road
Lorain, OH 44053

| VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) AND 1.27 (b)) - INDEPENDENT INVENTOR | | | Docket No. 6014-2 |
|---|---|---|---|
| Serial No. | Filing Date | Patent No. | Issue Date |
| | | | |

Applicant/ Patentee: Keith R.Leighton

Invention: HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for purposes of paying reduced fees under section 41(a) and (b) of Title 35, United States Code, to the Patent and Trademark Office with regard to the invention entitled above and described in:

- ☒ the specification to be filed herewith.
- ☐ the application identified above.
- ☐ the patent identified above.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

- ☒ No such person, concern or organization exists.
- ☐ Each such person, concern or organization is listed below.

*NOTE: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities (37 CFR 1.27)

FULL NAME ____________________
ADDRESS ____________________
☐ Individual ☐ Small Business Concern ☐ Nonprofit Organization

FULL NAME ____________________
ADDRESS ____________________
☐ Individual ☐ Small Business Concern ☐ Nonprofit Organization

FULL NAME ____________________
ADDRESS ____________________
☐ Individual ☐ Small Business Concern ☐ Nonprofit Organization

FULL NAME ____________________
ADDRESS ____________________
☐ Individual ☐ Small Business Concern ☐ Nonprofit Organization

Copyright 1994 Legalsoft P03/REV01 Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF INVENTOR Keith Leighton
SIGNATURE OF INVENTOR Keith R. Leighton DATE: 8-19-97

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

NAME OF INVENTOR ____
SIGNATURE OF INVENTOR ____ DATE: ____

PRINT OF DRAWINGS
AS ORIGINALLY FILED

FIG.- 1

FIG.- 2

PRINT OF DRAWINGS
AS ORIGINALLY FILED

FIG.-2A
12
26
20
33
33
14
FIG.-3A
16
36
38
26
20
FIG.-3B
20
16
38
36
26
38
36
30
33
32
26
20
FIG.-4

J50

PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG.-5

FIG.-5A



FIG.-6

PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG.-7

FIG.-8



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON K | 6014-2-CON |

021324
OLDHAM & OLDHAM CO
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313

0212/0831

NOT ASSIGNED

DATE MAILED: 2876

08/31/99

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### *Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). **If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of ☑ $65.00 for a small entity in compliance with 37 CFR 1.27, or ☐ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.**

***If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☑ small entity (statement filed) ☐ non-small entity is $ 65.00.***

☐ 1. The statutory basic filing fee is:
   ☐ missing.
   ☐ insufficient.
   *Applicant must submit $________ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*

☐ 2. The following additional claims fees are due:
   $______ for ______ total claims over 20.
   $______ for ______ independent claims over 3.
   $______ for multiple dependent claim surcharge.
   *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☑ 3. The oath or declaration:
   ☑ is missing or unsigned.
   ☐ does not cover the newly submitted items.
   *An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
   *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:
   ________________
   *An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. **A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).**

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application was filed in a language other than English.
   *Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).*

☐ 9. OTHER:________________

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

***A copy of this notice MUST be returned with the reply.***

Annette Reeves

Customer Service Center
Initial Patent Examination Division (703) 308-1202

J53




**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON | K 6014-2-CON |

021324
OLDHAM & OLDHAM CO
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313

0212/0831

NOT ASSIGNED

DATE MAILED: 2876

08/31/99

## NOTICE TO FILE MISSING PARTS OF APPLICATION

*Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). **If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of ☑ $65.00 for a small entity in compliance with 37 CFR 1.27, or ☐ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.**

***If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☑ small entity (statement filed) ☐ non-small entity is $ 65.00.***

☐ 1. The statutory basic filing fee is:
- ☐ missing.
- ☐ insufficient.

*Applicant must submit $________ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*

☐ 2. The following additional claims fees are due:

$______ for ______ total claims over 20.

$______ for ______ independent claims over 3.

$______ for multiple dependent claim surcharge.

*Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☑ 3. The oath or declaration:
- ☑ is missing or unsigned.
- ☐ does not cover the newly submitted items.

*An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.

*A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

*An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. **A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).**

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application was filed in a language other than English.

*Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).*

☐ 9. OTHER:

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

***A copy of this notice MUST be returned with the reply.***

Customer Service Center
Initial Patent Examination Division (703) 308-1202

11/03/1999 00000101 09368846 65.00 OP
01 FC:205

J54

FORM PTO-1533 (REV. 9/98)

U.S. GPO: 1998-446-824

OIPE JC64
NOV 01 1999
PATENT & TRADEMARK OFFICE

ASSECTOR #3

Please type a plus sign (+) inside this box → [+]

PTO/SB/21 (6-98)
Approved for use through 09/30/2000. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

(to be used for all correspondence after initial filing)

| | |
|---|---|
| Application Number | 09/368,846 |
| Filing Date | August 5, 1999 |
| First Named Inventor | Keith R. Leighton |
| Group Art Unit | 2876 |
| Examiner Name | SHERR, D. |
| Attorney Docket Number | 6014-2-CON |

Total Number of Pages in This Submission: 5

## ENCLOSURES (*check all that apply*)

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [ ] Amendment / Response
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [X] Response to Missing Parts/ Incomplete Application
  - [ ] Response to Missing Parts under 37 CFR 1.52 or 1.53
- [ ] Assignment Papers (for an Application)
- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition Routing Slip (PTO/SB/69) and Accompanying Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Small Entity Statement
- [ ] Request for Refund
- [ ] After Allowance Communication to Group
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to Group (*Appeal Notice, Brief, Reply Brief*)
- [ ] Proprietary Information
- [ ] Status Letter
- [X] Additional Enclosure(s) (please *identify below*):
  - Declaration/Power of Attorney
  - $65.00 Surcharge
  - RETURN CARD

Remarks

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm or Individual name | Mark A. Watkins |
| Signature | [signature] |
| Date | 10/27/99 |

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on this date: 10/27/1999

| | | | |
|---|---|---|---|
| Typed or printed name | Mark A. Watkins | | |
| Signature | [signature] | Date | 10-27-99 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be send to the Chief Information Officer Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.



Practitioner's Docket No. 6014-2-CON

PATENT

## COMBINED DECLARATION AND POWER OF ATTORNEY

(ORIGINAL, DESIGN, NATIONAL STAGE OF PCT, SUPPLEMENTAL, DIVISIONAL, CONTINUATION, OR C-I-P)

As a below named inventor, I hereby declare that:

### TYPE OF DECLARATION

This declaration is for a continuation application.

### INVENTORSHIP IDENTIFICATION

My residence, post office address and citizenship are as stated below, next to my name. I believe that I am the original, first and sole inventor *(if only one name is listed below)* or an original, first and joint inventor *(if plural names are listed below)* of the subject matter that is claimed, and for which a patent is sought on the invention entitled:

### TITLE OF INVENTION

Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom

### SPECIFICATION IDENTIFICATION

The specification is attached hereto.

### ACKNOWLEDGMENT OF REVIEW OF PAPERS AND DUTY OF CANDOR

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information, which is material to patentability as defined in 37, Code of Federal Regulations, § 1.56.

**CLAIM FOR BENEFIT OF PRIOR U.S. PROVISIONAL APPLICATION(S)**
(35 U.S.C. § 119(e))

I hereby claim the benefit under Title 35, United States Code, § 119(e) of any United States provisional application(s) listed below:

OIPE JC64 NOV 0 1 1999 PATENT & TRADEMARK OFFICE

| PROVISIONAL APPLICATION NUMBER | FILING DATE |
|---|---|
| 60/005,685 | 10/17/1995 |
| 60/024,255 | 10/21/1996 |

**CLAIM FOR BENEFIT OF EARLIER U.S./PCT APPLICATION(S) UNDER 35 U.S.C. § 120**

I hereby claim the benefit, under Title 35, United States Code, § 120, of any United States application(s) or PCT international application(s) designating the United States of America that is/are listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in that/those prior application(s) in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose information that is material to patentability as defined in 37, Code of Federal Regulations, § 1.56 and that is material to the examination of this application, namely, information where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent, that occurred between the filing date of the prior application(s) and the national or PCT international filing date of this application.

| PRIOR U.S. APPLICATIONS OR PCT INTERNATIONAL APPLICATIONS DESIGNATING THE U.S. FOR BENEFIT UNDER 35 USC § 120: | | | | |
|---|---|---|---|---|
| U.S. APPLICATIONS | | STATUS | | |
| U.S. APPLICATIONS | U.S. FILING DATE | Patented | Pending | Abandoned |
| 1.0 /5,817,207 | 10/07/1996 | X | | |
| 2.0 /08/918,582 | 08/19/1997 | | X | |
| PCT APPLICATION DESIGNATING THE U.S. | | | | |
| PCT APPLICATION NO. | PCT FILING DATE | U.S. APPLICATION NOS. ASSIGNED (IF ANY) | | |
| | | | | |

## POWER OF ATTORNEY

I hereby appoint the following practitioner(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.

