Fig.

08918582 · 081997



22

38

30

20

26

32

38

# 2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    Leighton, Keith R.          Examiner:

Serial No:    08/918,582                  Art Unit:

Filed:        08/17/97                    Date:    October 17, 1997

For:    HOT LAMINATION PROCESS FOR THE MANUFACTURE
        COMBINATION CONTACT/CONTACTLESS SMART CARD AND
        PRODUCT RESULTING THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

## INFORMATION DISCLOSURE STATEMENT
### Under 37 CFR § 1.97

This Information Disclosure Statement is filed within three months after the filing date of this application and is therefore timely. 37 CFR §1.97(b).

The filing of this Information Disclosure Statement shall not be construed as a representation that a search has been made (37 CFR §1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this Information Disclosure Statement shall not be construed as an admission against interest in any manner. Notice of January 9, 1992, 1135 O.G. 13, at 25.

This Information Disclosure Statement is made to comply with the duty of candor imposed on all individuals associated with the filing or prosecution of this application, as defined by 37 CFR §1.56(c).

A list of the patents and other cited references cited by the applicant are enclosed on two sheets of Form PTO-1449 which are attached and made a part hereof. Copies of the references are enclosed herein. The relevance of each cited reference is thought to have



2

been sufficiently discussed in the prosecution of the parent applications and, therefore, has not been recited herein.

This Information Disclosure Statement is based on information contained in the undersigned attorney file as of the date of this statement and is inclusive of the best information known to the undersigned at that date.

The Examiner is kindly requested to consider the Information Disclosure Statement in addition to any references identified by the Examiner as a result of his independent search and examination.

Respectfully submitted,

OLDHAM & OLDHAM CO., LPA

Mark A. Watkins
Registration 33,813

MAW/clj

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket:  6014-2

**INFORMATION DISCLOSURE CITATION**
*(Use several sheets if necessary)*

| | |
|---|---|
| Docket Number (Option. 601... | Application Number 08/918,582 |
| Applicant(s) Keith R. Leighton | |
| Filing Date 08/17/97 | Group Art Unit |

*[Stamp: I P E ... OCT 17 1997 ... PATENT & TRADEMARK ...]*

**U.S. PATENT DOCUMENTS**

| *EXAMINER INITIAL | REF | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| DHS | AA | 4,450,024 | 5/22/84 | Haghiri-Tehrani et al. | | | |
| DHS | AB | 5,067,008 | 11/19/91 | Yanaka et al. | | | |
| DHS | AC | 5,396,650 | 3/7/95 | Terauchi | | | |
| DHS | AD | 5,208,450 | 5/4/93 | Uenishi et al. | | | |
| DHS | AE | 4,980,802 | 12/25/90 | Champagne et al. | | | |
| DHS | AF | 5,097,117 | 3/17/92 | Champagne et al. | | | |
| DHS | AG | 5,438,750 | 8/8/95 | Venambre | | | |
| DHS | AH | 5,567,362 | 10/22/96 | Grun | | | |
| DHS | AI | 4,795,898 | 1/3/89 | Bernstein et al. | | | |
| DHS | AJ | 4,701,236 | 10/20/87 | Vieilledent | | | |
| DHS | AK | 4,792,843 | 12/20/88 | Haghiri-Tehrani et al. | | | |

**FOREIGN PATENT DOCUMENTS**

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**OTHER DOCUMENTS** *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | |
|---|---|
| | |
| | |

EXAMINER Daniel Sherr

DATE CONSIDERED 11/3/98

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820
(also form PTO-1449)

Copyright 1994-97 LegalStar

P09A/REV03

Patent and Trademark Office · U.S. DEPARTMENT OF COMMERCE

SHEET 1 OF 2

54

**INFORMATION DISCLOSURE CITATION**
*(Use several sheets if necessary)*

| | |
|---|---|
| Docket Number (Option) | Application Number |
| 601-... | 08/918,582 |
| Applicant(s) | |
| Keith R. Leighton | |
| Filing Date | Group Art Unit |
| 08/17/97 | |

OIPE
OCT 17 1997
PATENT & TRADEMARK OFFICE JC27

## PATENT DOCUMENTS

| *EXAMINER INITIAL | REF | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| DHS | AL | 5,173,840 | 12/22/92 | Kodai et al. | — | — | |
| DHS | AM | 5,272,596 | 12/21/93 | Honore et al. | — | — | |
| DHS | AN | 5,412,192 | 5/2/95 | Hoss | — | — | |
| DHS | AO | 5,268,699 | 12/7/93 | Laute et al. | — | — | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## OTHER DOCUMENTS    *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | |
|---|---|
| | |
| | |
| | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| Daniel Sherr | 11/3/98 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820     Copyright 1994-97 LegalStar     P09A/REV03     Patent and Trademark Office * U.S. DEPARTMENT OF COMMERCE
(also form PTO-1449)

SHEET   2   OF   2

O110

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Leighton, Keith R. | Examiner: |
| Serial No: | 08/918,582 | Art Unit: |
| Filed: | 08/17/97 | Date:  October 17, 1997 |

For:  HOT LAMINATION PROCESS FOR THE MANUFACTURE
COMBINATION CONTACT/CONTACTLESS SMART CARD AND
PRODUCT RESULTING THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

### TRANSMITTAL

Transmitted herewith:

1)     Information Disclosure Statement Under 37 CFR § 1.97;
2)     PTO-Form 1449 and fifteen references; and
3)     Acknowledgement of Receipt/Return Card

Respectfully submitted,

OLDHAM & OLDHAM CO., LPA

Mark A. Watkins, Esq.
Registration 33,813

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550                                                Our File: 6014-2

### CERTIFICATE OF MAILING

I hereby certify that this Information Disclosure Statement and all documents referred to as enclosed therein
are deposited with the United States Postal Service on this date in an envelope as "Express Mail Post Office
to Addressee" Mailing Label No. EM094965196US addressed to: Commissioner of Patents and Trademarks,
Washington, D.C. 20231.

__October 17, 1997__
Date                                          Mark A. Watkins, Esq.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/918,582 | 08/19/97 | LEIGHTON | K | 60142 |

```
                                    MM51/1118
   MARK A WATKINS
   OLDHAM & OLDHAM CO
   1225 WEST MARKET STREET
   AKRON OH 44313-7188
```

| EXAMINER |
|---|
| SHERR, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2876 | 3 |

DATE MAILED:     11/18/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/98)

1- File Copy

57

| ***Office Action Summary*** | Application No. 08/918,582 | Applicant(s) Leighton |
|---|---|---|
| | Examiner Daniel Sherr | Group Art Unit 2876 |

☐ Responsive to communication(s) filed on _____ .

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___three___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-24* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-24* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____ .

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)          **Office Action Summary**          Part of Paper No. ___3___

Application/Control Number: 08/918,582                                        Page 2

Art Unit: 2876

### Claim Objections

1.     Claims 1, 9, 15 and 21 are objected to because of the following informalities:

Replace "at one" in claim 1, line 7 with --at least one--.

Replace "10" in claim 9, line 2 with --10%--.

Replace "techniques" in claim 15, line 2 with --technique--.

Replace "at one" in claim 21, line 11 with --at least one--.

Appropriate correction is required.

### Claim Rejections - 35 USC § 103

2.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

3.     Claims 1-2, 5-9, 11-17 and 20-24 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Haghiri-Tehrani et al (US 4,450,024) in view of Sitzberger (US 3,994,225).

