PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG.-2A

FIG.-3A

FIG.-3B

FIG.-4

PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG.-5



FIG.-5A



FIG.-6

51

PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG.-7

FIG.-8

52

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON    K | 6014-2-CON |

```
021324                         0212/0831
OLDHAM & OLDHAM  CO                              NOT ASSIGNED
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313                  DATE MAILED:2876
```

                                                              08/31/99

### NOTICE TO FILE MISSING PARTS OF APPLICATION
*Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of $65.00 for a small entity in compliance with 37 CFR 1.27, or ☐ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a* ☐ *small entity (statement filed)* ☐ *non-small entity is $ 65.00 .*

☐ 1. The statutory basic filing fee is:
    ☐ missing.
    ☐ insufficient.
    *Applicant must submit $_____ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*

☐ 2. The following additional claims fees are due:
    $_____ for_____ total claims over 20.
    $_____ for_____ independent claims over 3.
    $_____ for multiple dependent claim surcharge.
    *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☑ 3. The oath or declaration:
    ☑ is missing or unsigned.
    ☐ does not cover the newly submitted items.
    *An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
    *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

    _____

    *An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).
☐ 7. Your filing receipt was mailed in error because your check was returned without payment.
☐ 8. The application was filed in a language other than English.
    *Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).*

☐ 9. OTHER:_____

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

### *A copy of this notice MUST be returned with the reply.*

*[signature]*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

U.S. GPO: 1999—446-824

FORM PTO-1533 (REV. 9/98)





**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON    K | 6014-2-CON |

021324                          0212/0831
OLDHAM & OLDHAM CO                                    NOT ASSIGNED
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313                        DATE MAILED: 2876

08/31/99

### NOTICE TO FILE MISSING PARTS OF APPLICATION
#### Filing Date Granted

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of ☑ $65.00 for a small entity in compliance with 37 CFR 1.27, or ☐ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a* ☑ *small entity (statement filed)* ☐ *non-small entity is $ 65.00 .*

☐ 1. The statutory basic filing fee is:
    ☐ missing.
    ☐ insufficient.
    Applicant must submit $_____ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).

☐ 2. The following additional claims fees are due:
    $_____ for _____ total claims over 20.
    $_____ for _____ independent claims over 3.
    $_____ for multiple dependent claim surcharge.
    Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.

☑ 3. The oath or declaration:
    ☑ is missing or unsigned.
    ☐ does not cover the newly submitted items.
    An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.

☐ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
    A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

    An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

☐ 6. A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application was filed in a language other than English. Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).

☐ 9. OTHER:

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

#### A copy of this notice MUST be returned with the reply.

_Arnett Kevins_
Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV. 9/98)                                U.S. GPO: 1998—448-624

54

CASE ITOR #3

OIPE JO-64
NOV 0 1 1999
PATENT & TRADEMARK OFFICE

Please type a plus sign (+) inside this box → ☐ +

PTO/SB/21 (8-98)
Approved for use through 09/30/2000. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

(to be used for all correspondence after initial filing)

| | |
|---|---|
| Application Number | 09/368,846 |
| Filing Date | August 5, 1999 |
| First Named Inventor | Keith R. Leighton |
| Group Art Unit | 2876 |
| Examiner Name | SHERR, D. |

| | | |
|---|---|---|
| Total Number of Pages in This Submission | 5 | Attorney Docket Number   6014-2-CON |

## ENCLOSURES (check all that apply)

| | | |
|---|---|---|
| ☐ Fee Transmittal Form | ☐ Assignment Papers (for an Application) | ☐ After Allowance Communication to Group |
| ☐ Fee Attached | ☐ Drawing(s) | ☐ Appeal Communication to Board of Appeals and Interferences |
| ☐ Amendment / Response | ☐ Licensing-related Papers | ☐ Appeal Communication to Group (Appeal Notice, Brief, Reply Brief) |
| ☐ After Final | ☐ Petition Routing Slip (PTO/SB/69) and Accompanying Petition | ☐ Proprietary Information |
| ☐ Affidavits/declaration(s) | ☐ Petition to Convert to a Provisional Application | ☐ Status Letter |
| ☐ Extension of Time Request | ☐ Power of Attorney, Revocation Change of Correspondence Address | ☒ Additional Enclosure(s) (please identify below): |
| ☐ Express Abandonment Request | ☐ Terminal Disclaimer | Declaration/Power of Attorney |
| ☐ Information Disclosure Statement | ☐ Small Entity Statement | $65.00 Surcharge |
| ☐ Certified Copy of Priority Document(s) | ☐ Request for Refund | RETURN CARD |
| ☒ Response to Missing Parts/ Incomplete Application | Remarks | |
| ☐ Response to Missing Parts under 37 CFR 1.52 or 1.53 | | |

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm or Individual name | Mark A. Watkins |
| Signature | *[signature]* |
| Date | 10/27/99 |

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on this date: 10/27/1999

| | |
|---|---|
| Typed or printed name | Mark A. Watkins |
| Signature | *[signature]*   Date   10-27-99 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.



Practitioner's Docket No. 6014-2-CON                              #3  *PATENT*

---

## COMBINED DECLARATION AND POWER OF ATTORNEY

### (ORIGINAL, DESIGN, NATIONAL STAGE OF PCT, SUPPLEMENTAL, DIVISIONAL, CONTINUATION, OR C-I-P)

---

As a below named inventor, I hereby declare that:

### TYPE OF DECLARATION

This declaration is for a continuation application.

### INVENTORSHIP IDENTIFICATION

My residence, post office address and citizenship are as stated below, next to my name. I believe that I am the original, first and sole inventor *(if only one name is listed below)* or an original, first and joint inventor *(if plural names are listed below)* of the subject matter that is claimed, and for which a patent is sought on the invention entitled:

### TITLE OF INVENTION

Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom

### SPECIFICATION IDENTIFICATION

The specification is attached hereto.

### ACKNOWLEDGMENT OF REVIEW OF PAPERS AND DUTY OF CANDOR

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information, which is material to patentability as defined in 37, Code of Federal Regulations, § 1.56.

