USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**BAKER & McKENZIE**

RECEIVED
DEC 10 2004
CHAMBERS OF
COLLEEN McMAHON

MEMO ENDORSED

Baker & McKenzie LLP
805 Third Avenue
New York, NY 10022, USA

Tel: +1 212 751 5700
Fax: +1 212 759 9133
www.bakernet.com

Asia Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe & Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Düsseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South America
Bogotá
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

VIA FACSIMILE
December 10, 2004

Honorable Colleen McMahon
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE: Leighton Technologies LLC v. Oberthur Card Systems, S.A.,
04 Civ. 2496 (CM) (LMS)

Dear Judge McMahon:

Defendant Oberthur Card Systems, S.A. opposes plaintiff Leighton Technologies LLC's request to adjourn the Markman hearing for approximately two months. Plaintiff's request comes with only 6 business days left before the commencement of that long awaited hearing. On July 16, 2004 you originally set that hearing for December 6, 7 and 8, and recently, due to your criminal trial schedule, reluctantly postponed it to December 20 and 21.

Leighton's pretext for its last minute request is that its "lead counsel" Michael O'Shea has left Clifford Chance and that Mr. O'Shea's new firm Akin Gump will not be representing Leighton. To our knowledge Neil Cohen, not Michael O'Shea, has always been Leighton's "lead counsel". Significantly, and totally left unsaid in Leighton's letter, is that even after Leighton retains its new attorneys, Mr. Cohen will continue on Leighton's legal team.

Indeed, the evidence available to us indicates that Mr. O'Shea's departure had little to do with Leighton's decision to bring in new counsel. Although Mr. O'Shea attended our first conference before you, even at that conference Mr. Cohen assumed the laboring oar. After his appearance at that conference, to our knowledge Mr. O'Shea has had no involvement in this case. Mr. Cohen solely handled all subsequent conferences before Magistrate Smith and you.

More to the point, Mr. O'Shea signed neither of Leighton's briefs. Indeed, Mr. O'Shea's name does not even appear on Leighton's November 29, 2004 reply brief. (Is it possible that Mr. O'Shea had already departed Clifford Chance?) Mr. Cohen took one of the two depositions of defendant; the other deposition, which Magistrate Judge Smith ordered that Mr. Cohen could not take, was taken by a junior associate from Clifford Chance's New York office. Although another partner from Clifford Chance's Washington office supervised the young associate, once again Mr. O'Shea was nowhere in sight. During the entire history of this case we do not recall communicating even once with Mr. O'Shea. On the few occasions

*Handwritten endorsement:* 12/10/04 — I am not inclined to postpone this hearing. I have no time for it later. I feel able to resolve the Markman issues on the papers and will do so if the hearing cannot proceed. P.S. — new counsel will not be allowed to inject new issues into the case.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

Copies mailed / ~~handed~~ / faxed to counsel 12/10/04

**BAKER & McKENZIE**

when we had to contact Clifford Chance, we sought out Patrick Parker, an associate in the New York office.

As recently as our telephone conference with you last Friday Mr. Cohen was by all appearances going to argue Leighton's case at the Markman hearing. During that telephone conference Mr. Cohen stated that "I will be using a PowerPoint presentation." He did not even hint that Leighton intended to rely on anyone other than himself.

Also telling is that Leighton's letter is incredibly sparse on facts. When did Leighton first learn that Mr. O'Shea was leaving Clifford Chance? When did Mr. O'Shea actually leave Clifford Chance? Why is this supposedly important "lead counsel" unable to try the case with his new firm? When did Leighton first approach new prospective attorneys?

Not only does Leighton's request come at the eleventh hour, but also Leighton would further postpone the decision as to whether the hearing will be adjourned. It asks that you delay a telephone conference on its application until next Monday, exactly one week before the hearing's scheduled date. The only apparent reason for that additional delay is to give Leighton further time to reach a retainer agreement with its newly chosen attorneys.

However, that additional delay further prejudices Oberthur. Oberthur's general counsel and in-house patent counsel will arrive in New York on Tuesday, December 14. Leighton's requested conference will precede their departure from Paris by only hours.

In sum, the Markman hearing is scheduled to be held in ten days. Oberthur is prepared to present its case. The Court set an early Markman hearing in the interest of judicial economy. The Court stayed but only a limited amount of discovery with the anticipation that a quick Markman hearing on the intrinsic evidence would allow the remainder of the case to move efficiently forward. To delay now will only cause the Court and Oberthur to repeat much of their preparation for the Markman hearing and also postpone ultimate resolution of the case.

Ten days before the scheduled hearing, Leighton now seeks to delay its very own case. Leighton wants to extend the four month period that the Court set to approximately six months. Leighton has not met what should be a very high burden for seeking this kind of relief at such a late date. Leighton's reason to delay the hearing simply is not tenable. From all appearances, it is reasonable to conclude that Leighton has decided over the past couple of days that it wants to bring in additional lawyers to help Mr. Cohen at the Markman hearing. It certainly has the right to do that and we have no objection to new lawyers participating at the hearing on December 20. We do, however, object to Leighton's attempt to delay the hearing at the 11th hour.

Judge Colleen McMahon                                                                                    Page 2
December 10, 2004

**BAKER & McKENZIE**

Oberthur respectfully requests that the Court forthwith deny Leighton's request for an adjournment of the Markman hearing. There is no justification for further delay or need for additional argument.

Very truly yours,

*[signature]*

James David Jacobs

Cc: Neil Cohen, Esq. (via facsimile)
    Blair M. Jacobs, Esq. (via facsimile)
    Patrick Parker, Esq. (via facsimile)