UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGHTON TECNOLOGIES LLC, )<br>)<br>   Plaintiff and Counterclaim Defendant, )<br>)<br>v. )<br>)<br>OBERTHUR CARD SYSTEMS, S.A., )<br>)<br>   Defendant and Counterclaim Plaintiff. )<br>_____) | 04 Civ. 02496 (CM)<br><br>[PROPOSED] *and*<br>SCHEDULING ORDER |

The parties by their attorneys having appeared before this Court and having orally argued their respective positions for the appropriate Rule 16(b) scheduling order,

IT IS HEREBY ORDERED:

1. Fact discovery pertaining to infringement, invalidity and unenforceability shall begin ~~April 18, 2005~~ April 26, 2005.

2. No additional parties may be joined after October ~~7~~ 28, 2005 without a showing of good cause.

3. No amendment to the pleadings will be permitted after October ~~7~~ 28, 2005 without a showing of good cause.

4. On or before ~~July 15~~ Aug. 5, 2005, separately for each asserted claim, Plaintiff shall identify each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Defendant of which Plaintiff is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process. This obligation shall be obviated if either party has filed a motion for summary judgment regarding the infringement and/or noninfringement of the patents in suit.

5. On or before ~~July 15~~ Aug. 5, 2005, Plaintiff shall provide a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality. This

WO 381098.1

6. On or before ~~July 15~~ Aug. 5, 2005, Plaintiff shall indicate whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality. This obligation shall be obviated if either party has filed a motion for summary judgment regarding the infringement and/or noninfringement of the patents in suit.

7. On or before ~~July 15~~ Aug. 5, 2005, Plaintiff shall indicate the priority date to which each asserted claim allegedly is entitled for any patent that claims priority to an earlier application. This obligation shall be obviated if either party has filed a motion for summary judgment regarding the infringement and/or noninfringement of the patents in suit.

8. On or before ~~August 15~~ Sept. 12 *JMS*, 2005, Defendant shall provide a chart that provides for each claim Plaintiff asserts to be infringed and Defendant contends is invalid, the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified. This obligation shall be obviated if either party has filed a motion for summary judgment regarding the validity or invalidity of the patents in suit.

9. If a party claims willful infringement, the opposing party, no later than ~~September~~ Oct. 7 *JMS*, 2005, shall file and serve a written election as to whether it will rely upon advice of counsel as a defense to the allegation of willful infringement, and shall simultaneously produce documents and things from the firm or firms issuing the written opinion of counsel, including a written opinion of counsel, relating to such advice.

10. All fact discovery shall be completed by December ~~9~~ 30, 2005.

11. For any issue for which a party carries the burden of proof, that party shall serve its Rule 26(a)(2) expert reports and disclosures on January 6, 2006.

12. Each party shall serve its rebuttal expert reports on ~~January 20~~ Feb. 10, 2006.

13. Expert discovery shall begin ~~January 20~~ Feb 10, 2006.

WO 381098.1

14. Expert discovery shall be completed by ~~February 17~~ March 10, 2006.

14a. Service of requests to admit shall be completed by March 15, 2006, and responded to by March 31.

15. The last day to file dispositive motions shall be ~~March 10~~ April 14, 2006.

16. The parties shall not contact Judge McMahon about discovery disputes, they shall go directly to Magistrate Judge Smith. An order of reference to Magistrate Judge Smith is attached to this consent scheduling order. The parties are to provide Magistrate Judge Smith with the Order of Reference on or before a scheduled appearance pertaining to discovery issues.

17. A joint pretrial order in the form prescribed in Judge McMahon's individual rules, together with trial memoranda of law, shall be filed within 30 days after the Court issues a decision on dispositive motions referred to in paragraph 15. The Court will then schedule a final pre-trial conference. In limine motions must be filed within 5 days after receipt of notice of a final pre-trial conference; responses to in limine motions are due 5 days after the motions are made. Cases can be called for trial at any time after the final pre-trial conference.

18. Proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

19. Any party seeking damages from any other party must append to the joint pretrial order a one page addendum explaining the factual and legal basis for the claimed damages, explaining how it proposes to prove damages and setting forth a calculation of anticipated damages.

20. This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date hereof. *Counsel should not assume that extensions will be granted as a matter of routine.*

WO 381098.1

Dated: April 26 2005
White Plains, New York 10601

*[signature]*
Hon. Lisa Margaret Smith
United States Magistrate Judge

WO 381098.1