# Sutherland
## ▪ Asbill & ▪
## Brennan LLP

**ATTORNEYS AT LAW**
**Blair M. Jacobs**
DIRECT LINE: 202.383.0773
Internet: blair.jacobs@sablaw.com

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

June 14, 2005

<u>VIA OVERNIGHT MAIL</u>

The Honorable Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street, Room 428
White Plains, New York 10601-4150

        Re:     Leighton Technologies, LLC v. Oberthur Card Systems., S.A.,
                Case No. 04 Civ. 02496 (CM) (LMS)

Dear Magistrate Judge Smith:

        We write to the Court to address Oberthur's refusal to respond to certain interrogatories.

On June 6, 2005, Oberthur provided responses to Leighton's Second Set of Interrogatories (1-15)

(relevant interrogatories attached as Exhibit 1).  Oberthur's responses essentially consisted of a

refusal to provide information under Local Rule 33.3 and/or a sweeping, non-specific promise to

provide business records sufficient to identify responsive information.  The parties met on June

10, 2005, and were able to resolve a number of disputes relating to these responses.  Two issues

remain unresolved and Leighton respectfully seeks the Court's assistance on these issues.

        First, Oberthur refuses to provide any response whatsoever to Interrogatory Nos. 1, 2 and

4.  Interrogatory Nos. 1 and 2 seek a description of the process used by Oberthur in

manufacturing Smart Cards, an issue with substantial relevance in this patent infringement

dispute.  Oberthur has objected to providing any information and takes the position that these

interrogatories violate Local Rule 33.3.

        Oberthur's objections are unfounded because these interrogatories are the most practical

method of obtaining this information.  Oberthur surely possesses intimate knowledge concerning

WO 401107.1

The Honorable Lisa Margaret Smith
June 14, 2005
Page 2

its manufacturing process and can easily describe the process. In contrast, Leighton can gain

similar knowledge only by reviewing tens of thousands of pages of documents (in French,

possibly, as Oberthur is a French company) and by deposing multiple engineers. The

interrogatories are simply the most practical method of obtaining this information.

Interrogatory No. 4 likewise seeks information readily available to Oberthur, the part

number or other unique designations for all Smart Cards made, used or sold in the United States.

Such information is crucial for Leighton's infringement analysis and it is much more practical

for the information to be provided in response to an interrogatory than through the "needle in the

haystack" process of document review and depositions. Leighton respectfully requests that

Oberthur be ordered to provide a response to Interrogatory Nos. 1, 2 and 4.

Second, Oberthur refuses to identify specific documents in its FED. R. CIV .P. 33 (c)

responses to Interrogatory Nos. 5 and 14, contending that the responsive information is as readily

available to Leighton as to Oberthur. Oberthur's response flies in the face of the Federal Rules

and is nothing more than an impermissible attempt to refer to a voluminous document production

in response to particularized interrogatories. *Sabel v. Mead Johnson & Co.,* 110 F.R.D. 553, 556

(D. Mass. 1986) (noting that a responding party citing to Rule 33 (c) "**must refer to specific**

**documents**" and noting that it was "simply absurd" for responding party to contend that it was

equally burdensome for plaintiff to derive the requested information) (emphasis added).

Oberthur should be compelled to supplement its responses to Interrogatory Nos. 5 and 14

to specifically reference documents from which interrogatory answers may be derived.

Respectfully,

*Blair M. Jacobs*

Blair M. Jacobs

# Exhibit 1

James David Jacobs (JJ-7351)
Frank M. Gasparo (FG-2958)
Susan R. Knox (SK-4110)
BAKER & McKENZIE LLP
805 Third Avenue
New York, New York 10022
Tel. (212) 751-5700
Fax (212) 759-9133

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC, | ) 04 Civ. 02496 (CM) (LMS) |
| Plaintiff and Counterclaim Defendant, | ) DEFENDANT OBERTHUR |
| | ) CARD SYSTEMS, S.A.'S |
| v. | ) RESPONSES TO PLAINTIFF |
| | ) LEIGHTON'S SECOND SET OF |
| OBERTHUR CARD SYSTEMS, S.A., | ) INTERROGATORIES (NOS. 1-9) |
| Defendant and Counterclaim Plaintiff. | ) |

