UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEIGHTON TECHNOLOGIES LLC,           )   04 Civ. 02496 (CM) (Lms)
                                     )
    Plaintiff and Counterclaim Defendant, )
                                     )   **PROPOSED**
v.                                   )   **SCHEDULING ORDER**
                                     )
OBERTHUR CARD SYSTEMS, S.A.,         )
                                     )
    Defendant and Counterclaim Plaintiff. )
                                     )

---

    The parties by their attorneys having stipulated and agreed, and having shown good cause to this Court for modifications to the Rule 16(b) scheduling order,

IT IS HEREBY ORDERED:

1. Fact discovery pertaining to infringement, invalidity and unenforceability shall begin April 26, 2005.

2. No additional parties may be joined after November 28, 2005 without a showing of good cause.

3. No amendment to the pleadings will be permitted after November 28, 2005 without a showing of good cause.

4. On or before August 22, 2005, Defendant shall produce for inspection Bates-stamped TIFF images of non-privileged paper documents that are responsive to Plaintiff's pending document requests as modified by stipulation or order of this Court.

5. On or before August 22, 2005, Defendant shall serve on Plaintiff's counsel by fax or e-mail Defendant's responses to Leighton's Interrogatories Nos. 1, 2, 4, 5, 7 and 14, or in

lieu of a response to any or all of the foregoing a document identifying the Bates-stamped pages that are responsive to each of Leighton's Interrogatories Nos. 1, 2, 4, 5, 7 and 14.

6. On or before September 6, 2005, separately for each asserted claim, Plaintiff shall identify each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Defendant of which Plaintiff is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process. This obligation shall be obviated if either party has filed a motion for summary judgment regarding the infringement and/or noninfringement of the patents in suit.

7. On or before September 6, 2005, Plaintiff shall provide a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality. This obligation shall be obviated if either party has filed a motion for summary judgment regarding the infringement and/or noninfringement of the patents in suit.

8. On or before September 6, 2005, Plaintiff shall indicate whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality. This obligation shall be obviated if either party has filed a motion for summary judgment regarding the infringement and/or noninfringement of the patents in suit.

9. On or before September 6, 2005, Plaintiff shall indicate the priority date to which each asserted claim allegedly is entitled for any patent that claims priority to an earlier application. This obligation shall be obviated if either party has filed a motion for

summary judgment regarding the infringement and/or noninfringement of the patents in suit.

10. On or before September 16, 2005, the parties will each prepare and exchange a list of keywords and search phrases to be used to search the electronic data gathered by Defendant for potentially responsive documents. The two lists will be consolidated into a single joint list. If a party objects to the inclusion of one or more of the proposed keywords or search phrases, and the parties cannot reach agreement regarding the use of such term(s), the objecting party shall present its objections to this Court on or before September 19, 2005, and this Court will make a determination as to whether the term(s) in question shall be used. Defendant will only review for production documents extracted from the full set by use of the agreed-upon keywords and search phrases, or those electronic documents that Defendant knows, independent of any keyword search, are responsive. This later category of documents does not require Defendant to do any additional independent search or review of electronic documents, and is instead intended to encompass only those additional electronic documents Defendant already knows are responsive, and those additional responsive electronic documents that Defendant becomes aware of in the course of the keyword review.

11. No additional discovery shall be served before September 16, 2005.

12. On or before October 12, 2005, Defendant shall provide a chart that provides for each claim Plaintiff asserts to be infringed and Defendant contends is invalid, the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified. This obligation shall be

obviated if either party has filed a motion for summary judgment regarding the validity or invalidity of the patents in suit.

13. Defendant shall produce electronic documents that are responsive to the keyword search on or before October 17, 2005, unless formal objections to keywords or phrases have been raised with this Court pursuant to the above paragraph, in which case Defendant shall have 30 days from the Court's order regarding keywords and phrases to produce the responsive electronic documents.

14. If a party claims willful infringement, the opposing party, no later than November 7, 2005, shall file and serve a written election as to whether it will rely upon advice of counsel as a defense to the allegation of willful infringement, and shall simultaneously produce documents and things from the firm or firms issuing the written opinion of counsel, including a written opinion of counsel, relating to such advice.

15. All fact discovery shall be completed by January 30, 2006.

16. For any issue for which a party carries the burden of proof, that party shall serve its Rule 26(a)(2) expert reports and disclosures on February 27, 2006.

17. Each party shall serve its rebuttal expert reports on March 13, 2006.

18. Expert discovery shall begin March 13, 2006.

19. Expert discovery shall be completed by April 10, 2006.

20. Service of requests to admit shall be completed by April 17, 2006 and responded to by May 1, 2006.

21. The last day to file dispositive motions shall be May 15, 2006.

22. The parties shall not contact Judge McMahon about discovery disputes, they shall go directly to Magistrate Judge Smith. An order of reference to Magistrate Judge Smith is attached to this consent scheduling order. The parties are to provide Magistrate Judge Smith with the Order of Reference on or before a scheduled appearance pertaining to discovery issues.

23. A joint pretrial order in the form prescribed in Judge McMahon's individual rules, together with trial memoranda of law, shall be filed within 30 days after the Court issues a decision on dispositive motions referred to in paragraph 21. The Court will then schedule a final pre-trial conference. In limine motions must be filed within 5 days after receipt of notice of a final pre-trial conference; responses to in limine motions are due 5 days after the motions are made. Cases can be called for trail ay any time after the final pre-trial conference.

24. Proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

25. Any party seeking damages from any other party must append to the joint pretrial order a one page addendum explaining the factual and legal basis for the claimed damages, explaining how it proposes to prove damages and setting forth a calculation of anticipated damages.

NYCDMS/:44349.3                                            5

26.    This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date hereof. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: September 7, 2005
White Plains, New York 10601

_____
Hon. Lisa Margaret Smith
United States Magistrate Judge

NYCDMS/144349.3                              6