Case 1:04-cv-02496-CM  Document 66  Filed 09/30/2005  Page 1 of 2

# BAKER & MCKENZIE

**Baker & McKenzie LLP**
805 Third Avenue
New York, New York 10022, USA

Tel: +1 212 751 5700
Fax: +1 212 759 9133
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

September 16, 2005

Hon. Lisa Margaret Smith
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 428
White Plains, NY 10601-4150

RE: *Leighton Technologies LLC v. Oberthur Card Systems, S.A.*, No. 04 Civ. (CM)(LMS)

Dear Judge Smith:

James D. Jacobs
Tel: +1 212 891 3951
Fax: +1 212 310 1651
James.D.Jacobs@bakernet.com

Via Federal Express

RECEIVED SEP 19 2005 HON LISA MARGARET SMITH U.S.M.J.

[Handwritten annotations:]
Deemed notice motion. Motion denied. Both parties have a continuing obligation to supplement its discovery. The dates set forth in paragraphs 13+14 of the applicable scheduling order shall be extended by one week.
ATT: ROBERT GUTKIN
[signed] LMS USMJ 9/28/05 SO ORDERED

We represent defendant Oberthur Card Systems, S.A. ("Oberthur") in the above-referenced case. Oberthur respectfully requests that the Court order plaintiff Leighton Technologies LLC ("Leighton") to supplement its Infringement Contentions.

The Infringement Contentions served on September 6, 2005, although voluminous (70 pages), do not satisfy Leighton's obligations under the Scheduling Order. Despite the requirements of specificity set forth in the Scheduling Order, the Infringement Contentions contain mostly vague generalities. Not once does Leighton identify "where each element of each asserted claim is found within each Accused Instrumentality" as required by Scheduling Order, paragraph 7. Another major failing is that Leighton does not identify "[e]ach product, device, and apparatus [that] must be identified by name or model number" … "separately for each asserted claim". (Scheduling Order, paragraph 6) Leighton's apparent attempt to meet this requirement is the uninformative allegation that Oberthur "may infringe one or more claims of the patent in issue". (Infringement Contentions, p. 4)

Leighton's lack of specificity frustrates our ability properly to apply the prior art to the patents in suit as paragraph 12 of the Scheduling Order requires. For example, because Leighton has not specified which plastic sheets comprise the required "first and second

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

plastic core sheets", Oberthur will not be able to identify which element in the prior art anticipates the corresponding element in Leighton's patent claims.

Space permits only one further example of Leighton's inadequate Infringement Contentions. Claim 1 of the '207 patent requires "first and second plastic core sheets ... positioning ...one electronic element ... directly between said first and second plastic core sheets ...." Leighton's Infringement Contention for this critical claim limitation merely states, in pertinent part, that "Oberthur may also manufacture hybrid and contactless cards by placing chips and antennas received from other companies between thin PVC sheets." Leighton nowhere identifies what element in any of Oberthur's cards is the plastic core sheet or how that plastic core sheet "directly" contacts the electronic element.

We understand Leighton's reluctance to take a position where it may not have full knowledge of all Oberthur's cards. Moreover, Leighton has known since almost the very inception of this litigation that Oberthur purchases components from third party vendors. Leighton will presumably require discovery from these third parties to learn their processes and structures. Accordingly, we will not oppose allowing Leighton to take deposition discovery of both Oberthur and third parties before complying with its Scheduling Order obligations, provided that Oberthur's time to comply with paragraph 12 of that Order is extended until 30 days after Leighton serves its supplemental Infringement Contentions.

Yours very truly,

*James David Jacobs*

Enclosures

cc:   Robert Gutkin, Esq.