PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG.-5



FIG.-5A



FIG.-6

PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG.-7

FIG.-8




**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON     K | 6014-2-CON |

021324                          0212/0831
OLDHAM & OLDHAM  CO                                NOT ASSIGNED
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313

                                DATE MAILED: 2876

                                                08/31/99

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### Filing Date Granted

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1:136(a). If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of ☐ $65.00 for a small entity in compliance with 37 CFR 1.27, or ☐ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.

If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☑ small entity (statement filed) ☐ non-small entity is $ 65.00 .

☐ 1. The statutory basic filing fee is:
   ☐ missing.
   ☐ insufficient.
   Applicant must submit $_____ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).

☐ 2. The following additional claims fees are due:
   $_____ for_____ total claims over 20.
   $_____ for_____ independent claims over 3.
   $_____ for multiple dependent claim surcharge.
   Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.

☑ 3. The oath or declaration:
   ☑ is missing or unsigned.
   ☐ does not cover the newly submitted items.
   An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.

☐ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
   A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:
   _____
   An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

☐ 6. A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application was filed in a language other than English.
   Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).

☐ 9. OTHER:_____

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

### A copy of this notice MUST be returned with the reply.

_signature_

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV. 9/98)

U.S. GPO: 1998–448-824

OCS_C_045435




**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON K | 8014-2-CON |

```
021324
OLDHAM & OLDHAM CO            0212/0831
TWIN OAKS ESTATE                              NOT ASSIGNED
1225 W MARKET STREET
AKRON OH 44313
                              DATE MAILED: 2876
                                             08/31/99
```

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### Filing Date Granted

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given **TWO MONTHS FROM THE DATE OF THIS NOTICE** within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). **If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of □ $65.00 for a small entity in compliance with 37 CFR 1.27, or □ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.**

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a* ☑ *small entity (statement filed) □ non-small entity is $ 65.00 .*

☑ 1. The statutory basic filing fee is:
　□ missing.
　☑ insufficient.
　Applicant must submit $_____ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).

□ 2. The following additional claims fees are due:
　$_____ for_____ total claims over 20.
　$_____ for_____ independent claims over 3.
　$_____ for multiple dependent claim surcharge.
　*Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☑ 3. The oath or declaration:
　☑ is missing or unsigned.
　□ does not cover the newly submitted items.
　*An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

□ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
　*A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

□ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

　_____
　*An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

□ 6. A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).
□ 7. Your filing receipt was mailed in error because your check was returned without payment.
□ 8. The application was filed in a language other than English.
　*Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).*

□ 9. OTHER:_____

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

### A copy of this notice *MUST* be returned with the reply.

_____
Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV. 9/98)

U.S. GPO: 1999—448-524

#SECTOR #3

*OIPE JC04*
*NOV 0 1 1999*
*PATENT & TRADEMARK OFFICE*

Please type a plus sign (+) inside this box → [+]

PTO/SB/21 (6-98)
Approved for use through 09/30/2000. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| **TRANSMITTAL FORM** (to be used for all correspondence after initial filing) | **Application Number** 09/368,846 |
| | **Filing Date** August 5, 1999 |
| | **First Named Inventor** Keith R. Leighton |
| | **Group Art Unit** 2876 |
| | **Examiner Name** SHERR, D. |
| Total Number of Pages in This Submission  5 | **Attorney Docket Number** 6014-2-CON |

## ENCLOSURES *(check all that apply)*

| | | |
|---|---|---|
| [ ] Fee Transmittal Form | [ ] Assignment Papers (for an Application) | [ ] After Allowance Communication to Group |
| [ ] Fee Attached | [ ] Drawing(s) | [ ] Appeal Communication to Board of Appeals and Interferences |
| [ ] Amendment / Response | [ ] Licensing-related Papers | [ ] Appeal Communication to Group *(Appeal Notice, Brief, Reply Brief)* |
| [ ] After Final | [ ] Petition Routing Slip (PTO/SB/69) and Accompanying Petition | [ ] Proprietary Information |
| [ ] Affidavits/declaration(s) | [ ] Petition to Convert to a Provisional Application | [ ] Status Letter |
| [ ] Extension of Time Request | [ ] Power of Attorney, Revocation Change of Correspondence Address | [X] Additional Enclosure(s) (please *identify* below): |
| [ ] Express Abandonment Request | [ ] Terminal Disclaimer | Declaration/Power of Attorney |
| [ ] Information Disclosure Statement | [ ] Small Entity Statement | $65.00 Surcharge |
| [ ] Certified Copy of Priority Document(s) | [ ] Request for Refund | RETURN CARD |
| [X] Response to Missing Parts/ Incomplete Application | Remarks | |
| [ ] Response to Missing Parts under 37 CFR 1.52 or 1.53 | | |

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm or Individual name | Mark A. Watkins |
| Signature | *[signature]* |
| Date | 10/27/99 |

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on this date: **10/27/1999**

| | | | |
|---|---|---|---|
| Typed or printed name | Mark A. Watkins | | |
| Signature | *[signature]* | Date | 10-27-99 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

OCS_C_045437

Practitioner's Docket No. 6014-2-CON  

#3 *PATENT*

## COMBINED DECLARATION AND POWER OF ATTORNEY

### (ORIGINAL, DESIGN, NATIONAL STAGE OF PCT, SUPPLEMENTAL, DIVISIONAL, CONTINUATION, OR C-I-P)

As a below named inventor, I hereby declare that:

### TYPE OF DECLARATION

This declaration is for a continuation application.

### INVENTORSHIP IDENTIFICATION

My residence, post office address and citizenship are as stated below, next to my name. I believe that I am the original, first and sole inventor *(if only one name is listed below)* or an original, first and joint inventor *(if plural names are listed below)* of the subject matter that is claimed, and for which a patent is sought on the invention entitled:

### TITLE OF INVENTION

Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom

### SPECIFICATION IDENTIFICATION

The specification is attached hereto.

### ACKNOWLEDGMENT OF REVIEW OF PAPERS AND DUTY OF CANDOR

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information, which is material to patentability as defined in 37, Code of Federal Regulations, § 1.56.

(Declaration and Power of Attorney—page 1 of 3)

OCS_C_045438

**CLAIM FOR BENEFIT OF PRIOR U.S. PROVISIONAL APPLICATION(S)**
(35 U.S.C. § 119(e))

I hereby claim the benefit under Title 35, United States Code, § 119(e) of any United States provisional application(s) listed below:

PROVISIONAL APPLICATION NUMBER                              FILING DATE

60/005,685                                                  10/17/1995

60/024,255                                                  10/21/1996

**CLAIM FOR BENEFIT OF EARLIER U.S./PCT APPLICATION(S)**
UNDER 35 U.S.C. § 120

I hereby claim the benefit, under Title 35, United States Code, § 120, of any United States application(s) or PCT international application(s) designating the United States of America that is/are listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in that/those prior application(s) in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose information that is material to patentability as defined in 37, Code of Federal Regulations, § 1.56 and that is material to the examination of this application, namely, information where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent, that occurred between the filing date of the prior application(s) and the national or PCT international filing date of this application.

| PRIOR U.S. APPLICATIONS OR PCT INTERNATIONAL APPLICATIONS DESIGNATING THE U.S. FOR BENEFIT UNDER 35 USC § 120: | | | | | |
|---|---|---|---|---|---|
| U.S. APPLICATIONS | | STATUS | | | |
| U.S. APPLICATIONS | U.S. FILING DATE | Patented | | Pending | Abandoned |
| 1.0 /5,817,207 | 10/07/1996 | X | | | |
| 2.0 /08/918,582 | 08/19/1997 | | | X | |
| PCT APPLICATION DESIGNATING THE U.S. | | | | | |
| PCT APPLICATION NO. | PCT FILING DATE | U.S. APPLICATION NOS. ASSIGNED (IF ANY) | | | |

OCS_C_045439

## POWER OF ATTORNEY

I hereby appoint the following practitioner(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.

