𝜋 — 11

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit |
| | Jeff H. Aftergut | 1733 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>05 March 2002</u> .
2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-10 and 12-30</u> is/are pending in the application.
  4a) Of the above claim(s) <u>18-22 and 30</u> is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-10,12-17 and 23-29</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.
  If approved, corrected drawings are required in reply to this Office action.
12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  a)☐ All  b)☐ Some * c)☐ None of:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____ .
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
  * See the attached detailed Office action for a list of the certified copies not received.
14)☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
  a) ☐ The translation of the foreign language provisional application has been received.
15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s). 9 ½
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

OCS_C_045483

Application/Control Number: 09/368,846                                    Page 2
Art Unit: 1733

### *Terminal Disclaimer*

1.    The terminal disclaimer does not comply with 37 CFR 1.321(b) and/or (c) because:

    The person who signed the terminal disclaimer has failed to state his/her capacity to sign
    for the corporation or other business entity, and he/she has not been established as being
    authorized to act on behalf of the assignee.

2.    An attorney or agent, not of record, is not authorized to sign a terminal disclaimer in the

capacity as an attorney or agent acting in a representative capacity as provided by 37 CFR 1.34

(a).  See 37 CFR 1.321(b) and/or (c).

### *Double Patenting*

### *Election/Restrictions*

3.    Newly submitted claim 30 is directed to an invention that is independent or distinct from

the invention originally claimed for the following reasons: claim 30 is directed to the species of

forming the cavity with the use of a spacer which was previously identified as a non-elected

species which was elected without traverse (see below).

        Since applicant has received an action on the merits for the originally presented

invention, this invention has been constructively elected by original presentation for prosecution

on the merits.  Accordingly, claim 30 has been withdrawn from consideration as being directed

to a non-elected invention.  See 37 CFR 1.142(b) and MPEP § 821.03.

4.    Applicant's election of Group I, the species of milling to form the cavity, claims 1-10,

12-17, 23-29 in Paper No. 8 is acknowledged.  Because applicant did not distinctly and

specifically point out the supposed errors in the restriction requirement, the election has been

treated as an election without traverse (MPEP § 818.03(a)).

OCS_C_045484

Application/Control Number: 09/368,846                                    Page 3

Art Unit: 1733

*Double Patenting*

5.      The nonstatutory double patenting rejection is based on a judicially created doctrine
grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or
improper timewise extension of the "right to exclude" granted by a patent and to prevent possible
harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.
Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686
F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA
1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to
overcome an actual or provisional rejection based on a nonstatutory double patenting ground
provided the conflicting application or patent is shown to be commonly owned with this
application.  See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal
disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37
CFR 3.73(b).

6.      Claims 1-17 and 23-29 are rejected under the judicially created doctrine of obviousness-
type double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 6,036,099.
Although the conflicting claims are not identical, they are not patentably distinct from each other
because the claims presented herein are generic to the operation as recited in the earlier patent
and therefore the subject matter of the same are covered by the earlier claimed patent, see In re
Goodman, 29 USPQ2nd 2010 and paper no. 5, paragraph 11.

7.      Claims 1-17 and 23-29 are rejected under the judicially created doctrine of obviousness-
type double patenting as being unpatentable over claims 1-17 of U.S. Patent No. %,817,207 in
view of Templeton, Jr, et al.  Applicant is referred to paper no. 5, paragraph 12 for a complete
discussion of the rejection.

*Claim Rejections - 35 USC § 103*

8.      The text of those sections of Title 35, U.S. Code not included in this action can be found
in a prior Office action.

OCS_C_045485

Application/Control Number: 09/368,846                                    Page 4
Art Unit: 1733

9.     Claim 27 is rejected under 35 U.S.C. 103(a) as being unpatentable over Japanese Patent

6-176214 in view of UK 2,279,610 optionally further taken with UK 2,225,283 for the same

reasons as expressed in paper no. 5, paragraph 14.

        Newly presented claim 27 does not require the milling out of a cavity in the finished card

(or for that matter the formation of a cavity in the card). The reference to Templeton Jr. et al

cited in paper no. 5 paragraph 14 was used only to support the conclusion that it would have

been obvious to form a cavity via milling in the card. The reference is not needed to reject newly

presented claim 27 because the claim does not require the formation of a cavity.

        Japanese Patent '214 taught a process for forming a smart card which included the steps

of laminating with heat and pressure an assembly which included an IC chip 11 and a thin coil 12

(an antennae). The IC chip 11 and antennae 12 were disposed unsupported between plastic films

14. On either side of plastic films 14 were additional plastic films 15. The assembly was

disposed in a press and heat and pressure were applied in order to laminate the layers together to

form the smart card. The reference to Japanese Patent '214 failed to teach that the heat and

pressure laminating operation included a cooling operation while the press remained under

pressure.

