ORIGINAL

## Sutherland Asbill & Brennan LLP

ATTORNEYS AT LAW
ROBERT A GUTKIN
DIRECT LINE: 202.383.0751
Internet: robert.gutkin@sablaw.com

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

**MEMO ENDORSED**

October 20, 2005



U.S. DISTRICT COURT
FILED
W.P.
OCT 21 2005
S.D. OF N.Y.

BY FAX AND OVERNIGHT MAIL

The Honorable Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street, Room 428
White Plains, New York 10601-4150

Re: *Leighton Technologies LLC v. Oberthur Card Systems, S.A.*,
Case No. 04 Civ. 02496 (CM) (LMS)

Dear Magistrate Judge Smith:

The parties jointly submit this letter to move the Court for an Order permitting Leighton Technologies LLC ("Leighton") to file a Second Amended Complaint. During the scheduling conference held on September 30, 2005, the Court granted Leighton's timely Motion to File a First Amended Complaint to add, among other things, Oberthur Card Systems Corporation ("OCSC") and Oberthur Card Systems, Inc. ("OCSI") as additional defendants. Leighton thereafter filed and served the First Amended Complaint. Each defendant's answer is due on October 25, 2005. OCSC and OCSI have merged and the new company name is Oberthur Card Systems of America Corporation. The Proposed Second Amended Complaint amends the Complaint to reflect the new corporate status of OCSC and OCSI. A copy of the Proposed Second Amended Complaint is attached hereto as Exhibit 1.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

WO 436243.1
Atlanta ▪ Austin ▪ Houston ▪ New York ▪ Tallahassee ▪ Washington, DC

[handwritten margin notes:]
*Motion granted. So ordered. Lisa Margaret Smith, USMJ 10/20/05*

The Honorable Lisa Margaret Smith
October 20, 2005
Page 2

In view of the fact that the First Amended Complaint will be superseded, the parties respectfully request that in the interest of efficiency, that no answer need be filed to the First Amended Complaint, and that the defendants may have until 10 days from service to respond to the Second Amended Complaint.

Respectfully submitted,

Robert A. Gutkin
Sutherland Asbill & Brennan LLP
Counsel for Plaintiff

cc: James D. Jacobs, Esq. (by telecopier)
Sue Knox (by telecopier)

WO 436243.1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC, | )<br>)<br>) Case No. 04-cv-02496 |
| Plaintiff, | ) (CM)(LMS)<br>) |
| v. | ) [PROPOSED]<br>) SECOND AMENDED COMPLAINT |
| OBERTHUR CARD SYSTEMS, S.A.,<br>OBERTHUR CARD SYSTEMS OF<br>AMERICA CORPORATION, | )<br>) DEMAND FOR JURY TRIAL<br>) |
| Defendants. | )<br>) |

Plaintiff Leighton Technologies LLC ("Leighton Technologies") by its attorneys, Sutherland Asbill & Brennan LLP, brings this patent infringement action against Defendants Oberthur Card Systems, S.A. ("OCS-France") and Oberthur Card Systems of America Corporation ("OCS-America") (collectively "Defendants") and for its complaint hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

2. This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3) (McKinney 2001) by virtue of Defendants' transacting and soliciting business in this district. Upon information and belief, Defendants have had substantial and continuous contacts with this district by, among other things, engaging in activities that have placed infringing products into the stream of commerce in this district. Such activities by Defendants have injured Plaintiff Leighton Technologies.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b)-(d) because a substantial part of the events giving rise to the claims occurred in this district and because OCS-France is an alien corporation.

## THE PARTIES

4. Plaintiff Leighton Technologies is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 75 Montebello Park, Suffern, NY 10901-3740. Leighton Technologies is the owner of several patents covering "smart cards" and processes for making "smart cards." Smart cards are plastic cards with a silicon chip embedded into the body of the plastic that are used, *inter alia*, to enable secure financial payments and access secure locations.

5. Defendant OCS-France is a corporation organized and existing under the laws of France with its principal place of business at 71/73 rue des Hautes-Patures, 92726 Nanterre Cedex, France. Defendant OCS-France is a global manufacturer and distributor of smart cards.

