Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004-2415
Tel: 202-383-0100
Fax: 202-637-3593

Attorneys for Plaintiff
LEIGHTON TECHNOLOGIES LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>OBERTHUR CARD SYSTEMS, S.A., and OBERTHUR CARD SYSTEMS OF AMERICA CORP.<br><br>Defendants. | 04 Civ. 02496 (CM) (LMS) |

**LEIGHTON TECHNOLOGIES LLC**

**PLAINTIFF LEIGHTON TECHNOLOGIES LLC'S RESPONSE TO DEFENDANT OBERTHUR CARD SYSTEMS, S.A.'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

WO 449652.1

Pursuant to Local Rule 56.1 of the United States District Court for the Southern District of New York, Plaintiff Leighton Technologies LLC ("Leighton") submits this Response to Defendant's Statement of Material Facts in support of its Opposition to Defendant's Motion for Summary Judgment:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Deny. Leighton admits that Mr. Smith claims that the 1987 Oakwood Series 6 Laminators Brochure ("1987 Oakwood Series 6 Brochure") existed prior to December 31, 1988. Leighton, however, does not admit that this document was "published" for purposes of printed publication inquiry under 35 U.S.C. § 102(b). The question of whether a reference represents a "printed publication" under § 102(b) is a question of law that is inappropriate for a statement of undisputed material fact.

7. Deny. Leighton denies that the 1987 Oakwood Series 6 Brochure is prior art under 35 U.S.C. § 102(b) because Oberthur has failed to establish the necessary factual predicate required to show that the document is prior art. Further, whether a document represents a "printed publication" pursuant to § 102(b) is a question of law that requires no response and is inappropriate for a statement of undisputed material fact.

8. Deny. Leighton admits that Mr. Smith claims that the 1987 Oakwood Sales Brochure existed prior to December 31, 1988. Leighton, however, does not admit that this document was "published" for purposes of printed publication inquiry under 35 U.S.C. § 102(b).

1

The question of whether a reference represents a "printed publication" under § 102(b) is a question of law that requires no response and is inappropriate for a statement of undisputed material fact.

9. Deny. Leighton denies the 1987 Oakwood Sales Brochure is prior art under 35 U.S.C. § 102(b) because Oberthur has failed to establish the necessary factual predicate required to show that the document is prior art. Further, whether a document represents a "printed publication" pursuant to § 102(b) is a question of law that requires no response and is inappropriate for a statement of undisputed material fact.

10. Deny. Leighton admits that Mr. Smith claims that the 1991 Oakwood Series 6 Instruction Manual existed prior to December 31, 1992. Leighton, however, does not admit that this document was "published" for purposes of printed publication inquiry under 35 U.S.C. § 102(b). The question of whether a reference represents a "printed publication" under § 102(b) is a question of law that requires no response and is inappropriate for a statement of undisputed material fact.

11. Deny. Leighton denies that the 1991 Oakwood Series 6 Instruction Manual is prior art under 35 U.S.C. § 102(b) because Oberthur has failed to establish the necessary factual predicate required to show that the document is prior art. Further, whether a document represents a "printed publication" pursuant to § 102(b) is a question of law that requires no response and is inappropriate for a statement of undisputed material fact.

12. Admit.

13. Admit.

14. Deny. U.S. Patent No. 4,450,024 issued on May 22, 1984.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Deny. U.S. Patent No. 4,841,134 issued on June 20, 1989.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Deny. Leighton denies that each and every element of the Asserted Claims is present in at least one of the aforementioned alleged prior art references. For example, the Oakwood Brochures are missing several claim elements. *See* Leighton's Rebuttal Claim Chart annexed as Appendix A to its Memorandum in Opposition to Oberthur's Motion for Summary Judgment of Patent Invalidity; *see also* K. Leighton Decl. ¶¶11-12. Further, Oberthur offers no competent evidence to satisfy its burden of proof to show that each and every element is present.

27. Deny. Leighton denies that at the time of the inventions of each of the Asserted Claims a person of ordinary skill in the art would have found it obvious to combine the prior art references to arrive at the combination claimed in the respective Asserted Claims. Several claim elements were not disclosed in the prior art. *See* K. Leighton Decl. ¶¶11-12; *see also* Leighton's Rebuttal Claim Chart annexed as Appendix A to its Memorandum in Opposition to Oberthur's Motion for Summary Judgment of Patent Invalidity. Further, Oberthur fails to satisfy its burden to establish the asserted fact in paragraph 27. Oberthur offers no competent evidence and in fact

does not even mention how one of ordinary skill would find it obvious to combine prior art references. Messrs. Mosteller and Smith only discuss the Oakwood references in their declarations (*see generally* B. Mosteller Decl. and R. Smith Decl.), and Mr. Mosteller has admitted that he did not make any smart cards until years after the relevant date of the inventions. *See* Mosteller Depo. at 78:11-15, attached to C. Ondrick Decl. as Exhibit 1.

