Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC  20004-2415
Tel:  202-383-0100
Fax:  202-637-3593

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC, | |
| Plaintiff, | Case No. 04-cv-02496 |
| | (CM)(LMS) |
| v. | |
| | ANSWER TO |
| OBERTHUR CARD SYSTEMS, S.A., | AMENDED COUNTERCLAIMS, |
| OBERTHUR CARD SYSTEMS | AFFIRMATIVE DEFENSES |
| OF AMERICA CORPORATION | |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |
| OBERTHUR CARD SYSTEMS, S.A., | |
| OBERTHUR CARD SYSTEMS | |
| OF AMERICA CORPORATION | |
| Counterclaim Plaintiffs, | |
| v. | |
| LEIGHTON TECHNOLOGIES LLC, | |
| GENERAL PATENT CORPORATION | |
| INTERNATIONAL, | |
| GENERAL PATENT CORPORATION, | |
| IP HOLDINGS LLC, | **ELECTRONICALLY FILED** |
| ALEXANDER I. POLTORAK, | |
| PAUL J. LERNER, AND | |
| KEITH LEIGHTON, | |
| Counterclaim Defendants. | |

Leighton Technologies LLC, General Patent Corporation International, General Patent Corporation, IP Holdings LLC, Alexander I. Poltorak, Paul J. Lerner and Keith Leighton (collectively "Counterclaim Defendants"), by their undersigned counsel, answer the Counterclaims of Defendants and Counterclaim Plaintiffs Oberthur Card Systems, S.A. and Oberthur Card Systems of America Corporation (collectively "OCS-Entities") as follows:

1-43.   Paragraphs 1-43 contain the OCS-Entities' answer to Leighton Technologies LLC's Second Amended Complaint and the OCS-Entities' affirmative defenses. As such, Counterclaim Defendants do not respond to Paragraphs 1-43.

44.   Counterclaim Defendants admit that the OCS-Entities purport to state Counterclaims against the Counterclaim Defendants.

45.   Counterclaim Defendants deny that this Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 and 35 U.S.C. §§ 291, and expressly deny liability thereunder.

46.   Counterclaim Defendants admit the allegations set forth in Paragraph 46.

47.   Counterclaim Defendants admit the allegations set forth in Paragraph 47.

48.   Counterclaim Defendants admit the allegations set forth in Paragraph 48.

49.   Leighton Technologies LLC ("Leighton Technologies") admits the allegations set forth in Paragraph 49.

50.   General Patent Corporation ("GPC") denies that it is a New York corporation. GPC is a Delaware corporation. GPC admits the remaining allegations set forth in Paragraph 50. Counterclaim Defendant Keith Leighton is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 50 and therefore cannot admit or deny said allegations.

51. General Patent Corporation International ("GPCI") admits the allegations set forth in Paragraph 51. Counterclaim Defendant Keith Leighton is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 51 and therefore cannot admit or deny said allegations.

52. IP Holdings LLC ("IPH") admits the allegations set forth in Paragraph 52. Counterclaim Defendant Keith Leighton is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 52 and therefore cannot admit or deny said allegations.

53. GPCI admits that it owns 33% of Leighton Technologies. IPH admits that it owns 17% of Leighton Technologies.

54. Alexander I. Poltorak ("Poltorak") admits the allegations set forth in Paragraph 54. Counterclaim Defendant Keith Leighton is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 54 and therefore cannot admit or deny said allegations.

55. Paul J. Lerner ("Lerner") denies that he is a domiciliary of the State of New York. He is a domiciliary of the State of Connecticut. Lerner further denies that he is a managing member of IPH, as Lerner holds no position with IPH. Lerner admits the remaining allegations of Paragraph 55. Counterclaim Defendant Keith Leighton is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 55 and therefore cannot admit or deny said allegations.

56. Keith Leighton admits the allegations set forth in Paragraph 56.

57. Counterclaim Defendants deny the allegations set forth in Paragraph 57.

58. Leighton Technologies admits the allegations set forth in Paragraph 58.

59. Counterclaim Defendants admit that Leighton Technologies maintains that the OCS-Entities infringe that patents at issue. Counterclaim Defendants Leighton Technologies and Keith Leighton deny that whether or not others have increased pressure during cooling in a lamination process, in any way alters or impacts the OCS-Entities' infringement of the patents at issue. Counterclaim Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59 and therefore deny the remaining allegations in Paragraph 59.

