UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────x

LEIGHTON TECHNOLOGIES, LLC,

    Plaintiff,

-against-                              04 Civ. 2496 (CM)(LMS)

OBERTHUR CARD SYSTEMS, S.A.,

    Defendant.

────────────────────────────────x

## ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION

McMahon, J.:

    Defendant has appealed from a decision of Chief Magistrate Judge Lisa Margaret Smith, dated March 27, 2006, refusing to order plaintiff to produce communications between Kenneth Leighton and his patent counsel and the work product of the patent counsel.

    A magistrate judge's determination regarding a discovery dispute will not be overturned unless it is clearly erroneous. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). Judge Smith's determination is far from clearly erroneous. I thus affirm it.

    Oberthur went before the magistrate judge claiming to have prima facie evidence that Kenneth Leighton and the attorneys who prosecuted his patents on his behalf committed fraud on the patent office by intentionally failing to disclose relevant prior art to the patent examiner. Specifically, Oberthur accused Leighton of committing two frauds: (1) failing to disclose to the PTO during the prosecution of the '367 patent that Leighton not only was aware that the application of higher pressure during the cooling part of a lamination process had been in use in the manufacture of plastic laminated cards since the 1970s but that he himself had used such a process more than one year before the filing date of his patent; and (2) failing to disclose the JP214 patent to the attention of the examiner of the '155 patent in the four months between the PTO's rejection of the '367 (on the basis of, inter alia, JP214) and the allowance of the '155 patent. Invoking the crime-fraud exception to the attorney-client privilege, Oberthur insists that this evidence entitled them to inquire into Leighton's communications with his patent counsel and to delve into counsel's work product files.

    Upon close examination, the learned magistrate judge was less than impressed with Oberthur's "evidence," which consisted of certain deposition testimony given by Mr. Leighton and what Oberthur describes as "the clear record that he was aware of the prior art." (Moving Br.

Copies mailed / handed / faxed to counsel ⚡ /26/06

at 3). Leighton's deposition testimony established that he had first increased pressure during a cooling cycle while making a plastic card perhaps as early as 1970. (Oberthur Ex. E) However, the question that was put to Leighton was framed in such a way as to exclude the manufacture of smart cards from its ambit. Leighton's patents deal with the lamination of smart cards (cards with electronics embedded in them) (Leighton Ex. 2 and 3). Questions relating to Leighton's knowledge about processes relating to the manufacture of conventional plastic laminated cards would not necessarily lead to answers revealing an intent to defraud the PTO by failing to disclose prior art. I agree with Judge Smith that Leighton's testimony does not, in and of itself, disclose an intent on Leighton's part to withhold relevant information concerning the so-called 10% increase in pressure during cooling from the PTO.

There is absolutely no evidence in the record evidencing an intent to defraud the PTO by not revealing to the examiner who was looking into the '155 patent the reference relied on by the different examiner in disallowing the '367 patent. Such evidence may in fact turn up during the depositions of the attorneys who prosecuted the '155 patent at the PTO, but it has not turned up yet. Oberthur's application is at best premature.

Furthermore, this Court subscribes wholeheartedly to the Fourth Circuit's observation in Duplan v. Deering Milliken Inc., 540 F. 2d 1215, 1220 (4th Cir. 1976) that an attempt to pierce the privilege using the crime-fraud exception may be better left to the time or trial, after the evidence has been gathered and after the court has had an opportunity to see the witnesses give live testimony.

For these reasons, I decline to the disturb the learned Magistrate Judge's ruling. Of course, this ruling is without prejudice to a renewal of this motion at an appropriate time – which, I would suggest, would be during the trial.

Dated: April 26, 2006

_____
U.S.D.J.

BY FAX TO ALL COUNSEL