UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEIGHTON TECHNOLOGIES LLC,

    Plaintiff,

-against-

OBERTHUR CARD SYSTEMS, S.A.,
AND OBERTHUR CARD SYSTEMS OF
AMERICA CORPORATION,

    Defendants.

Case No. 04-CV-02496 (CM)(LMS)



## STIPULATION AND ~~PROPOSED~~ ORDER

In an effort to streamline the issues in the case, the parties to this action, Plaintiff Leighton Technologies, Inc. ("Leighton") and Defendants Oberthur Card Systems, S.A. and Oberthur Card Systems of America Corporation (collectively "Oberthur"), have met and conferred regarding (1) the current claims and defenses set forth in the pleadings; and (2) the products accused of infringement. The specific terms of the parties' agreement are set forth below.

In view of this Stipulation, and subject to approval by the Court, the parties have agreed to file amended pleadings which reflect the claims, counterclaims and defenses which are being dismissed or amended. The amended pleadings are attached to this Stipulation and Proposed Order.

Oberthur has represented that to date, it has made, used or sold less than 5,000 "dual mode cards" in the United States, and have not made or sold any "hybrid cards" other than the sale to Sun Microsystems Oberthur already identified to Leighton during discovery. Dual mode cards are cards that have a single chip and both contact and contactless interfaces. Hybrid cards are cards that have two chips, one with a contact interface and the other with a contactless interface.

51094/1905673.1



Oberthur has also represented that it will promptly notify Leighton if at any time prior to the conclusion of trial it makes, uses or sells more than 20,000 dual mode cards or hybrid cards to or on behalf of any customer, including the U.S. government (Oberthur does not in any way concede, however, that U.S. government sales fall within the scope of this case). The notice requirement will be triggered by Oberthur initiating the manufacture of cards to fill an order for more than 20,000 cards. Leighton has reserved its right to assert the '367 and '099 patents in the event that occurs.

I.  As a result of these representations, Leighton has decided to dismiss, without prejudice, all causes of action relating to two of the patents in suit, U.S. Patent Nos. 6,514,367 and 6,036,099 ("'367 and '099 patents"), with each party to bear its own costs and fees relating to those causes of action, and to file a Third Amended Complaint. Oberthur does not oppose this dismissal.

II. With respect to certain affirmative defenses and counterclaims set forth in Oberthur's Answer to Leighton's Second Amended Complaint, Oberthur wishes to amend its pleadings as follows, and Leighton while reserving its rights to challenge the merits of the pleadings, does not oppose the amendment that:

a)  The Second and Third affirmative defenses of Oberthur are hereby dismissed without prejudice, with each party to bear its own costs and fees relating to those affirmative defenses;

b)  The Fifth, Sixth, Seventh, Eighth and Ninth counterclaims of Oberthur for Tortious Interference with Prospective Economic Advantage, Attempted Monopolization, and Restraint of Trade are hereby dismissed without prejudice, with each party to bear its own costs and fees relating to those counterclaims;

c) The First and Second counterclaims for inequitable conduct in the prosecution of the '367 patent and U.S. Patent No. 6,214,155 shall proceed against Leighton (and are not being asserted against former Counterclaim Defendant Keith Leighton in his individual capacity);

d) The Third counterclaim for a declaratory judgment of invalidity and noninfringement is hereby dismissed without prejudice as to Counterclaim Defendants Alexander Poltorak, Paul J. Lerner and Keith Leighton, with Oberthur and each of these Defendants to bear their own costs and fees relating to those counterclaims. The Third counterclaim shall proceed against the non-individual defendants, Defendant Leighton and Counterclaim Defendants General Patent Corporation International, General Patent Corporation, IP Holdings LLC (this stipulation will not be used as a basis for the former individual defendants, Poltorak, Lerner and Leighton, to object to providing discovery in this case);

e) The Fourth counterclaim for patent misuse shall proceed against the non-individual defendants, Defendant Leighton and Counterclaim Defendants General Patent Corporation International, General Patent Corporation, IP Holdings LLC;

III. During any trial of this action, the parties will not discuss, argue or otherwise refer to the causes of action, counterclaims and affirmative defenses dismissed by this stipulation (this does not preclude either party from referring to the dismissed patents during trial to the extent they relate to issues in the case); and

IV. The amended pleadings, including: the Third Amended Complaint; the Answer and Counterclaims to that Complaint; and the Answer to the Counterclaims are attached hereto

as exhibits, and will be filed in the same form upon approval of this Stipulation and Proposed Order by the Court.

STIPULATED AND AGREED TO BY:

Dated: July 20 2006    LEIGHTON TECHNOLOGIES LLC, GENERAL PATENT CORPORATION INTERNATIONAL, GENERAL PATENT CORPORATION, IP HOLDINGS LLC, ALEXANDER I. POLTORAK, PAUL J. LERNER AND KEITH LEIGHTON

By their attorneys:

_Robert A Gutkin / ESQ_
Sutherland Asbill & Brennan, LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004-2415
Tel.: 202-383-0100
Fax: 202-637-3593
Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick, Esq. (Pro hac vice)

Dated: July 24, 2006    OBERTHUR CARD SYSTEMS, S.A. and OBERTHUR CARD SYSTEMS OF AMERICA CORPORATION

By their attorneys:

_[signature]_
Quinn Emanuel Urquhart
 Oliver & Hedges LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: 212-849-7000
Fax: 212-849-7100
Edward DeFranco (ED-6524)
Kevin Johnson (KJ-8689)
Robert Juman (RJ-6350)

PURSUANT TO STIPULATION, IT IS SO ORDERED.

_[signature]_
Hon. Lisa Margaret Smith
United States Magistrate Judge