**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC, | Case No: 04 CV 02496 (CM) (LMS) |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL DECLARATION OF EDWARD J. DEFRANCO SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING** |
| OBERTHUR CARD SYSTEMS, S.A. and OBERTHUR CARD SYSTEMS OF AMERICA CORPORATION, | |
| Defendants. | |
| OBERTHUR CARD SYSTEMS, S.A. and OBERTHUR CARD SYSTEMS OF AMERICA CORPORATION, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| LEIGHTON TECHNOLOGIES LLC, GENERAL PATENT CORPORATION INTERNATIONAL, GENERAL PATENT CORPORATION, and IP HOLDINGS LLC, | |
| Counterclaim Defendants. | |

I, Edward J. DeFranco, under penalty of perjury, declare as follows:

I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, and I represent

Oberthur Card Systems, S.A. and Oberthur Card Systems of America Corporation in this case. I

submit this Supplemental Declaration in Support of Defendants' Motion to Dismiss for Lack of

Standing.

1.       Attached to this Declaration as Exhibit 73 is a true copy and correct copy of a

news release from HID Corporation dated September 28, 2001.

2.      Attached to this Declaration as Exhibit 74 is a true and correct copy of a corporate profile of Indala Corporation from 2006.

3.      Attached to this Declaration as Exhibit 75 is a true copy and correct copy of Plaintiff HID Global Corporation's Answer and Affirmative Defenses to Leighton Technologies LLC's Counterclaims, Case No. SACV05-513 AHS (C.D. Cal.).

I swear under penalty of perjury that the foregoing is true and correct.

Dated:  March 2, 2007

Edward J. DeFranco (ED-6524)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to

the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies

will be sent to those indicated as non-registered participants, if any, on this 2nd day of March, 2007.

/s/ Edward J. DeFranco (ED-6524)

# Exhibit 73



**HID CORPORATION**

## NEWS RELEASE

FOR IMMEDIATE
RELEASE

HID Contact:
Debra Spitler
(949) 598-1617
dspitler@hidcorp.com

Motorola Contact:
Faye Bergemann
(847) 576-6641
faye.bergemann@motorola.com

## HID CORPORATION TO ACQUIRE
## RFID ACCESS CONTROL BUSINESS FROM MOTOROLA

Irvine, CA (September 28, 2001)  HID Corporation, an ASSA ABLOY Group company, has entered into a definitive agreement to acquire Motorola's worldwide RFID Access Control Business, previously known as "Indala". This business has its headquarters in San Jose, California.  The acquisition is expected to be completed in the 4th quarter of 2001, subject to regulatory approvals and customary closing conditions.

"Motorola's RFID Access Control Business is complementary to HID's RFID business," said Joe Grillo, HID President and CEO.  "HID is committed to providing our customers with the highest quality products and industry-leading customer service programs.  We will be viewed as a company that is technically progressive and easy to do business with."

"Motorola determined that the long-term interests of the RFID business unit is best served by aligning it with a company having similar market objectives and focus," said Jim Osborn, Motorola Corporate Vice President and General Manager. "We are pleased that HID recognized the opportunity for synergy with their RFID business."

HID will continue to foster strong personal relationships with customers and employees of the combined operations.  The acquisition will provide opportunities for new product innovations, growth and services within HID's expanding RFID and contactless access control businesses.

The Sweden-based ASSA ABLOY group is the world's leading manufacturer and supplier of locks and associated products, dedicated to satisfying end-user needs for security, safety and convenience.  Current sales for the Group are in excess of US $2 billion, representing sales from over 100 subsidiaries employing approximately 25,000 people in 30 countries.  ASSA ABLOY product segments include mechanical locks, electronic locks, security doors, industrial locks (including automobile locks), hotel locks and RFID technology.

### # #

For more about HID Corporation, visit www.hidcorp.com.

# Exhibit 74

# INDALA CORPORATE PROFILE



## OVERVIEW

With an inspired vision and a talented, determined team, Indala Corporation began in 1985 as a classic Silicon Valley start-up. Soon thereafter, Indala became the world's first company to attain commercial success applying RFID technology to access control systems. By investing in new technologies and applications, Indala maintains a leadership position in the market it helped create. Today, RFID products for access control are ubiquitous. ASSA ABLOY acquired Indala in November of 2001, and since that time Indala has performed as a leader in the parent company's Identification Technology Group as well as in the marketplace by providing highly-secure Proximity solutions for access control. Led by a team of industry veterans, Indala's installed base exceeds 100-million cards and two-million readers.

