UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601
914-390-4146

CHAMBERS OF
COLLEEN MCMAHON
DISTRICT JUDGE

TO ALL COUNSEL IN:   Leighton v. Oberthur, 04 Civ. 2496 (CM)(LMS)

FROM:   Judge McMahon

RE:   Standing Motion

DATE:   April 11, 2007

Counsel:

    I am presently considering Oberthur's motion to dismiss this action on the ground that plaintiff lacks standing.

    I would like to know a little more about the California lawsuit against HID. Could Leighton's counsel please let me know what is going on out there? The case is a year old: Are the same questions of patent ownership that I am faced with here the subject of any pending motions out there? This strikes me as an issue that ought not be decided in the absence of HID, which means that this court may not be the best place to resolve the issue.

    I would also like the parties to explain why they focus almost exclusively on the notion of "conception" of the invention described in the patents in suit, and does not discuss the "development" of the invention. The Confidentiality Agreement clearly assigns to Motorola inventions that were "developed or conceived" during the course of Mr. Leighton's brief tenure at Motorola. I understand the meaning of the term "conception" under the patent law, but I have no idea whether (1) development is congruent with conception (I would think not, since the two words are not synonymous); or (2) "development" has any particular meaning in what I call "patentese" that differs from an ordinary understanding of that word.

    Finally, I would be interested in having an understanding of how the parties reconcile two ideas that seem to me not reconcilable: (1) conception – the "touchstone of inventorship" – is "the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice," Stern v. Trustees of Columbia University, 434 F. 3d 1375, 1378 (Fed. Cir. 2006), yet (2) contribution to only one patent claim

in a multi-claim patent is sufficient to qualify one as being an "inventor" (and so as having "conceived" whatever is disclosed in that particular claim).

Short letter briefs addressing these issues will do.

CM