Mark A. Watkins — Registration Number 33,813

I hereby appoint the practitioner(s) associated with the Customer Number provided below to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith.

SEND CORRESPONDENCE TO

Mark A. Watkins
Oldham & Oldham Co., L.P.A.
1225 W. Market Street
Akron, OH 44313 USA

DIRECT TELEPHONE CALLS TO:

Mark A. Watkins
(330) 864-5550

O I P E JC64 NOV 01 1999 PATENT & TRADEMARK OFFICE

Customer Number 021324

## DECLARATION

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

## SIGNATURE(S)

Keith R. Leighton
Inventor's signature Keith R. Leighton
Date 10-19-99
Country of Citizenship USA
Residence Lorain, OH
Post Office Address 2817 Fulmer Road
Lorain, OH 44053



Gp/2876

Practitioner's Docket No. 6014-2-CON

PATENT

#4 [illegible] 5-3-00

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re application of: Leighton, Keith R.

Application No.: 09/368,846
Filed: August 5, 1999
Group No.: 2876
Examiner:
For: Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom

RECEIVED
APR 25 2000
TECHNOLOGY CENTER 2800

**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

**TRANSMITTAL OF INFORMATION DISCLOSURE STATEMENT WITHIN THREE MONTHS OF FILING OR BEFORE MAILING OF FIRST OFFICE ACTION (37 C.F.R. 1.97(b))**

**IDENTIFICATION OF TIME OF FILING THE ACCOMPANYING INFORMATION DISCLOSURE STATEMENT**

The information disclosure statement submitted herewith is being filed within three months of the filing date of the application or date of entry into the national stage of an international application or before the mailing date of a first Office action on the merits, whichever event occurs last. 37 C.F.R. 1.97(b).

RECEIVED
APR -3 2000
TC 1700 MAIL ROOM

RECEIVED
NOV 01 1999
TECHNOLOGY CENTER 2800

SIGNATURE OF PRACTITIONER

Reg. No. 33,813
Tel. No.: (330) 864-5550

Mark A. Watkins
Oldham & Oldham Co., L.P.A.
1225 W. Market Street

RECEIVED
MAY -3 2000
TC 1700 MAIL ROOM

**CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8(a))**

■ I hereby certify that, on the date shown below, this correspondence is being:

**MAILING**

■ deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231.

**FACSIMILE**

☐ transmitted by facsimile to the Patent and Trademark Office.

Date: 10-27-99

Signature

MARK A. WATKINS
*(type or print name of person certifying)*

(Transmittal of Information Disclosure Statement Within Three Months of Filing or Before Mailing of First Office Action)



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Leighton, Keith R. | Examiner: | not yet assigned |
| Serial No: | 09/368,846 | Art Unit: | 2876 |
| Filed: | August 5, 1999 | Date: | October 27, 1999 |

RECEIVED
APR 25 2000
TECHNOLOGY CENTER 2800

For: HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A COMBINATION CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

RECEIVED
NOV 01 1999
TECHNOLOGY CENTER 2800

**INFORMATION DISCLOSURE STATEMENT**
**Under 37 CFR § 1.97**

This Information Disclosure Statement is filed within three months after the filing date of this application and is therefore timely. 37 CFR §1.97(b).

The filing of this Information Disclosure Statement shall not be construed as a representation that a search has been made (37 CFR §1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this Information Disclosure Statement shall not be construed as an admission against interest in any manner. Notice of January 9, 1992, 1135 O.G. 13, at 25.

This Information Disclosure Statement is made to comply with the duty of candor imposed on all individuals associated with the filing or prosecution of this application, as defined by 37 CFR §1.56(c).

A list of the patents and other cited references cited by the applicant are enclosed on two sheets of Form PTO-1449 which are attached and made a part hereof. Copies of the references are enclosed herein. The relevance of each cited reference is thought to have been sufficiently discussed in the prosecution of the parent applications and, therefore, has not

RECEIVED
APR 25 2000
TC 1700 MAIL ROOM
RECEIVED
MAY -3 2000
TC 1700 MAIL ROOM

been recited herein.

This Information Disclosure Statement is based on information contained in the undersigned attorney file as of the date of this statement and is inclusive of the best information known to the undersigned at that date.

The Examiner is kindly requested to consider the Information Disclosure Statement in addition to any references identified by the Examiner as a result of his independent search and examination.