Haghiri-Tehrani et al shows a card (column 5, lines 7-47) which teaches: For claim 1, a

hot lamination process for the manufacture of a plastic card, the process comprising the steps of

providing first and second plastic core sheets; positioning at least one electronic element between

the first and second plastic core sheets to form a layered core; positioning the core in a laminator

Application/Control Number: 08/918,582                                    Page 3

Art Unit: 2876

apparatus, heating the core in the laminator, thereafter applying pressure to the core such that at

least one electronic element is encapsulated in the core, and thereafter cooling the core in

conjunction with laminator pressure being applied to the core, the core including an upper and

lower surfaces; and printing on at least one of the upper and lower surfaces of the core such that a

layer of ink is applied to the at least one upper and lower surface of the core.  For claim 2, a hot

lamination process having a step, comprising milling a region of the core to a controlled depth so

as to form a cavity which exposes at least one contact pad of the electronic element. For claim 5,

a hot lamination process wherein the first and second plastic core sheets are made from a material

selected from the group consisting of polyvinyl chloride, polyester, and acrylonitrile-butadiene-

styrene, wherein each of the sheets has a thickness in the range of 0.007 inches to 0.024 inches.

For claim 6, a hot lamination process wherein the first and second plastic core sheets have a

thickness of approximately 0.0125 inches.  For claim 7, a hot lamination process where a step is

carried out by constructing a first book including the core and at least first and second laminating

plates respectively adjacent to the upper and lower surfaces of the core; positioning the book in

the laminator apparatus; closing the laminator apparatus and heating the core for a first

predetermined amount of time without applying essentially any laminator ram pressure to the

core; increasing the laminator ram pressure following the passage of the first predetermined

amount of time to apply pressure to the core in conjunction with the heating of the core; cooling

the core in the laminator in conjunction with laminator ram pressure being applied to the core.

For claim 8, a hot lamination process wherein a step is carried out with a ram pressure that is

Application/Control Number: 08/918,582                                    Page 4

Art Unit: 2876

greater than the ram pressure utilized in a step.  For claim 9, a hot lamination process wherein the

laminator pressure utilized in a step ranges from about 10% to about 40% greater than the ram

pressure utilized in a previous step.

     Haghiri-Tehrani et al also shows a card (column 5, lines 7-47) which teaches: For claim

11, a hot lamination process having a step comprising positioning the core in a laminator

apparatus with a layer of overlaminate film on at least one of the upper and lower surfaces of the

core in the laminator to thereby form a sheet of plastic card stock.  For claim 12, a hot lamination

process wherein a step is carried out by heating the core to a temperature in the range of 300

degrees F to 370 degrees F for at least 5 to 10 minutes.  For claim 13, a hot lamination process

wherein a step is carried out by increasing the laminator pressure to a pressure approximately in

the range of 200 p.s.i. to 450 p.s.i. on the core for at least 10 minutes.  For claim 14, a hot

lamination process wherein a step is carried out utilizing a printing press.  For claim 15, a hot

lamination process wherein a step is carried out utilizing a coating technique selected from the

group consisting of silk screen printing, offset printing, letterpress printing, screen printing, roller

coating, spray printing and litho-printing.  For claim 16, a hot lamination process where a step is

carried out by positioning the core between first and second sheets of overlaminate film such that

a layer of overlaminate film is laminated to both the upper and lower surfaces of the core.  For

claim 17, a hot lamination process comprising a further step of inserting an electronic contact

element into the cavity.  For claim 20, a hot lamination process wherein a step is carried out by

positioning the core with the layer of overlaminate film in the laminator apparatus between first

Application/Control Number: 08/918,582                                    Page 5

Art Unit: 2876

and second laminating plates, wherein at least on of the first and second laminating plates includes

a highly polished surface in contact with the layer of overlaminate film. For claim 21, a hot

lamination process for the manufacture of a plastic card, the process comprising the steps of

providing first and second plastic core sheets, at least one core sheet having a cavity formed

therein; positioning at least one electronic element having at least one electronic subcomponent

between the first and second plastic core sheets to form a layered core, the cavity positioned so as

to expose the at least one contact pad therein; inserting a spacer into the cavity, the spacers

substantially filling the cavity covering the at least one electronic sub-component; positioning the

core in a laminator apparatus, heating the core in the laminator, thereafter applying ram pressure

to the core such that the at least one electronic element is encapsulated in the core, and thereafter

cooling the core in conjunction with laminator ram pressure being applied to the core, the core

including an upper and lower surfaces; printing on at least one of the upper and lower surfaces of

the core such that a layer of ink is applied to the at least one upper and lower surface of the core;

and removing the spacer from the cavity of the core. For claim 22, a hot lamination process

wherein the electronic sub-component comprises one or more elements from the group consisting

of a microprocessor chip, a contact pad, a transponder and a contact sensor. For claim 23, a

plastic card comprising a plastic core including at least one electronic element embedded therein,

the core having an upper surface and a lower surface; a coating on at least one of the upper and

lower surfaces; and a layer of overlaminate film positioned on the at least one coated surface,

wherein the card has an overall thickness in the range of approximately 0.028 inches to 0.032

Application/Control Number: 08/918,582                                    Page 6

Art Unit: 2876

inches with a variation in overall thickness across the upper and lower surfaces being no greater

than approximately 0.0005 inches. For claim 24, a plastic card wherein the core is made from a

plastic selected from the group consisting of polyvinyl chloride, polyester, and acrylonitrile-

butadiene-styrene.

Haghiri-Tehrani et al fails to show, for claim 1 and 21, the step of cutting at least one card

from the sheet of plastic card stock. However, Sitzberger shows a sheet of badge stock (column

1, line 46-63) which teaches, for claim 1 and 21, the step of cutting at least one card from the

sheet of plastic card stock. It would have been obvious to one of ordinary skill in the art at the

time of invention to combine the teachings of Sitzberger with the teachings of Haghiri-Tehrani et

al because it is profitable to produce badges in a highly efficient manner (column 1, line 29-33).

4.      Claims 3-4, 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Haghiri-

Tehrani et al (US 4,450,024) in view of Sitzberger (US 3,994,225) as applied to claims 1-2, 5-9,

11-17 and 20-24 above, and further in view of Hida et al (US 4,841,134).

Haghiri-Tehrani et al as modified by Sitzberger fails to show: For claim 3, a hot

lamination process wherein the step of positioning the core in a laminator apparatus is carried out

by positioning the core between first and second laminating plates having a matte finish to provide

at least one of the upper and lower core surfaces with a correspondingly textured surface. For

claim 4, a hot lamination process wherein at least one of the first and second laminating plates

includes matte finish to provide both at least one outer surface of the core with a correspondingly

textured surface. For claim 10, a hot lamination process wherein at least one of the first and

Application/Control Number: 08/918,582                                            Page 7

Art Unit: 2876

second laminating plates in a matte finished laminating plate to provide at least one of the upper

and lower surfaces of the core with a corresponding matte finish.