(Declaration and Power of Attorney—page 1 of 3)

**CLAIM FOR BENEFIT OF PRIOR U.S. PROVISIONAL APPLICATION(S)**
**(35 U.S.C. § 119(e))**

I hereby claim the benefit under Title 35, United States Code, § 119(e) of any United States provisional application(s) listed below:

PROVISIONAL APPLICATION NUMBER



FILING DATE

60/005,685

10/17/1995

60/024,255

10/21/1996

**CLAIM FOR BENEFIT OF EARLIER U.S./PCT APPLICATION(S)**
**UNDER 35 U.S.C. § 120**

I hereby claim the benefit, under Title 35, United States Code, § 120, of any United States application(s) or PCT international application(s) designating the United States of America that is/are listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in that/those prior application(s) in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose information that is material to patentability as defined in 37, Code of Federal Regulations, § 1.56 and that is material to the examination of this application, namely, information where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent, that occurred between the filing date of the prior application(s) and the national or PCT international filing date of this application.

| PRIOR U.S. APPLICATIONS OR PCT INTERNATIONAL APPLICATIONS DESIGNATING THE U.S. FOR BENEFIT UNDER 35 USC § 120: | | | | |
|---|---|---|---|---|
| U.S. APPLICATIONS | | STATUS | | |
| U.S. APPLICATIONS | U.S. FILING DATE | Patented | Pending | Abandoned |
| 1.0 /5,817,207 | 10/07/1996 | X | | |
| 2.0 /08/918,582 | 08/19/1997 | | X | |
| PCT APPLICATION DESIGNATING THE U.S. | | | | |
| PCT APPLICATION NO. | PCT FILING DATE | U.S. APPLICATION NOS. ASSIGNED (IF ANY) | | |

(Declaration and Power of Attorney—page 2 of 3)

57

## POWER OF ATTORNEY

I hereby appoint the following practitioner(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.

Mark A. Watkins                                    Registration Number 33,813

I hereby appoint the practitioner(s) associated with the Customer Number provided below to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith.

SEND CORRESPONDENCE TO           DIRECT TELEPHONE CALLS TO:

                                                 Mark A. Watkins
                                                 (330) 864-5550

Mark A. Watkins
Oldham & Oldham Co., L.P.A.
1225 W. Market Street
Akron, OH  44313 USA

Customer Number 021324

## DECLARATION

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

### SIGNATURE(S)

Keith R. Leighton
Inventor's signature
Date  10-19-99                           Country of Citizenship  USA
Residence  Lorain, OH
Post Office Address      2817 Fulmer Road
                         Lorain, OH  44053

(Declaration and Power of Attorney—page 3 of 3)

58



$9p/2876$

Practitioner's Docket No. 6014-2-CON

PATENT
4
#
83-00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:    Leighton, Keith R.

Application No.: 09/368,846    Group No.:    2876
Filed:  August 5, 1999    Examiner:
For:    Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart
    Card and Product Resulting Therefrom

**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

RECEIVED

APR 25 2000

TECHNOLOGY CENTER 2800

### TRANSMITTAL OF INFORMATION DISCLOSURE STATEMENT
### WITHIN THREE MONTHS OF FILING OR
### BEFORE MAILING OF FIRST OFFICE ACTION (37 C.F.R. 1.97(b))

### IDENTIFICATION OF TIME OF FILING THE ACCOMPANYING
### INFORMATION DISCLOSURE STATEMENT

The information disclosure statement submitted herewith is being filed within three months of the filing date of the application or date of entry into the national stage of an international application or before the mailing date of a first Office action on the merits, whichever event occurs last. 37 C.F.R. 1.97(b).

RECEIVED

NOV 0 1 1999

TECHNOLOGY CENTER 2800

SIGNATURE OF PRACTITIONER

Reg. No.  33,813    Mark A. Watkins
Tel. No.: (330) 864-5550    Oldham & Oldham Co., L.P.A.
    1225 W. Market Street

RECEIVED
APR 2000
TC 1700 MAIL ROOM

RECEIVED
MAY -3 2000
TC 1700 MAIL ROOM

### CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8(a))

■ I hereby certify that, on the date shown below, this correspondence is being:

**MAILING**                                    **FACSIMILE**

■    deposited with the United States Postal Service    □    transmitted by facsimile to the Patent and
    with sufficient postage as first class mail in an    Trademark Office.
    envelope addressed to the Assistant Commissioner
    for Patents, Washington, D.C. 20231.

Date: 10-27-99
    Signature

MARK A. WATKINS
(type or print name of person certifying)

(Transmittal of Information Disclosure Statement Within Three Months of Filing or Before Mailing of First Office Action)



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:     Leighton, Keith R.          Examiner:     not yet assigned

Serial No:     09/368,846                   Art Unit:     2876

Filed:         August 5, 1999              Date:   October 27, 1999        RECEIVED

For:   HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A          APR 2 5 2000
       COMBINATION CONTACT/CONTACTLESS SMART CARD AND
       PRODUCT RESULTING THEREFROM                          TECHNOLOGY CENTER 2800

Commissioner of Patents and Trademarks
Washington, D.C. 20231                              RECEIVED

                                                    NOV 0 1 1999

## INFORMATION DISCLOSURE STATEMENT          TECHNOLOGY CENTER 2800
### Under 37 CFR § 1.97

This Information Disclosure Statement is filed within three months after the filing date of this application and is therefore timely. 37 CFR §1.97(b).

The filing of this Information Disclosure Statement shall not be construed as a representation that a search has been made (37 CFR §1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this Information Disclosure Statement shall not be construed as an admission against interest in any manner. Notice of January 9, 1992, 1135 O.G. 13, at 25.

This Information Disclosure Statement is made to comply with the duty of candor imposed on all individuals associated with the filing or prosecution of this application, as defined by 37 CFR §1.56(c).