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant and counterclaim plaintiff Oberthur Card Systems, S.A. ("Oberthur") hereby responds to Plaintiff Leighton's Second Set of Interrogatories (Nos. 1-9) (the "Interrogatories"), dated and transmitted by e-mail by Leighton Technologies LLC ("Leighton") on April 28, 2005, as follows:

## GENERAL OBJECTIONS

Oberthur states the following objections to Plaintiff's Interrogatories:

1. Oberthur objects to the Interrogatories to the extent that they define "Smart Card" to include "contact" cards even though contact cards are not at issue in this litigation. A contact card is a card that does not contain an electronic element between the plastic core sheets during the lamination process, but contains an electronic element that

The Interrogatories include inventions used or manufactured by or for the United States Government.   Such inventions are outside the scope of this litigation.

[4]Oberthur objects to these Interrogatories on the grounds that they are overly broad and burdensome and seek information that is not relevant to any claim or defense of either party and not reasonably calculated to lead to the discovery of relevant evidence. The Interrogatories are not limited, except with respect to prior art, to include only information concerning cards destined for the United States market.

[5]Oberthur objects to these Interrogatories on the grounds that they are overly broad and burdensome and seek information that is not relevant to any claim or defense of either party and not reasonably calculated to lead to the discovery of relevant evidence. The Interrogatories seek, among other things, information in the possession, custody or control of one of Oberthur's subsidiaries and not of Oberthur.  Oberthur will produce discovery not otherwise objectionable from all locations, wherever they are in the world, relating to cards made in or destined for sale or use in the United States.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

Describe in detail each process that Oberthur has used since October 6, 1998 to manufacture Smart Cards including, but not limited to, each hot lamination process, the temperatures and pressures used therein, and the times that such temperatures and pressures are used.

RESPONSE TO INTERROGATORY NO. 1:

Oberthur objects to this Interrogatory on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection.  Without waiving the

foregoing objection Oberthur also objects to this Interrogatory as phrased for the reasons stated in the chart preceding these Responses.

INTERROGATORY NO. 2:

For each process described in your response to Interrogatory No. 1, describe in detail the process steps used to provide the Smart Cards with (a) ink, graphics and text; (b) overlaminate films, overlays, and outer layers; (b) cavities to receive chips in the plastic layers of Cards.

RESPONSE TO INTERROGATORY NO. 2:

Oberthur objects to this Interrogatory on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection. Without waiving the foregoing objection Oberthur also objects to this Interrogatory as phrased for the reasons stated in the chart preceding these Responses.

INTERROGATORY NO. 3:

Identify all persons involved in the conception, design, development or manufacture of Oberthur Smart Cards and each such person's role in such conception, design, development, or manufacture, whether or not such persons are currently or were previously employed by Oberthur, and identify contact information and current place of employment and position for each such person.

RESPONSE TO INTERROGATORY NO. 3:

Oberthur objects to this Interrogatory to the extent that it seeks any information other than the names of witnesses, on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection. Without waiving the foregoing objection Oberthur also objects to this interrogatory as phrased for the reasons stated in the chart preceding these Responses, and Oberthur also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

Without waiving the foregoing objections, Oberthur will provide business records sufficient to identify persons involved in the conception, design, development or manufacture of cards (a) contactless, hybrid or dual function cards (b) destined for the United States (c) and not used or manufactured by or for the United States Government.

INTERROGATORY NO. 4:

Identify by part number and source, or other similar unique designations, all Smart Cards used, sold or offered for sale, imported, exported, distributed or otherwise disposed of by Oberthur in the United States.

RESPONSE TO INTERROGATORY NO. 4:

Oberthur objects to this Interrogatory on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection.  Without waiving the foregoing objection Oberthur also objects to this Interrogatory as phrased for the reasons stated in the chart preceding these Responses.

INTERROGATORY NO. 5:

Identify all customers or prospective customers to whom Oberthur has presented, supplied, sampled, demonstrated, offered to sell, or sold any accused product and identify each person with knowledge of such contacts and all documents relating thereto.

RESPONSE TO INTERROGATORY NO. 5:

Oberthur objects to this Interrogatory to the extent that it seeks any information other than the names of witnesses, on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection.  Without waiving the foregoing objection Oberthur also objects to this Interrogatory as phrased for the reasons stated in the chart preceding these Responses.