Mark A. Watkins                                    Registration Number 33,813

I hereby appoint the practitioner(s) associated with the Customer Number provided below to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith.

SEND CORRESPONDENCE TO                            DIRECT TELEPHONE CALLS TO:

Mark A. Watkins                                   Mark A. Watkins
Oldham & Oldham Co., L.P.A.                        (330) 864-5550
1225 W. Market Street
Akron, OH 44313 USA

Customer Number 021324

## DECLARATION

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

## SIGNATURE(S)

Keith R. Leighton
Inventor's signature
Date 10-19-99                                     Country of Citizenship USA
Residence Lorain, OH
Post Office Address    2817 Fulmer Road
                       Lorain, OH 44053

(Declaration and Power of Attorney—page 3 of 3)

OCS_C_045440



*9p/2876*

Practitioner's Docket No. 6014-2-CON

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:    Leighton, Keith R.

Application No.: 09/368,846          Group No.:    2876
Filed:   August 5, 1999              Examiner:
For:    Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart
        Card and Product Resulting Therefrom

Assistant Commissioner for Patents
Washington, D.C. 20231

RECEIVED

APR 25 2000

TECHNOLOGY CENTER 2800

## TRANSMITTAL OF INFORMATION DISCLOSURE STATEMENT
## WITHIN THREE MONTHS OF FILING OR
## BEFORE MAILING OF FIRST OFFICE ACTION (37 C.F.R. 1.97(b))

### IDENTIFICATION OF TIME OF FILING THE ACCOMPANYING
### INFORMATION DISCLOSURE STATEMENT

   The information disclosure statement submitted herewith is being filed within three months of the filing
date of the application or date of entry into the national stage of an international application or before the
mailing date of a first Office action on the merits, whichever event occurs last. 37 C.F.R. 1.97(b).

RECEIVED

NOV 0 1 1999

SIGNATURE OF PRACTITIONER

Reg. No. 33,813                    Mark A. Watkins
Tel. No.: (330) 864-5550 TECHNOLOGY CENTER 2800   Oldham & Oldham Co., L.P.A.
                                   1225 W. Market Street

### CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8(a))

■ I hereby certify that, on the date shown below, this correspondence is being:

MAILING                                          FACSIMILE

■      deposited with the United States Postal Service    ☐  transmitted by facsimile to the Patent and
       with sufficient postage as first class mail in an      Trademark Office.
       envelope addressed to the Assistant Commissioner
       for Patents, Washington, D.C. 20231.

Date: 10-27-99                                   Signature

                                                 MARK A. WATKINS
                                                 (type or print name of person certifying)

(Transmittal of Information Disclosure Statement Within Three Months of Filing or Before Mailing of First Office Action)

OCS_C_045441



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    Leighton, Keith R.          Examiner:    not yet assigned

Serial No:    09/368,846                 Art Unit:     2876

Filed:        August 5, 1999            Date:   October 27, 1999

For:    HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A
        COMBINATION CONTACT/CONTACTLESS SMART CARD AND
        PRODUCT RESULTING THEREFROM

Commissioner of Patents and Trademarks
Washington, D.C. 20231

**RECEIVED**

APR 2 5 2000

TECHNOLOGY CENTER 2800

**RECEIVED**

NOV 0 1 1999

TECHNOLOGY CENTER 2800

**INFORMATION DISCLOSURE STATEMENT**
**Under 37 CFR § 1.97**

This Information Disclosure Statement is filed within three months after the filing date of this application and is therefore timely.  37 CFR §1.97(b).

The filing of this Information Disclosure Statement shall not be construed as a representation that a search has been made (37 CFR §1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this Information Disclosure Statement shall not be construed as an admission against interest in any manner.  Notice of January 9, 1992, 1135 O.G. 13, at 25.

This Information Disclosure Statement is made to comply with the duty of candor imposed on all individuals associated with the filing or prosecution of this application, as defined by 37 CFR §1.56(c).

A list of the patents and other cited references cited by the applicant are enclosed on two sheets of Form PTO-1449 which are attached and made a part hereof.  Copies of the references are enclosed herein.  The relevance of each cited reference is thought to have been sufficiently discussed in the prosecution of the parent applications and, therefore, has not

2

been recited herein.

This Information Disclosure Statement is based on information contained in the undersigned attorney file as of the date of this statement and is inclusive of the best information known to the undersigned at that date.

The Examiner is kindly requested to consider the Information Disclosure Statement in addition to any references identified by the Examiner as a result of his independent search and examination.

Respectfully submitted,

OLDHAM & OLDHAM CO., LPA

Mark A. Watkins
Registration 33,813

MAW/JDD/srm

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket: 6014-2-CON

OCS_C_045443

**INFORMATION DISCLOSURE CITATION**
*(Use several sheets if necessary)*

| Docket Number (Optional) | Application Number |
|---|---|
| 6014-2-CON | 09368846 |
| Applicant(s) | |
| Keith R. Leighton | |
| Filing Date | Group Art Unit |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | AA | 4,450,024 | 5/22/84 | Haghiri-Tehrani et al. | | | |
| | AB | 5,067,008 | 11/19/91 | Yanaka et al. | | | |
| | AC | 5,396,650 | 3/7/95 | Terauchi | | | |
| | AD | 5,208,450 | 5/4/93 | Uenishi et al. | | | |
| | AE | 4,980,802 | 12/25/90 | Champagne et al. | | | |
| | AF | 5,097,117 | 3/17/92 | Champagne et al. | | | |
| | AG | 5,438,750 | 8/8/95 | Venambre | | | |
| | AH | 5,567,362 | 10/22/96 | Grun | | | |
| | AI | 4,795,898 | 1/3/89 | Bernstein et al. | | | |
| | AJ | 4,701,236 | 10/20/87 | Vieilledent | | | |
| | AK | 4,792,843 | 12/20/88 | Haghiri-Tehrani et al. | | | |

### FOREIGN PATENT DOCUMENTS

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | |
|---|---|
| | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | 12-1-00 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820
(also form PTO-1449)     Copyright 1994-97 LegalStar     P09A/REV03     Patent and Trademark Office • U.S. DEPARTMENT OF COMMERCE

SHEET  1  OF  2

INFORMATION DISCLOSURE CITATION
*(Use several sheets if necessary)*

| Docket Number (Optional) | Application Number |
|---|---|
| 6014-2-CON | 09/361846 |

| Applicant(s) |
|---|
| Keith R. Leighton |

| Filing Date | | Group Art Unit |
|---|---|---|

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | REF | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | AL | 5,173,840 | 12/22/92 | Kodai et al. | | | |
| | AM | 5,272,596 | 12/21/93 | Honore et al. | | | |
| | AN | 5,412,192 | 5/2/95 | Hoss | | | |
| | AO | 5,268,699 | 12/7/93 | Laute et al. | | | |
| | AP | 5,809,633 | 9/22/98 | Mundigleet al. | | | |
| | AQ | 4,841,135 | 6/29/89 | Hida et al. | | | |
| | AR | 3,994,225 | 11/30/76 | Sitzberger | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | REF | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## OTHER DOCUMENTS  *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | 12-1-00 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP Section 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-A820
(also form PTO-1449)          Copyright 1994-97 LegalStar          PO9A/REV03          Patent and Trademark Office • U.S. DEPARTMENT OF COMMERCE

SHEET  2  OF  2

OCS_C_045445



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
           Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON | K | 6014-2-CON |

021324
OLDHAM & OLDHAM  CO
TWIN OAKS ESTATE
1225 W MARKET STREET
AKRON OH 44313

IM22/1206

| EXAMINER |
|---|
| AFTERGUT, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1733 | |

DATE MAILED:     12/06/00

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit |
| | Jeff H. Aftergut | 1733 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .

2a) ☐ This action is FINAL.    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-24* is/are pending in the application.

     4a) Of the above claim(s) *18-22* is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-17,23 and 24* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

     a) ☐ All b) ☐ Some * c) ☐ None of:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

     * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☒ Notice of References Cited (PTO-892)

16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

18) ☒ Interview Summary (PTO-413) Paper No(s). *4*

19) ☐ Notice of Informal Patent Application (PTO-152)

20) ☐ Other: _____ .

OCS_C_045447

Application/Control Number: 09/368,846                                                    Page 2
Art Unit: 1733

### *Election/Restrictions*

1.     Restriction to one of the following inventions is required under 35 U.S.C. 121:

    I.    Claims 1-19, and 22-24, drawn to a method of laminating a chip bearing card,

          classified in class 156, subclass 153.

    II.    Claims 20 and 21, drawn to a laminated card, classified in class 235, subclass 488.

The inventions are distinct, each from the other because of the following reasons:

2.     Inventions I and II are related as process of making and product made. The inventions

are distinct if either or both of the following can be shown: (1) that the process as claimed can be

used to make other and materially different product or (2) that the product as claimed can be

made by another and materially different process (MPEP § 806.05(f)). In the instant case the

product as claimed can be made by a materially different process such as one where the recess

was formed in the substrate by etching chemically rather than mechanically milling.

Additionally, the chip could be embedded in a piece of plastic with a preformed recess therein

and have a piece of plastic laminated there over in order to form the laminated card.

3.     Because these inventions are distinct for the reasons given above and have acquired a

separate status in the art as shown by their different classification, restriction for examination

purposes as indicated is proper.

4.     Because these inventions are distinct for the reasons given above and have acquired a

separate status in the art because of their recognized divergent subject matter, restriction for

examination purposes as indicated is proper. This application contains claims directed to the

following patentably distinct species of the claimed invention: the species where the recess was

OCS_C_045448

Application/Control Number: 09/368,846                                      Page 3
Art Unit: 1733

formed via a milling operation or the species where the recess was preformed and maintained

with a spacer during the laminating operation.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for

prosecution on the merits to which the claims shall be restricted if no generic claim is finally

held to be allowable. Currently, no claims are generic.

Applicant is advised that a reply to this requirement must include an identification of the

species that is elected consonant with this requirement, and a listing of all claims readable

thereon, including any claims subsequently added. An argument that a claim is allowable or that

all claims are generic is considered nonresponsive unless accompanied by an election.

Upon the allowance of a generic claim, applicant will be entitled to consideration of

claims to additional species which are written in dependent form or otherwise include all the

limitations of an allowed generic claim as provided by 37 CFR 1.141. If claims are added after

the election, applicant must indicate which are readable upon the elected species. MPEP §

809.02(a).

Should applicant traverse on the ground that the species are not patentably distinct,

applicant should submit evidence or identify such evidence now of record showing the species to

be obvious variants or clearly admit on the record that this is the case. In either instance, if the

examiner finds one of the inventions unpatentable over the prior art, the evidence or admission

may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

5.      During a telephone conversation with Mark Watkins on 11-30-00 a provisional election

was made with traverse to prosecute the invention of Group I, the species of milling out the

recess for the contacts, claims 1-17, 23, and 24. Affirmation of this election must be made by

Application/Control Number: 09/368,846                          Page 4
Art Unit: 1733

applicant in replying to this Office action. Claims 18- 22 have been withdrawn from further

consideration by the examiner, 37 CFR 1.142(b), as being drawn to a non-elected invention.

### *Claim Rejections - 35 USC § 112*

6.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the
> subject matter which the applicant regards as his invention.

7.      Claims 1-17, 23 and 24 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

      In claim 1, line 12, the line ends with a ".", however the claim does not end here.

Applicant is advised that the claim should only have one period at the end of the claim. It is

suggested that --.-- be changed to --,and;--.


### *Double Patenting*

8.      A rejection based on double patenting of the "same invention" type finds its support in
the language of 35 U.S.C. 101 which states that "whoever invents or discovers any new and
useful process ... may obtain a patent therefor ..." (Emphasis added). Thus, the term "same
invention," in this context, means an invention drawn to identical subject matter. See *Miller v.
Eagle Mfg. Co.*, 151 U.S. 186 (1894); *In re Ockert*, 245 F.2d 467, 114 USPQ 330 (CCPA 1957);
and *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970).

      A statutory type (35 U.S.C. 101) double patenting rejection can be overcome by
canceling or amending the conflicting claims so they are no longer coextensive in scope. The
filing of a terminal disclaimer <u>cannot</u> overcome a double patenting rejection based upon 35
U.S.C. 101.

9.      Claim 11 is rejected under 35 U.S.C. 101 as claiming the same invention as that of

claim1 of prior U.S. Patent No. 6,036,099. This is a double patenting rejection. All of the

limitation of dependent claim 11 are claimed in independent claim 1 of the prior application.

OCS_C_045450

Application/Control Number: 09/368,846                                    Page 5
Art Unit: 1733

10.    The nonstatutory double patenting rejection is based on a judicially created doctrine
grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or
improper timewise extension of the "right to exclude" granted by a patent and to prevent possible
harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.
Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686
F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA
1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).
       A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to
overcome an actual or provisional rejection based on a nonstatutory double patenting ground
provided the conflicting application or patent is shown to be commonly owned with this
application.  See 37 CFR 1.130(b).
       Effective January 1, 1994, a registered attorney or agent of record may sign a terminal
disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37
CFR 3.73(b).

11.    Claims 1-17,  23, and 24 are rejected under the judicially created doctrine of obviousness-

type double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 6,036,099.

Although the conflicting claims are not identical, they are not patentably distinct from each other

because the claims presented herein are generic to the operation as recited in the earlier patent

and therefore the subject matter of the same are covered by the earlier claimed patent, see In re

Goodman , 29 USPQ2nd 2010.

12.    Claims 1-17, 23 and 24 are rejected under the judicially created doctrine of obviousness-

type double patenting as being unpatentable over claims 1-17 of U.S. Patent No. 5,817,207 in

view of Templeton, Jr. et al.