        However, in the art of making a laminated smart card, it was known as evidenced by UK

'610 that one skilled in the art when laminating the same together would not have applied high

heat and pressure and then removed the same in the lamination operation for processing under

such extreme conditions would lead to damage of the chip and/or antennae in the laminate. The

reference to UK '610 suggested that one skilled in the art would have interposed a printed circuit

11 with reinforced elements 19 between two outer sheets 37 and 38 of thermoplastic in the PVC

OCS_C_045486

Application/Control Number: 09/368,846                                    Page 5

Art Unit: 1733

family with interposed polyester layers coated with thermally activated catalyst adhesive and the

assembly was disposed between pressing plates. The assembly was heated and then pressure

applied to the same in order to encapsulate the electrical components of the card. Subsequent to

the application of this heat and pressure, the pressure was maintained while the card was allowed

to cool in the press, see page 11, line 16-page 12, line 12. The reference made clear that in order

to avoid damaging the integrated circuit which was being encapsulated that one would have

heated the assembly, then applied heat and pressure to the assembly in the press and then cooled

the assembly while pressure was maintained. Clearly, one viewing the same would have

understood that heat and pressure as well as cooling under pressure would have been performed

when laminating the card with the integrated circuit therein. Note that Japanese Patent '214

performed the lamination operation in a heated press. Because it was known to laminate the

cards in a press under heat and pressure and because the reference to UK '610 suggested heating

and cooling in the press to avoid damaging the cards, it would have been obvious to one of

ordinary skill in the art of manufacturing a smart card according to the operations of Japanese

Patent 6-176214 wherein the pressing operation was performed in a heated press where the

pressure was maintained during the cooling operation as suggested by UK 2,279,610.

    While it is believed that the reference to UK '610 suggested that one would have ramped

up the pressure during the laminating operation, to further evidence that the highest amount of

pressure would have been applied when the assembly was cooled, the reference to UK '283 is

cited. UK '283 is manufacturing an integrated circuit card where the assembled layers (which

included thin plastic layers which had printing on the layers as well as in integrated circuit

therein) were laminated together in a press. The reference taught that the press would have been

OCS_C_045487

Application/Control Number: 09/368,846                                Page 6
Art Unit: 1733

preheated, the pressure applied and then the assembly removed or the assembly would have been

preheated and the pressure applied in steps with the highest pressure applied while the assembly

was being cooled in the press, see page 11, lines 3-13. It would have been obvious to one of

ordinary skill in the art at the time the invention was made to employ a pressing operation in the

manufacture of an integrated circuit card wherein the pressure applied would have been the

highest when the card was being cooled in the press as suggested by UK 2,225,283 wherein the

laminated card was formed by laminating with heat and pressure in a press as suggested by

Japanese Patent 6-176214 and UK 2,279,610.

10.      Claims 1, 4-10, 14-17 and 25-29 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Japanese Patent 6-176214 in view of UK 2,279,610 and Templeton, Jr. et al

optionally further taken with UK 2,225,283 for the same reasons as expressed in paper no. 5,

paragraph 14.

        With regard to newly presented claims 25 and 26, note that the reference to UK '610

suggested that minimal pressure would have been applied during the initial closure of the press

and that the pressure was simply enough to make the plastic layers contact the heated platens.

Additionally recognize that the platens were heated during the pressing operation and thus the

laminate was subject to heating during pressure application. The exact amount of pressure would

have been a function of the material being worked upon and would have been determined trough

routine optimization based upon the plastic layers employed. Regarding claims 27-29 see the

discussion in paper no. 5 for the formation of the cards.

OCS_C_045488

Application/Control Number: 09/368,846                                    · Page 7

Art Unit: 1733

11.     Claims 2, 3, 11-13, 23, and 24 are rejected under 35 U.S.C. 103(a) as being unpatentable

over the references as set forth above in paragraph 10 further taken with UK 2,294,899 for the

same reasons as expressed in paper no. 5, paragraph 15.

### *Claim Rejections - 35 USC § 112*

12.     The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the
> subject matter which the applicant regards as his invention.

13.     Claim 25 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

In claim 25, line 1, "the pressure" lacks proper antecedent basis because no pressure has

been defined for step (c)(i) of the claim. It is suggested that "the" be deleted. In claim 25, line 1,

it is suggested that ""is" be changed to --in--.

### *Response to Arguments*

14.     Applicant's arguments filed 3-5-02 have been fully considered but they are not ·

persuasive.

The applicant argues that the terminal disclaimer has overcome the double patenting

rejection. The applicant is advised that the terminal disclaimer has not been accepted because it

was not signed by an attorney of record, see paragraphs 1 and 2 above.

The applicant argues that the reference to UK 2,279,610 is not available as prior art

because applicant filed a provisional application and claims the benefit of the same. without

addressing whether applicant has support for the claimed subject matter in the earlier filed

provisional applications, the applicant is advised that the UK reference published on January 11,

Application/Control Number: 09/368,846                                    Page 8
Art Unit: 1733

1995 which is before applicant's earliest effective date for domestic priority of October 17, 1995.

The reference is available as prior art under 35 USC 102(a) because it is a printed foreign patent

which was published prior to applicant's effective filing date.

The applicant next addressed the reference to UK 2,225,283 and argues that the reference

did not preheat outside of the press and did not change the pressure to supply the highest amount

of pressure during the cooling. The applicant is advised that the reference was an optional

reference to further express that in the pressure cycle of UK '610 the maximum pressure would

have been applied during the cooling operation. Because applicant did not address the teachings

of UK '610 (other than to state that it was not a reference), it is believed that applicant agrees

with the Office interpretation that the reference produced a card with heat and pressure wherein

the same went through a pressure cycle where greater pressure would have been applied in the

cooling cycle. UK '283 further evidenced the same. at page 11, lines 10-13 of UK '283 it was

clear that those skilled in the art would have gradually increased the pressure during lamination

until the cooling cycle was reached where the maximum pressure was applied.