6. Upon information and belief, Defendant OCS-America is a Delaware corporation having its principal place of business at 3150 E. Ana Street, Rancho Dominguez, CA 90221.

## THE FOUR PATENTS-IN-SUIT

7. Each of the four patents-in-suit covers processes for making certain types of smart cards. One of the four patents-in-suit also covers smart cards made in accordance with one of the processes.

8. United States Patent No. 5,817,207 (the "'207 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," was duly and lawfully issued on October 6, 1998, based upon an

application filed by the inventor, Keith R. Leighton. A copy of the '207 patent is attached hereto as Exhibit A.

9. United States Patent No. 6,036,099 (the "'099 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Card And Product Resulting Therefrom," was duly and lawfully issued on March 14, 2000, based upon an application filed by the inventor, Keith R. Leighton. A copy of the '099 patent is attached hereto as Exhibit B.

10. United States Patent No. 6,214,155 B1 (the "'155 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," was duly and lawfully issued on April 10, 2001, based upon an application filed by the inventor, Keith R. Leighton. A copy of the '155 patent is attached hereto as Exhibit C.

11. United States Patent No. 6,514,367 B1 (the "'367 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Card," was duly and lawfully issued on February 4, 2003, based upon an application filed by the inventor, Keith R. Leighton. A copy of the '367 patent is attached hereto as Exhibit D.

12. Leighton Technologies is the owner by assignment of the '207, '099, '155, and '367 patents (collectively, "the Patents") and has the right to sue, and recover damages, for infringement thereof.

## GENERAL ALLEGATIONS

13. Upon information and belief, from at least early 1999, OCS-France made smart cards in France according to a manufacturing process (the "OCS-France Manufacturing

WO 435187.1

3

Process"). Upon information and belief, these smart cards were imported into, and sold and used in, New York and other places throughout the United States.

14. Upon information and belief, since early 1999, OCS-France has exercised direct and substantial control over certain of its U.S. Affiliates that make and sell smart cards ("U.S. Affiliates").

15. Upon information and belief, OCS-France's U.S. Affiliates include but are not limited to OCS-America.

16. Upon information and belief, since early 1999, OCS-France has provided and continues to provide its U.S. Affiliates with the technological details of, and support for, the OCS-France Manufacturing Process or other process.

17. Upon information and belief, since early 1999, OCS-France has actively directed, caused, and encouraged its U.S. Affiliates to make smart cards in the United States in accordance with the OCS-France Manufacturing Process or other process, to sell such smart cards in New York and other places throughout the United States, and to cause such smart cards to be used in New York and other places throughout the United States.

18. Upon information and belief, OCS-America has made smart cards in the United States in accordance with the OCS-France Manufacturing Process or other process, sold and offered to sell such smart cards in New York and other places throughout the United States, and used or caused such smart cards to be used in New York and other places throughout the United States.

19. Upon information and belief, Defendants have engaged in and continue to engage in continuous and substantial activity in New York.

WO 435187.1                                            4

20. Upon information and belief, Defendants have committed and continue to commit tortious acts inside and outside of New York, and these acts have caused and continue to cause direct injury to Leighton Technologies.

21. Upon information and belief, Defendants regularly transact and solicit business in New York, engage in other persistent courses of conduct in New York, and derive substantial revenue from goods used or consumed, or services rendered, in New York.

22. By virtue of its aforementioned acts, Defendants, upon information and belief, expect to or should reasonably expect such acts to have consequences in New York, and Defendants derive substantial revenue from interstate and international commerce.

## COUNT I

### (PATENT INFRINGEMENT)

23. Leighton Technologies repeats and incorporates the allegations contained in paragraphs 1 through 22 above as is set forth fully herein.

24. Upon information and belief, OCS-France has imported into the United States certain smart cards that were made in France pursuant to the OCS-France Manufacturing Process and, thus, in accordance with the Patents. This importation has infringed the Patents under 35 U.S.C. § 271.