Moreover, consideration of secondary considerations also shows that the inventions of each of the Asserted Claims would not have been obvious:

a. <u>Commercial Success:</u>

    i    In a January/February 2005 article entitled "A Look at Plastic Card Lamination" for the International Card Manufacturers Association (ICMA), two employees of Burkle (a leading lamination machine manufacturer) discussed the importance of using certain lamination steps in the manufacture of contactless smart cards, which are the same as the lamination steps set forth in the Leighton patents. *See* Exhibit 13 to C. Ondrick Decl. and *compare* with the asserted claims of the Leighton patents attached to T. Sharinn Decl. as Exhibits 1-4.

    ii    There has been a dramatic increase in the use of contactless cards in the U.S. for payments. *See* Exhibits 14-17 to C. Ondrick Decl.

b. <u>Long-Felt Need/Failure of Others to Invent:</u>

    i    Prior to the inventions disclosed in the Asserted Claims, other skilled artisans failed to develop a method for laminating plastic cards with embedded electronic elements. *See* Sanko Depo. at 1:8-9; 12:1-11; 18:1-

4

14; 40:9-18; 42:3-13; 85:16-86:16; 88:4-89:16; 89:23-91:7, attached to C. Ondrick Decl. as Exhibit 18.

    ii    Prior to the inventions disclosed in the Asserted Claims, no one embedded electronic elements between plastic sheets during the lamination process. *See* Sanko Depo. at 85:16-86:16, attached to C. Ondrick Decl. as Exhibit 18.

    iii    Prior to the inventions in the Leighton patents, makers of plastic cards that included electronic elements placed the electronic elements in pockets that were milled or drilled in the plastic core sheets. *See* Sanko Depo. at 86:5-9, attached to C. Ondrick Decl. as Exhibit 18.

c.    <u>Unexpected Results/Skepticism</u>:

    i    The prior art, U.S. Patent Nos. 4,450,024 and 5,804,026 patents, discuss the problems associated with embedding an electronic element directly between two plastic sheets and teach away from the methods disclosed in the Asserted Claims. *See* '024 patent, col. 3, lines 26-29 and 38-45, attached to T. Sharinn Decl. as Exhibit 14; '026 patent, col. 1, lines 14-50, attached to C. Ondrick Decl. as Exhibit 2.

    ii    Prior to the inventions in the Leighton patents, the processes employed to make smart cards did not work and were limited by conventional machines, such as the one used by Motorola. *See* K. Leighton Decl. ¶¶6-8. Motorola was unhappy with the yield obtained using Motorola components and equipment. *See* K. Leighton Decl. ¶ 7.

28. Deny. Leighton denies that each and every element in claim 20 of the '367 patent is, explicitly or inherently, present in the 1987 Oakwood Brochures. *See* K. Leighton Decl. ¶¶11-12; *see also* Leighton's Rebuttal Claim Chart annexed as Appendix A to its Memorandum in Opposition to Oberthur's Motion for Summary Judgment of Patent Invalidity.

29. Deny. Leighton denies that each and every element in claims 1, 6-7 and 14-16 of the '155 patent is, explicitly or inherently, present in the 1987 Oakwood Brochures. *See* K. Leighton Decl. ¶¶11-12; *see also* Leighton's Rebuttal Claim Chart annexed as Appendix A to its Memorandum in Opposition to Oberthur's Motion for Summary Judgment of Patent Invalidity.

30. Deny. Paragraph 30 does not contain a factual allegation. Instead, the level of skill of one of ordinary skill in the art calls for a legal conclusion and is properly the subject of expert testimony. As such, no further response is required.


Dated: December 7, 2005

                                           SUTHERLAND ASBILL & BRENNAN LLP

                                           /s/ Robert A. Gutkin
                                        By: Robert A. Gutkin, Esq. (Pro hac vice)
                                        Blair M. Jacobs, Esq. (Pro hac vice)
                                        Christina A. Ondrick, Esq. (Pro hac vice)
                                        Attorneys for Plaintiff
                                        LEIGHTON TECHNOLOGIES LLC
                                        1275 Pennsylvania Avenue, N.W.
                                        Washington, DC 20004-2415
                                        Tel: 202-383-0100
                                        Fax: 202-637-3593