60. Counterclaim Defendants object to these allegations as improper allegations calling for a legal conclusion, and on that basis, as well as the fact that they lack sufficient legal knowledge or information to form a belief as to the truth or falsity of the allegations, deny each and every allegation in Paragraph 60.

61. Leighton Technologies denies the allegations set forth in Paragraph 61. Keith Leighton is informed and believes that the OCS-Entities are using his patented lamination process to manufacture smart cards, and therefore denies the allegations set forth in Paragraph 61. The remaining Counterclaim Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 61, and therefore deny each and every allegation in Paragraph 61.

## COUNTERCLAIM I

### (Inequitable Conduct In The Prosecution Of The '367 Patent As To Counterclaim Defendant Leighton)

62. Counterclaim Defendant Keith Leighton repeats and incorporates his answers to Paragraphs 1-61 as if stated here. To the extent that this counterclaim is alleged solely against Keith Leighton, the remaining Counterclaim Defendants do not respond to the allegations.

63. Counterclaim Defendant Keith Leighton admits that the OCS-Entities purport to state a counterclaim for declaratory judgment of unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

64. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 64.

65. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 65.

66. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 66.

67. Counterclaim Defendant Keith Leighton admits and states that the file history speaks for itself and that Office Actions were mailed May 8, 2002 and December 6, 2000; that the Examiner conducted an interview with Michael Minns on October 9, 2002; and that the Examiner conducted an interview with Mark Watkins on November 30, 2000. To the extent that the allegation is an incomplete summary of the prosecution history, Counterclaim Defendant Keith Leighton refers to and relies upon the complete prosecution history as the accurate record of prosecution, and denies the remaining allegations as inaccurate by omission.

68. Counterclaim Defendant Keith Leighton admits that an Amendment was submitted on October 2, 2002 that stated the following: "the second pressure being at least 10% greater than the first pressure." Counterclaim Defendant Keith Leighton is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and therefore denies the remaining allegations in Paragraph 68.

69. Counterclaim Defendant Keith Leighton admits and states that the file history speaks for itself and that the office action response stated: "There is no teaching or suggestion in

UK '610 to **increase** the pressure during cooling to **at least 10 % greater than the pressure applied during heating**, as claimed by Applicant in independent claims 1 and 27." (Emphasis in the original). To the extent that the allegation is an incomplete summary of the prosecution history, Counterclaim Defendant Keith Leighton refers to and relies upon the complete prosecution history as the accurate record of prosecution, and denies the remaining allegations as inaccurate by omission.

70. Counterclaim Defendant Keith Leighton admits that the Examiner conducted an interview with Michael Minns on October 9, 2002.

71. Counterclaim Defendant Keith Leighton admits that on October 9, 2002 the Examiner's Amendment paragraph 2 stated the following: "The following is an examiner's statement of reasons for allowance: None of the prior art of record taught or suggested that one skilled in the art at the time the invention was made to apply a second pressure upon the assembly during cooling wherein the second pressure was at least 10% greater than the first pressure applied during assembly and heating." Except as expressly admitted herein, each and every remaining allegation is denied.

72. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 72.

73. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 73. Counterclaim Defendant Keith Leighton admits that it is possible that in the manufacture of standard plastic cards, without electronics, he may have on occasion increased the pressure during cooling by more than 10%.

74. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 74 and, to the extent the allegations comprise legal conclusions, they are objected to.

75. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 75 and, to the extent the allegations comprise legal conclusions, they are objected to.

76. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 76.

77. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 77 and, to the extent the allegations comprise legal conclusions, they are objected to.

78. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 78.

79. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 79 and, to the extent the allegations comprise legal conclusions, they are objected to.

80. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 80.