## PHILOSOPHY

Indala maintains a *best in class* customer support model, making it easy for customers to fully benefit from Indala products and services day after day, year after year. The success of this philosophy hinges on how well Indala designs its products, trains its employees, and delivers on promises made to customers every day. By focusing and investing in these areas, the Indala philosophy has become a sustainable competitive advantage for Indala and its customers for over 20 years.

## SOLUTIONS

Indala provides reliable physical access solutions for virtually all access control needs. With a complete product portfolio featuring Indala's exclusive FlexSecur™ technology, the confidence of security between card and reader, Indala supports its customers with innovative product design and responsive customer care.

## PRODUCTS

- **Indala FlexPass® 125 kHz Proximity Readers** – Indala's high-quality line of FlexPass® readers combines intelligent programming technology with interchangeable components including uniform modules and a range of stylish cover designs. The Indala portfolio also includes cards, tags, OEM modules and heavy-duty pinprox keypad readers.
- **MR Series™ Magnetic Stripe Readers** – The Indala MR Series™ rugged swipe card readers incorporate state-of-the-art heated magneto-resistive read heads, LED indication, and fully encapsulated electronics to allow operation in harsh environments. For access control and point of sale solutions, the MR Series is robust enough to carry a 5-year warranty—many times the industry standard.

## INDALA ADVANTAGES

- **Exclusive FlexSecur® Technology** – Indala's FlexSecur® security coding, with its unique method of card-to-reader authentication and password protection, provides added security features to the Company's proximity technology, screening out unauthorized cards prior to sending programming data to the host system.
- **Customized Solutions** – Indala develops and manages custom ID solutions to meet OEM, integrator and end user requirements. No client is too large or small to benefit from Indala's wealth of diverse capabilities.
- **Fast Delivery** – Indala ships nearly all confirmed orders within five days and most within 72 hours.
- **Global Expertise** – With its global development resources and production capabilities, Indala delivers innovative products and superior customer service around the world.

## CUSTOMERS

Indala supports systems integrators, dealers, distributors, and end users internationally. Indala solutions are deployed in a myriad of private and public-sector organizations such as corporate, education, healthcare, and Government.

## LOCATIONS

Indala headquarters are in San Jose, CA. The Company also supports sales, technical support and production facilities worldwide.

# Exhibit 75

1   Sean A. O'Brien, Bar No. 133154
    PAYNE & FEARS LLP
2   Attorneys at Law
    4 Park Plaza, Suite 1100
3   Irvine, CA 92614
    Telephone: (949) 851-1100
4   Facsimile: (949) 851-1212
    sao@paynefears.com
5
6   Todd P. Blakely (Admitted *Pro Hac Vice*)
    Robert R. Brunelli (Admitted *Pro Hac Vice*)
    Benjamin B. Lieb (Admitted *Pro Hac Vice*)
7   SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
8   Denver, CO 80202-5141
    Telephone: (303) 863-9700
9   Facsimile: (303) 863 0223
    tblakely@sheridanross.com
10
11  Edward Wood Dunham (Admitted *Pro Hac Vice*)
    Carrie A. Hanlon (Admitted *Pro Hac Vice*)
12  WIGGIN AND DANA LLP
    One Century Tower
13  P.O. Box 1832
    265 Church Street
14  New Haven, CT 06508-1832
    Telephone: (203) 498-4400
    edunham@wiggin.com
15
16  Attorneys for Plaintiffs HID GLOBAL CORPORATION,
    HID CORPORATION, INDALA CORPORATION AND
17  ACCESSID, INC.