Respectfully submitted,

OLDHAM & OLDHAM CO., LPA

Mark A. Watkins
Registration 33,813

MAW/JDD/srm

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket: 6014-2-CON

# INFORMATION DISCLOSURE CITATION

*(Use several sheets if necessary)*

OIPE OCT 29 1999 PATENT & TRADEMARK OFFICE

Docket Number (Optional): 6014-2-CON

Application Number: 09368846

Applicant(s): Keith R. Leighton

Filing Date:

Group Art Unit:

U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| JHA | AA | 4,450,024 | 5/22/84 | Haghiri-Tehrani et al. | | | |
| | AB | 5,067,008 | 11/19/91 | Yanaka et al. | | | |
| | AC | 5,396,650 | 3/7/95 | Terauchi | | | |
| | AD | 5,208,450 | 5/4/93 | Ueníshi et al. | | | |
| | AE | 4,980,802 | 12/25/90 | Champagne et al. | | | |
| | AF | 5,097,117 | 3/17/92 | Champagne et al. | | | |
| | AG | 5,438,750 | 8/8/95 | Venambre | | | |
| | AH | 5,567,362 | 10/22/96 | Grun | | | |
| | AI | 4,795,898 | 1/3/89 | Bernstein et al. | | | |
| | AJ | 4,701,236 | 10/20/87 | Vieilledent | | | |
| JHA | AK | 4,792,843 | 12/20/88 | Haghiri-Tehrani et al. | | | |

RECEIVED MAY 3 2000 TC 1700 MAIL ROOM

FOREIGN PATENT DOCUMENTS

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | Translation NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

RECEIVED APR 25 2000 TC 1700 MAIL ROOM

OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages, Etc.)*

EXAMINER: JH Aftergut

DATE CONSIDERED: 12-1-00

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

OIPE JC81 OCT 2 0 2000 PATENT & TRADEMARK OFFICE

INFORMATION DISCLOSURE CITATION
*(Use several sheets if necessary)*

Docket Number (Optional): 6014-2-CON
Application Number: 09368846
Applicant(s): Keith R. Leighton
Filing Date:
Group Art Unit:

U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | REF | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| JA | AL | 5,173,840 | 12/22/92 | Kodai et al. | | | |
| | AM | 5,272,596 | 12/21/93 | Honore et al. | | | |
| | AN | 5,412,192 | 5/2/95 | Hoss | | | |
| | AO | 5,268,699 | 12/7/93 | Laute et al. | | | |
| | AP | 5,809,633 | 9/22/98 | Mundigl et al. | | | |
| | AQ | 4,841,134 | 6/29/89 | Hida et al. | | | |
| JA | AR | 3,994,225 | 11/30/76 | Sitzberger | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

RECEIVED MAY -3 2000 TC 1700 MAIL ROOM

FOREIGN PATENT DOCUMENTS

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

RECEIVED APR 25 2000 TC 1700 MAIL ROOM

OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

EXAMINER: J.A. Aftergut
DATE CONSIDERED: 12-1-00

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON | K | 6014-2-CON |

021324
OLDHAM & OLDHAM CO
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313

IM22/1206

| EXAMINER | |
|---|---|
| AFTERGUT, J | |
| ART UNIT | PAPER NUMBER |
| 1733 | 5 |

DATE MAILED: 12/06/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

J64

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit |
| | Jeff H. Aftergut | 1733 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____ .

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-24* is/are pending in the application.

4a) Of the above claim(s) *18-22* is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-17,23 and 24* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. & 119(e).

**Attachment(s)**

15) ☒ Notice of References Cited (PTO-892)

16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

18) ☒ Interview Summary (PTO-413) Paper No(s). 4 .

19) ☐ Notice of Informal Patent Application (PTO-152)

20) ☐ Other:

J65

***Election/Restrictions***

1. Restriction to one of the following inventions is required under 35 U.S.C. 121:

I. Claims 1-19, and 22-24, drawn to a method of laminating a chip bearing card, classified in class 156, subclass 153.

II. Claims 20 and 21, drawn to a laminated card, classified in class 235, subclass 488.

The inventions are distinct, each from the other because of the following reasons:

2. Inventions I and II are related as process of making and product made. The inventions are distinct if either or both of the following can be shown: (1) that the process as claimed can be used to make other and materially different product or (2) that the product as claimed can be made by another and materially different process (MPEP § 806.05(f)). In the instant case the product as claimed can be made by a materially different process such as one where the recess was formed in the substrate by etching chemically rather than mechanically milling. Additionally, the chip could be embedded in a piece of plastic with a preformed recess therein and have a piece of plastic laminated there over in order to form the laminated card.

3. Because these inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by their different classification, restriction for examination purposes as indicated is proper.