      However, Hida et al shows applying a matte on a substrate surface (column 5, lines 6-13)

which teaches: For claim 3, a hot lamination process wherein the step of positioning the core in a

laminator apparatus is carried out by positioning the core between first and second laminating

plates having a matte finish to provide at least one of the upper and lower core surfaces with a

correspondingly textured surface.  For claim 4, a hot lamination process wherein at least one of

the first and second laminating plates includes matte finish to provide both at least one outer

surface of the core with a correspondingly textured surface.  For claim 10, a hot lamination

process wherein at least one of the first and second laminating plates in a matte finished laminating

plate to provide at least one of the upper and lower surfaces of the core with a corresponding

matte finish.  It would have been obvious to one of ordinary skill in the art at the time of invention

to combine the teachings of Hida et al with the teaching of Haghiri-Tehrani et al as modified by

Sitzberger because it helps air escape during pressing to prevent unevenness on the substrate

surface (column 5, lines 6-13).

5.     Claims 18 and 19 are rejected under 35 U.S.C. 103(a) as being unpatentable over Haghiri-

Tehrani et al (US 4,450,024) in view of Sitzberger (US 3,994,225) as applied to claims 1-2, 5-9,

11-17 and 20-24 above, and further in view of Mundigl et al (US 5,809,633).

Application/Control Number: 08/918,582                                      Page 8

Art Unit: 2876

Haghiri-Tehrani et al as modified by Sitzberger fails to show, for claims 18 and 19, a hot

lamination process wherein at least one electronic element is a micro-chip and an associated

circuit board or wire antenna or is a read/write integrated chip and an associated antenna.

However, Mundigl et al shows a carrier module 1 (column 2, lines 36-62) which teaches,

for claims 18 and 19, a hot lamination process wherein at least one electronic element is a micro-

chip and an associated circuit board or wire antenna or is a read/write integrated chip and an

associated antenna. It would have been obvious to one of ordinary skill in the art at the time of

invention to combine the teachings of Mundigl et al to the teachings of Haghiri-Tehrani et al as

modified by Sitzberger because it is desirable to transfer data through a coil (column 1, lines 17-

21).

### Conclusion

8.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure: Yanaka et al (US 5,067,008) and Uenishi et al (US 5,208,450) disclose IC cards.

9.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Daniel H. Sherr** whose telephone number is (703) 305-0267.

The examiner can normally be reached between the hours of 7:30 AM to 6:00 PM Monday

thru Thursday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Donald Hajec, can be reached on (703) 308-4075. The fax phone number for this

Group is (703)308-5841 or (703) 308-7722.

Application/Control Number: 08/918,582                                        Page 9

Art Unit: 2876

Communications via Internet e-mail regarding this application, other than those under 35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and should be addressed to [**donald.hajec@uspto.gov**].

All Internet e-mail communications will be made of record in the application file. PTO employees do not engage in Internet communications where there exists a possibility that sensitive information could be identified or exchanged unless the record includes a properly signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the Patent and Trademark on February 25, 1997 at 1195 OG 89.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-0956.

Daniel H. Sherr

November 4, 1998

Donald Hajec
Supervisory Patent Examiner
Technology Center 2800

66

| *Notice of References Cited* | Application No.  08/918,582 | Applicant(s)  Leighton | | |
|---|---|---|---|---|
| | Examiner  Daniel Sherr | Group Art Unit  2876 | | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,067,008 | 11/91 | Yanaka et al | 357 | 81 |
| B | 5,208,450 | 5/93 | Uenishi et al | 235 | 492 |
| C | 4,450,024 | 5/84 | Haghiri-Tehrani et al | 156 | 108 |
| D | 5,809,633 | 9/98 | Mundigl et al | 29 | 600 |
| E | 4,841,134 | 6/89 | Hida et al | 235 | 488 |
| F | 3,994,225 | 11/76 | Sitzberger | 101 | 426 |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

*GP2876#*

Practitioner's Docket No. 6014-2                                     *PATENT*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Leighton, Keith R
Application No.: 08/918,582                  Group No.: 2876
Filed: 08/19/1997                            Examiner: Sherr, D.
For: Hot Lamination Process for the Manufacture Combination Contact/Contactless Smart Card and Product
Resulting Therefrom

**Assistant Commissioner for Patents
Washington, D.C. 20231**

AMENDMENT TRANSMITTAL

**RECEIVED**

**MAR 2 5 1999**

**TECHNOLOGY CENTER 2800**

1.     Transmitted herewith is an amendment for this application.

STATUS

2.     Applicant is a small entity. A statement was already filed.

EXTENSION OF TERM

3.     The proceedings herein are for a patent application and the provisions of 37 C.F.R. 1.136 apply.
       Applicant petitions for an extension of time under 37 C.F.R. 1.136 (fees: 37 C.F.R. 1.17(a)(1)-(4))
       for one month:

03/23/1999 AIBRAHIM 00000066 08918582                    Fee:    $55.00
01 FC:215                    55.00 OP

---

CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8(a))

I hereby certify that, on the date shown below, this correspondence is being:

MAILING                                               FACSIMILE :

■    deposited with the United States Postal Service      ☐    transmitted by facsimile to the Patent and
     with sufficient postage as first class mail in an         Trademark Office.
     envelope addressed to the Assistant Commissioner
     for Patents, Washington, D.C. 20231.

                                                      _____
                                                      Signature

Date: **3/15/99**
                                                      _____Mark A. Watkins_____
                                                      *(type or print name of person certifying)*

                                                      (Amendment Transmittal—page 1 of 2)

## FEE FOR CLAIMS

4.    The fee for claims (37 C.F.R. 1.16(b)-(d)) has been calculated as shown below:

| | (Col.1) Claims Remaining After Amendment | | (Col. 2) Highest No. Previously Paid For | (Col. 3) Present Extra | SMALL ENTITY Rate | Addit. Fee |
|---|---|---|---|---|---|---|
| Total | 18 | Minus | 20 | = 0 | x $9 = | $0 |
| Indep. | 2 | Minus | 3 | = 0 | x $39 = | $0 |
| First Presentation of Multiple Dependent Claim | | | | + $130 = | | $0 |
| | | | | Total Addit. Fee | | $0 |

No additional fee for claims is required.

## FEE PAYMENT

5.    Attached is a check in the sum of $55.00.

## FEE DEFICIENCY

6.    If any additional extension and/or fee is required, charge Account No. 15-0450.

SIGNATURE OF PRACTITIONER

Reg. No. 33,813                    Mark A. Watkins

Tel. No.: (330) 864-5550           Oldham & Oldham Co., L.P.A.
                                   1225 W. Market St.

Customer No.: 021324               Akron, OH 44313-7188

(Amendment Transmittal—page 2 of 2)

69

*Receipt*

(Rel.62–11/84 Pub.605)                    FORM 5-8                    5–63

Attorney's Docket No. _____ 6014-2 _____

**PATENT RECEIVED**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

NOV 3 0 1999

In re application of: Leighton

Serial No.: 0 8 /918,582          Group No.: 2876          Publishing Division
Filed: August 19, 1997           Examiner: Sherr, D.                 **09**
For: HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION CONTACT/
     CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM

**Commissioner of Patents and Trademarks**
**Washington, D.C. 20231**

### REQUEST FOR CORRECTED FILING RECEIPT

1. Attached is a copy of the official filing receipt received from the PTO in the above
application for which issuance of a corrected filing receipt is respectfully requested.

2. There is an error with respect to the following data which is:

☒ incorrectly entered

*and/or*

☒ omitted.