A list of the patents and other cited references cited by the applicant are enclosed on two sheets of Form PTO-1449 which are attached and made a part hereof. Copies of the references are enclosed herein. The relevance of each cited reference is thought to have been sufficiently discussed in the prosecution of the parent applications and, therefore, has not

2

been recited herein.

This Information Disclosure Statement is based on information contained in the undersigned attorney file as of the date of this statement and is inclusive of the best information known to the undersigned at that date.

The Examiner is kindly requested to consider the Information Disclosure Statement in addition to any references identified by the Examiner as a result of his independent search and examination.

Respectfully submitted,

OLDHAM & OLDHAM CO., LPA

Mark A. Watkins
Registration 33,813

MAW/JDD/srm

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket: 6014-2-CON

| | | INFORMATION DISCLOSURE CITATION *(Use several sheets if necessary)* | | | Docket Number (Optional)<br>6014-2-CON | | Application Number<br>09/368,846 |
|---|---|---|---|---|---|---|---|

O.I.P. FEB 2 8 1999 TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant(s)<br>Keith R. Leighton | | | |
| Filing Date | | Group Art Unit | |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| SMH | AA | 4,450,024 | 5/22/84 | Haghiri-Tehrani et al. | | | |
| | AB | 5,067,008 | 11/19/91 | Yanaka et al. | | | |
| | AC | 5,396,650 | 3/7/95 | Terauchi | | | |
| | AD | 5,208,450 | 5/4/93 | Uenishi et al. | | | |
| | AE | 4,980,802 | 12/25/90 | Champagne et al. | | | |
| | AF | 5,097,117 | 3/17/92 | Champagne et al. | | | |
| | AG | 5,438,750 | 8/8/95 | Venambre | | | |
| | AH | 5,567,362 | 10/22/96 | Grun | | | |
| | AI | 4,795,898 | 1/3/89 | Bernstein et al. | | | |
| | AJ | 4,701,236 | 10/20/87 | Vieilledent | | | |
| SMH | AK | 4,792,843 | 12/20/88 | Haghiri-Tehrani et al. | | | |

TC 1700 MAIL ROOM   RECEIVED MAY 3 2001

### FOREIGN PATENT DOCUMENTS

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

TC 1700 MAIL ROOM   RECEIVED APR 25 2000

### OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | |
|---|---|
| | |
| | |
| | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| SMH Aftergut | 12-1-00 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820<br>(also form PTO-1449)   Copyright 1994-97 LegalStar   P09A/REV03   Patent and Trademark Office • U.S. DEPARTMENT OF COMMERCE

SHEET **1** OF **2**

| INFORMATION DISCLOSURE CITATION *(Use several sheets if necessary)* | Docket Number (Optional) 6014-2-CON | | Application Number 09/361846 | | |
|---|---|---|---|---|---|
| | Applicant(s) Keith R. Leighton | | | | |
| | Filing Date | | Group Art Unit | | |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | *REF | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | AL | 5,173,840 | 12/22/92 | Kodai et al. | | | |
| | AM | 5,272,596 | 12/21/93 | Honore et al. | | | |
| | AN | 5,412,192 | 5/2/95 | Hoss | | | |
| | AO | 5,268,699 | 12/7/93 | Laute et al. | | | |
| | AP | 5,809,633 | 9/22/98 | Mundigl et al. | | | |
| | AQ | 4,841,135 | 6/29/89 | Hida et al. | | | |
| | AR | 3,994,225 | 11/30/76 | Sitzberger | | | |

### FOREIGN PATENT DOCUMENTS

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED 12-1-00 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820 (also form PTO-1448)    Copyright 1994-97 LegalStar    P09A/REV03    Patent and Trademark Office * U.S. DEPARTMENT OF COMMERCE

SHEET 2 OF 2

RECEIVED MAY-3 2000 TC 1700 MAIL ROOM

RECEIVED APR 25 2000 TC 1700 MAIL ROOM



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON | K | 6014-2-CON |

021324
OLDHAM & OLDHAM    CO
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313

IM22/1206

| EXAMINER |
|---|
| AFTERGUT, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1733 | |

DATE MAILED:    12/06/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                                                    1- File Copy

|                              | Application No.        | Applicant(s)            |  |
|------------------------------|------------------------|-------------------------|--|
| **Office Action Summary**    | 09/368,846             | LEIGHTON, KEITH R.       |  |
|                              | Examiner               | Art Unit                |  |
|                              | Jeff H. Aftergut       | 1733                    |  |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .

2a) ☐ This action is FINAL.      2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-24* is/are pending in the application.

    4a) Of the above claim(s) *18-22* is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-17,23 and 24* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    a) ☐ All   b) ☐ Some * c) ☐ None of:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. & 119(e).

**Attachment(s)**

| | |
|--|--|
| 15) ☒ Notice of References Cited (PTO-892) | 18) ☒ Interview Summary (PTO-413) Paper No(s). _4_ . |
| 16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 19) ☐ Notice of Informal Patent Application (PTO-152) |
| 17) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ . | 20) ☐ Other: |

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-00)                          Office Action Summary                          Part of Paper No. 5

Application/Control Number: 09/368,846                                    Page 2
Art Unit: 1733

*Election/Restrictions*

1.    Restriction to one of the following inventions is required under 35 U.S.C. 121:

    I.    Claims 1-19, and 22-24, drawn to a method of laminating a chip bearing card,

        classified in class 156, subclass 153.

    II.    Claims 20 and 21, drawn to a laminated card, classified in class 235, subclass 488.

The inventions are distinct, each from the other because of the following reasons:

2.    Inventions I and II are related as process of making and product made.  The inventions

are distinct if either or both of the following can be shown: (1) that the process as claimed can be

used to make other and materially different product or (2) that the product as claimed can be

made by another and materially different process (MPEP § 806.05(f)).  In the instant case the

product as claimed can be made by a materially different process such as one where the recess

was formed in the substrate by etching chemically rather than mechanically milling.