Without waiving the foregoing objections Oberthur will provide business records sufficient to identify such persons to the extent that the acts in question involve (a) contactless, hybrid or dual function cards (b) that were created on or after October 6,

1998 (c) destined for the United States (d) and not used or manufactured by or for the United States Government.

INTERROGATORY NO. 6:

To the extent that entities other that Oberthur manufacture, distribute or market the accused products, identify the entities that manufacture, distribute or market the accused products, providing the address, telephone number and person at each entity in charge of such activities, and the dates during which each entity performed such activities and provide a description of the entities' role in the manufacturing or distribution process.

RESPONSE TO INTERROGATORY NO. 6:

Oberthur objects to this Interrogatory on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection. Without waiving the foregoing objection Oberthur also objects to this interrogatory as phrased for the reasons stated in the chart preceding these Responses.

INTERROGATORY NO. 7:

Identify the actual and projected sales volumes of the Oberthur Smart Cards and dollar amount, and by actual and expected gross revenues, net profits, and gross profits derived from these sales, and identify persons knowledgeable regarding such sales and all documents relating thereto.

RESPONSE TO INTERROGATORY NO. 7:

Oberthur objects to this Interrogatory to the extent that it seeks any information other than that names of witnesses, on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection. Oberthur also objects to this interrogatory as phrased for the reasons stated in the chart preceding these Responses.

Without waiving the foregoing objection, Oberthur will provide business records sufficient to identify persons with knowledge of sales of (a) contactless, hybrid or dual

Without waiving the foregoing objections, as presently advised the following individuals have information regarding Leighton's inequitable conduct:

1. Michael H. Minns
   Hahn Loese & Parks LLP
   1225 West Market Street
   Akron, OH 44313
   (330) 864-5550

2. Mark A. Watkins
   Hahn Loese & Parks LLP
   1225 West Market Street
   Akron, OH 44313
   (330) 864-5550

[*] INTERROGATORY NO. 14:

Explain the specific basis for Oberthur's contention that this action is barred by 28 U.S.C. § 1498(a) by identifying all facts supporting and/or relating to this contention, including but not limited to identification of documents and individuals supporting such contention, any sales or offers to sales to government entities that Oberthur contends bars recovery, and the identity of each person at Oberthur possessing knowledge of facts concerning this contention.

RESPONSE TO INTERROGATORY NO. 14:

Oberthur objects to this Interrogatory on the grounds that it violates Local Civil Rule 33.3 and thus requires no further response or objection. Without waiving the foregoing objection Oberthur also objects to this Interrogatory as phrased for the reasons stated in the chart preceding these Responses.

Without waiving the foregoing objection, Oberthur will provide business records sufficient to identify persons at Oberthur possessing such knowledge.

INTERROGATORY NO. 15:

Identify all witnesses that Oberthur will call to testify at trial, including expert witnesses, and summarize the testimony of each witness.

RESPONSE TO INTERROGATORY NO. 15:

Oberthur objects to this Interrogatory to the extent that it seeks any information other than the names of witnesses, on the grounds that it violates Local Civil Rule 33.3 and thus this interrogatory requires no further response or objection. Without waiving the foregoing objection Oberthur also objects to this Interrogatory as phrased for the reasons stated in the chart preceding these Responses.

Without waiving the foregoing objection Oberthur has not completed its investigation of the facts underlying this action, or its discovery, or its trial preparation, and, as a result, may discover additional information in the course of that investigation, discovery, and trial preparation.

As soon as Oberthur has identified witnesses that it intends to call at trial, it will supplement its response to this Interrogatory.


Dated: New York, New York
       June 6, 2005


                                        BAKER & McKENZIE LLP

                                   By: _Susan Knox_
                                        James David Jacobs (JJ-7351)
                                        Frank M. Gasparo (FG-2958 )
                                        Susan R. Knox (SK-4110)
                                        805 Third Avenue
                                        New York, New York 10022
                                        Tel. (212) 751-5700
                                        Fax (212) 759-9133

                                        Attorneys for Oberthur Card
                                          Systems, S.A.


NYCDMS/441266.3                    13