       The claimed invention in U.S. '207 is essentially the same invention as recited herein,

except that the claims failed to recite that one skilled in the art would have milled the assembly

in order to form contacts with the electronic component disposed within the card. However, as

envisioned by Templeton, Jr. et al such milling to make electrical contact in a card with an

embedded electronic component therein was known. Templeton, et al suggested that one skilled

in the art would have known that subsequent to lamination of a circuit component within a card

OCS_C_045451

Application/Control Number: 09/368,846                                    Page 6
Art Unit: 1733

one would have milled the same . More specifically, an inductive coil 201 was formed upon a

plastic substrate 202 of PVC for example. Onto the substrate 202 one laminated a second

substrate 203 which covered and encapsulated the coil 201. The reference taught that subsequent

to the lamination operation one milled out the contact holes 203b through the substrate in

locations where the contact pads 201a of the inductive coil are in order to facilitate electrical

contact with the inductive coil which was embedded within the plastic sheets. See column 7,

lines 6-17. Because it would have been desirable to make contact with an embedded coil in a

smart card which was a contactless card as envisioned by Templeton, Jr. et al, it would have been

obvious to one of ordinary skill in the art of manufacturing a smart card to incorporate a milling

step after card formation in the operations of US Patent '207 in the formation of a contactless

smart card.


### *Claim Rejections - 35 USC § 103*

13.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

14.     Claims 1, 4-10, and 14-17 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al optionally further

taken with UK 2,225,283.

        Japanese Patent '214 taught a process for forming a smart card which included the steps

of laminating with heat and pressure an assembly which included an IC chip 11 and a thin coil 12

*JP*
*214*

Application/Control Number: 09/368,846                                    Page 7
Art Unit: 1733

(an antennae). The IC chip 11 and antennae 12 were disposed unsupported between plastic films

14. On either side of plastic films 14 were additional plastic films 15. The assembly was

disposed in a press and heat and pressure were applied in order to laminate the layers together to

form the smart card. The reference to Japanese Patent '214 failed to teach that the heat and

pressure laminating operation included a cooling operation while the press remained under

pressure. Additionally, there is no mention of milling the laminated card in order to gain access

to contacts of the chip and/or antennae for purposes of making physical contact with the same.

     However, in the art of making a laminated smart card, it was known as evidenced by UK

'610 that one skilled in the art when laminating the same together would not have applied high

heat and pressure and then removed the same in the lamination operation for processing under

such extreme conditions would lead to damage of the chip and/or antennae in the laminate. The

reference to UK '610 suggested that one skilled in the art would have interposed a printed circuit

11 with reinforced elements 19 between two outer sheets 37 and 38 of thermoplastic in the PVC

family with interposed polyester layers coated with thermally activated catalyst adhesive  and the

assembly was disposed between pressing plates. The assembly was heated and then pressure

applied to the same in order to encapsulate the electrical components of the card. Subsequent to

the application of this heat and pressure, the pressure was maintained while the card was allowed

to cool in the press, see page 11, line 16-page 12, line 12. The reference made clear that in order

to avoid damaging the integrated circuit which was being encapsulated that one would have

heated the assembly, then applied heat and pressure to the assembly in the press and then cooled

the assembly while pressure was maintained. Clearly, one viewing the same would have

understood that heat and pressure as well as cooling under pressure would have been performed

OCS_C_045453

Application/Control Number: 09/368,846                                    Page 8
Art Unit: 1733

when laminating the card with the integrated circuit therein. Note that Japanese Patent '214

performed the lamination operation in a heated press. The combination fails to suggest that one

would have milled out openings in the card after formation in order to provide open contacts in

the card.

      However, the reference to Templeton, et al suggested that one skilled in the art would

have known that subsequent to lamination of a circuit component within a card one would have

milled the same . More specifically, an inductive coil 201 was formed upon a plastic substrate

202 of PVC for example. Onto the substrate 202 one laminated a second substrate 203 which

covered and encapsulated the coil 201. The reference taught that subsequent to the lamination

operation one milled out the contact holes 203b through the substrate in locations where the

contact pads 201a of the inductive coil are in order to facilitate electrical contact with the

inductive coil which was embedded within the plastic sheets. See column 7, lines 6-17. Because

it would have been desirable to make contact with an embedded coil in a smart card which was a

contactless card as envisioned by Templeton, Jr. et al, it would have been obvious to one of

ordinary skill in the art of manufacturing a smart card to incorporate a milling step after card

formation in the operations of Japanese Patent 6-176214 wherein the pressing operation was

performed in a heated press where the pressure was maintained during the cooling operation as

suggested by UK 2,279,610.

      With respect to claims 4-5, the references as set forth above suggested the use of PVC

and/or polyester materials and one skilled in the art would have been determined the suitable

thickness for the material  through routine experimentation. Regarding claims 6-7 and 9-10, note

that UK '610 suggested that one skilled in the art would have increased the pressure after

OCS_C_045454

Application/Control Number: 09/368,846                                    Page 9
Art Unit: 1733

increasing the temperature (ramped the same up). One skilled in the art would have optimized

the specific pressure used in order to achieve a good bond without disrupting the ability of the

circuit to operate properly. Regarding claim 15, note that Templeton taught one would have

provided an electrical contact in the cavity formed by milling. Regarding claims 16 and 17, one

skilled in the art would have understood what kind of chips would have been useful for the

manufacture of the cards. Regarding claims 8 and 14, the references as set forth above suggested

the use of multiple films over the chip, for example Japanese Patent '214 suggested the use of

multiple films 14 and 15 over the assembly. The specific pressures and temperatures employed

in the operation would have been determined through routine experimentation.

        While it is believed that the reference to UK '610 suggested that one would have

ramped up the pressure during the laminating operation, to further evidence that the highest

amount of pressure would have been applied when the assembly was cooled, the reference to UK

'283 is cited. UK '283 is manufacturing an integrated circuit card where the assembled layers

(which included thin plastic layers which had printing on the layers as well as in integrated

circuit therein) were laminated together in a press. The reference taught that the press would

have been preheated, the pressure applied and then the assembly removed or the assembly would

have been preheated and the pressure applied in steps with the highest pressure applied while the

assembly was being cooled in the press, see page 11, lines 3-13. It would have been obvious to

one of ordinary skill in the art at the time the invention was made to employ a pressing operation

in the manufacture of an integrated circuit card wherein the pressue applied would have been the

highest when the card was being cooled in the press as suggested by UK 2,225,283 wherein the

laminated card was formed by laminating with heat and pressure in a press as suggested by

OCS_C_045455

Application/Control Number: 09/368,846                                          Page 10
Art Unit: 1733

Japanese Patent 6-176214 and UK 2,279,610 wherein after lamination the card would have been milled in order to expose the contact pads of the electronic component within the card as suggested by Templeton, Jr. et al.

For a discussion of the dependent claims, see above.

15.    Claims 2 , 3, 11-13, 23, and 24 are rejected under 35 U.S.C. 103(a) as being unpatentable over the references as set forth above in paragraph 14 further taken with UK 2,294,899.