No claims are allowed.

### Conclusion

15.     Applicant's amendment necessitated the new ground(s) of rejection presented in this

Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a).

Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

OCS_C_045490

Application/Control Number: 09/368,846                                    Page 9
Art Unit: 1733

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Jeff H. Aftergut whose telephone number is 703-308-2069. The

examiner can normally be reached on Monday-Friday 6:30-3:00pm.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Michael W. Ball can be reached on 703-308-2058. The fax phone numbers for the

organization where this application or proceeding is assigned are 703-872-9310 for regular

communications and 703-872-9311 for After Final communications.

    Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-0661.

Jeff H. Aftergut
Primary Examiner
Art Unit 1733

JHA
May 7, 2002

OCT-02-2002  15:01          HAHN LOESER + PARKS          3308647986    P.01

Practitioner's Docket No. 6014-2-CON

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re application of: | Keith R. Leighton | Group No.: | 1733 |
| Application No.: | 09/368,846 | Examiner: | Aftergut |
| Filed: | 08/05/1999 | Date: | October 2, 2002 |

For:  HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A COMBINATION
CONTACT/CONTACTLESS SMART CARD AND PRODUCT RESULTING THEREFROM

*RESPONSE UNDER
37 C.F.R. § 1.116
EXPEDITED PROCEDURE
EXAMINING GROUP*

Box AF
Commissioner for Patents
Washington, D.C. 20231

**AMENDMENT OR RESPONSE AFTER FINAL REJECTION--TRANSMITTAL**

1.     Transmitted herewith is an amendment after final rejection (37 C.F.R. 1.116) for this application.

**STATUS**

2.     Applicant is a small entity. A statement was already filed.

**EXTENSION OF TERM**

3.     The proceedings herein are for a patent application and the provisions of 37 C.F.R. 1.136 apply.
Applicant petitions for an extension of time under 37 C.F.R. 1.136 (fees: 37 C.F.R. 1.17(a)(1)-
(4)) for two months:

                                        Fee:     $200.00

---

**CERTIFICATION UNDER 37 C.F.R. §§ 1.8(a) and 1.10***

I hereby certify that, on the date shown below, this correspondence is being facsimile transmitted to the Patent and
Trademark Office, (703) 305-7718.

Date: _October 2, 2002_

Signature

Michael H. Minns
*(type or print name of person certifying)*

Amendment or Response After Final Rejection--page 1 of 2

OCS_C_045492

OCT-02-2002 15:01      HAHN LOESER + PARKS                    3308647986    P.02

## FEE FOR CLAIMS

4.        The fee for claims (37 C.F.R. 1.16(b)-(d)) has been calculated as shown below:

| | (Col.1)<br>Claims<br>Remaining<br>After<br>Amendment | | (Col. 2)<br>Highest No<br>Previously<br>Paid For | (Col. 3)<br>Present<br>Extra | SMALL ENTITY<br>Rate | Addit<br>Fee |
|---|---|---|---|---|---|---|
| Total | 23 | Minus | 27 | = 0 | x $9 = | $0 |
| Indep | 2 | Minus | 3 | = 0 | x $42 = | $0 |
| First Presentation of Multiple Dependent Claim | | | | + $140 = | | $0 |
| | | | | Total<br>Addit. Fee | | $0 |

Total additional fee for claims required $0.00

## FEE PAYMENT

5.      Authorization is hereby made to charge the amount of $200.00 to Deposit Account No. 15-0450.

Charge any additional fees required by this paper or credit any overpayment in the manner authorized above.

A duplicate of this paper is attached.

## FEE DEFICIENCY

6.

If any additional extension and/or fee is required, charge Account No. 15-0450.

If any additional fee for claims is required, charge Account No. 15-0450.

Date: _October 2, 2002_

Reg. No.: 31,985
Tel. No.: 330-864-5550
Customer No.: 021324

Signature of Practitioner

Michael H. Minns
HAHN LOESER & PARKS LLP
1225 West Market Street
Twin Oaks Estate
Akron, OH 44313

Amendment or Response After Final Rejection --page 2 of 2

OCS_C_045493

OCT-02-2002  15:01     HAHN LOESER + PARKS                    3308647986     P.03

Do Not Enter

OK to Enter  ☐☐☐
                                                    #13 | 13 ☒
                                                         LDE
                                        Docket No.: 6014-2-CON
    IN THE UNITED STATES PATENT AND TRADEMARK OFFICE  10/4/02

In re patent application of: Keith Leighton       Group Art Unit: 1733

Serial No.: 09/368,846                    Examiner:    J. Aftergut

Filed:        August 5, 1999

For:          Hot Lamination Process for the Manufacture of a Combination
              Contact /Contactless Smart Card and Product Resulting Therefrom

              AMENDMENT AND REQUEST FOR RECONSIDERATION
                        UNDER 37 C.F.R. §1.111

Assistant Commissioner For Patents
Washington, D.C. 20231


Sir:

        In response to the Official Action dated May 8, 2002, please amend the above-
identified application as follows:


IN THE CLAIMS:

        Cancel claims 6, 18 through 22 and 30.


1.      (Twice Amended)  A process for incorporating at least one electronic element
in the manufacture of a plastic card, comprising the steps of:

        (a) providing first and second plastic core sheets;

Docket No. 8014-2-CON
Serial No. 09/368,846

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core, the second pressure being at least 10% greater than the first pressure; and

(d) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said at least one electronic element.