25. Upon information and belief, OCS-France has induced infringement of and is continuing to induce infringement of the Patents by providing its U.S. Affiliates with technological details of, and support for, the OCS-France Manufacturing Process and by actively directing, causing, and encouraging its U.S. Affiliates to make smart cards in the United States in accordance with the OCS-France Manufacturing Process, which smart cards were sold and used

in New York and other places throughout the United States. This inducement is an infringement of the Patents under 35 U.S.C. § 271(b), since the use of the OCS-France Manufacturing Process by OCS-France's U.S. Affiliates, and the sale, offer for sale, and use of smart cards made in accordance therewith, is a direct infringement of the Patents under 35 U.S.C. § 271(a).

26. Upon information and belief, OCS-France through its actions and the U.S. Affiliates through their actions have contributed to the infringement of and are continuing to contribute to the infringement of the Patents.

27. Upon information and belief, OCS-America has and is infringing, or inducing the infringement of, or contributing to the infringement of the claims of the Patents in violation of 35 U.S.C. § 271 by, among other things, making, using, selling and/or offering to sell the inventions claimed in the Patents and products made by the processes claimed in the Patents.

28. Defendants have committed the foregoing infringing activities without license from Leighton Technologies.

29. Upon information and belief, Defendants knew the Patents existed before committing the foregoing infringing acts, thereby willfully and deliberately infringing the Patents. This action is "exceptional" within the meaning of 35 U.S.C. § 285, and Leighton Technologies therefore is entitled to its reasonable attorneys' fees and litigation expenses. Additionally, Leighton Technologies' damages should be trebled pursuant to 35 U.S.C. § 284 because of Defendants' willful infringement of the Patents.

30. As a direct and proximate result of Defendants' infringing conduct and the threat of continuing infringement, Leighton Technologies has suffered and will continue to suffer irreparable harm and damages for which Leighton Technologies has no adequate remedy at law.

31. Unless this Court enjoins Defendants, Defendants will continue to infringe the Patents.

32. If Leighton Technologies is unable to stop Defendants' patent infringement, Leighton Technologies will suffer irreparable harm. Leighton Technologies' remedy at law is inadequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore, Defendants should be enjoined pursuant to 35 U.S.C. § 283.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Permanently enjoining Defendants – together with each of its affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Court's order by personal service or otherwise from infringing the Patents in any manner.

B. Requiring Defendants to file and serve on Leighton Technologies, within 30 days after service of an injunction, a written report under oath setting forth in detail Defendants' compliance with the injunction.

C. For a judicial determination and declaration that OCS-France has infringed the Patents.

D. For a judicial determination and declaration that OCS-France's inducement of its U.S. Affiliates to infringe the Patents by providing said affiliates with technological details of, and support for, the OCS-France Manufacturing Process – and by actively directing, causing, and encouraging these affiliates to make and sell smart cards in the United States in accordance with the OCS-France Manufacturing Process – infringes the Patents.

E.  For a judicial determination and declaration that OCS-France contributes or has contributed to the infringement of the Patents.

F.  For a judicial determination and declaration that OCS-America infringes or has infringed the Patents either directly or indirectly or by inducement or contributing to infringement.

G.  For a judicial determination and declaration that because Defendants' infringement of the Patents is willful and deliberate, this is an exceptional case under 35 U.S.C. § 285.

H.  For an order requiring Defendants to account for the sales and profits related to the sale of smart cards made using its infringing process.

I.  For an award, to be determined at trial, of damages adequate to compensate Leighton Technologies for Defendants' infringement and Leighton Technologies' costs, but in no event less than a reasonable royalty – plus pre-judgment and post-judgment interest – and for such damages to be trebled, pursuant to 35 U.S.C. § 284.

J.  For an award of Leighton Technologies' reasonable attorneys' fees and expenses, pursuant to 35 U.S.C. § 285.

K.  For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Leighton Technologies LLC hereby demands a jury trial on all triable issues raised in this action.

Date: October 20, 2005

_____
Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick, Esq. (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC  20004-2415
Tel: 202-383-0751
Fax: 202-637-3593

*Attorneys for Plaintiff*
LEIGHTON TECHNOLOGIES LLC