## COUNTERCLAIM II

**(Inequitable Conduct in the Prosecution Of the '155 Patent as To Counterclaim Defendant Leighton)**

81. Counterclaim Defendant Keith Leighton repeats and incorporates his answers to Paragraphs 1-80 as if stated here.  To the extent that this counterclaim is alleged solely against Keith Leighton, the remaining Counterclaim Defendants do not respond to the allegations.

82. Counterclaim Defendant Keith Leighton admits that the OCS-Entities purport to state a counterclaim for declaratory judgment of unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

83. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 83.

84. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 84.

85. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 85, except that he denies that only Examiner Lorin examined the '155 patent application.

86. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 86, except that he denies that only Examiner Lorin examined the '155 patent application.

87. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 87, except he admits that Mr. Watkins was the Attorney of Record in both the '155 and '367 patents.

88. Counterclaim Defendant Keith Leighton admits and states that the file history speaks for itself and that an Office Action was mailed on December 6, 2000. To the extent that the allegation is an incomplete summary of the prosecution history, Counterclaim Defendant Keith Leighton refers to and relies upon the complete prosecution history as the accurate record of prosecution, and denies the remaining allegations as inaccurate by omission.

89. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 89.

90. Counterclaim Defendant Keith Leighton admits the allegations set forth in Paragraph 90.

91. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 91 and, to the extent the allegations comprise legal conclusions, they are objected to.

92. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 92 and, to the extent the allegations comprise legal conclusions, they are objected to.

93. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 93.

94. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 94.

95. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 95 and, to the extent the allegations comprise legal conclusions, they are objected to.

96. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 96 and, to the extent the allegations comprise legal conclusions, they are objected to.

97. Counterclaim Defendant Keith Leighton denies the allegations set forth in Paragraph 97.

## COUNTERCLAIM III

**(Patent Invalidity and Noninfringement As to The Counterclaim Defendants)**

98. Counterclaim Defendants repeat and incorporate their answers to Paragraphs 1-97 of the Counterclaims as if stated here.

99. Counterclaim Defendants admit that the OCS-Entities purport to state a counterclaim for declaratory judgment of unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

100. Counterclaim Defendants admit the allegations set forth in Paragraph 100.

101. Counterclaim Defendant Leighton Technologies denies the allegations set forth in Paragraph 101.  The remaining Counterclaim Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 101 and therefore deny each and every allegation in Paragraph 101.

102. Counterclaim Defendants deny the allegations set forth in Paragraph 102 and, to the extent the allegations comprise legal conclusions, they are objected to.

103. Counterclaim Defendants deny the allegations set forth in Paragraph 103.

104. Counterclaim Defendants deny the allegations set forth in Paragraph 104.

## COUNTERCLAIM IV

### (Patent Misuse As To Counterclaim Defendant Leighton Technologies)

105. Counterclaim Defendant Leighton Technologies repeats and incorporates its answers to Paragraphs 1-104 as if stated here. To the extent that this counterclaim is alleged solely against Leighton Technologies, the remaining Counterclaim Defendants do not respond to the allegations.

106. Counterclaim Defendant Leighton Technologies admits that the OCS-Entities purport to state a counterclaim for declaratory judgment of unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

107. Counterclaim Defendant Leighton Technologies admits the allegations set forth in Paragraph 107.

108. Counterclaim Defendant Leighton Technologies denies the allegations set forth in Paragraph 108.

109. Counterclaim Defendants Leighton Technologies denies the allegations set forth in Paragraph 109.

110. Counterclaim Defendant Leighton Technologies denies the allegations set forth in Paragraph 110.

111. Counterclaim Defendant Leighton Technologies denies the allegations set forth in Paragraph 111.

112. Counterclaim Defendant Leighton Technologies denies the allegations set forth in Paragraph 112.

113. Counterclaim Defendant Leighton Technologies denies the allegations set forth in Paragraph 113.

114. Counterclaim Defendant Leighton Technologies denies the allegations set forth in Paragraph 114.

## COUNTERCLAIM V

**(Tortious Interference with Prospective Economic Advantage As To Counterclaim Defendants Leighton Technologies, GPC, GPCI, IPH, Poltorak and Lerner)**

115. The above-named Counterclaim Defendants repeat and incorporate their answers to Paragraphs 1-114 of the Counterclaims as if stated here. To the extent that this counterclaim is alleged solely against above-named Counterclaim Defendants, Counterclaim Defendant Keith Leighton does not respond to the allegations.