18              **UNITED STATES DISTRICT COURT**

19          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

20

21  HID CORPORATION,
    a Delaware corporation,                    CASE NO. SACV05-513 AHS (RNBx)
22
    INDALA CORPORATION,                         **PLAINTIFF HID GLOBAL**
23  a Delaware corporation, and                 **CORPORATION'S ANSWER AND**
                                                 **AFFIRMATIVE DEFENSES TO**
24  ACCESSID, INC.,                             **LEIGHTON TECHNOLOGIES**
    a Delaware corporation,                     **LLC'S COUNTERCLAIMS**
25
                Plaintiff(s),
26
        v.
27
    LEIGHTON TECHNOLOGIES LLC,
28  a New York limited liability company,

PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO LEIGHTON
TECHNOLOGIES LLC'S COUNTERCLAIMS

1
2
3
4
5

GENERAL PATENT CORPORATION INTERNATIONAL,
a New York corporation, and

DOES NOS. 1 THROUGH 10,

        Defendant(s).

6        Plaintiff HID Global Corporation ("Plaintiff" or "HID Global"), formerly the

7  individually named Plaintiffs HID Corporation, Indala Corporation and AccessID,

8  Inc., for its Answer and Affirmative Defenses to Leighton Technologies LLC's

9  ("LT") Counterclaims, states as follows:

10                     **JURISDICTION AND VENUE**

11       1.     In response to the allegations contained in Paragraph 1 of LT's

12  Counterclaims, Plaintiff admits that LT's Counterclaims purports to allege claims

13  arising under the Patent Act, 35 U.S.C. §§ 101, *et seq.*, but Plaintiff denies that it has

14  committed any actionable conduct.

15       2.     In response to the allegations contained in Paragraph 2 of LT's

16  Counterclaims, Plaintiff admits that the Court has subject matter jurisdiction over

17  LT's purported Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), but

18  Plaintiff denies that it has committed any actionable conduct.

19       3.     In response to the allegations contained in Paragraph 3 of LT's

20  Counterclaim, Plaintiff admits that it has consented to personal jurisdiction in this

21  Court through the filing of the initial declaratory judgment action, but Plaintiff

22  denies that it has committed any actionable conduct in this district or elsewhere.

23       4.     As set forth in Paragraph 4 of the Counterclaims, Plaintiff admits that

24  venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b),

25  but Plaintiff denies that it has committed any actionable conduct in this district or

26  elsewhere.  All other allegations set forth in Paragraph 4 of the Counterclaims not

27  specifically admitted are denied.

28

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO LEIGHTON TECHNOLOGIES LLC'S COUNTERCLAIMS**

## THE PARTIES

5.    As set forth in Paragraph 5 of the Counterclaims, Plaintiff admits the allegations therein.

6.    As set forth in Paragraph 6 of the Counterclaims, Plaintiff admits that HID Corporation was, and now as HID Global Corporation is, a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 9292 Jeronimo Road, Irvine, California 92618.    All other allegations set forth in Paragraph 6 of the Counterclaims not specifically admitted are denied.

7.    As set forth in Paragraph 7 of the Counterclaims, Plaintiff admits that Indala was a corporation organized and existing under the laws of the State of Delaware, with a place of business at 6850 B Santa Theresa Boulevard, San Jose, California 95119.    By way of further response, Plaintiff states that Indala was merged into Plaintiff HID Global and is no longer a stand-alone corporate entity. All other allegations set forth in Paragraph 7 of the Counterclaims not specifically admitted are denied.

8.    As set forth in Paragraph 8 of the Counterclaims, Plaintiff admits that AccessID was a corporation organized and existing under the laws of the State of Delaware, with a place of business at 16625 Redmond Way, Suite M, No. 18, Redmond, Washington 98052.    By way of further response, Plaintiff states that AccessID was merged into Plaintiff HID Global and is no longer a stand-alone corporate entity. All other allegations set forth in Paragraph 8 of the Counterclaims not specifically admitted are denied.

## GENERAL AVERMENTS

9.    As set forth in Paragraph 9 of the Counterclaims, Plaintiff admits that LT purports to be the sole owner, and is the recorded owner, by assignment of United States Patent No. 5,817,207, issued on October 6, 1998 and entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture

3

1    Of Radio Frequency Identification Cards." Plaintiff further admits that what

2    purports to be a copy of U.S. Patent No. 5,817,207 is attached as Exhibit 1 to the

3    Counterclaims and that the document speaks for itself. All other allegations set

4    forth in Paragraph 9 of the Counterclaims not specifically admitted are denied.