4. Because these inventions are distinct for the reasons given above and have acquired a separate status in the art because of their recognized divergent subject matter, restriction for examination purposes as indicated is proper. This application contains claims directed to the following patentably distinct species of the claimed invention: the species where the recess was

formed via a milling operation or the species where the recess was preformed and maintained with a spacer during the laminating operation.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable. Currently, no claims are generic.

Applicant is advised that a reply to this requirement must include an identification of the species that is elected consonant with this requirement, and a listing of all claims readable thereon, including any claims subsequently added. An argument that a claim is allowable or that all claims are generic is considered nonresponsive unless accompanied by an election.

Upon the allowance of a generic claim, applicant will be entitled to consideration of claims to additional species which are written in dependent form or otherwise include all the limitations of an allowed generic claim as provided by 37 CFR 1.141. If claims are added after the election, applicant must indicate which are readable upon the elected species. MPEP § 809.02(a).

Should applicant traverse on the ground that the species are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the species to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

5. During a telephone conversation with Mark Watkins on 11-30-00 a provisional election was made with traverse to prosecute the invention of Group I, the species of milling out the recess for the contacts, claims 1-17, 23, and 24. Affirmation of this election must be made by

applicant in replying to this Office action. Claims 18- 22 have been withdrawn from further consideration by the examiner, 37 CFR 1.142(b), as being drawn to a non-elected invention.

***Claim Rejections - 35 USC § 112***

6. The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

7. Claims 1-17, 23 and 24 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claim 1, line 12, the line ends with a ".", however the claim does not end here. Applicant is advised that the claim should only have one period at the end of the claim. It is suggested that --.-- be changed to --,and;--.

***Double Patenting***

8. A rejection based on double patenting of the "same invention" type finds its support in the language of 35 U.S.C. 101 which states that "whoever invents or discovers any new and useful process ... may obtain a patent therefor ..." (Emphasis added). Thus, the term "same invention," in this context, means an invention drawn to identical subject matter. See *Miller v. Eagle Mfg. Co.*, 151 U.S. 186 (1894); *In re Ockert*, 245 F.2d 467, 114 USPQ 330 (CCPA 1957); and *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970).

A statutory type (35 U.S.C. 101) double patenting rejection can be overcome by canceling or amending the conflicting claims so they are no longer coextensive in scope. The filing of a terminal disclaimer cannot overcome a double patenting rejection based upon 35 U.S.C. 101.

9. Claim 11 is rejected under 35 U.S.C. 101 as claiming the same invention as that of claim1 of prior U.S. Patent No. 6,036,099. This is a double patenting rejection. All of the limitation of dependent claim 11 are claimed in independent claim 1 of the prior application.

10. The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

11. Claims 1-17, 23, and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 6,036,099. Although the conflicting claims are not identical, they are not patentably distinct from each other because the claims presented herein are generic to the operation as recited in the earlier patent and therefore the subject matter of the same are covered by the earlier claimed patent, see In re Goodman , 29 USPQ2nd 2010.

12. Claims 1-17, 23 and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-17 of U.S. Patent No. 5,817,207 in view of Templeton, Jr. et al.

The claimed invention in U.S. '207 is essentially the same invention as recited herein, except that the claims failed to recite that one skilled in the art would have milled the assembly in order to form contacts with the electronic component disposed within the card. However, as envisioned by Templeton, Jr. et al such milling to make electrical contact in a card with an embedded electronic component therein was known. Templeton, et al suggested that one skilled in the art would have known that subsequent to lamination of a circuit component within a card

one would have milled the same. More specifically, an inductive coil 201 was formed upon a plastic substrate 202 of PVC for example. Onto the substrate 202 one laminated a second substrate 203 which covered and encapsulated the coil 201. The reference taught that subsequent to the lamination operation one milled out the contact holes 203b through the substrate in locations where the contact pads 201a of the inductive coil are in order to facilitate electrical contact with the inductive coil which was embedded within the plastic sheets. See column 7, lines 6-17. Because it would have been desirable to make contact with an embedded coil in a smart card which was a contactless card as envisioned by Templeton, Jr. et al, it would have been obvious to one of ordinary skill in the art of manufacturing a smart card to incorporate a milling step after card formation in the operations of US Patent '207 in the formation of a contactless smart card.

***Claim Rejections - 35 USC § 103***

13. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

14. Claims 1, 4-10, and 14-17 are rejected under 35 U.S.C. 103(a) as being unpatentable over Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al optionally further taken with UK 2,225,283.