**RECEIVED**
**MAR 3 0 1999**
**TECHNOLOGY CENTER 2800**

| **Error in** | | **Correct data** |
|---|---|---|
| 1. ☐ Applicant's name | 1. | |
| 2. ☐ Applicant's address | 2. | |
| 3. ☐ Title | 3. | |
| 4. ☐ Filing Date | 4. | |
| 5. ☐ Serial Number | 5. | |
| 6. ☐ Foreign/PCT Application Re: | 6. | |
| 7. ☒ Other | 7. see PAGE 2 | |

---

#### CERTIFICATE OF MAILING/TRANSMISSION (37 CFR 1.8a)

I hereby certify that this correspondence is, on the date shown below, being:

**MAILING**                                   **FACSIMILE**

☒ deposited with the United States Postal       ☐ transmitted by facsimile to the
Service with sufficient postage as first class    Patent and Trademark Office
mail in an envelope addressed to the
Commissioner of Patents and Trademarks,
Washington, D.C. 20231

Date: March 15, 1999

Signature
Mark A. Watkins
*(type or print name of person certifying)*

(Request for Corrected Filing Receipt [5-8]—page 1 of 2)

Applicant hereby requests that the Applicant Processing Division's Customer Correction Branch issue a corrected Filing Receipt that this application is a Continuation-in-part of co-pending application 08/727,789. This copendency was indicated in the originally filed specification at page 1, line 6 & 7. Applicant requests that the Correction Branch make the indicated correction and issue a corrected Filing Receipt for this application.

3.                    *(complete the following applicable item A or B)*.

   A. ☒ The correction(s) is/are not due to any error by applicant and no fee is due.

**OR**

   B. ☐ At least one of the above corrections is due to applicant's error and the fee therefor under 37 CFR 1.19(h) of $25.00 is paid as follows:

     ☐ Enclosed is check for $25.00.

     ☐ Charge Account _____ $25.00.

SIGNATURE OF ATTORNEY

Reg. No.: 33,813

Mark A. Watkins

*(type or print name of attorney)*
Oldham & Oldham Co., LPA
1225 West Market Street

Tel. No.: (330) 864-5550

*(P.O. Address)*
Akron, Ohio  44313-7188

(Request for Corrected Filing Receipt [5-8]—page 2 of 2)

PTO-103X
(Rev. 8-95)

**FILING RECEIPT**

OIPE

MAR 1 9 1998

PATENT & TRADEMARK OFFICE

DEPARTMENT OF COMMERCE
UNITED STATES OF AMERICA

FEB 0 2 1998

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
**ASSISTANT SECRETARY AND COMMISSIONER**
**OF PATENTS AND TRADEMARKS**
**Washington, D.C. 20231**

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 08/918,582 | 08/19/97 | 3612 | $429.00 | 60142 | 6 | 24 | 3 |

60141·2

MARK A WATKINS
OLDHAM & OLDHAM CO
1225 WEST MARKET STREET
AKRON OH 44313-7188

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

Applicant(s)

KEITH LEIGHTON, LORAIN, OH.

FOREIGN FILING LICENSE GRANTED 01/26/98             * SMALL ENTITY *
TITLE
HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION
CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM
PRELIMINARY CLASS: 156

RECEIVED
MAR 3 0 1999
TECHNOLOGY CENTER 2800

72

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:  Keith Leighton          Examiner:  Sherr, D.

Serial No.  08/918,582          Art Unit:  2876

Filed:  8/19/97          Date:  March 12, 1999

Title:  HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION
CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING
THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

### RESPONSE AND AMENDMENT A

**RECEIVED**

MAR 2 5 1999

TECHNOLOGY CENTER 2800

Dear Sir:

The following response and amendment is responsive to the Office Action mailed November 18, 1998. Also included with this response and amendment is a request for an one-month extension of the shortened statutory period, which expired February 18, 1999.

**In the Specification:**

In the Title, after the word "MANUFACTURE", please insert the words --OF A--.

In page 1, line 13 delete the words "combi-chip" and insert therefore the words --dual function--.

At page 3, line 2, delete the words "COMBI-CHIP" and insert therefore the words --dual function--.

At page 3, line 21 delete the words "combi-chip" and insert therefore the words --dual function--.

At page 7, line 14 delete the words "combi-chip" and insert therefore the words --dual function--.

At page 23, line 4 delete the words "combi-chip" and insert therefore the words --dual function--.

1

**In the Claims:**

Please delete the following claims: 2, 7, 10, 20, 23, and 24.

1.(Amended)  A [hot lamination] process for incorporating at least one electronic element in the manufacture of a plastic card, [said process] comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a [layered] core[;], said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core [in said laminator,] for a first period of time;

(ii) [thereafter] applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated [in] by said core[,];

(iii) [and thereafter] cooling said core [in conjunction with laminator ram] while applying a second pressure [being applied] to said core [, said core including an upper and lower surfaces];

(d) [printing on] coating at least one of said [upper and lower] outer surfaces of said core [such that] with a layer of ink [is applied to said at least one upper and lower surface of said core;

(e) cutting at least one card from said sheet of plastic card stock.];

(e) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

2.(Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said [step (c) of positioning said core in a] laminator apparatus [is carried out by positioning said core between] has first and second laminating plates, at least one of said first and second laminating plates having a matte finish [to provide at least one of said upper and lower core surfaces with a corresponding] for creating a textured surface on at least one of said outer surfaces of said core.

2

3. A. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 3, wherein each of said first and second laminating plates [includes] has a matte finish [to provide both of said upper and lower surfaces of said core with a correspondingly] for creating said textured surface on both of said outer surfaces of said core.

4. B. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said first and second plastic core sheets are made from a material selected from the group consisting of polyvinyl chloride, polyester, and acrylonitrile-butadiene-styrene, [wherein] each of said sheets [has] having a thickness in the range of 0.007 [inches] to 0.024 [inches] inch.

5. X. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 5, wherein said first and second plastic core sheets have a thickness of approximately 0.0125 inch [inches].

6. X. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim X, wherein [said step (c5) is carried out with a ram] said second pressure [that] is greater than [the ram] said first pressure [utilized in step (c4)].

7. X. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 8, wherein [the laminator] said second pressure [utilized in step (c5)] ranges from about 10% to about 40% greater than [the ram] said first pressure [utilized in step (c4)].

9. X. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim [7] 1, wherein said [step (c3) is carried out by heating said] core is heated in step (c)(i) to a temperature in the range of [300] 275°F to [370] 400°F and said first period of time is [for] at least five (5) [5 to 10] minutes.

10. X. (Amended) [A hot lamination] The process for incorporating at least one electronic element

3

in the manufacture of a plastic card as recited in claim [12] 1, wherein said [step (c4) is carried out by increasing said laminator ram] first pressure [to a pressure] is approximately [in the range of 200 p.s.i. to] 450 p.s.i. and said second period of time is [for] at least 10 minutes.

16. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said step (d) is carried out utilizing a printing press.

17. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said step (d) is carried out utilizing a coating technique [techniques] selected form the group consisting of silk screen printing, offset printing, letterpress printing, screen printing, roller coating, spray printing, and litho-printing.

18. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said step (e) [is carried out by positioning said core between first and second sheets of overlaminate film such that a layer of overlaminate film is laminated to both said upper and lower surfaces of said core] of applying a layer of overlaminate film comprises the further steps of:

    (a) positioning an overlaminate film on at least one ink coated surface of said core;
    (b) subjecting said core to a second heat and pressure cycle comprising the steps of:
        (i) heating said core to a temperature between approximately 175$^0$F to 300$^0$F for approximately 10 to 25 minutes;
        (ii) applying approximately 1000 p.s.i. pressure to said core; and
        (iii) cooling said core to a temperature in the range of approximately 40$^0$F to 65$^0$F for approximately 10 to 25 minutes.