Additionally, the chip could be embedded in a piece of plastic with a preformed recess therein

and have a piece of plastic laminated there over in order to form the laminated card.

3.    Because these inventions are distinct for the reasons given above and have acquired a

separate status in the art as shown by their different classification, restriction for examination

purposes as indicated is proper.

4.    Because these inventions are distinct for the reasons given above and have acquired a

separate status in the art because of their recognized divergent subject matter, restriction for

examination purposes as indicated is proper. This application contains claims directed to the

following patentably distinct species of the claimed invention: the species where the recess was

Application/Control Number: 09/368,846                                    Page 3
Art Unit: 1733

formed via a milling operation or the species where the recess was preformed and maintained

with a spacer during the laminating operation.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for

prosecution on the merits to which the claims shall be restricted if no generic claim is finally

held to be allowable. Currently, no claims are generic.

Applicant is advised that a reply to this requirement must include an identification of the

species that is elected consonant with this requirement, and a listing of all claims readable

thereon, including any claims subsequently added. An argument that a claim is allowable or that

all claims are generic is considered nonresponsive unless accompanied by an election.

Upon the allowance of a generic claim, applicant will be entitled to consideration of

claims to additional species which are written in dependent form or otherwise include all the

limitations of an allowed generic claim as provided by 37 CFR 1.141. If claims are added after

the election, applicant must indicate which are readable upon the elected species. MPEP §

809.02(a).

Should applicant traverse on the ground that the species are not patentably distinct,

applicant should submit evidence or identify such evidence now of record showing the species to

be obvious variants or clearly admit on the record that this is the case. In either instance, if the

examiner finds one of the inventions unpatentable over the prior art, the evidence or admission

may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

5.      During a telephone conversation with Mark Watkins on 11-30-00 a provisional election

was made with traverse to prosecute the invention of Group I, the species of milling out the

recess for the contacts, claims 1-17, 23, and 24. Affirmation of this election must be made by

Application/Control Number: 09/368,846                                      Page 4
Art Unit: 1733

applicant in replying to this Office action. Claims 18- 22 have been withdrawn from further

consideration by the examiner, 37 CFR 1.142(b), as being drawn to a non-elected invention.

### *Claim Rejections - 35 USC § 112*

6.     The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the
> subject matter which the applicant regards as his invention.

7.     Claims 1-17, 23 and 24 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

       In claim 1, line 12, the line ends with a ".", however the claim does not end here.

Applicant is advised that the claim should only have one period at the end of the claim. It is

suggested that --.-- be changed to --,and;--.


### *Double Patenting*

8.     A rejection based on double patenting of the "same invention" type finds its support in
the language of 35 U.S.C. 101 which states that "whoever invents or discovers any new and
useful process ... may obtain a patent therefor ..." (Emphasis added). Thus, the term "same
invention," in this context, means an invention drawn to identical subject matter. See *Miller v.*
*Eagle Mfg. Co.*, 151 U.S. 186 (1894); *In re Ockert*, 245 F.2d 467, 114 USPQ 330 (CCPA 1957);
and *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970).

       A statutory type (35 U.S.C. 101) double patenting rejection can be overcome by
canceling or amending the conflicting claims so they are no longer coextensive in scope. The
filing of a terminal disclaimer <u>cannot</u> overcome a double patenting rejection based upon 35
U.S.C. 101.

9.     Claim 11 is rejected under 35 U.S.C. 101 as claiming the same invention as that of

claim1 of prior U.S. Patent No. 6,036,099. This is a double patenting rejection. All of the

limitation of dependent claim 11 are claimed in independent claim 1 of the prior application.

Application/Control Number: 09/368,846    Page 5
Art Unit: 1733

10.    The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).
      A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 CFR 1.130(b).
      Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

11.    Claims 1-17,  23, and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 6,036,099. Although the conflicting claims are not identical, they are not patentably distinct from each other because the claims presented herein are generic to the operation as recited in the earlier patent and therefore the subject matter of the same are covered by the earlier claimed patent, see In re Goodman , 29 USPQ2nd 2010.

12.    Claims 1-17, 23 and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-17 of U.S. Patent No. 5,817,207 in view of Templeton, Jr. et al.

      The claimed invention in U.S. '207 is essentially the same invention as recited herein, except that the claims failed to recite that one skilled in the art would have milled the assembly in order to form contacts with the electronic component disposed within the card. However, as envisioned by Templeton, Jr. et al such milling to make electrical contact in a card with an embedded electronic component therein was known. Templeton, et al suggested that one skilled in the art would have known that subsequent to lamination of a circuit component within a card

69

Application/Control Number: 09/368,846    Page 6
Art Unit: 1733

one would have milled the same . More specifically, an inductive coil 201  was formed upon a

plastic substrate 202 of PVC for example. Onto the substrate 202 one laminated a second

substrate 203 which covered and encapsulated the coil 201. The reference taught that subsequent

to the lamination operation one milled out the contact holes 203b through the substrate in

locations where the contact pads 201a of the inductive coil are in order to facilitate electrical

contact with the inductive coil which was embedded within the plastic sheets. See column 7,

lines 6-17. Because it would have been desirable to make contact with an embedded coil in a

smart card which was a contactless card as envisioned by Templeton, Jr. et al, it would have been

obvious to one of ordinary skill in the art of manufacturing a smart card to incorporate a milling

step after card formation in the operations of US Patent '207 in the formation of a contactless

smart card.

### *Claim Rejections - 35 USC § 103*

13.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

14.    Claims 1, 4-10, and 14-17 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al optionally further

taken with UK 2,225,283.

    Japanese Patent '214 taught a process for forming a smart card which included the steps

of laminating with heat and pressure an assembly which included an IC chip 11 and a thin coil 12

JP
'214

(an antennae). The IC chip 11 and antennae 12 were disposed unsupported between plastic films

14. On either side of plastic films 14 were additional plastic films 15. The assembly was

disposed in a press and heat and pressure were applied in order to laminate the layers together to

form the smart card. The reference to Japanese Patent '214 failed to teach that the heat and

pressure laminating operation included a cooling operation while the press remained under

pressure. Additionally, there is no mention of milling the laminated card in order to gain access

to contacts of the chip and/or antennae for purposes of making physical contact with the same.