The references as set forth above in paragraph 14 suggested the overall operation, they failed to suggest that one would have provided the platens with a matte surface thereon such that the finished exterior surfaces of the card had a matte finish. Additionally, the references failed to mention a printing operation used in manufacturing the card (it should be noted that UK '283 suggested that layes 2 and 6 would have been provided with printing thereon, see page 5, lines 3-5 of the UK document). However, in the art of manufacturing a smart card where an integrated circuit was disposed within the card, it was known at the time the invention was made to provide the exterior of the card with a matte finish where the same was provided by employed pressing plates which had a matte finish thereon in order to reduce the spectral reflection as suggested by UK '899, see page 4, lines 4-6. Additionally, in manufacturing such smart cards, it was well known at the time the invention was made to provide printed information upon the same where the printed information would have been provided upon the layers prior to the pressing operation as in printed information 8 and additional information would have been printed upon the cards exterior after formation as in image 10. It would have been within the purview of the ordinary artisan to select suitable printing techniques from those which were readily available to the artisan and the specified printing techniques claimed are taken as conventional in the art of

OCS_C_045456

Application/Control Number: 09/368,846                    Page 11
Art Unit: 1733

making smart cards. It would have been obvious to one of ordinary skill in the art of laminating

to form a smart card to provide the card with a matte finish (in order to reduce reflection) as well

as to provide the card with printing thereon in order to facilitate a useful card as suggested by

UK 2,294,899 in the manufacture of a smart card as set forth above in paragraph 14.

### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Jeff H. Aftergut whose telephone number is 703-308-2069. The

examiner can normally be reached on Monday-Friday 6:30-3:00pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Michael W. Ball can be reached on 703-308-2058. The fax phone numbers for the

organization where this application or proceeding is assigned are 703-305-3599 for regular

communications and 703-305-7718 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-0661.

Jeff H. Aftergut
Primary Examiner
Art Unit 1733

JHA
December 1, 2000

| *Notice of References Cited* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit | |
| | Jeff H. Aftergut | 1733 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|---|---|---|---|
| ☐ | A | 5,817,207 | Oct. 1998 | Leighton | 156 | 298 | ☐ | ☐ |
| ☐ | B | 6,036,099 | Mar. 2000 | Leighton | 235 | 488 | ☐ | ☐ |
| ☐ | C | 5,519,201 | May. 1996 | Templeton, Jr. et al | 235 | 492 | ☐ | ☐ |
| ☐ | D | | | | | | ☐ | ☐ |
| ☐ | E | | | | | | ☐ | ☐ |
| ☐ | F | | | | | | ☐ | ☐ |
| ☐ | G | | | | | | ☐ | ☐ |
| ☐ | H | | | | | | ☐ | ☐ |
| ☐ | I | | | | | | ☐ | ☐ |
| ☐ | J | | | | | | ☐ | ☐ |
| ☐ | K | | | | | | ☐ | ☐ |
| ☐ | L | | | | | | ☐ | ☐ |
| ☐ | M | | | | | | ☐ | ☐ |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | N | 2,279,610 | Jan. 1995 | UK | GEC Avery Lmtd. | -- | -- | ☐ | ☐ |
| ☐ | O | 6-176214 | Jun. 1994 | Japan | -- | -- | -- | ☐ | ☐ |
| ☐ | P | 2,225,283 | May. 1990 | UK | -- | -- | -- | ☐ | ☐ |
| ☐ | Q | 2,294,899 | May. 1996 | UK | -- | -- | -- | ☐ | ☐ |
| ☐ | R | | | | | | | ☐ | ☐ |
| ☐ | S | | | | | | | ☐ | ☐ |
| ☐ | T | | | | | | | ☐ | ☐ |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (Including Author, Title Date, Source, and Pertinent Pages) | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|
| ☐ | U | | ☐ | ☐ |
| ☐ | V | | ☐ | ☐ |
| ☐ | W | | ☐ | ☐ |
| ☐ | X | | ☐ | ☐ |

*A copy of this reference is not being furnished with this Office action. (See Manual of Patent Examining Procedure, Section 707.05(a).)
**APS encompasses any electronic search i.e. text, Image, and Commercial Databases.
U.S. Patent and Trademark Office
PTO-892 (Rev. 03-98)                    Notice of References Cited                    Part of Paper No. 5

OCS_C_045458



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/99 | LEIGHTON | K | 6014-2-CON |

```
                                              ┐   ┌─────────────────────────┐
  021324                                            EXAMINER
  OLDHAM & OLDHAM  CO          IM52/0720
  TWIN OAKS ESTATE                              AFTERGUT, J
  1225 W MARKET STREET                         ┌──────────┬──────────────┐
  AKRON OH 44313                               │ ART UNIT │ PAPER NUMBER │
                                               └──────────┴──────────────┘
                                                   1733            6
                                              DATE MAILED:
                                                           07/20/01
```

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

OCS_C_045459

| *Notice of Abandonment* | Application No. | Applicant(s) |
|---|---|---|
| | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit |
| | Jeff H. Aftergut | 1733 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

This application is abandoned in view of:

1. ☒ Applicant's failure to timely file a proper reply to the Office letter mailed on <u>06 December 2000</u>.

   (a) ☐ A reply was received on _____ (with a Certificate of Mailing or Transmission dated _____ ), which is after the expiration of the period for reply (including a total extension of time of _____ month(s)) which expired on _____.

   (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CRF 1.113 (a) to the final rejection.

      (A proper reply under 37 CRF 1.113 to a final rejection consists only of: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114).

   (c) ☒ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).

   (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance.

   (b) ☐ The submitted fee of $_____ is insufficient. A balance of $_____ is due.

      The issue fee required by 37 CFR 1.18 is $_____. The publication fee, if required by 37 CFR 1.18(d), is $_____.

   (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file new formal drawings as required by, and within the three-month period set in, the Notice of Allowability (PTO-37).

   (a) ☐ Proposed new formal drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply.

   (b) ☐ The proposed new formal drawings filed on _____ are not acceptable and the period for reply has expired.

   (c) ☐ No proposed new formal drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

6. ☐ The decision by the Board of Patent Appeals and Interference rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☐ The reason(s) below:

Jeff H. Aftergut
Primary Examiner
Art Unit: 1733

OCS_C_045460



COPY OF PAPERS
ORIGINALLY FILED

# 7

Docket No. 6014-2-CON

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:  Keith Leighton          Group Art Unit:  1733

Serial No.:      09/368,846                           Examiner:        J. Aftergut

Filed:           August 5, 1999                       Date:            February 15, 2002

For:             Hot Lamination Process for the Manufacture of a  Combination
                 Contact/Contactless Smart Card and Product Resulting Therefrom

PETITION FOR REVIVAL OF AN APPLICATION FOR PATENT ABANDONED
UNINTENTIONALLY UNDER 37 C.F.R. §1.137(b)

RECEIVED
MAR 07 2002
OFFICE OF PETITIONS
DEPUTY A/C PATENTS

Attention:  Office of Petitions
Assistant Commissioner for Patents
Box DAC
Washington, D.C.  20231

Sir:

The above-identified application became abandoned for failure to file a timely reply to the final Office Action mailed on December 6, 2000, which set a  three month period for reply.  The abandonment date of this application is March 6, 2001.

APPLICANT HEREBY PETITIONS FOR REVIVAL OF THIS APPLICATION.

1.    Petition Fee
      Enclosed is a check for the small entity fee $640.00 (37 C.F.R. §1.17(m)).

2.    Reply and/or fee.
      Enclosed herewith is an amendment and response to the Office Action mailed.
      Enclosed is a check in the amount of $45.00 for additional claims.

03/06/2002 GTEFFERA 00000089 09368846
01 FC:241          640.00 OP

OCS_C_045461

Docket No. 6014-2-CON
Serial No. 09/368,846

February 15, 2002
Page 2

3.    Terminal Disclaimer with disclaimer fee.

Since this application was filed on or after June 8, 1995, no terminal disclaimer is required.

4.    Statement: The entire delay in filing the required reply from the due date for the required reply until the filing of a grantable petition under 37 C.F.R. § 1.137(b) was unintentional.