15.    (Amended)   A process as recited in claim 1 comprising the further step of in-serting an electronic contact elementa second electronic element into said cavity, the second electronic element being in electrical communication with the at least one elec-tronic element.

25.    (Amended)   The process according to claim 1, wherein the pressure on said core is in step (c)(i) is less than 10 p.s.i.

27.    (Amended)   A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

-2-

OCT-02-2002  15:02        HAHN LOESER + PARKS              3308647986    P.05

Docket No. 6014-2-CON
Serial No. 09/366,846

(c) positioning said core in a laminator apparatus, and subjecting said core to a
heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii)  applying a first pressure to said core for a second period of time such
that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core, the
second pressure being at least 10% greater than the first pressure.

29.    (Amended)   The process according to claim 28, wherein the step of forming a
cavity in said core comprises:

after step (c),  milling a region of said core to a controlled depth so as to form a
cavity which exposes at least one contact pad of said at least one electronic element.

31.    (New) The process according to claim 29, further comprising:

inserting a second electronic element into said cavity, the second electronic
element being in electrical communication with the at least one electronic element.

OCS_C_045496

Docket No. 6014-2-CON
Serial No. 09/368,846

## REMARKS

Claims 1 through 5, 7 through 10, 12 through 17, 23 through 29 and 31 are in the case. Claims 1, 15, 25, 27 and 29 are amended by this amendment. Claims 6, 18 through 22 and 30 are cancelled by this amendment. Claim 31 is added by this amendment.

All claims directed to the non-elected invention have been cancelled.

Attached is a clean version of the changes made to the specification and claims by the current amendment. The attached pages are captioned "**Clean Version Incorporating Changes Made**"

The Examiner stated that the terminal disclaimer filed on February 18, 2002 does not comply with 37 C.F.R. § 1.321 (b) and/or (c) because the attorney, Michael H. Minns, who signed the terminal disclaimer is not of record and therefore is not authorized to sign a terminal disclaimer in the capacity as an attorney or agent acting in a representative capacity.

Enclosed is an Associate Power of Attorney signed by the attorney of record, Mark A. Watkins appointing Michael H. Minns, along with others, to represent Applicant in this application. Also enclosed is a new terminal disclaimer signed by an attorney of record.

Claims 1 through 17, 23 through 29 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1 through 16 of U.S. Patent no. 6,036,099. Claims 1 through 17, 23 through 29 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1 through 17 of U.S. Patent No. 5,817,207 in view of Templeton, Jr. et al.

Enclosed is a terminal disclaimer disclaiming the term of any patent that issues from this application that extends beyond the term of U.S. Patent No. 6,036,099 or

-4-

OCS_C_045497

Docket No. 6014-2-CON
Serial No. 09/368,848

U.S. Patent No. 5,817,207. Applicant submits that this terminal disclaimer obviates
this rejection.

Claim 27 is rejected under 35 U.S.C. § 103(a) as being unpatentable over
Japanese Patent 6-176214 in view of UK 2,279,610 optionally further taken with UK
2,225,283. Claims 1, 4 through 10 and 14 through 17 and 25 through 29 are rejected
under 35 U.S.C. § 103(a) as being unpatentable over Japanese Patent 6-176214 in
view of UK 2,279,610 and Templeton, Jr. et al optionally further taken with UK
2,225,283. Claims 2, 3, 11 through 13, 23 and 24 are rejected under 35 U.S.C. §
103(a) as being unpatentable over Japanese Patent 6-176214 in view of UK 2,279,610
and Templeton, Jr. et al optionally further taken with UK 2,225,283, and further taken
with UK 2,294,899.

Independent claims 1 and 27 have been amended to require that the second
pressure be at least 10% greater than the first pressure. With respect to UK
2,279,610, on page 12, lines 8-10, the patent application discloses that after the tem-
perature has been raised to about 155°C, full lamination pressure is applied. Next,
while still under pressure the assembly is cooled and brought down to room tempera-
ture. UK '610 is silent as to what pressure is used while the laminated card assembly
is being cooled. There is no teaching or suggestion in UK '610 to **increase** the pres-
sure during cooling to **at least 10% greater than the pressure applied during heat-
ing,** as claimed by Applicant in independent claims 1 and 27.

With respect to UK 2,225,283, on page 11, lines 6-13, the patent application
discloses that the lamina build-up is either placed into a pre-heated press and then full
pressure is immediately applied or the pressure is gradually increased. In one exam-
ple, the press is pre-heated to 140°C and then pressure is applied in steps. Finally,
the laminate is cooled with the pressure *maintained* at its highest value. UK '283
teaches *maintaining* the pressure during cooling at its highest value. UK '283 does not
teach or disclose increasing the pressure during the cooling process. One skilled in
the art would not be able to conclude that UK '283 teaches increasing pressure during

-5-

OCT-02-2002  15:03        HAHN LOESER + PARKS                    3308647986     P.08

Docket No. 6014-2-CON
Serial No. 09/368,846

the cooling process.  Rather, one skilled in the art would conclude that the phrase "maintaining the pressure during cooling at its highest pressure" refers to maintaining pressure during cooling at the highest pressure applied during heating.  There is no teaching or suggestion in UK '283 to **increase** the pressure during cooling to **at least 10% greater than the pressure applied during heating**, as claimed by Applicant in independent claims 1 and 27.