116. The above-named Counterclaim Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 116 and therefore deny each and every allegation in Paragraph 116.

117. The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 117.

118. The above-named Counterclaim Defendants admit that Leighton Technologies has served discovery requests on the OCS-Entities in accordance with the Scheduling Order entered in this case, pursuant to the Federal Rules of Civil Procedure, pursuant to Court Orders entered in this case endorsed by Judge McMahon or Magistrate Judge Smith, and pursuant to agreement of the parties. The above-named Counterclaim Defendants are without sufficient

knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 118 and therefore deny the remaining allegations of Paragraph 118.

119.    The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 119.

120.    The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 120.

121.    Counterclaim Defendants deny the allegations set forth in Paragraph 121.

## COUNTERCLAIM VI

**(Attempted Monopolization Under Section 2 of the Sherman Act (15 U.S.C. § 2) As to Counterclaim Defendants Leighton Technologies, GPC, GPCI, IPH, Poltorak and Lerner)**

122.    The above-named Counterclaim Defendants repeat and incorporate their answers to Paragraphs 1-121 of the Counterclaims as if stated here.  To the extent that this counterclaim is alleged solely against above-named Counterclaim Defendants, Counterclaim Defendant Keith Leighton does not respond to the allegations.

123.    The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 123, except that they admit that the OCS-Entities participate in the market for plastic laminated cards capable of operating a contactless mode.

124.    The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 124.

125.    The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 125.

126.    The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 126.

127. The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 127.

128. The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 128.

129. The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 129.

130. The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 130.

131. The above-named Counterclaim Defendants deny the allegations set forth in Paragraph 131.

## COUNTERCLAIM VII

**(Attempted Monopolization Under Section 2 of the Sherman Act (15 USC § 2) As To The Counterclaim Defendants).**
**(Walker Process-Fraud)**

132. Counterclaim Defendants repeat and incorporate their answers to Paragraphs 1-131 of the Counterclaims as if stated here.

133. Counterclaim Defendants deny the allegations set forth in Paragraph 133.

134. Counterclaim Defendants deny the allegations set forth in Paragraph 134.

135. Counterclaim Defendants deny the allegations set forth in Paragraph 135.

136. Counterclaim Defendants deny the allegations set forth in Paragraph 136.

137. Counterclaim Defendants deny the allegations set forth in Paragraph 137.

138. Counterclaim Defendants deny the allegations set forth in Paragraph 138.

139. Counterclaim Defendants deny the allegations set forth in Paragraph 139.

140. Counterclaim Defendants deny the allegations set forth in Paragraph 140.

## COUNTERCLAIM VIII

**(Attempted Monopolization Under Section 2 of the Sherman Act (15 USC § 2) As To The Counterclaim Defendants).**
**(Walker Process-Fraud)**

141. Counterclaim Defendants repeat and incorporate their answers to Paragraphs 1-140 of the Counterclaims as if stated here.

142. Counterclaim Defendants deny the allegations set forth in Paragraph 142.

143. Counterclaim Defendants deny the allegations set forth in Paragraph 143.

144. Counterclaim Defendants deny the allegations set forth in Paragraph 144.

145. Counterclaim Defendants deny the allegations set forth in Paragraph 145.

146. Counterclaim Defendants deny the allegations set forth in Paragraph 146.

147. Counterclaim Defendants deny the allegations set forth in Paragraph 147.

148. Counterclaim Defendants deny the allegations set forth in Paragraph 148.

149. Counterclaim Defendants deny the allegations set forth in Paragraph 149.

150. Counterclaim Defendants deny the allegations set forth in Paragraph 150.

## COUNTERCLAIM IX

**(Restraint of Trade in Violation of Section 1 of the Sherman Act (15 USC § 1) As To The Counterclaim Defendants)**

151. Counterclaim Defendants repeat and incorporate their answers to Paragraphs 1-150 of the Counterclaims as if stated here.