5         10.    As set forth in Paragraph 10 of the Counterclaims, Plaintiff admits that

6    LT purports to be the sole owner, and is the recorded owner, by assignment of

7    United States Patent No. 6,036,099, issued on March 14, 2000 and entitled "Hot

8    Lamination Process For The Manufacture Of A Combination Contact/Contactless

9    Smart Card And Product Resulting Therefrom." Plaintiff further admits that what

10   purports to be a copy of U.S. Patent No. 6,036,099 is attached as Exhibit 2 to the

11   Counterclaims and that the document speaks for itself. All other allegations set

12   forth in Paragraph 10 of the Counterclaims not specifically admitted are denied.

13        11.    As set forth in Paragraph 11 of the Counterclaims, Plaintiff admits that

14   LT purports to be the sole owner, and is the recorded owner, by assignment of

15   United States Patent No. 6,214,155, issued on April 10, 2001 and entitled "Radio

16   Frequency Identification Card And Hot Lamination Process For The Manufacture

17   Of Radio Frequency Identification Cards." Plaintiff further admits that what

18   purports to be a copy of U.S. Patent No. 6,214,155 is attached as Exhibit 3 to the

19   Counterclaims and that the document speaks for itself. All other allegations set

20   forth in Paragraph 11 of the Counterclaims not specifically admitted are denied.

21        12.    As set forth in Paragraph 12 of the Counterclaims, Plaintiff admits that

22   LT purports to be the sole owner, and is the recorded owner, by assignment of

23   United States Patent No. 6,514,367, issued on February 4, 2003 and entitled "Hot

24   Lamination Process For The Manufacture Of A Combination Contact/Contactless

25   Smart Card." Plaintiff further admits that what purports to be a copy of U.S. Patent

26   No. 6,514,367 is attached as Exhibit 4 to the Counterclaims and that the document

27   speaks for itself. All other allegations set forth in Paragraph 12 of the

28   Counterclaims not specifically admitted are denied.

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO LEIGHTON
TECHNOLOGIES LLC'S COUNTERCLAIMS**

13.    As set forth in Paragraph 13 of the Counterclaims, Plaintiff admits that it sells a number of contact and contactless access control card products.  All other allegations set forth in Paragraph 13 of the Counterclaims not specifically admitted are denied.

**FIRST COUNTERCLAIM**

**INFRINGEMENT OF U.S. PATENT NO. 5,817,207**

14.    As set forth in Paragraph 14 of the Counterclaims, Plaintiff repeats and incorporates by reference its responses to the allegations of Paragraphs 1-13 of the Counterclaims as though fully set forth herein

15.    Plaintiff denies the allegations set forth in Paragraph 15 of the Counterclaims.

16.    Plaintiff denies the allegations set forth in Paragraph 16 of the Counterclaims.

17.    Plaintiff denies the allegations set forth in Paragraph 17 of the Counterclaims.

**SECOND COUNTERCLAIM**

**INFRINGEMENT OF U.S. PATENT NO. 6,036,099**

18.    As set forth in Paragraph 18 of the Counterclaims, Plaintiff repeats and incorporates by references its responses to the allegations of Paragraphs 1-17 of the Counterclaims as though fully set forth herein.

19.    Plaintiff denies the allegations set forth in Paragraph 19 of the Counterclaims.

20.    Plaintiff denies the allegations set forth in Paragraph 20 of the Counterclaims.

21.    Plaintiff denies the allegations set forth in Paragraph 21 of the Counterclaims.

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO LEIGHTON TECHNOLOGIES LLC'S COUNTERCLAIMS**

## THIRD COUNTERCLAIM

## INFRINGEMENT OF U.S. PATENT NO. 6,214,155

22.    As set forth in Paragraph 22 of the Counterclaims, Plaintiff repeats and incorporates by references its responses to the allegations of Paragraphs 1-21 of the Counterclaims as though fully set forth herein.

23.    Plaintiff denies the allegations set forth in Paragraph 23 of the Counterclaims.

24.    Plaintiff denies the allegations set forth in Paragraph 24 of the Counterclaims.

25.    Plaintiff denies the allegations set forth in Paragraph 25 of the Counterclaims.

## FOURTH COUNTERCLAIM

## INFRINGEMENT OF U.S. PATENT NO. 6,514,367

26.    As set forth in Paragraph 26 of the Counterclaims, Plaintiff repeats and incorporates by references its responses to the allegations of Paragraphs 1-25 of the Counterclaims as though fully set forth herein.