Japanese Patent '214 taught a process for forming a smart card which included the steps of laminating with heat and pressure an assembly which included an IC chip 11 and a thin coil 12

(an antennae). The IC chip 11 and antennae 12 were disposed unsupported between plastic films 14. On either side of plastic films 14 were additional plastic films 15. The assembly was disposed in a press and heat and pressure were applied in order to laminate the layers together to form the smart card. The reference to Japanese Patent '214 failed to teach that the heat and pressure laminating operation included a cooling operation while the press remained under pressure. Additionally, there is no mention of milling the laminated card in order to gain access to contacts of the chip and/or antennae for purposes of making physical contact with the same.

However, in the art of making a laminated smart card, it was known as evidenced by UK '610 that one skilled in the art when laminating the same together would not have applied high heat and pressure and then removed the same in the lamination operation for processing under such extreme conditions would lead to damage of the chip and/or antennae in the laminate. The reference to UK '610 suggested that one skilled in the art would have interposed a printed circuit 11 with reinforced elements 19 between two outer sheets 37 and 38 of thermoplastic in the PVC family with interposed polyester layers coated with thermally activated catalyst adhesive and the assembly was disposed between pressing plates. The assembly was heated and then pressure applied to the same in order to encapsulate the electrical components of the card. Subsequent to the application of this heat and pressure, the pressure was maintained while the card was allowed to cool in the press, see page 11, line 16-page 12, line 12. The reference made clear that in order to avoid damaging the integrated circuit which was being encapsulated that one would have heated the assembly, then applied heat and pressure to the assembly in the press and then cooled the assembly while pressure was maintained. Clearly, one viewing the same would have understood that heat and pressure as well as cooling under pressure would have been performed

when laminating the card with the integrated circuit therein. Note that Japanese Patent '214 performed the lamination operation in a heated press. The combination fails to suggest that one would have milled out openings in the card after formation in order to provide open contacts in the card.

However, the reference to Templeton, et al suggested that one skilled in the art would have known that subsequent to lamination of a circuit component within a card one would have milled the same . More specifically, an inductive coil 201 was formed upon a plastic substrate 202 of PVC for example. Onto the substrate 202 one laminated a second substrate 203 which covered and encapsulated the coil 201. The reference taught that subsequent to the lamination operation one milled out the contact holes 203b through the substrate in locations where the contact pads 201a of the inductive coil are in order to facilitate electrical contact with the inductive coil which was embedded within the plastic sheets. See column 7, lines 6-17. Because it would have been desirable to make contact with an embedded coil in a smart card which was a contactless card as envisioned by Templeton, Jr. et al, it would have been obvious to one of ordinary skill in the art of manufacturing a smart card to incorporate a milling step after card formation in the operations of Japanese Patent 6-176214 wherein the pressing operation was performed in a heated press where the pressure was maintained during the cooling operation as suggested by UK 2,279,610.

With respect to claims 4-5, the references as set forth above suggested the use of PVC and/or polyester materials and one skilled in the art would have been determined the suitable thickness for the material through routine experimentation. Regarding claims 6-7 and 9-10, note that UK '610 suggested that one skilled in the art would have increased the pressure after

increasing the temperature (ramped the same up). One skilled in the art would have optimized the specific pressure used in order to achieve a good bond without disrupting the ability of the circuit to operate properly. Regarding claim 15, note that Templeton taught one would have provided an electrical contact in the cavity formed by milling. Regarding claims 16 and 17, one skilled in the art would have understood what kind of chips would have been useful for the manufacture of the cards. Regarding claims 8 and 14, the references as set forth above suggested the use of multiple films over the chip, for example Japanese Patent '214 suggested the use of multiple films 14 and 15 over the assembly. The specific pressures and temperatures employed in the operation would have been determined through routine experimentation.

While it is believed that the reference to UK '610 suggested that one would have ramped up the pressure during the laminating operation, to further evidence that the highest amount of pressure would have been applied when the assembly was cooled, the reference to UK '283 is cited. UK '283 is manufacturing an integrated circuit card where the assembled layers (which included thin plastic layers which had printing on the layers as well as in integrated circuit therein) were laminated together in a press. The reference taught that the press would have been preheated, the pressure applied and then the assembly removed or the assembly would have been preheated and the pressure applied in steps with the highest pressure applied while the assembly was being cooled in the press, see page 11, lines 3-13. It would have been obvious to one of ordinary skill in the art at the time the invention was made to employ a pressing operation in the manufacture of an integrated circuit card wherein the pressue applied would have been the highest when the card was being cooled in the press as suggested by UK 2,225,283 wherein the laminated card was formed by laminating with heat and pressure in a press as suggested by

Japanese Patent 6-176214 and UK 2,279,610 wherein after lamination the card would have been milled in order to expose the contact pads of the electronic component within the card as suggested by Templeton, Jr. et al.