19. (Amended) [A hot lamination] The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, wherein said at least one electronic

4

element is a micro-chip and an associated circuit board <u>antenna</u> or <u>an associated</u> wire antenna.

19. (Amended) [A hot lamination] <u>The</u> process <u>for incorporating at least one electronic element</u> <u>in the manufacture of a plastic card</u> as recited in claim 1, wherein said at least one electronic element is a read/write integrated chip and an associated antenna.

21. (Amended)  A [hot lamination] process for <u>incorporating at least one electronic element</u> <u>having at least one electronic subcomponent in</u> the manufacture of a plastic card, [said process] comprising the steps of:

(a) providing first and second plastic core sheets, at least one core sheet having a cavity formed therein;

(b) positioning <u>said</u> at least one electronic element [having at least one electronic subcomponent] <u>in the absence of a non-electronic carrier</u> between said first and second plastic core sheets to form a layered core, <u>said plastic core sheets defining a pair of inner and outer</u> <u>surface of said core,</u>and said cavity positioned so as to expose said at least one [contact pad] <u>electronic subcomponent</u> therein;

(c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent;

(d) positioning said core in a laminator apparatus, <u>and subjecting said core to a heat and</u> <u>pressure cycle, said heat and pressure cycle comprising the steps of:</u>

(i) heating said core [in said laminator,] <u>for a first period of time;</u>

(ii) [thereafter] applying <u>a first</u> [ram] pressure to said core <u>for a second period</u> <u>of time</u> such that said at <u>least</u> one electronic element is encapsulated [in] <u>by</u> said core[,];

(iii) [and thereafter] cooling said core [in conjunction with laminator ram] <u>while</u> <u>applying a second</u> pressure [being applied] to said core [, said core including an upper and lower surfaces];

(e) [printing on] <u>coating</u> at least one of said [upper and lower] <u>outer</u> surfaces of said core [such that] <u>with</u> a layer of ink[ is applied to at least one upper and lower surface of said core];

(f)    removing said spacer from the cavity of said core[;

5

77

**Amendment to Specification**

The correction to the title of the specification is offered to correct a grammar/syntax error.

The specification has been amended at several points to delete the reference to the words "combi-chip" and replacing them therefore with the words "dual function". Applicant is making this amendment to the specification because the term "combi-chip" has become a U.S. Registered Trademark. Applicant's wish to avoid the use of this registered trademark in the application and submit that the amendment as indicated presents no new matter to the specification. Support for the amendment is found at page 3, lines 1-3. Applicant includes with this amendment a printout from the Patent Office website showing the registration data for the mark "combi-chip".

**Amendments to Claims**

The Examiner has objected to several formalities in the claims, and has kindly offered suggestions to overcome the objection. The amendments to claims 1, 9, 15, and 21 are responsive to the Examiner's suggestions.

The amendments made to the claims have not been made to avoid the 103(a) rejections. It is believed that the claims as originally submitted are unobvious over the cited patents. The amendments were made to clarify claim language and to insure consistent language throughout both the specification and the claims.

**Rejections based on 35 U.S.C. 103**

*Rejection of Claims 1-2, 5-9, 11-17, and 20-24 over Haghiri-Tehrani in view of Sitzberger*

The Examiner has rejected claims 1-2, 11-17, and 20-24 as being unpatentable over Haghiri-Tehrani et al (U.S. 4,450,024) in view of Sitzberger (U.S. 3,994,225) It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Sitzberger with the teachings of Haghiri-Tehrani et al because it is profitable to produce badges in a highly efficient manner. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Claims 7 and 20 have been deleted.

6

78

Haghiri-Tehrani et al (U.S. 4,450,024) in view of Sitzberger (U.S. 3,994,225) It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Sitzberger with the teachings of Haghiri-Tehrani et al because it is profitable to produce badges in a highly efficient manner. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Claims 7 and 20 have been deleted.

From the Examiner's rejection, it is apparent that the Examiner claims to have found each of the elements of applicant's claimed invention anticipated by the '024 patent with the exception of the cutting step. Further, the Examiner apparently claims to have found the cutting step element anticipated by the '225 patent, which the Examiner combines with the '024 patent as a basis for the obviousness rejection under section 103(a). Applicant maintains that the '024 patent does not teach the process of the present application even in the absence of the cutting step.

The '024 patent claims a lamination process for making an electronic card which protects the electronic element of the card by first placing it in a recess formed within a card layer so as to avoid damage to the electronic element from localized pressure applied in the lamination process. The patent then requires that a "buffer zone" be present within the recess. Even the broadest of claims of the '024 patent require a recess and a buffer zone, for and protecting the electronic element. These are required by the '024 invention in order to enable the card assembly to be subjected to a full laminating pressure.

No such protective elements are desired or necessary to the invention of the present application. Further, the invention taught by the '024 patent requires that the electronic element also be placed in a protective carrier disk (6), which is subsequently located within the recess.

The controlled use of a heat and pressure cycle of the present invention eliminates the requirement of both a protective carrier disk for the electronic element and/or a recess or other buffer zone formed in one or more of the card layers for carrying and protecting the electronic element. The process of the present invention allows the electronics-containing core to be

7

subjected to the full laminating pressure without use of a recess in a card layer. Unlike anything shown in the prior art, the electronic unit is placed directly between two (2) plastic sheets. Admittedly, the '024 patent does make reference to card forming processes which vary pressure with temperature. *'024 Patent, col.6, ln. 30-46.* However, there is nothing in the '024 patent which suggests the heat and pressure cycle of the present invention. The '024 patent merely discusses the variation of pressure with temperature, it does not suggest a sequence of steps or the duration of steps which might be used to encapsulate an electronic element by a plastic card. The '024 patent does not discuss a cooling step, nor does it propose a solution to the relative pressures to be applied in the steps of the cycle.

Applicant therefore submits that claims 1-2, 5-9, 11-17, and 20-24 are not obvious over the cited art.

*Rejection of Claims 3-4 and 10 over Haghiri-Tehrani in view of Sitzberger and Hida*

The Examiner has rejected claims 3-4 and 10 as being unpatentable over Haghiri-Tehrani et al in view of Sitzberger and further in view of Hida et al (U.S. 4,841,134). It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Hida et al with the teaching of Haghiri-Tehrani as modified by Sitzberger because it helps air escape during pressing to prevent unevenness on the substrate surface. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Claim 10 has been deleted.

Applicant reiterates the argument presented for the rejection of claims 1-2, 11-17, and 20-24. Applicant submits again that as the '024 patent does not present the elements of the present invention, even in lieu of the limitation of the matte finish as recited in claims 3, 4, and 10, the claims are not obvious over the cited art.

*Rejection of claims 18 and 19 over Haghiri-Tehrani in view of Sitzberger and Mondigl*

The Examiner has rejected claims 18 and 19 as being unpatentable over Haghiri-Tehrani in view of Sitzberger and further in view of Mundigl et al (U.S. 5,809,633). It is the Examiner's position that it would have been obvious to one of ordinary skill in the art at the time of invention to combine the teachings of Mundigl et al to the teachings of Haghiri-Tehrani et al as modified

8

by Sitzberger because it is desirable to transfer data through a coil. The applicant respectfully disagrees and respectfully requests that the Examiner reconsider the rejection based on the following argument.