However, in the art of making a laminated smart card, it was known as evidenced by UK

'610 that one skilled in the art when laminating the same together would not have applied high

heat and pressure and then removed the same in the lamination operation for processing under

such extreme conditions would lead to damage of the chip and/or antennae in the laminate. The

reference to UK '610 suggested that one skilled in the art would have interposed a printed circuit

11 with reinforced elements 19 between two outer sheets 37 and 38 of thermoplastic in the PVC

family with interposed polyester layers coated with thermally activated catalyst adhesive and the

assembly was disposed between pressing plates. The assembly was heated and then pressure

applied to the same in order to encapsulate the electrical components of the card. Subsequent to

the application of this heat and pressure, the pressure was maintained while the card was allowed

to cool in the press, see page 11, line 16-page 12, line 12. The reference made clear that in order

to avoid damaging the integrated circuit which was being encapsulated that one would have

heated the assembly, then applied heat and pressure to the assembly in the press and then cooled

the assembly while pressure was maintained. Clearly, one viewing the same would have

understood that heat and pressure as well as cooling under pressure would have been performed

71

Application/Control Number: 09/368,846                                    Page 8
Art Unit: 1733

when laminating the card with the integrated circuit therein. Note that Japanese Patent '214 performed the lamination operation in a heated press. The combination fails to suggest that one would have milled out openings in the card after formation in order to provide open contacts in the card.

However, the reference to Templeton, et al suggested that one skilled in the art would have known that subsequent to lamination of a circuit component within a card one would have milled the same . More specifically, an inductive coil 201  was formed upon a plastic substrate 202 of PVC for example. Onto the substrate 202 one laminated a second substrate 203 which covered and encapsulated the coil 201. The reference taught that subsequent to the lamination operation one milled out the contact holes 203b through the substrate in locations where the contact pads 201a of the inductive coil are in order to facilitate electrical contact with the inductive coil which was embedded within the plastic sheets. See column 7, lines 6-17. Because it would have been desirable to make contact with an embedded coil in a smart card which was a contactless card as envisioned by Templeton, Jr. et al, it would have been obvious to one of ordinary skill in the art of manufacturing a smart card to incorporate a milling step after card formation in the operations of Japanese Patent 6-176214 wherein the pressing operation was performed in a heated press where the pressure was maintained during the cooling operation as suggested by UK 2,279,610.

With respect to claims 4-5, the references as set forth above suggested the use of PVC and/or polyester materials and one skilled in the art would have been determined the suitable thickness for the material  through routine experimentation. Regarding claims 6-7 and 9-10, note that UK '610 suggested that one skilled in the art would have increased the pressure after

72

Application/Control Number: 09/368,846                                     Page 9
Art Unit: 1733

increasing the temperature (ramped the same up). One skilled in the art would have optimized

the specific pressure used in order to achieve a good bond without disrupting the ability of the

circuit to operate properly. Regarding claim 15, note that Templeton taught one would have

provided an electrical contact in the cavity formed by milling. Regarding claims 16 and 17, one

skilled in the art would have understood what kind of chips would have been useful for the

manufacture of the cards. Regarding claims 8 and 14, the references as set forth above suggested

the use of multiple films over the chip, for example Japanese Patent '214 suggested the use of

multiple films 14 and 15 over the assembly. The specific pressures and temperatures employed

in the operation would have been determined through routine experimentation.

         While it is believed that the reference to UK '610 suggested that one would have

ramped up the pressure during the laminating operation, to further evidence that the highest

amount of pressure would have been applied when the assembly was cooled, the reference to UK

'283 is cited. UK '283 is manufacturing an integrated circuit card where the assembled layers

(which included thin plastic layers which had printing on the layers as well as in integrated

circuit therein) were laminated together in a press. The reference taught that the press would

have been preheated, the pressure applied and then the assembly removed or the assembly would

have been preheated and the pressure applied in steps with the highest pressure applied while the

assembly was being cooled in the press, see page 11, lines 3-13. It would have been obvious to

one of ordinary skill in the art at the time the invention was made to employ a pressing operation

in the manufacture of an integrated circuit card wherein the pressue applied would have been the

highest when the card was being cooled in the press as suggested by UK 2,225,283 wherein the

laminated card was formed by laminating with heat and pressure in a press as suggested by

Application/Control Number: 09/368,846                                    Page 10
Art Unit: 1733

Japanese Patent 6-176214 and UK 2,279,610 wherein after lamination the card would have been milled in order to expose the contact pads of the electronic component within the card as suggested by Templeton, Jr. et al.

For a discussion of the dependent claims, see above.

15.    Claims 2 , 3, 11-13, 23, and 24 are rejected under 35 U.S.C. 103(a) as being unpatentable over the references as set forth above in paragraph 14 further taken with UK 2,294,899.

The references as set forth above in paragraph 14 suggested the overall operation, they failed to suggest that one would have provided the platens with a matte surface thereon such that the finished exterior surfaces of the card had a matte finish. Additionally, the references failed to mention a printing operation used in manufacturing the card (it should be noted that UK '283 suggested that layes 2 and 6 would have been provided with printing thereon, see page 5, lines 3-5 of the UK document). However, in the art of manufacturing a smart card where an integrated circuit was disposed within the card, it was known at the time the invention was made to provide the exterior of the card with a matte finish where the same was provided by employed pressing plates which had a matte finish thereon in order to reduce the spectral reflection as suggested by UK '899, see page 4, lines 4-6. Additionally, in manufacturing such smart cards, it was well known at the time the invention was made to provide printed information upon the same where the printed information would have been provided upon the layers prior to the pressing operation as in printed information 8 and additional information would have been printed upon the cards exterior after formation as in image 10. It would have been within the purview of the ordinary artisan to select suitable printing techniques from those which were readily available to the artisan and the specified printing techniques claimed are taken as conventional in the art of

Application/Control Number: 09/368,846                                    Page 11
Art Unit: 1733

making smart cards. It would have been obvious to one of ordinary skill in the art of laminating

to form a smart card to provide the card with a matte finish (in order to reduce reflection) as well

as to provide the card with printing thereon in order to facilitate a useful card as suggested by

UK 2,294,899 in the manufacture of a smart card as set forth above in paragraph 14.

### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Jeff H. Aftergut whose telephone number is 703-308-2069. The

examiner can normally be reached on Monday-Friday 6:30-3:00pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Michael W. Ball can be reached on 703-308-2058. The fax phone numbers for the

organization where this application or proceeding is assigned are 703-305-3599 for regular

communications and 703-305-7718 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-0661.

Jeff H. Aftergut
Primary Examiner
Art Unit 1733

JHA
December 1, 2000

75

| | *Notice of References Cited* | | Application/Control No. 09/368,846 | | Applicant(s)/Patent Under Reexamination LEIGHTON, KEITH R. | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Examiner Jeff H. Aftergut | | Art Unit 1733 | Page 1 of 1 | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | APS | OTHER |
| ☐ | A | 5,817,207 | Oct. 1998 | Leighton | 156 | 298 | ☐ | ☐ |
| ☐ | B | 6,036,099 | Mar. 2000 | Leighton | 235 | 488 | ☐ | ☐ |
| ☐ | C | 5,519,201 | May. 1996 | Templeton, Jr. et al | 235 | 492 | ☐ | ☐ |
| ☐ | D | | | | | | ☐ | ☐ |
| ☐ | E | | | | | | ☐ | ☐ |
| ☐ | F | | | | | | ☐ | ☐ |
| ☐ | G | | | | | | ☐ | ☐ |
| ☐ | H | | | | | | ☐ | ☐ |
| ☐ | I | | | | | | ☐ | ☐ |
| ☐ | J | | | | | | ☐ | ☐ |
| ☐ | K | | | | | | ☐ | ☐ |
| ☐ | L | | | | | | ☐ | ☐ |
| ☐ | M | | | | | | ☐ | ☐ |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | APS | OTHER |
| ☐ | N | 2,279,610 | Jan. 1995 | UK | GEC Avery Lmtd. | -- | -- | ☐ | ☐ |
| ☐ | O | 6-176214 | Jun. 1994 | Japan | -- | -- | -- | ☐ | ☐ |
| ☐ | P | 2,225,283 | May. 1990 | UK | -- | -- | -- | ☐ | ☐ |
| ☐ | Q | 2,294,899 | May. 1996 | UK | -- | -- | -- | ☐ | ☐ |
| ☐ | R | | | | | | | ☐ | ☐ |
| ☐ | S | | | | | | | ☐ | ☐ |
| ☐ | T | | | | | | | ☐ | ☐ |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (Including Author, Title Date, Source, and Pertinent Pages) | DOCUMENT SOURCE ** | |
|---|---|---|---|---|
| | | | APS | OTHER |
| ☐ | U | | ☐ | ☐ |
| ☐ | V | | ☐ | ☐ |
| ☐ | W | | ☐ | ☐ |
| ☐ | X | | ☐ | ☐ |

*A copy of this reference is not being furnished with this Office action. (See Manual of Patent Examining Procedure, Section 707.05(a).)
**APS encompasses any electronic search i.e. text, image, and Commercial Databases.
U.S. Patent and Trademark Office

PTO-892 (Rev. 03-98)                    Notice of References Cited                    Part of Paper No. 5



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON | K | 6014-2-CON |

| | |
|---|---|
| 021324 | IM52/0720 |
| OLDHAM & OLDHAM  CO | |
| TWIN OAKS ESTATE | |
| 1225 W MARKET STREET | |
| AKRON OH 44313 | |

EXAMINER

AFTERGUT, J

| ART UNIT | PAPER NUMBER |
|---|---|
| 1733 | 6 |

DATE MAILED:

07/20/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Abandonment*** | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit | |
| | Jeff H. Aftergut | 1733 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address*--

This application is abandoned in view of:

1. ☒ Applicant's failure to timely file a proper reply to the Office letter mailed on <u>06 December 2000</u>.

   (a) ☐ A reply was received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the period for reply (including a total extension of time of _____ month(s)) which expired on _____.

   (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CRF 1.113 (a) to the final rejection.

     (A proper reply under 37 CFR 1.113 to a final rejection consists only of: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114).

   (c) ☒ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).

   (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance.

   (b) ☐ The submitted fee of $_____ is insufficient. A balance of $_____ is due.

     The issue fee required by 37 CFR 1.18 is $_____. The publication fee, if required by 37 CFR 1.18(d), is $_____.

   (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file new formal drawings as required by and, within the three-month period set in, the Notice of Allowability (PTO-37).

   (a) ☐ Proposed new formal drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the period for reply.

   (b) ☐ The proposed new formal drawings filed on _____ are not acceptable and the period for reply has expired.

   (c) ☐ No proposed new formal drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

6. ☐ The decision by the Board of Patent Appeals and Interference rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☐ The reason(s) below:

*Jeff H. Aftergut*
Jeff H. Aftergut
Primary Examiner
Art Unit: 1733

U.S. Patent and Trademark Office
PTO-1432 (Rev. 9-00)            **Notice of Abandonment**            Part of Paper No. 6



COPY OF PAPERS
ORIGINALLY FILED

*# 7*

Docket No. 6014-2-CON

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:  Keith Leighton

Serial No.:      09/368,846

Filed:           August 5, 1999

For:    Hot Lamination Process for the Manufacture of a  Combination
        Contact/Contactless Smart Card and Product Resulting Therefrom

Group Art Unit:  1733

Examiner:       J. Aftergut

Date:           February 15, 2002

PETITION FOR REVIVAL OF AN APPLICATION FOR PATENT ABANDONED
UNINTENTIONALLY UNDER 37 C.F.R. §1.137(b)

*RECEIVED*
*MAR 0 7 2002*
*OFFICE OF PETITIONS*
*DEPUTY A/C PATENTS*

Attention:  Office of Petitions
Assistant Commissioner for Patents
Box DAC
Washington, D.C. 20231

Sir:

The above-identified application became abandoned for failure to file a timely
reply to the final Office Action mailed on December 6, 2000, which set a three month
period for reply.  The abandonment date of this application is March 6, 2001.