5.    Additional Fees

Please charge Account 15-0450 for any additional fees may be required by the filing of these papers.

Respectfully submitted,

Hahn Loeser & Parks LLP

Michael H. Minns
Reg. No. 31,985

Date: February 15, 2002

Hahn Loeser + Parks LLP
Twin Oaks Estate
1225 West Market Street
Akron, Ohio 44313-7188
(330) 864-5550

Enclosures:  Amendment
             Reply
             Terminal Disclaimer
             Return Postcard

---

### CERTIFICATION UNDER 37 C.F.R. § 1.8(a)

I hereby certify that, on the date shown below, this correspondence is being deposited with the United States Postal Service in an envelope addressed to the Assistant Commissioner of Patents, Washington D.C. 20231 with sufficient postage as first class mail.

Signature

Date: February 15, 2002

Michael H. Minns
Type or print name of person certifying

OCS_C_045462



COPY OF PAPERS
ORIGINALLY FILED

#8/a Vale

Docket No.: 6014-2-CON

4/10/02

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of: Keith Leighton    Group Art Unit: 1733

Serial No.: 09/368,846    Examiner:    J. Aftergut

Filed:    August 5, 1999    Date:    February 13, 2002

For:    Hot Lamination Process for the Manufacture of a Combination
    Contact /Contactless Smart Card and Product Resulting Therefrom

AMENDMENT AND REQUEST FOR RECONSIDERATION
UNDER 37 C.F.R. §1.111

Assistant Commissioner For Patents
Washington, D.C. 20231

Sir:

In response to the Official Action dated, please amend the above-identified application as follows:

IN THE SPECIFICATION:

On page 1, replace the paragraph before "Field of the Invention", with the following paragraph:

This application is a continuation of copending application 08/918,582, filed August 19, 1997, now U.S. Patent No. 6,036,099, which claimed the benefit of provisional application serial no. 60/024,255, filed August 21, 1996; a continuation-in-part of copending application 08/727,789 filed October 7, 1996, now U.S. Patent No. 5,817,207, which claimed the benefit of provisional application serial no. 60/005,685, filed on October 17, 1995.

A

OCS_C_045463

Docket No. 6014-2-CON
Serial No. 09/368,846

On page 4, replace the first paragraph after "Summary of the Invention" with the following:

The present invention is therefore directed to a hot lamination method for the manufacture of a plastic card having at least one electronic element embedded therein as well as at least one electronic element with an exposed contact surface and to such plastic cards. The card has an overall thickness in the range of 0.028 inches to 0.032 inches and comprises a plastic core having at least one electronic element embedded therein with at least one of the upper and lower surfaces of the core comprising a coating printed or otherwise applied thereon. A portion of the card=scard's outer surface exposes a contact surface electronic element operatively connected to the card=scard's internal electronics. An overlaminate film is preferably provided over the coated surface of the core and the resulting card has a variation in thickness across the surfaces thereof of no greater than approximately 0.0005 inches.

IN THE CLAIMS:

1.    (Amended)   A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core.; and

-2-

OCS_C_045464

Docket No. 6014-2-CON
Serial No. 09/368,846

(d) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

Cancel claim 11.

Add new claims 25 through 30.

25.    (New) The process according to claim 1, wherein the pressure on said core is step (c)(i) is less than 10 p.s.i.

26.    (New) The process according to claim 1, wherein said core is heated in step (c)(ii).

27.    (New) A process for incorporating at least one electronic element in the manu-facture of a plastic card, comprising the steps of:
   (a) providing first and second plastic core sheets;
   (b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;
   (c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:
      (i) heating said core for a first period of time;
      (ii)  applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;
      (iii) cooling said core while applying a second pressure to said core.

28.    (New) The process according to claim 27, further comprising:
   forming a cavity in said core.

-3-

OCS_C_045465

Docket No. 6014-2-CON
Serial No. 09/368,846

29.    (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

after step (c), milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

30.    (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

at least one core sheet having a cavity formed therein; and

before step (c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent; and

after step (c) removing said spacer for the cavity of said core.

-4-

OCS_C_045466

Docket No. 6014-2-CON
Serial No. 09/368,846

### REMARKS

Claims 1 through 10 and 12 through 30 are in the case. Claim 1 is amended by this amendment. Claim 11 is canceled by this amendment. Claims 25 through 30 are added by this amendment.

Attached is a clean version of the changes made to the specification and claims by the current amendment. The attached pages are captioned "**Clean Version Incorporating Changes Made**"

Accompanying this amendment are a Petition for Revival of an Application for Patent Abandoned Unintentionally and a Terminal Disclaimer to Obviate a Double Patenting Rejection.

The Examiner required restriction to one of the following inventions under 35 U.S.C. § 121:

I.     Claims 1-19, and 22-24, drawn to a method of laminating a chip bearing card, classified in class 156, subclass 153.

II.    Claims 20 and 21, drawn to a laminated card, classified in class 235, subclass 488.

The Examiner further required election of a single disclosed species between the species where the recess was formed via a milling operation and the species where the recess was preformed and maintained with a spaced during the laminating operation.

Applicant affirms the telephone election of November 30, 2000 of Group I and the species of milling out the recess for the contacts, claims 1 through 17, 23 and 23.

New claims 25 and 26 are dependent from claim 1, and therefore read on the species of milling out the recess. New claims 27 and 28 are generic. New claim 29 reads on the species of milling out the recess and new claim 30 reads on the species of preforming the cavity.

Claims 1 through 17, 23 and 24 are rejected under 35 U.S.C. §112, second paragraph. Specifically, claim 1, line 12 ends with a ".", but the claim does not end there. Claim 1 has been amended as suggested.

OCS_C_045467

Docket No. 6014-2-CON
Serial No. 09/368,846

Claim 11 is rejected under 35 U.S.C. §101 as claiming the same invention as that of claim 1 of prior U.S. Patent no. 6,036,099. Claim 11 has been cancelled.

Claims 1 through 17, 23 and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1 through 16 of U.S. Patent no. 6,036,099. Claims 1 through 17, 23 and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1 through 17 of U.S. Patent No. 5,817,207 in view of Templeton, Jr. et al.

Enclosed is a terminal disclaimer disclaiming the term of any patent that issues from this application that extends beyond the term of U.S. Patent No. 6,036,099 or U.S. Patent No. 5,817,207. Applicant submits that this terminal disclaimer obviates this rejection.

Claims 1, 4 through 10 and 14 through 17 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al optionally further taken with UK 2,225,283. Claims 2, 3, 11 through 13, 23 and 24 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al optionally further taken with UK 2,225,283, and further taken with UK 2,294,899.

The specification has been amended to claim the benefit of provisional applications serial nos. 60/024,255, filed August 21, 1996 and 60/005,685, filed on October 17, 1995. The January 11, 1995 publication date of UK 2,279,610 is less than one year before the October 17, 1995 filing date of provisional application 60/005,685. Therefore, UK 2,279,601 is not prior art to the present application.

Support for claims 1, 4 through 10, 14 through 17 and new claim 27, relative to the disclosure of UK 2,279,601 can be found on page 11 of provisional application serial no. 60/005,685.