The problem being solved by Applicant is the problem of forming a laminated card with embedded computer chips and electronics that are thin enough to work in connection with existing card reading machinery (specification, page 3, lines 11-20).  The problem being solved by UK '283 is preventing flexing of the card, which can cause cracking in the card layers, page 1, lines 15-17.  UK '283 then addresses this problem by orienting the "grain" in different card layers at right angles to one another (page 3, lines 23-31) and by embedding star shaped stress reduction members in the laminate (page 4, lines 28-31).  Because UK '283 is solving a different problem, laminate cracking, than the problem being solved by Applicant, overall thickness of the laminated card, one skilled in the art would not consider UK '283 to be relevant to the problem of overall card thickness.  Therefore, even if UK '283 taught increasing the pressure during cooling, there would be no motivation to combine UK '283 with the other references to solve the problem of card thickness.

Even assuming that the combination of Japanese Patent 6-176214 in view of UK 2,279,610 optionally further taken with UK 2,225,283 were a proper combination, the three references do not teach or suggest, either singly or in combination, Applicant's method as claimed in claims 1 and 27 where the laminate core is cooled while applying a pressure at least 10% greater than the pressure applied to the heated core.  Further, this amendment should not require additional searching or raise additional issues because the limitation that the pressure during cooling is at least 10% greater than the pressure applied to the heated core has been present in claim 7 as originally filed.

-6-

OCS_C_045499

OCT-02-2002  15:03        HAHN LOESER + PARKS                      3308647906     P.09

Docket No. 8014-2-CON
Serial No. 09/368,846

In view of the above, it is respectfully submitted that claims 1 through 5, 7 through 10, 12 through 17, 23 through 29 and 31 are in condition for allowance. Reconsideration of the rejections is requested and allowance of the claims is solicited.

Respectfully submitted,

Hahn Loeser & Parks LLP


Date _October 2, 2002_

Michael H. Minns
Reg. No. 31,985

Hahn Loeser + Parks LLP
1225 West Market Street
Akron, Ohio 44313
(330) 864-5550

-7-

OCS_C_045500

OCT-02-2002  15:03    HAHN LOESER + PARKS    3308647986   P.10

Docket No. 6014-2-CON
Serial No. 09/368,846

**Clean Version Incorporating Changes Made**

IN THE CLAIMS:

Cancel claims 6, 18 through 22 and 30.

1.    (Twice Amended)   A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core, the second pressure being at least 10% greater than the first pressure; and

(d) milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said at least one electronic element.

15.    (Amended)   A process as recited in claim 1 comprising the further step of inserting a second electronic element into said cavity, the second electronic element being in electrical communication with the at least one electronic element.

28.    (Amended)   The process according to claim 1, wherein the pressure on said core in step (c)(i) is less than 10 p.s.i.

-8-

OCS_C_045501

Docket No. 6014-2-CON
Serial No. 09/368,846

20 21.    (Amended)   A process for incorporating at least one electronic element in the manufacture of a plastic card, comprising the steps of:

(a) providing first and second plastic core sheets;

(b) positioning said at least one electronic element in the absence of a non-electronic carrier directly between said first and second plastic core sheets to form a core, said plastic core sheets defining a pair of inner and outer surfaces of said core;

(c) positioning said core in a laminator apparatus, and subjecting said core to a heat and pressure cycle, said heat and pressure cycle comprising the steps of:

(i) heating said core for a first period of time;

(ii) applying a first pressure to said core for a second period of time such that said at least one electronic element is encapsulated by said core;

(iii) cooling said core while applying a second pressure to said core, the second pressure being at least 10% greater than the first pressure.

22 29.    (Amended)   The process according to claim 21 28, wherein the step of forming a cavity in said core comprises:

after step (c),  milling a region of said core to a controlled depth so as to form a cavity which exposes at least one contact pad of said at least one electronic element.

23 31.    (New) The process according to claim 22 29, further comprising:

inserting a second electronic element into said cavity, the second electronic element being in electrical communication with the at least one electronic element.

-9-

OCS_C_045502

OCT-02-2002  15:04        HAHN LOESER + PARKS                3308647986    P.12

Practitioner's Docket No. 6014-2-CON                    **PATENT**

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| In re application of: | Keith R. Leighton | Group No.: | 1733 | #14/UDE |
| Application No.: | 09/368,846 | Examiner: | Aftergut | |
| Filed: | 08/05/99 | Date: | October 1, 2002 | 10/24/02 |

For:   Hot Lamination Process For The Manufacture of a Combination Contact/Contactless
       Smart Card and Product Resulting Therefrom

Commissioner for Patents
Washington, D.C. 20231

### ASSOCIATE POWER OF ATTORNEY (37 C.F.R. § 1.34)

Please recognize as Associate Practitioners in this case:

Michael H. Minns, Reg. No. 31,985; Edwin W. Oldham, Reg. No. 22,003; Scott M. Oldham,
Reg. No. 32,712; Stephen L. Grant, Reg. No. 33,390; R. Eric Gaum, Reg. No. 39,199; Alexander
D. Bommarito, Reg. No. 44,036; Robert J. Clark, Reg. No. 45,835; Eryn R. Ace, Reg. No.
44,491; all of:
HAHN LOESER & PARKS LLP
Twin Oaks Estate
1225 West Market Street
Akron, OH  44313
Tel. No. (330) 864-5550
Fax No. (330) 864-7986
**Customer No. 021324**