152. Counterclaim Defendants deny the allegations set forth in Paragraph 152.

153. Counterclaim Defendants deny the allegations set forth in Paragraph 153.

154. Counterclaim Defendants deny the allegations set forth in Paragraph 154.

155. Counterclaim Defendants deny the allegations set forth in Paragraph 155.

156. Counterclaim Defendants deny the allegations set forth in Paragraph 156.

157. Counterclaim Defendants deny the allegations set forth in Paragraph 157.

158. Counterclaim Defendants deny the allegations set forth in Paragraph 158.

## **AFFIRMATIVE DEFENSES**

As for their separate and affirmative defenses, the Counterclaim Defendants allege as follows:

### **First Affirmative Defense**

(Failure to State a Claim)

159. OCS-Entities' Counterclaims fail to state a claim against the Counterclaim Defendants, separately and/or collectively, upon which relief can be granted.

### **Second Affirmative Defense**

(Lack of Standing)

160. OCS-Entities have not suffered any injury or damage to their businesses or properties because of any act or omission by the Counterclaim Defendants, and accordingly, lack any right or standing to bring this action.

### **Third Affirmative Defense**

(Statute of Limitations)

161. OCS-Entities' claims are barred by the statute of limitations.

### **Fourth Affirmative Defense**

(Lack of Causation)

162. The proximate cause of the OCS-Entities' alleged damages, if any, were the OCS-Entities' own conduct and/or the conduct of a person or persons other than the Counterclaim Defendants.

### Fifth Affirmative Defense

(No Antitrust or Competitive Injury)

163. OCS-Entities have suffered no antitrust or competitive injury cognizable under the antitrust laws.

### Sixth Affirmative Defense

(Immunity Under Noerr-Pennington Doctrine)

164. The activity complained of by the OCS-Entities in Counterclaims V, VI, VII, VIII, and IX is protected under the immunity provided by the Noerr-Pennington doctrine.

### Seventh Affirmative Defense

(Failure to Mitigate Damages)

165. To the extent that the OCS-Entities have suffered any of the damages or injuries alleged in their Counterclaims, the OCS-Entities have failed to take reasonable steps to mitigate such damages.

### Eighth Affirmative Defense

(Estoppel)

166. OCS-Entities' claims are barred by the doctrine of estoppel.

### Ninth Affirmative Defense

(Waiver)

167. OCS-Entities' claims are barred by the doctrine of waiver.

### Tenth Affirmative Defense

(Unclean Hands)

168. OCS-Entities' claims are barred by the doctrine of unclean hands.

**Eleventh Affirmative Defense**

169. Counterclaim Defendants give notice that they intend to rely upon any additional affirmative defenses that become available or apparent during discovery, and reserve their right to amend their Answer and to assert such additional affirmative defenses or, if appropriate, delete affirmative defenses as discovery proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, the Counterclaim Defendants pray for judgment against OCS-Entities as follows:

A. That the OCS-Entities take nothing by way of their Counterclaims and the relief sought by the OCS-Entities be denied;

B. That the Counterclaims be dismissed with prejudice in their entirety;

C. For judgment in favor of the Counterclaim Defendants on the Counterclaims;

D. For costs, including such reasonable attorneys' fees as the Court may find recoverable; and

E. For such further or alternate relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Leighton Technologies LLC, General Patent Corporation International, General Patent Corporation, IP Holdings LLC, Alexander I. Poltorak, Paul J. Lerner, and Keith Leighton hereby demand a jury trial on all triable issues raised in this action.

Date:   December 19, 2005

          /s/ Robert A. Gutkin
Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick, Esq. (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC  20004-2415
Tel:  202-383-0751
Fax: 202-637-3593

*Attorneys for*
LEIGHTON TECHNOLOGIES LLC
GENERAL PATENT CORPORATION
  INTERNATIONAL
GENERAL PATENT CORPORATION
IP HOLDINGS LLC
ALEXANDER I. POLTORAK
PAUL J. LERNER
KEITH LEIGHTON

WO 450487.1