27.    Plaintiff denies the allegations set forth in Paragraph 27 of the Counterclaims.

28.    Plaintiff denies the allegations set forth in Paragraph 28 of the Counterclaims.

29.    Plaintiff denies the allegations set forth in Paragraph 29 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

1.    Some or all of the patents-in-suit are invalid because they fail to meet the conditions of patentability set forth under the Patent Act, 35 U.S.C. § 1 *et seq.*, including for at least one or more of the following reasons:

(a)    the claimed subject matter of the patents-in-suit was known and used by others in this country or patented or described in a printed publication

6

1    in this or foreign country before the alleged invention thereof by the
2    purported inventor;

3    (b)    the claimed subject matter of the patents-in-suit was patented or
4    described in a printed publication in this or a foreign country or in public use
5    or on sale in this country more than one year prior to the effective filing date
6    of the applications which resulted in issuance of the patents-in-suit;

7    (c)    before the alleged invention by the purported inventor of the
8    patents-in-suit, the invention was made in this country by another who had
9    not abandoned, suppressed, or concealed it;

10    (d)    the claimed subject matter of the patents-in-suit would have been
11    obvious at the time of the alleged invention to a person having ordinary skill
12    in the art to which the subject matter of the patents-in-suit pertain;

13    (e)    the claims of the patents-in-suit are indefinite and ambiguous and
14    therefore do not particularly point out and distinctly claim the subject matter
15    which the purported inventor regards as his invention;

16    (f)    the specifications of the patents-in-suit do not contain an
17    enabling description of the claimed invention;

18    (g)    the specifications of the patents-in-suit do not disclose the best
19    mode of practicing the claimed invention therein;

20    (h)    the purported inventor did not himself invent the subject matter
21    of the patents-in-suit; and

22    (i)    the named inventor of the patents-in-suit is not the inventor of
23    the subject matter claimed in the patents-in-suit.

24    **SECOND AFFIRMATIVE DEFENSE**
25    2.    Plaintiff is the rightful owner of some or all of the patents-in-suit.

26    **THIRD AFFIRMATIVE DEFENSE**
27    3.    Plaintiff has a shop right to practice some or all of the patents-in-suit.

28

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO LEIGHTON
TECHNOLOGIES LLC'S COUNTERCLAIMS**

1

**FOURTH AFFIRMATIVE DEFENSE**

2    4.    Some or all of the patents-in-suit are rightfully owned by an entity

3 other than LT, and Plaintiff has a license from that entity to practice some or all of

4 the patents-in-suit.

5

**FIFTH AFFIRMATIVE DEFENSE**

6    5.    Some or all of the patents-in-suit are unenforceable due to inequitable

7 conduct.

8    (a)    Inventors who seek protection for an invention under the patent

9    laws of the United States are under a duty of candor. That duty requires the

10    inventors, their counsel, and anyone else involved in the prosecution of the

11    patent application to disclose all material and information of which they are

12    aware to the United States Patent and Trademark Office. Failure to disclose

13    that material information, when coupled with an intent to deceive, renders

14    unenforceable for inequitable conduct any patent issued upon the invention.

15    (b)    Upon information and belief, Leighton and his attorneys were

16    aware of information material to the claims of the patents-in-suit and, with a

17    deceitful intent, chose not to disclose that information to the United States

18    Patent and Trademark Office.

19    (c)    During prosecution of the patents-in-suit, Leighton and his

20    attorneys were aware of a number of laminated security access card products

21    that were manufactured by Indala and others in accordance with one or more

22    of the methods claimed in some or all of the patents-in-suit. This information

23    was material to the patentability of the inventions claimed in some or all of

24    the patents-in-suit. Upon information and belief, Leighton and his attorneys

25    intentionally withheld the existence of these prior art products and methods

26    with an intent to deceive the United States Patent and Trademark Office. As a

27    result, some or all of the patents-in-suit are rendered unenforceable due to

28

8

1   inequitable conduct by Leighton and his attorneys during the application
2   therefor.