For a discussion of the dependent claims, see above.

15. Claims 2 , 3, 11-13, 23, and 24 are rejected under 35 U.S.C. 103(a) as being unpatentable over the references as set forth above in paragraph 14 further taken with UK 2,294,899.

The references as set forth above in paragraph 14 suggested the overall operàtion, they failed to suggest that one would have provided the platens with a matte surface thereon such that the finished exterior surfaces of the card had a matte finish. Additionally, the references failed to mention a printing operation used in manufacturing the card (it should be noted that UK '283 suggested that layes 2 and 6 would have been provided with printing thereon, see page 5, lines 3-5 of the UK document). However, in the art of manufacturing a smart card where an integrated circuit was disposed within the card, it was known at the time the invention was made to provide the exterior of the card with a matte finish where the same was provided by employed pressing plates which had a matte finish thereon in order to reduce the spectral reflection as suggested by UK '899, see page 4, lines 4-6. Additionally, in manufacturing such smart cards, it was well known at the time the invention was made to provide printed information upon the same where the printed information would have been provided upon the layers prior to the pressing operation as in printed information 8 and additional information would have been printed upon the cards exterior after formation as in image 10. It would have been within the purview of the ordinary artisan to select suitable printing techniques from those which were readily available to the artisan and the specified printing techniques claimed are taken as conventional in the art of

making smart cards. It would have been obvious to one of ordinary skill in the art of laminating to form a smart card to provide the card with a matte finish (in order to reduce reflection) as well as to provide the card with printing thereon in order to facilitate a useful card as suggested by UK 2,294,899 in the manufacture of a smart card as set forth above in paragraph 14.

***Conclusion***

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Jeff H. Aftergut whose telephone number is 703-308-2069. The examiner can normally be reached on Monday-Friday 6:30-3:00pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Michael W. Ball can be reached on 703-308-2058. The fax phone numbers for the organization where this application or proceeding is assigned are 703-305-3599 for regular communications and 703-305-7718 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-308-0661.

Jeff H. Aftergut
Primary Examiner
Art Unit 1733

JHA
December 1, 2000

| Notice of References Cited | Application/Control No. 09/368,846 | Applicant(s)/Patent Under Reexamination LEIGHTON, KEITH R. | |
|---|---|---|---|
| | Examiner Jeff H. Aftergut | Art Unit 1733 | Page 1 of 1 |

U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|---|---|---|---|
| ☐ | A | 5,817,207 | Oct. 1998 | Leighton | 156 | 298 | ☐ | ☐ |
| ☐ | B | 6,036,099 | Mar. 2000 | Leighton | 235 | 488 | ☐ | ☐ |
| ☐ | C | 5,519,201 | May. 1996 | Templeton, Jr. et al | 235 | 492 | ☐ | ☐ |
| ☐ | D | | | | | | ☐ | ☐ |
| ☐ | E | | | | | | ☐ | ☐ |
| ☐ | F | | | | | | ☐ | ☐ |
| ☐ | G | | | | | | ☐ | ☐ |
| ☐ | H | | | | | | ☐ | ☐ |
| ☐ | I | | | | | | ☐ | ☐ |
| ☐ | J | | | | | | ☐ | ☐ |
| ☐ | K | | | | | | ☐ | ☐ |
| ☐ | L | | | | | | ☐ | ☐ |
| ☐ | M | | | | | | ☐ | ☐ |

FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | N | 2,279,610 | Jan. 1995 | UK | GEC Avery Lmtd. | -- | -- | ☐ | ☐ |
| ☐ | O | 6-176214 | Jun. 1994 | Japan | -- | -- | -- | ☐ | ☐ |
| ☐ | P | 2,225,283 | May. 1990 | UK | -- | -- | -- | ☐ | ☐ |
| ☐ | Q | 2,294,899 | May. 1996 | UK | -- | -- | -- | ☐ | ☐ |
| ☐ | R | | | | | | | ☐ | ☐ |
| ☐ | S | | | | | | | ☐ | ☐ |
| ☐ | T | | | | | | | ☐ | ☐ |

NON-PATENT DOCUMENTS

| * | | DOCUMENT (Including Author, Title Date, Source, and Pertinent Pages) | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|
| ☐ | U | | ☐ | ☐ |
| ☐ | V | | ☐ | ☐ |
| ☐ | W | | ☐ | ☐ |
| ☐ | X | | ☐ | ☐ |

*A copy of this reference is not being furnished with this Office action. (See Manual of Patent Examining Procedure, Section 707.05(a).)
**APS encompasses any electronic search i.e. text, image, and Commercial Databases.