Applicant reiterates the argument presented for the rejection of claims 1-2, 5-9, 11-17, and 20-24. Applicant submits again that as the '024 patent does not present the elements of the present invention, even in lieu of the limitation of the electronic element as recited in claims 18 and 19 the claims are not obvious over the cited art.

**Conclusion**

Based on the foregoing, the applicant earnestly requests that the Examiner reconsider the rejection of the claims and issue a notice of allowance for all claims.

Respectfully submitted,
OLDHAM & OLDHAM CO., LPA

Mark A. Watkins, Esq.
Registration No. 33,813

Twin Oaks Estate
1225 West Market Street
Akron, Ohio 44313-7188
(330)864-5550

Attorney Docket No. 6014-2

9

81

http://trademarks.uspto...+F+1+1+1+MS%2fcombichip

http://trademarks.uspto.g--²gi-bin...4+0+1+119325+F+1+1+1+MS%2fcombichip



| Help | Home | Marks | Boolean | Manual | Number | Order Copy | PTDLs |

(1 of 1)

| | |
|---|---|
| **Word Mark** | *COMBICHIP* |
| **Pseudo Mark** | COMBINE CHIP |
| **Owner Name** | (APPLICANT) Gemplus G.C.A |
| **Owner Address** | ZI Athelia III Voi Antiope 13705 La Ciota FRANCE CORPORATION FRANCE |
| **Attorney of Record** | ROLAND PLOTTEL |
| **Serial Number** | 75-462058 |
| **Filing Date** | 04/03/1998 |
| **Section 1(B) indicator** | SECTION 1 (B) |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Register** | PRINCIPAL |
| **Section 44 Indicator** | SECT 44 |
| **Priority Date** | 10/03/1997 |
| **Type of Mark** | TRADEMARK; SERVICE MARK |
| **International Class** | 009 |
| **Goods and Services** | devices and equipment used in information processing; software including software that can be used in chips; integrated circuits and microcircuits used in memory cards or electronic labels; computer programs; coding microprogramming systems; chips, integrated circuits; printed circuits; mircroprogramming systems; chips, integrated circuits; printed circuits; mircrosuits; cards containing chips, cards containing integrated circuits; identification labels; electrinic labels; transponders; cards containing microcircuits; readers of cards containing chips, integrated circuits or microcircuits; devices and equipment functioning with cards containing chips, integrated circuits or microcircuits; electrical or electronic components, including semiconductors, devices containing semiconductors and microprocessors; magnetic cards; magnetic identification cards; devices for accessing and controlling access to information processing devices and equipment; devices for identification and authentication used in information process apparatuses and equipment; apparatuses and equipment allowing access to telephone networks; devices for accessing and controlling access and for identification au authentication used in telephone networks; telephone devices |
| **International Class** | 016 |

RECEIVED

MAR 2 5 1999

TECHNOLOGY CENTER 2800

82

http://trademarks.uspto...+F+1+1+1+MS%2fcombic⌐⁼⁼          http://trademarks.uspto.⌐⁼¹/cgi-bin...4+0+1+119325+F+1+1+1+MS%2fcombichi¡

| Goods and Services | user manuals |
|---|---|

| International Class | 038 |
|---|---|
| Goods and Services | communication via computer terminals; communication via telephone; electronic messages; computer-aided transmission of messages, data and images; lending message transmission apparatuses; message and data transmission via telephone; lending computers, lending computer software |

| International Class | 042 |
|---|---|
| Goods and Services | professional advice without affecting the way of doing things; advice on computer-related matters; providing software especially in finances, entertainment, health, medicine and transport; services relating to research, customization and implementation of software, cards containing chips and cards containing integrated circuits; services relating to research and expertise in the area of computing; research on technical projects in the area of computing; services on software production; lending access time data base servers |

(1 of 1)

**RECEIVED**

MAR 2 5 1999

TECHNOLOGY CENTER 2800

| *Notice of Allowability* | Application No. 08/913,582 | Applicant(s) Leighton |
|---|---|---|
| | Examiner Daniel Sherr | Group Art Unit 2876 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *March 25, 1999* .

☒ The allowed claim(s) is/are *1, 3-6, 8, 9, 11-19, 21, and 22* .

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____ .

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

    ☒ because the originally filed drawings were declared by applicant to be informal.

    ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _____ .

    ☐ including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

    ☐ including changes required by the attached Examiner's Amendment/Comment.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.**

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**
☐ Notice of References Cited, PTO-892
☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152
☐ Interview Summary, PTO-413
☐ Examiner's Amendment/Comment
☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
☒ Examiner's Statement of Reasons for Allowance

Application/Control Number: 08/918,582                                              Page 2

Art Unit: 2876

### Allowable Subject Matter

1.      Claims 1, 3-6, 8, 9, 11-19, and 21-22 are allowed.

2.      The following is an examiner's statement of reasons for allowance:

No prior art or reasonable combination of art was found to overcome the limitation of the electronic unit being place directly between two plastic sheets.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

3.      The application having been allowed, formal drawings are required in response to this Office action.

### Response to Arguments

4.      The arguments of the applicant have been taken into consideration and found persuasive. All claims were found allowable.

### Conclusion

5.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to *Daniel H. Sherr* whose telephone number is (703) 305-0267.

Application/Control Number: 08/918,582                                    Page 3

Art Unit: 2876

The examiner can normally be reached between the hours of 7:30 AM to 6:00 PM Monday

thru Thursday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Donald Hajec, can be reached on (703) 308-4075. The fax phone number for this

Group is (703)308-5841 or (703) 308-7722.

Communications via Internet e-mail regarding this application, other than those under

35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and

should be addressed to [**donald.hajec@uspto.gov**].

All Internet e-mail communications will be made of record in the application file.

PTO employees do not engage in Internet communications where there exists a possibility that

sensitive information could be identified or exchanged unless the record includes a properly

signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more

clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the

Patent and Trademark on February 25, 1997 at 1195 OG 89.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the Group receptionist whose telephone number is (703) 308-

0956.

Daniel H. Sherr

Donald Hajec
Supervisory Patent Examiner
Technology Center 2800

April 8, 1999



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

MM51/0412

MARK A WATKINS
OLDHAM & OLDHAM CO
1225 WEST MARKET STREET
AKRON OH 44313-7188

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/918,582 | 08/19/97 | 018 | SHERR, D | 2876 | 04/12/99 |

| First Named Applicant | LEIGHTON, | 35 USC 154(b) term ext. = | 0 Days. |
|---|---|---|---|

TITLE OF INVENTION: HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A COMBINATION
CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM
(AS AMENDED)

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 2    60142 | 235-488.000 | R59 | UTILITY | YES | $605.00 | 07/12/99 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
**PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS**
**APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
  If the SMALL ENTITY is shown as YES, verify your
  current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the
     FEE DUE shown above and notify the Patent and
     Trademark Office of the change in status, or
  B. If the status is the same, pay the FEE DUE shown
     above.