APPLICANT HEREBY PETITIONS FOR REVIVAL OF THIS APPLICATION.

1.    Petition Fee
      Enclosed is a check for the small entity fee $640.00 (37 C.F.R. §1.17(m)).

2.    Reply and/or fee.
      Enclosed herewith is an amendment and response to the Office Action mailed.
      Enclosed is a check in the amount of $45.00 for additional claims.

03/06/2002 GTEFFERA 00000089 09368846
01 FC:241              640.00 OP

Docket No. 6014-2-CON                                                    February 15, 2002
Serial No. 09/368,846                                                          Page 2

3.    Terminal Disclaimer with disclaimer fee.

        Since this application was filed on or after June 8, 1995, no terminal disclaimer is required.


4.    Statement: The entire delay in filing the required reply from the due date for the required reply until the filing of a grantable petition under 37 C.F.R. § 1.137(b) was unintentional.


5.    Additional Fees

        Please charge Account 15-0450 for any additional fees may be required by the filing of these papers.

                                                    Respectfully submitted,

                                                    Hahn Loeser & Parks LLP

                                                    _Michael H. Minns_ (signature)

Date: _February 15, 2002_            Michael H. Minns
                                     Reg. No. 31,985

Hahn Loeser + Parks LLP
Twin Oaks Estate
1225 West Market Street
Akron, Ohio 44313-7188
(330) 864-5550

Enclosures:  Amendment
             Reply
             Terminal Disclaimer
             Return Postcard

_____

**CERTIFICATION UNDER 37 C.F.R. § 1.8(a)**

        I hereby certify that, on the date shown below, this correspondence is being deposited with the United States Postal Service in an envelope addressed to the Assistant Commissioner of Patents, Washington D.C. 20231 with sufficient postage as first class mail.

                                          _Michael H. Minns_ (signature)
                                          Signature

Date: _February 15, 2002_

                                          Michael H. Minns
                                          Type or print name of person certifying



COPY OF PAPERS
ORIGINALLY FILED

#8/a    UdC

Docket No.: 6014-2-CON

4/10/02

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of: Keith Leighton          Group Art Unit: 1733

Serial No.: 09/368,846                              Examiner:    J. Aftergut

Filed:       August 5, 1999                         Date:        February 13, 2002

For:     Hot Lamination Process for the Manufacture of a Combination
         Contact /Contactless Smart Card and Product Resulting Therefrom

AMENDMENT AND REQUEST FOR RECONSIDERATION
UNDER 37 C.F.R. §1.111

Assistant Commissioner For Patents
Washington, D.C.  20231

Sir:

In response to the Official Action dated, please amend the above-identified application as follows:

IN THE SPECIFICATION:

On page 1, replace the paragraph before "Field of the Invention", with the following paragraph:

This application is a continuation of copending application 08/918,582, filed August 19, 1997, now U.S. Patent No. 6,036,099, which claimed the benefit of provisional application serial no. 60/024,255, filed August 21, 1996; a continuation-in-part of copending application 08/727,789 filed October 7, 1996, now U.S. Patent No. 5,817,207, which claimed the benefit of provisional application serial no. 60/005,685, filed on October 17, 1995.

03/06/2002 GTEFFERA 00000089 09368846
03 FC:203                        45.00 OP

A

81

Docket No. 6014-2-CON
Serial No. 09/368,846

On page 4, replace the first paragraph after "Summary of the Invention" with the following:

The present invention is therefore directed to a hot lamination method for the manufacture of a plastic card having at least one electronic element embedded therein as well as at least one electronic element with an exposed contact surface and to such plastic cards. The card has an overall thickness in the range of 0.028 inches to 0.032 inches and comprises a plastic core having at least one electronic element embedded therein with at least one of the upper and lower surfaces of the core comprising a coating printed or otherwise applied thereon. A portion of the ~~card=s~~card's outer surface exposes a contact surface electronic element operatively connected to the ~~card=s~~card's internal electronics. An overlaminate film is preferably provided over the coated surface of the core and the resulting card has a variation in thickness across the surfaces thereof of no greater than approximately 0.0005 inches.

IN THE CLAIMS:

1.    (Amended)   A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core~~.~~; and

-2-

Docket No. 6014-2-CON
Serial No. 09/366,846

(d) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

Cancel claim 11.

Add new claims 25 through 30.

25.    (New) The process according to claim 1, wherein the pressure on said core is step (c)(i) is less than 10 p.s.i.

26.    (New) The process according to claim 1, wherein said core is heated in step (c)(ii).

27.    (New) A process for incorporating at least one electronic element in the manu-facture of a plastic card, comprising the steps of:
        (a) providing first and second plastic core sheets;
        (b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;
        (c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:
            (i) heating said core for a first period of time;
            (ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;
            (iii) cooling said core while applying a second pressure to said core.

28.    (New) The process according to claim 27, further comprising:
        forming a cavity in said core.

-3-

83

Docket No. 6014-2-CON
Serial No. 09/368,846

29.    (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

after step (c), milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

30.    (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

at least one core sheet having a cavity formed therein; and

before step (c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent; and

after step (c) removing said spacer for the cavity of said core.

-4-

84

Docket No. 6014-2-CON
Serial No. 09/368,846

<u>REMARKS</u>

Claims 1 through 10 and 12 through 30 are in the case. Claim 1 is amended by this amendment. Claim 11 is canceled by this amendment. Claims 25 through 30 are added by this amendment.