With respect to UK 2,225,283, the reference does not disclose or suggest placing the assembly into the press and then heating the press and assembly under minimal pressure as does Applicant's invention. The '283 reference specifically states that the press is heated first and then the assembly is inserted into the press. Further, the

-6-

OCS_C_045468

Docket No. 6014-2-CON
Serial No. 09/368,846

'283 reference does not disclose or suggest a further increase in the pressure while cooling the assembly.  The '283 reference specifically states that the laminate is cooled with the pressure *maintained* at its highest value.

Generic claim 27 is also patentable over the prior art for the same reasons as stated above for claim 1.  Since a generic claim is allowable, applicant respectfully that the restriction be withdrawn and claims 1 through 10 and 12 through 30 be allowed.

Respectfully submitted,

Hahn Loeser & Parks LLP

Date *February 15, 2002*

Michael H. Minns
Reg. No. 31,985

Hahn Loeser + Parks LLP
1225 West Market Street
Akron, Ohio 44313
(330) 864-5550

-7-

OCS_C_045469

Docket No. 6014-2-CON
Serial No. 09/368,846

**Clean Version Incorporating Changes Made**

IN THE SPECIFICATION:

On page 1, replace the paragraph before "Field of the Invention", with the following paragraph:

This application is a continuation of copending application 08/918,582, filed August 19, 1997, now U.S. Patent No. 6,036,099, which claimed the benefit of provisional application serial no. 60/024,255, filed August 21, 1996; a continuation-in-part of copending application 08/727,789 filed October 7, 1996, now U.S. Patent No. 5,817,207, which claimed the benefit of provisional application serial no. 60/005,685, filed on October 17, 1995.

On page 4, replace the first paragraph after "Summary of the Invention" with the following:

The present invention is therefore directed to a hot lamination method for the manufacture of a plastic card having at least one electronic element embedded therein as well as at least one electronic element with an exposed contact surface and to such plastic cards. The card has an overall thickness in the range of 0.028 inches to 0.032 inches and comprises a plastic core having at least one electronic element embedded therein with at least one of the upper and lower surfaces of the core comprising a coating printed or otherwise applied thereon. A portion of the card's outer surface exposes a contact surface electronic element operatively connected to the card's internal electronics. An overlaminate film is preferably provided over the coated surface of the core and the resulting card has a variation in thickness across the surfaces thereof of no greater than approximately 0.0005 inches.

OCS_C_045470

Docket No. 6014-2-CON
Serial No. 09/368,846

<u>IN THE CLAIMS</u>:

1.     (Amended)   A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core; and

(d) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

Cancel claim 11.

Add new claims 25 through 30.

25.     (New) The process according to claim 1, wherein the pressure on said core is step (c)(i) is less than 10 p.s.i.

26.     (New) The process according to claim 1, wherein said core is heated in step (c)(ii).

27.     (New) A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

-9-

OCS_C_045471

Docket No. 6014-2-CON
Serial No. 09/368,846

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core.

28.  (New) The process according to claim 27, further comprising: forming a cavity in said core.

29.  (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

after step (c),  milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said electronic element.

30.  (New) The process according to claim 28, wherein the step of forming a cavity in said core comprises:

at least one core sheet having a cavity formed therein; and:

before step (c) inserting a spacer into said cavity, said spacer substantially filling said cavity and covering said at least one electronic subcomponent; and

after step (c) removing said spacer for the cavity of said core.

-10-

COPY OF PAPERS
ORIGINALLY FILED

Docket No. 6014-2-CON

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:  Keith Leighton

| | | | |
|---|---|---|---|
| Serial No.: | 09/368,846 | Group Art Unit: | 1733 |
| | | Examiner: | J. Aftergut |
| Filed: | August 5, 1999 | Date: | February 15, 2002 |

For:  Hot Lamination Process for the Manufacture of a  Combination
Contact/Contactless Smart Card and Product Resulting Therefrom

Assistant Commissioner for Patents
Washington, D.C.  20231

RECEIVED
MAR 07 2002
OFFICE OF PETITIONS
DEPUTY A/C PATENTS

TRANSMITTAL

Transmitted herewith:

1.  Petition for Revival of an Application for Patent Abandoned Unintentionally Under
C.F.R. §1.137(b) and a check including the small entity fee of $640.00.

2.  Amendment and Request for Reconsideration Under 37 C.F.R. §1.111 and a
check including the amount of $45.00 for additional claims.

3.  Terminal Disclaimer to Obviate a Double Patenting Rejection.

Please charge Account 15-0450 for any additional fees may be required by the
filing of these papers.

Respectfully submitted,

Hahn Loeser & Parks LLP

Date: February 15, 2002

Michael H. Minns
Reg. No. 31,985

Twin Oaks Estate
1225 West Market Street
Akron, Ohio 44313-7188
(330) 864-5550

CERTIFICATION UNDER 37 C.F.R. § 1.8(a)

I hereby certify that, on the date shown below, this correspondence is being deposited with the United
States Postal Service in an envelope addressed to the Assistant Commissioner of Patents, Washington, D.C. 20231
with sufficient postage as first class mail.

Signature

Date: February 15, 2002

Michael H. Minns
Type or print name of person certifying

COPY OF PAPERS
ORIGINALLY FILED

# 9
AW 4-11-07
PATENT

Practitioner's Docket No. 6014-2-CON

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Keith Leighton

Application No.: 09368,846

Filed:             August 5, 1999

For:      Hot Lamination Process for the Manufacture of a  Combination
          Contact/Contactless Smart Card and Product Resulting Therefrom

Group No.:    1733

Examiner:     J. Aftergut

Date:         February 15, 2002

RECEIVED
MAR 07 2002
OFFICE OF PETITIONS
DEPUTY A/C PATENTS

Assistant Commissioner for Patents
Washington D.C. 20231

## TERMINAL DISCLAIMER TO OBVIATE
## A DOUBLE PATENTING REJECTION (37 C.F.R. Section 1.321(c))

### Identification of Person(s) Making This Disclaimer

I, Michael H. Minns, represent that I am the attorney of record.

### EXTENT OF DISCLAIMANT'S INTEREST

The extent of the interest in this invention that the disclaimant owns is in the whole of this invention.

### DISCLAIMER
### (Obviousness-Type Double Patenting Rejection Over A Prior Patent)

Petitioner hereby disclaims, except as provided below, the terminal part of any patent granted on the instant application, which would extend beyond the expiration dates of Patent Nos. 5,817,207, and 6,036,099  as presently shortened by any terminal disclaimer(s).  Petitioner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the above-listed patents are commonly owned.  This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors, or assigns.

In making the above disclaimer, 1) disclaimant is not admitting the propriety of the merits of the double patenting rejections; and 2) disclaimant does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. Sections 154 to 156 and

03/06/2002 GTEFFERA 00000089 09368846

02 FC:248                      55.00 OP

Terminal Disclaimer to Obviate a Double Patenting Rejection—page 1

OCS_C_045474

Docket No. 6014-2-CON
Serial No. 09/368,846

173 of the patents forming the basis of the double patenting rejection, namely, Patent Nos. 5,817,207 and 6,036,099, as presently shortened by any terminal disclaimer, in the event that either patent later expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. Section 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any manner terminated prior to expiration of its full statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

DISCLAIMER FEE (37 C.F.R. Section 1.20(d))

Small entity-fee $55.00.

Small entity statement already filed in patent application 09/918,582 on August 18, 1997.

FEE PAYMENT

Enclosed is a check for the $55.00 fee.

Charge Account No. 15-0450 for any fee deficiency.