Date:  10/02/02                          _Mark A. Watkins (signature)_
                                         Signature of Practitioner

Reg. No.: 33,813                         Mark A. Watkins
Tel. No.: 330-864-5550                   HAHN LOESER & PARKS LLP
Customer No.: 021324                     formerly Oldham & Oldham Co., L.P.A.
                                         1225 West Market Street
                                         Twin Oaks Estate
                                         Akron, OH  44313

Associate Power of Attorney—page 1 of 1

OCS_C_045503

OCT-02-2002 15:04    HAHN LOESER + PARKS    3308647986    P.13

Practitioner's Docket No. 6014-2-CON    PATENT  #15
                                                   AW
                                                   10·8·03

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: Keith Leighton | Group No.: 1733 |
| Application No.: 09368.846 | Examiner: J. Aftergut |
| Filed: August 5, 1999 | Date: October 2, 2002 |
| For: Hot Lamination Process for the Manufacture of a Combination Contact/Contactless Smart Card and Product Resulting Therefrom | |

**Assistant Commissioner for Patents
Washington D.C. 20231**

### TERMINAL DISCLAIMER TO OBVIATE
### A DOUBLE PATENTING REJECTION (37 C.F.R. Section 1.321(c))

Identification of Person(s) Making This Disclaimer

I, Michael H. Minns, represent that I am the attorney of record.

### EXTENT OF DISCLAIMANT'S INTEREST

The extent of the interest in this invention that the disclaimant owns is in the whole of this invention.

### DISCLAIMER
(Obviousness-Type Double Patenting Rejection Over A Prior Patent)

Petitioner hereby disclaims, except as provided below, the terminal part of any patent granted on the instant application, which would extend beyond the expiration dates of Patent Nos. 5,817,207, and 6,036,099 as presently shortened by any terminal disclaimer(s). Petitioner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the above-listed patents are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors, or assigns.

In making the above disclaimer, 1) disclaimant is not admitting the propriety of the merits of the double patenting rejections; and 2) disclaimant does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. Sections 154 to 156 and

Terminal Disclaimer to Obviate a Double Patenting Rejection--page 1

OCS_C_045504

Docket No. 6014-2-CON
Serial No. 09/368,846

173 of the patents forming the basis of the double patenting rejection, namely, Patent Nos. 5,817,207 and 6,036,099, as presently shortened by any terminal disclaimer, in the event that either patent later: expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. Section 1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any manner terminated prior to expiration of its full statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

DISCLAIMER FEE (37 C.F.R. Section 1.20(d))

Small entity--fee $55.00.

Small entity statement already filed in patent application 09/918,582 on August 18, 1997.

FEE PAYMENT

The $55.00 fee was enclosed with the response filed March 5, 2002.

Charge Account No. 15-0450 for any fee deficiency.

Date: _October 2 2002_

Signature of Practitioner

Reg. No.: 31,985
Tel. No.: 330-864-5550
Customer No.:  021324

Michael H. Minns
Hahn, Loeser & Parks, LLP
1225 West Market Street
Akron, OH  44313-7188

Terminal Disclaimer to Obviate a Double Patenting Rejection--page 2

OCS_C_045505

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit |
| | Jeff H. Aftergut | 1733 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Jeff H. Aftergut*.                                        (3)_____.

(2) *Michael Minns*.                                          (4)_____.

Date of Interview: *09 October 2002* .

Type:  a)☒ Telephonic   b)☐  Video Conference
       c)☐  Personal [copy given to: 1)☐ applicant   2)☐  applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
    If Yes, brief description: _____ .

Claim(s) discussed: *12 and 13* .

Identification of prior art discussed: *none* .

Agreement with respect to the claims  f)☒  was reached.   g)☐  was not reached.   h)☐  N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *discussed a need to correct the dependency of claims 12 and 13 (which depended upon canceled claim 11) Also discussed correcting the claim to provide proper antecedent basis for the claim in relation to the coating provided on the core* .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

      i)☒  It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an
Attachment to a signed Office action.                    _____
                                                          Examiner's signature, if required

OCS_C_045506

Summary of Record of Interview Requirement

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2 Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
–  Application Number (Series Code and Serial Number)
–  Name of applicant
–  Name of examiner
–  Date of interview
–  Type of interview (telephonic, video-conference, or personal)
–  Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
–  An indication whether or not an exhibit was shown or a demonstration conducted
–  An identification of the specific prior art discussed
–  An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
–  The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

OCS_C_045507

mk 17

| | Application No. | Applicant(s) |
|---|---|---|
| *Notice of Allowability* | 09/368,846 | LEIGHTON, KEITH R. |
| | Examiner | Art Unit | |
| | Jeff H. Aftergut | 1733 | |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address—*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MEPP 1308.

1. ☒ This communication is responsive to *amendment after final dated 10-2-02*.

2. ☒ The allowed claim(s) is/are *1-5,7-10,12-17,23-29 and 31*.

3. ☒ The drawings filed on *05 August 1999* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All    b) ☐ Some*   c) ☐ None  of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
            International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____ .

5. ☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.

6. ☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
        1) ☐ hereto or 2) ☐ to Paper No. _____ .
    (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.
    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

| | |
|---|---|
| 1☐ Notice of References Cited (PTO-892) | 2☐ Notice of Informal Patent Application (PTO-152) |
| 3☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 4☐ Interview Summary (PTO-413), Paper No._____ . |
| 5☐ Information Disclosure Statements (PTO-1449), Paper No. _____ . | 6☒ Examiner's Amendment/Comment |
| 7☐ Examiner's Comment Regarding Requirement for Deposit | 8☒ Examiner's Statement of Reasons for Allowance |
|     of Biological Material | 9☐ Other _____ |

OCS_C_045508

Application/Control Number: 09/368,846
Art Unit: 1733

17/C
JHA
Page 2
10/9/02

## EXAMINER'S AMENDMENT

1.      An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Michael Minns on 10-9-02.

The application has been amended as follows:

In the claims:

In claim 12, line 2, "1½" has been changed to --1--.

In claim 12, line 2, "said" has been changed to --a--.

In claim 12, line 2, after the word "out" the language --on at least one surface of said core-- has been added.

In claim 13, line 2, "11" has been changed to --1--.

In claim 13, line 2, "said" has been changed to --a--.

In claim 13, line 2, after the word "out" the language --on at least one surface of said core-- has been added.

2.      The following is an examiner's statement of reasons for allowance: None of the prior art of record taught or suggested that one skilled in the art at the time the invention was made to apply a second pressure upon the assembly during cooling wherein the second pressure was at least 10% greater than the first pressure applied during assembly and heating.

OCS_C_045509

Application/Control Number: 09/368,846                                    Page 3
Art Unit: 1733

    Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."


    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Jeff H. Aftergut whose telephone number is 703-308-2069. The

examiner can normally be reached on Monday-Friday 6:30-3:00pm.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Michael W. Ball can be reached on 703-308-2058. The fax phone numbers for the

organization where this application or proceeding is assigned are 703-872-9310 for regular

communications and 703-872-9311 for After Final communications.

    Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-0661.

Jeff H. Aftergut
Primary Examiner
Art Unit 1733

JHA
October 9, 2002

OCS_C_045510



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

| 21324 | 7590 | 10/10/2002 |
|---|---|---|

HAHN LOESER & PARKS, LLP
TWIN OAKS ESTATE
1225 W. MARKET STREET
AKRON, OH 44313

| EXAMINER |
|---|
| AFTERGUT, JEFF H |

| ART UNIT | CLASS-SUBCLASS |
|---|---|
| 1733 | 156-153000 |

DATE MAILED: 10/10/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/1999 | KEITH R. LEIGHTON | 6014-2-CON | 6007 |

TITLE OF INVENTION: HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A COMBINATION CONTACT/CONTACTLESS SMART CARD

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $640 | $0 | $640 | 01/10/2003 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.
THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON
PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE
MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY
PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT
FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT)
MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS
ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current
SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown
above.

B. If the status is changed, pay the PUBLICATION FEE (if required)
and twice the amount of the ISSUE FEE shown above and notify the
United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now
claiming SMALL ENTITY status, check the box below and enclose
the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with
your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be
completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be
completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to
Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

OCS_C_045511

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail** Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231
**Fax**  (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

21324     7590     10/10/2002

HAHN LOESER & PARKS, LLP
TWIN OAKS ESTATE
1225 W. MARKET STREET
AKRON, OH 44313

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/1999 | KEITH R. LEIGHTON | 6014-2-CON | 6007 |

TITLE OF INVENTION: HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A COMBINATION CONTACT/CONTACTLESS SMART CARD

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $640 | $0 | $640 | 01/10/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| AFTERGUT, JEFF H | 1733 | 156-153000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❑ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

❑ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)    ❑ individual    ❑ corporation or other private group entity    ❑ government

| 4a. The following fee(s) are enclosed: | 4b. Payment of Fee(s): |
|---|---|
| ❑ Issue Fee | ❑ A check in the amount of the fee(s) is enclosed. |
| ❑ Publication Fee | ❑ Payment by credit card. Form PTO-2038 is attached. |
| ❑ Advance Order - # of Copies _____ | ❑ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form). |

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)                          _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

OCS_C_045512

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/1999 | KEITH R. LEIGHTON | 6014-2-CON | 6007 |

| EXAMINER |
|---|
| AFTERGUT, JEFF H |

21324    7590    10/10/2002
HAHN LOESER & PARKS, LLP
TWIN OAKS ESTATE
1225 W. MARKET STREET
AKRON, OH 44313
UNITED STATES

| ART UNIT | PAPER NUMBER |
|---|---|
| 1733 | |

DATE MAILED: 10/10/2002

## Determination of Patent Term Extension under 35 U.S.C. 154 (b)
### (application filed after June 7, 1995 but prior to May 29, 2000)

The patent term extension is 0 days. Any patent to issue from the above identified application will include an indication of the 0 day extension on the front page.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term extension is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Page 3 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

OCS_C_045513

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/368,846 | 08/05/1999 | KEITH R. LEIGHTON | 6014-2-CON | 6007 |

21324    7590    10/10/2002

HAHN LOESER & PARKS, LLP
TWIN OAKS ESTATE
1225 W. MARKET STREET
AKRON, OH 44313
UNITED STATES

| EXAMINER |
|---|
| AFTERGUT, JEFF H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1733 | |