3       (d)    During prosecution of the '155 Patent application, Leighton and
4   his attorneys failed to disclose the existence of the co-pending applications for
5   the '736 and '367 Patents, as well as prior art cited by the Examiner in the
6   co-pending application for the '367 Patent, including GB 2279610 to named
7   inventor Charles R. Jarvis (the "Jarvis Patent").    This information was
8   material to the patentability of the inventions claimed in the '155 Patent.
9   Upon information and belief, Leighton and his attorneys intentionally
10  withheld the existence of the co-pending applications for the '736 and '367
11  Patents and the Jarvis Patent with an intent to deceive the United States Patent
12  and Trademark Office.    As a result, the '155 Patent is rendered unenforceable
13  due to inequitable conduct by Leighton and his attorneys during the
14  application therefor.

15      (e)    During prosecution of the '367 Patent application, Leighton and
16  his attorneys failed to disclose the existence of the co-pending applications for
17  the '155 and '736 Patents.  This information was material to the patentability
18  of the inventions claimed in the '367 Patent.  Upon information and belief,
19  Leighton and his attorneys intentionally withheld the existence of the
20  co-pending applications for the '155 and '736 Patents with an intent to
21  deceive the United States Patent and Trademark Office.  As a result, the '367
22  Patent is rendered unenforceable due to inequitable conduct by Leighton and
23  his attorneys during the application therefor.

24                      **SIXTH AFFIRMATIVE DEFENSE**

25      6.    LT's Counterclaims are barred, in whole or in part, by the equitable
26  doctrines of laches and estoppel.

27

28

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO LEIGHTON
TECHNOLOGIES LLC'S COUNTERCLAIMS**

1
**SEVENTH AFFIRMATIVE DEFENSE**

2      7.    Some or all of the patents-in-suit are rendered unenforceable due to

3  their misuse by LT.

4
**EIGHTH AFFIRMATIVE DEFENSE**

5      8.    Plaintiff reserves the right to raise and assert additional affirmative

6  defenses should additional affirmative defenses become known during the progress

7  of this litigation.

8
**PRAYER FOR RELIEF**

9      WHEREFORE, Plaintiff requests that LT's Counterclaims be dismissed with

10  prejudice, that judgment be entered on Plaintiff's behalf and against LT, that LT

11  take nothing by its Counterclaims, and that this Court award Plaintiff's its attorney's

12  fees, costs and such other further relief as the Court deems just and proper.

13  DATED: May 18 , 2006          PAYNE & FEARS LLP

14

15                                By:_____

16                                        SEAN A. O'BRIEN

17                                Attorneys for Plaintiffs
                                  HID GLOBAL CORPORATION,
18                                HID CORPORATION, INDALA
                                  CORPORATION AND ACCESSID, INC.

19  OF COUNSEL:

20  Todd P. Blakely
    Robert R. Brunelli
21  Benjamin B. Lieb
    SHERIDAN ROSS P.C.
22
    Edward Wood Dunham
23  Carrie A. Hanlon
    WIGGIN and DANA LLP
24

25

26

27

28
                                  10

**PROOF OF SERVICE**

*HID CORPORATION, et al., v. LEIGHTON TECHNOLOGIES LLC, et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On May 18, 2006, I served the following document(s) described as **PLAINTIFF HID GLOBAL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO LEIGHTON TECHNOLOGIES LLC'S COUNTERCLAIMS** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 18, 2006, at Irvine, California.

*Rebecca L. Espinosa*
REBECCA L. ESPINOSA

310175 1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2       Noah E. Jussim, Esq.                          Attorneys For Defendants
        McGUIRE WOODS, LLP                            Leighton Technologies LLC and
3       1800 Century Park East, 8th Floor            General Patent Corporation
        Los Angeles, CA 90067                         International
4       TEL: (310) 315-8200
        FAX: (310) 315-8210

5

6       Robert A. Gutkin, Esq.
        Blair M. Jacobs, Esq.
7       Christina A. Ondrick, Esq.
        SUTHERLAND ASBILL &
8         BRENNAN LLP
        1275 Pennsylvania Avenue, NW
9       Washington, DC 20004-2415
        TEL: (202) 383-0100
        FAX: (202) 637-3593

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100