J76



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON K | 6014-2-CON |

021324 IM52/0720
OLDHAM & OLDHAM CO
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313

| EXAMINER | |
|---|---|
| AFTERGUT, J | |
| ART UNIT | PAPER NUMBER |
| 1733 | 6 |

DATE MAILED: 07/20/01

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

J77

| Notice of Abandonment | Application No. 09/368,846 | Applicant(s) LEIGHTON, KEITH R. |
|---|---|---|
| | Examiner Jeff H. Aftergut | Art Unit 1733 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

This application is abandoned in view of:

1. ☒ Applicant's failure to timely file a proper reply to the Office letter mailed on 06 December 2000.
   (a) ☐ A reply was received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the period for reply (including a total extension of time of _____ month(s)) which expired on _____.
   (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CRF 1.113 (a) to the final rejection. (A proper reply under 37 CRF 1.113 to a final rejection consists only of: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114).
   (c) ☒ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).
   (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance.
   (b) ☐ The submitted fee of $_____ is insufficient. A balance of $_____ is due.
   The issue fee required by 37 CFR 1.18 is $_____. The publication fee, if required by 37 CFR 1.18(d), is $_____.
   (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file new formal drawings as required by, and within the three-month period set in, the Notice of Allowability (PTO-37).
   (a) ☐ Proposed new formal drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply.
   (b) ☐ The proposed new formal drawings filed on _____ are not acceptable and the period for reply has expired.
   (c) ☐ No proposed new formal drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

6. ☐ The decision by the Board of Patent Appeals and Interference rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☐ The reason(s) below:

Jeff H. Aftergut
Jeff H. Aftergut
Primary Examiner
Art Unit: 1733



COPY OF PAPERS ORIGINALLY FILED

# 7

Docket No. 6014-2-CON

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re patent application of: Keith Leighton Group Art Unit: 1733

Serial No.: 09/368,846 Examiner: J. Aftergut

Filed: August 5, 1999 Date: February 15, 2002

For: Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom

PETITION FOR REVIVAL OF AN APPLICATION FOR PATENT ABANDONED UNINTENTIONALLY UNDER 37 C.F.R. §1.137(b)

RECEIVED
MAR 07 2002
OFFICE OF PETITIONS
DEPUTY A/C PATENTS

Attention: Office of Petitions
Assistant Commissioner for Patents
Box DAC
Washington, D.C. 20231

Sir:

The above-identified application became abandoned for failure to file a timely reply to the final Office Action mailed on December 6, 2000, which set a three month period for reply. The abandonment date of this application is March 6, 2001.

APPLICANT HEREBY PETITIONS FOR REVIVAL OF THIS APPLICATION.

1. Petition Fee

   Enclosed is a check for the small entity fee $640.00 (37 C.F.R. §1.17(m)).

2. Reply and/or fee.

   Enclosed herewith is an amendment and response to the Office Action mailed.

   Enclosed is a check in the amount of $45.00 for additional claims.

03/06/2002 GTEFFERA 00000089 09368846
01 FC:241 640.00 OP

3. Terminal Disclaimer with disclaimer fee.

Since this application was filed on or after June 8, 1995, no terminal disclaimer is required.

4. Statement: The entire delay in filing the required reply from the due date for the required reply until the filing of a grantable petition under 37 C.F.R. § 1.137(b) was unintentional.

5. Additional Fees

Please charge Account 15-0450 for any additional fees may be required by the filing of these papers.

Respectfully submitted,
Hahn Loeser & Parks LLP

Date: February 15, 2002

Michael H. Minns
Reg. No. 31,985

Hahn Loeser + Parks LLP
Twin Oaks Estate
1225 West Market Street
Akron, Ohio 44313-7188
(330) 864-5550

Enclosures: Amendment
Reply
Terminal Disclaimer
Return Postcard

**CERTIFICATION UNDER 37 C.F.R. § 1.8(a)**

I hereby certify that, on the date shown below, this correspondence is being deposited with the United States Postal Service in an envelope addressed to the Assistant Commissioner of Patents, Washington D.C. 20231 with sufficient postage as first class mail.

Signature

Date: February 15, 2002

Michael H. Minns
Type or print name of person certifying