If the SMALL ENTITY is shown as NO:

  A. Pay FEE DUE shown above, or

  B. File verified statement of Small Entity Status before, or with,
     payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
   ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal
   should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
   B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
   Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of**
**maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance**
**fees when due.**

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

*Do not enter*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| Applicant: | Keith Leighton | Examiner: | Sherr, D. | |
| Serial No. | 08/918,582 | Art Unit: | 2876 | |
| Filed: | 8/19/97 | Date: | May 14, 1999 | |

RECEIVED

MAY 2 7 1999

Publishing Division

Title:  HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION
CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING
THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

### AMENDMENT AFTER ALLOWANCE UNDER 37 C.F.R. 312(a)

Dear Sir:

The following amendment is offered for entry after receipt of the Notice of Allowance
mailed April 12, 1999, and before payment of the issue fee.

**In the Claims:**

1.(Twice Amended)  A process for incorporating at least one electronic element in the
manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic
carrier directly between said first and second plastic core sheets to form a core, said plastic
core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and
pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying  a first pressure to said core for a second period of time such that
said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core

1

(d) [coating at least one of said outer surfaces of said core with a layer of ink;

(e)] milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

13. (Twice Amended) The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim [7]1, wherein said second pressure is greater than said first pressure.

13. (Amended) A [hot lamination] process as recited in claim 1 having a further step following step [d)](c), said step comprising: positioning [said core in a laminator apparatus with] a layer of overlaminate film on at least one of said [upper and lower] surfaces of said core, positioning said overlaminate film and said core in a laminator apparatus and laminating said layer of overlaminate film to said core in said laminator to thereby form a sheet of plastic card stock.

14. (Twice Amended) The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim [1]27, wherein said coating step [(d)] is carried out utilizing a printing press.

15. (Twice Amended) The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim [1]27, wherein said coating step [(d)] is carried out utilizing a coating technique selected form the group consisting of silk screen printing, offset printing, letterpress printing, screen printing, roller coating, spray printing, and litho-printing.

16. (Twice Amended) The process for incorporating at least one electronic element in the manufacture of a plastic card as recited in claim 1, [wherein said step (e) of applying a layer of overlaminate film comprises the further steps of] having a further step after said step (c) comprising:

(a) positioning an overlaminate film on said at least one [ink coated] surface of said

2

core;

(b) subjecting said core to a [second] heat and pressure cycle comprising the steps of:

(i) heating said core to a temperature between approximately 175$^0$F to 300$^0$F for approximately 10 to 25 minutes;

(ii) applying approximately 1000 p.s.i. pressure to said core; and

(iii) cooling said core to a temperature in the range of approximately 40$^0$F to 65$^0$F for approximately 10 to 25 minutes.

17. (Amended) A [hot lamination] process as recited in claim [2]1 comprising the further step of inserting an electronic contact element into said cavity.

21.( Twice Amended)  A process for incorporating at least one electronic element having at least one electronic subcomponent in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets, at least one core sheet having a cavity formed therein;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier between said first and second plastic core sheets to form a layered core, said plastic core sheets defining a pair of inner and outer surface of said core,and said cavity positioned so as to expose said at least one electronic subcomponent therein;

(c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent;

(d) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying  a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core;

(e)[coating  at least one of said outer surfaces of said core with a layer of ink;

(f)] removing said spacer from the cavity of said core[;

3

90

(g) cutting at least one card from said sheet of plastic card stock].

22. (Amended) A [hot lamination] process as recited in claim 21, wherein said electronic sub-component comprises one or more elements from the group consisting of a microprocessor chip, a contact pad, a transponder, and a contact sensor.

Please add the following claims:

25.    A plastic card constructed in accordance with claim 1.

26.    A plastic card constructed in accordance with claim 21.

27.    The process of claim 1, further comprising the step of coating at least one of said surfaces of said core with a layer of ink.

28.    The process of claim 21, further comprising the step of coating at least one of said surfaces of said core with a layer of ink.

29.    The process of claim 11, further comprising the step of coating said at least one surface of said core with a layer of ink prior to positioning  said  overlaminate film on said at least one surface of said core.

30.    The process of claim 16, further comprising the step of coating said at least one surface of said core with a layer of ink prior to positioning  said  overlaminate film on said at least one surface of said core.

**Remarks**

Applicant has amended claims 8 and 17 to reflect the proper dependence of these claims.

Applicant has amended claims 11, 16, and  22 to reflect proper antecedant basis.

Applicant has amended claims 1, 14, 15, and 21, and added claims 27-30 to remove the limitation of the ink coating step from the independent claims and included this limitation in the dependent claims.  Applicant maintains that the ink coating is an optional step in the claimed process, and as such the removal of this step from the independent claims does not affect the patentability of the claimed invention.  Applicant notes that this amendment does not impact on

4

the Examiner's reasons for allowance, but further clarifies what the applicant regards as his invention.

Applicant has added claim 25 and 26, which were inadvertently omitted from the prior amendment. Applicant notes that as product-by-process claims, claims 25 and 26 do not impact on the Examiner's reasons for allowance.

**Conclusion**

Applicant earnestly requests that the Examiner enter the proposed amendment after allowance inasmuch as the proposed changes do not impact the patentability of the invention, but further clarifies what the applicant regards as his invention.

Respectfully submitted,

OLDHAM & OLDHAM CO., L.P.A.

Mark A. Watkins
Registration 33,813

Date: 5|14|99

MAW/JDD/srm

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket: 6014-2

5

92

Practitioner's Docket No. 6014-2                                    *PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:  Leighton, Keith R
Application No.: 08/918,582                    Group No.: 2876
Filed: 08/19/1997                             Examiner: Sherr, D.
For: Hot Lamination Process for the Manufacture Combination Contact/Contactless Smart Card and
     Product Resulting Therefrom

                                              Batch No. R59

U.S. Patent and Trademark Office                    **RECEIVED**
Office of Publications
Query and Correspondence Branch                     MAY 2 7 1999
Crystal Plaza 2 Room-6C30
Washington, D.C. 20231                              Publishing Division

### LETTER ACCOMPANYING AMENDMENT AFTER ALLOWANCE
### (37 C.F.R. § 1.312)

1.    Please make the amendments shown in the attached papers in this application in the claims.

2.    Type of amendment:

      Other (affects the disclosure, the scope of any claim or adds a claim)

      As shown in the remarks in the attached supplemental pages, there is stated the reason (1) why the
      amendment is needed, (2) why the proposed amended or new claims require no additional search or
      examination, (3) why the claims are patentable, and (4) why they were not earlier presented.

3.    The issue fee has not been paid.

4.    Additional fees:

      Please charge Account 15-0450 for any additional fees that may be required by the filing of
      this paper.

                           _____
                           SIGNATURE OF PRACTITIONER

Reg. No.: 33,813                    Mark A. Watkins
Tel. No.: (330) 864-5550            Oldham & Oldham Co., L.P.A.
                                    1225 W. Market St.
Customer No.: 021324                Akron, OH 44313 USA

                    (Letter Accompanying Amendment after Allowance (37 C.F.R. § 1.312)



**UNITED STATES** Department

**Patent and Trademark Office**

Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/918,582 | 08/19/97 | LEIGHTON | K | 60142 |

MM42/0714

MARK A WATKINS
OLDHAM & OLDHAM CO
1225 WEST MARKET STREET
AKRON OH 44313-7188

| EXAMINER | |
|---|---|
| SHERR, D | |
| ART UNIT | PAPER NUMBER |
| 2876 | 8 |

DATE MAILED:  07/14/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

EPARTMENT OF COMMERCE

| *Response to Rule 312 Communication* | Application No. 08/918,582 | Applicant(s) Leighton |
|---|---|---|
| | Examiner Daniel Sherr | Group Art Unit 2876 |

☐ The petition filed on _____ under 37 CFR 1.312(b) is granted.  The paper has been forwarded to the examiner for consideration on the merits.