Attached is a clean version of the changes made to the specification and claims by the current amendment. The attached pages are captioned "**Clean Version Incorporating Changes Made**"

Accompanying this amendment are a Petition for Revival of an Application for Patent Abandoned Unintentionally and a Terminal Disclaimer to Obviate a Double Patenting Rejection.

The Examiner required restriction to one of the following inventions under 35 U.S.C. § 121:

I.    Claims 1-19, and 22-24, drawn to a method of laminating a chip bearing card, classified in class 156, subclass 153.

II.    Claims 20 and 21, drawn to a laminated card, classified in class 235, subclass 488.

The Examiner further required election of a single disclosed species between the species where the recess was formed via a milling operation and the species where the recess was preformed and maintained with a spaced during the laminating operation.

Applicant affirms the telephone election of November 30, 2000 of Group I and the species of milling out the recess for the contacts, claims 1 through 17, 23 and 23.

New claims 25 and 26 are dependent from claim 1, and therefore read on the species of milling out the recess. New claims 27 and 28 are generic. New claim 29 reads on the species of milling out the recess and new claim 30 reads on the species of preforming the cavity.

Claims 1 through 17, 23 and 24 are rejected under 35 U.S.C. §112, second paragraph. Specifically, claim 1, line 12 ends with a ".", but the claim does not end there. Claim 1 has been amended as suggested.

-5-

Docket No. 6014-2-CON
Serial No. 09/368,846

Claim 11 is rejected under 35 U.S.C. §101 as claiming the same invention as that of claim 1 of prior U.S. Patent no. 6,036,099. Claim 11 has been cancelled.

Claims 1 through 17, 23 and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1 through 16 of U.S. Patent no. 6,036,099. Claims 1 through 17, 23 and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1 through 17 of U.S. Patent No. 5,817,207 in view of Templeton, Jr. et al.

Enclosed is a terminal disclaimer disclaiming the term of any patent that issues from this application that extends beyond the term of U.S. Patent No. 6,036,099 or U.S. Patent No. 5,817,207. Applicant submits that this terminal disclaimer obviates this rejection.

Claims 1, 4 through 10 and 14 through 17 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al optionally further taken with UK 2,225,283. Claims 2, 3, 11 through 13, 23 and 24 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al optionally further taken with UK 2,225,283, and further taken with UK 2,294,899.

The specification has been amended to claim the benefit of provisional applications serial nos. 60/024,255, filed August 21, 1996 and 60/005,685, filed on October 17, 1995. The January 11, 1995 publication date of UK 2,279,610 is less than one year before the October 17, 1995 filing date of provisional application 60/005,685. Therefore, UK 2,279,601 is not prior art to the present application.

Support for claims 1, 4 through 10, 14 through 17 and new claim 27, relative to the disclosure of UK 2,279,601 can be found on page 11 of provisional application serial no. 60/005,685.

With respect to UK 2,225,283, the reference does not disclose or suggest placing the assembly into the press and then heating the press and assembly under minimal pressure as does Applicant's invention. The '283 reference specifically states that the press is heated first and then the assembly is inserted into the press. Further, the

-6-

Docket No. 6014-2-CON
Serial No. 09/368,846

'283 reference does not disclose or suggest a further increase in the pressure while cooling the assembly. The '283 reference specifically states that the laminate is cooled with the pressure *maintained* at its highest value.

Generic claim 27 is also patentable over the prior art for the same reasons as stated above for claim 1. Since a generic claim is allowable, applicant respectfully that the restriction be withdrawn and claims 1 through 10 and 12 through 30 be allowed.

Respectfully submitted,

Hahn Loeser & Parks LLP

Date February 15, 2002

Michael H. Minns
Reg. No. 31,985

Hahn Loeser + Parks LLP
1225 West Market Street
Akron, Ohio 44313
(330) 864-5550

-7-

Docket No. 6014-2-CON
Serial No. 09/368,846

**Clean Version Incorporating Changes Made**

IN THE SPECIFICATION:

On page 1, replace the paragraph before "Field of the Invention", with the following paragraph:

α1    This application is a continuation of copending application 08/918,582, filed August 19, 1997, now U.S. Patent No. 6,036,099, which claimed the benefit of provisional application serial no. 60/024,255, filed August 21, 1996; a continuation-in-part of copending application 08/727,789 filed October 7, 1996, now U.S. Patent No. 5,817,207, which claimed the benefit of provisional application serial no. 60/005,685, filed on October 17, 1995.

On page 4, replace the first paragraph after "Summary of the Invention" with the following:

α2    The present invention is therefore directed to a hot lamination method for the manufacture of a plastic card having at least one electronic element embedded therein as well as at least one electronic element with an exposed contact surface and to such plastic cards. The card has an overall thickness in the range of 0.028 inches to 0.032 inches and comprises a plastic core having at least one electronic element embedded therein with at least one of the upper and lower surfaces of the core comprising a coating printed or otherwise applied thereon. A portion of the card's outer surface exposes a contact surface electronic element operatively connected to the card's internal electronics. An overlaminate film is preferably provided over the coated surface of the core and the resulting card has a variation in thickness across the surfaces thereof of no greater than approximately 0.0005 inches.

-8-

24                                          Λ

88

Docket No. 6014-2-CON
Serial No. 09/368,846

<u>IN THE CLAIMS:</u>

1.    (Amended)   A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core; and

(d) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

Cancel claim 11.

Add new claims 25 through 30.

25.    (New) The process according to claim 1, wherein the pressure on said core is step (c)(i) is less than 10 p.s.i.

26.    (New) The process according to claim 1, wherein said core is heated in step (c)(ii).

27.    (New) A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

-9-

89

Docket No. 6014-2-CON
Serial No. 09/368,846

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core.

28. (New) The process according to claim 27, further comprising:

forming a cavity in said core.

29. (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

after step (c), milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

30. (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

at least one core sheet having a cavity formed therein; and

before step (c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent; and

after step (c) removing said spacer for the cavity of said core.

-10-

90