Date: February 15, 2002

Signature of Practitioner

Reg. No.: 31,985
Tel. No.: 330-864-5550
Customer No.: 021324

Michael H. Minns
Hahn, Loeser & Parks, LLP
1225 West Market Street
Akron, OH 44313-7188

Terminal Disclaimer to Obviate a Double Patenting Rejection—page 2

OCS_C_045475

COPY OF PAPERS
ORIGINALL͟Y FILED

#9½
V∆ε
4|10|02

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Keith Leighton | Examiner: | J. Aftergut |
| Serial No: | 09/368,846 | Art Unit: | 1733 |
| Filed: | August 5, 1999 | Date: | February 15, 2002 |

For:  HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A
COMBINATION CONTACT/CONTACTLESS SMART CARD AND PRODUCT
RESULTING THEREFROM

**Commissioner of Patents and Trademarks**
**Washington, D.C. 20231**

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

This Supplemental Information Disclosure Statement Under 37 C.F.R. §1.97 is filed more than three (3) months following the filing date of the above-identified patent application.

The filing of this Supplemental Information Disclosure Statement shall not be construed as a representation that a search has been made (37 CFR §1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this Supplemental Information Disclosure Statement shall not be construed as an admission against interest in any manner. Notice of January 9, 1992, 1135 O.G. 13, at 25.

This Supplemental Information Disclosure Statement is made to comply with the duty of candor imposed on all individuals associated with the filing or prosecution of this application, as defined by 37 CFR §1.56(c).

A list of the six (6) patents and other cited references cited by the applicant are enclosed on one sheet of Form PTO/SB/08A which is attached and made a part hereof. Copies of the references have been enclosed.

This Supplemental Information Disclosure Statement is based on information contained in the undersigned attorney file as of the date of this statement and is inclusive of the best information known to the undersigned at that date.

03/06/2002 GTEFFERA 00000090 09368846
01 FC:126                    180.00 OP

February 15, 2002
Page 2

The Examiner is kindly requested to consider the Supplemental Information Disclosure Statement in addition to any references identified by the Examiner as a result of his independent search and examination.

Respectfully submitted,

Hahn Loeser & Parks LLP

Michael H. Minns
Registration 31,985

Twin Oaks Estate
1225 West Market Street
Akron, OH 44313-7188
(330) 864-5550

Attorney Docket: 6014-2 - CON

OCS_C_045477

Practitioner's Docket No.  6014-2-CON                         **PATENT**

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Leighton, Keith R.         Group No.:   1733

Application No.:   09/368,846                    Examiner:    J. Aftergut

August 5, 1999                                   Date:        February 15, 2002

HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A
COMBINATION CONTACT/CONTAC TLESS SMART CARD AND
PRODUCT RESULTING THEREFROM

**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

### TRANSMITTAL OF INFORMATION DISCLOSURE STATEMENT
### BEFORE MAILING DATE OF EITHER A FINAL ACTION
### OR NOTICE OF ALLOWANCE (37 C.F.R. section 1.97(c))

#### TIME OF TRANSMITTAL OF ACCOMPANYING
#### INFORMATION DISCLOSURE STATEMENT

1.   The information disclosure statement transmitted herewith is being filed *after* three months of the filing date of this national application or the date of entry of the national stage as set forth in Section 1.491 in an international application or after the mailing date of the first Office action on the merits, whichever event occurred last but *before* the mailing date of either

        (1) a final action under section 1.113 or
        (2) a notice of allowance under section 1.311

     whichever occurs first.

#### FEE

2.    Accompanying this transmittal is the fee for submission of an information disclosure statement under section 1.97(c). ($180.00)

#### FEE PAYMENT

3.     Applicant elects the option to pay the fee set forth in 37 C.F.R. section 1.17(p) for submission of an information disclosure statement under section 1.97(c) ($180.00).

                                        Fee due $ 180.00

OCS_C_045478

## METHOD OF PAYMENT OF FEE

4.    Attached is a check in the amount of $ 180.00.

If any additional fees are due, please charge Deposit Account Number 15-0450.

Date: _February 15 2002_

Signature of Practitioner

Reg. No.:  31,985
Tel. No.:  330-864-5550
Customer No.:  021324

Michael H. Minns
Hahn Loeser & Parks LLP
Twin Oaks Estate
Akron, OH  44313

### CERTIFICATION UNDER 37 C.F.R. § 1.8(a)

I hereby certify that, on the date shown below, this correspondence is being deposited with the United States Postal Service in an envelope addressed to the Assistant Commissioner of Patents, Washington D.C. 20231 with sufficient postage as first class mail.

Date: _February 15, 2002_

Signature

Michael H. Minns
Type or print name of person certifying

(Transmittal of Information Disclosure Statement before Mailing Date of Either a Final Action Or Notice of Allowance--page 2 of 2)

OCS_C_045479

COPY OF PAPERS
ORIGINALLY FILED

PTO/SB/08A (10-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | Complete if Known | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (use as many sheets as necessary) | | Application Number | 09/368,846 |
| | | Filing Date | 08/05/1999 |
| | | First Named Inventor | Keith R. Leighton |
| | | Art Unit | 1733 |
| | | Examiner Name | J. Aftergut |
| Sheet | 1 of 1 | Attorney Docket Number | 6014-2-CON |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number - Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| JA | AA | US-4931853 | 6/5/1990 | Ohuchi et al. | |
| AB | AB | US-5250341 | 10/5/1993 | Kobayashi et al. | |
| | AC | US-5448110 | 9/5/1995 | Tuttle et al. | |
| | AD | US-5719746 | 2/17/1998 | Ohbuchi et al. | |
| | AE | US-5774339 | 6/30/1998 | Ohbuchi et al. | |
| JA | AF | US-6248199 | 6/19/2001 | Smulson | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] -Number[4] -Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures[6] Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | J. Aftergut | Date Considered | 5/7/02 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

OCS_C_045480

 UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

Paper No. 10

HAHN LOESER & PARKS LLP
TWIN OAKS ESTATE
1225 WEST MARKET STREET
AKRON, OH 44313-7188

**COPY MAILED**

APR 0 5 2002

OFFICE OF PETITIONS

In re Application of                    :
Keith Leighton                          :
Application No. 09/368,846              :        ON PETITION
Filed: August 5, 1999                   :
Attorney Docket No. 6014-2-CON         :

This is a decision on the petition under 37 CFR 1.137(b), filed March 5, 2002, to revive the above-identified application.

The petition is **GRANTED**.

The above-identified application became abandoned for failure to reply in a timely manner to the non-final Office action mailed December 6, 2000, which set a shortened statutory period for reply of three (3) months. No extensions of time under the provisions of 37 CFR 1.136(a) were obtained. Accordingly, the above-identified application became abandoned on March 7, 2001.

Telephone inquiries concerning this decision should be directed to Irvin Dingle at (703) 306-5684.

The application file is being forwarded to Technology Center 1700 for further processing.

Irvin Dingle
Petitions Examiner
Office of Petitions
Office of the Deputy Commissioner
  for Patent Examination Policy

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/1999 | KEITH R. LEIGHTON | 6014-2-CON | 6007 |

21324    7590    05/08/2002

HAHN LOESER & PARKS, LLP
TWIN OAKS ESTATE
1225 W. MARKET STREET
AKRON, OH  44313

| EXAMINER |
|---|
| AFTERGUT, JEFF H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1733 | 11 |

DATE MAILED: 05/08/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

OCS_C_045482