DATE MAILED: 10/10/2002

### Notice of Possible Fee Increase on October 1, 2002

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after October 1, 2002, then the amount due may be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there may be an increase in fees effective on October 1, 2002. See Revision of Patent and Trademark Fees for Fiscal Year 2003: Notice of Proposed Rulemaking, 67 Fed. Reg. 30634, 30636 (May 7, 2002). Although a change to the amount of the publication fee is not currently proposed for October 2002, if the issue fee or publication fee is to be paid on or after October 1, 2002, applicant should check the USPTO web site for the current fees before submitting the payment. The USPTO Internet address for the fee schedule is: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of any fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after October 1, 2002 (or mailed with a certificate of mailing on or after October 1, 2002), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

Page 4 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

OCS_C_045514

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail** Box ISSUE FEE
**Commissioner for Patents**
**Washington, D.C. 20231**
**Fax** (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

| CURRENT CORRESPONDENCE ADDRESS | Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission. |
|---|---|
| 21324    7990    10/10/2002<br><br>HAHN LOESER & PARKS, LLP<br>TWIN OAKS ESTATE<br>1225 W. MARKET STREET<br>AKRON, OH 44313<br><br>#09/868,846 | **Certificate of Mailing or Transmission**<br>I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.<br><br>Mark A. Watkins _____ (Depositor's name)<br>Mark A. Watkins _____ (Signature)<br>12-12-02 _____ (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/868,846 | 06/01/1999 | KEITH R. LEIGHTON | 6014-3-CON | 6087 |

TITLE OF INVENTION: HOT LAMINATION PROCESS FOR THE MANUFACTURE OF A COMBINATION CONTACT/CONTACTLESS SMART CARD

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $640 | $0 | $640 | 01/10/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| AFTERGUT, JEFF H. | 1733 | 156-153000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  HAHN, LOESER & PARKS, LLP
2  _____
3  _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)   ☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:    4b. Payment of Fee(s):
☑ Issue Fee                   ☐ A check in the amount of the fee(s) is enclosed.
☐ Publication Fee             ☐ Payment by credit card. Form PTO-2038 is attached.
☑ Advance Order - # of Copies   10    ☑ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number 12-0231 (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)  Mark A. Watkins    (Date) 12/12/02

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| 12/18/2002 MGHIB2  00000041 09368846 |
|---|
| 01 FC:2501    640.00 OP |
| 02 FC:8001     28.00 OP |

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

OCS_C_045515

O.G. FIG. 5

| | |
|---|---|
| 'VED | CLASS 156 |
| BY | SUBCLASS 153 |
| DRAFTSMAN | |

6514367

10

22

FIG.- 1

10

3B

3A

26

16

3A

24

20

3B

22

FIG.- 2

OCS_C_045516

| APPROVED | O.G. FIG. 5 | |
|---|---|---|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | 156 | 153 |

FIG.-2A

FIG.-3A

FIG.-3B

FIG.-4





FIG.-5

FIG.-5A



FIG.-6

OCS_C_045518

| APPROVED | O.G. FIG. 5 | |
|----------|-------------|--|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | 156 | 153 |



FIG.-7



FIG.-8

OCS_C_045519

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective November 10, 1998

Application or Docket Number

09/368846

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY TYPE ☐ RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 380.00 | OR | | 760.00 |
| TOTAL CLAIMS | 24 minus 20= | * 4 | X$ 9= | 36 | OR | X$18= | |
| INDEPENDENT CLAIMS | 2 minus 3 = | | X39= | | OR | X78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| | | | TOTAL | 416 | | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

| AMENDMENT A | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total | 29 | Minus | ** 29 | = → | X$ 9= | | OR | X$18= | |
| | Independent | 3 | Minus | *** 3 | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT B | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT C | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 11/98)                                    Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

OCS_C_045520

# United States Patent [19]

Sitzberger

[11] **3,994,225**

[45] Nov. 30, 1976

[54] **METHOD OF PRODUCING PERSONALIZED BADGES AND THE LIKE.**

[75] Inventor: Francis D. Sitzberger, Downers Grove, Ill.

[73] Assignee: Adcraft Mfg. Co., Chicago, Ill.

[22] Filed: Nov. 26, 1975

[21] Appl. No.: 635,284

**Related U.S. Application Data**

[63] Continuation of Ser. No. 446,238, Feb. 27, 1974, abandoned.

[52] **U.S. Cl.** ........................... 101/426; 40/2.2; 101/369; 101/90; 346/33 R; 346/153; 96/27 R

[51] **Int. Cl.²** ...................... B41M 3/00; B41L 45/12

[58] **Field of Search** ............................. 101/426, 369

[56] **References Cited**

UNITED STATES PATENTS

| | | | |
|---|---|---|---|
| 3,152,901 | 10/1964 | Johnson | 96/43 |
| 3,191,154 | 6/1965 | Sallach et al. | 340/172.5 |
| 3,402,488 | 9/1968 | Leavitt | 40/2.2 |
| 3,619,573 | 11/1971 | Philip | 355/40 |
| R27,809 | 11/1973 | Drillick | 101/18 |

*Primary Examiner*—Clyde I. Coughenour
*Attorney, Agent, or Firm*—Hill, Gross, Simpson, Van Santen, Steadman, Chiara & Simpson

[57] **ABSTRACT**

A method of fabricating a plurality of individual badges such as name badges and the like, each bearing indicial material common to all of such plurality of badges, and each bearing specific indicial material exclusive to the respective individual badges, in which the badge blanks are initially imprinted with the common indicial material and subsequently provided with the respective exclusive indicial material by an electrostatic or photocopying process.

**3 Claims, 4 Drawing Figures**