☒ The amendment filed on ___*May 18, 1999*___ under 37 CFR 1.312 has been considered, and has been:

☐ entered.

☐ entered as directed to matters of form not affecting the scope of the invention (Order 3311).

☒ disapproved.  See explanation below.

☐ entered in part.  See explanation below.

*The proposed amendment to the independent claims broadens their scope.  This would require further consideration.*

*Since prosecution has been closed in this application, the amendment will not be entered.*

Donald Hajec
Supervisory Patent Examiner
Technology Center 2800

7560
7310

#9 B/P

**Attorney Docket No.:** 6014-2

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| **Applicant:** | Leighton | **Examiner:** | Sherr, D. |
| **Serial No:** | 08/918,582 | **Art Unit:** | 2876 |
| **Filed:** | 08/19/97 | **Date:** | April 20, 1999 |

**For:** HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A COMBINATION CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM

RECEIVED
Publishing Division

Box ISSUE FEE
**Commissioner of Patents and Trademarks**
Washington, D.C. 20231

JUL 1 3 1999

### SUPPLEMENTAL DECLARATION

I, Keith R. Leighton, as an inventor named in the application for Letters Patent for an invention entitled Hot Lamination Process for the Manufacture of a Combination Contact/contactless Smart Card and Product Resulting Therefrom No.08/918,582, filed in the United States Patent and Trademark Office on 08/19/97, hereby declare that I have reviewed and understand the contents of the specification and all amendments made in this case, including the claims and declare that the subject matter of all such amendments was part of my invention and was invented before the filing of the original application, above identified, for such invention. I also ratify all acts of my attorneys in the prosecution of this application.

I acknowledge the duty of candor under 37 CFR §1.56(a). I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 USC §1001, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

_7-7-99_
Date

_Keith R. Leighton_
Signature

8-9-99

Practitioner's Docket No. 6014-2                                              PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Leighton, Keith R
Application No.: 08/918,582                  Group No.: 2876
Filed: 08/19/1997                            Examiner: Sherr, D.
For: Hot Lamination Process for the Manufacture Combination Contact/Contactless Smart Card and
Product Resulting Therefrom

Batch No. R59

**U.S. Patent and Trademark Office**
**Office of Publications**
**Query and Correspondence Branch**
**Crystal Plaza 2 Room-6C30**
**Washington, D.C. 20231**

### LETTER ACCOMPANYING AMENDMENT AFTER ALLOWANCE
### (37 C.F.R. § 1.312)

1.    Please make the amendments shown in the attached papers in this application in the specification.

2.    Type of amendment:

      Correction of formal matters

      As shown in the remarks of the attached paper, these (1) are needed for proper disclosure or protection
      of the invention and (2) require no substantial amount of additional work on the part of the PTO.

3.    The issue fee has not been paid.

4.    Additional fees:

      Please charge Account 15-0450 for any additional fees that may be required by the filing of
      this paper.

_____
SIGNATURE OF PRACTITIONER

Reg. No.: 33,813                          Mark A. Watkins
Tel. No.: (330) 864-5550                  Oldham & Oldham Co., L.P.A.
                                          1225 W. Market St.
Customer No.: 021324                      Akron, OH  44313 USA

                                          Plus 2 Attached Pages

(Letter Accompanying Amendment after Allowance (37 C.F.R. § 1.312)

97

PTO/SB/21 (6-98)
Approved for use through 09/30/2000. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Please type a plus sign (+) inside this box → [+]

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**OIPE JC52 JUL 1 2 1999 PATENT & TRADEMARK**

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| **Application Number** | 08/918,582 |
| **Filing Date** | August 19, 1997 |
| **First Named Inventor** | Keith R. Leighton |
| Group Art Unit | 2876 |
| **Examiner Name** | SHERR, D. |

| Total Number of Pages in This Submission | 2 | Attorney Docket Number | 6014-2 |
|---|---|---|---|

## ENCLOSURES *(check all that apply)*

| | | |
|---|---|---|
| ☐ Fee Transmittal Form | ☐ Assignment Papers (for an Application) | ☐ After Allowance Communication to Group |
| ☐ Fee Attached | ☐ Drawing(s) | ☐ Appeal Communication to Board of Appeals and Interferences |
| ☐ Amendment / Response | ☐ Licensing-related Papers | ☐ Appeal Communication to Group *(Appeal Notice, Brief, Reply Brief)* |
| ☐ After Final | ☐ Petition Routing Slip (PTO/SB/69) and Accompanying Petition | ☐ Proprietary Information |
| ☐ Affidavits/declaration(s) | ☐ Petition to Convert to a Provisional Application | ☐ Status Letter |
| ☐ Extension of Time Request | ☐ Power of Attorney, Revocation Change of Correspondence Address | ☒ Additional Enclosure(s) *(please identify below):* |
| ☐ Express Abandonment Request | ☐ Terminal Disclaimer | Supplemental Declaration Return Card |
| ☐ Information Disclosure Statement | ☐ Small Entity Statement | |
| ☐ Certified Copy of Priority Document(s) | ☐ Request for Refund | |
| ☐ Response to Missing Parts/ Incomplete Application | Remarks | RECEIVED Publishing Division JUL 1 8 1999 |
| ☐ Response to Missing Parts under 37 CFR 1.52 or 1.53 | | |

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual name | Mark A. Watkins |
|---|---|
| Signature | *[signature]* |
| Date | July 8, 1999 |

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on this date: 07/08/1999

| Typed or printed name | Mark A. Watkins | | |
|---|---|---|---|
| Signature | *[signature]* | Date | July 8, 1999 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be send to the Chief Information Officer Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

#10/c

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:   Keith Leighton          Examiner:   Sherr, D.

Serial No.   08/918,582             Art Unit:   2876

Filed:       8/19/97               Date:      May 19, 1999

Title:   HOT LAMINATION PROCESS FOR THE MANUFACTURE COMBINATION
         CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING
         THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

### SECOND AMENDMENT AFTER ALLOWANCE UNDER 37 C.F.R. 312(a)

Dear Sir:

The following second amendment is offered for entry after receipt of the Notice of
Allowance mailed April 12, 1999, and before payment of the issue fee.  A first amendment under
37 C.F.R. 312 was mailed May 14, 1999.

**In the Specification:**

Please change delete "35" and replace with --37-- at the following points in the
specification:   page 10, line 9;

page 10, line 11;

page 10, line 13;

page 11, line 1; and

page 11, line 21.

**Remarks**

Applicant has made the proposed amendments to the specification because of a
redundancy in the labeling of the drawings in the application.  Figures 5 and 5a show two
different items labelled as **35**; applicant notes that the reference to **35** in Figure 5 will be changed

1

to 37 upon submission of the formal drawings. The amendments to the specification reflect the change to Figure 5.

### Conclusion

Applicant earnestly requests that the Examiner enter the proposed amendment after allowance inasmuch as the proposed changes do not impact the patentability of the invention, but merely corrects an inconsistency in the labeling of the drawings.

Respectfully submitted,

OLDHAM & OLDHAM CO., L.P.A.

Mark A. Watkins
Registration 33,813

Date: 5/20/99

MAW/JDD/srm

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket: 6014-2

2

100