UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>OBERTHUR CARD SYSTEMS, S.A. and OBERTHUR CARD SYSTEMS OF AMERICA CORPORATION,<br><br>Defendants. | Case No: 04 CV 02496 (CM) (LMS)<br><br>**DECLARATION OF KEVIN P.B. JOHNSON SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** |
| OBERTHUR CARD SYSTEMS, S.A. and OBERTHUR CARD SYSTEMS OF AMERICA CORPORATION,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>LEIGHTON TECHNOLOGIES LLC, GENERAL PATENT CORPORATION INTERNATIONAL, GENERAL PATENT CORPORATION, and IP HOLDINGS LLC,<br><br>Counterclaim Defendants. | |

I, Kevin B.B. Johnson, under penalty of perjury, declares as follows:

I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, and I represent Oberthur Card Systems, S.A. and Oberthur Card Systems of America Corporation. I submit this Declaration in Support of Defendants' Motion for Summary Judgment of Non-infringement.

1. Attached to this Declaration as Exhibit 1 is a true copy and correct copy of U.S. Patent No. 5,817,207.

2.  Attached to this Declaration as Exhibit 2 is a true copy and correct copy of U.S. Patent No. 6,214,155.

3.  Attached to this Declaration as Exhibit 3 is a true copy and correct copy of the Stipulation and Order filed on July 25, 2006.

4.  Attached to this Declaration as Exhibit 4 is a true copy and correct copy of this Court's March 9, 2005 *Markman* Order.

5.  Attached to this Declaration as Exhibit 5 is a true copy and correct copy of page 6 of the transcript from the February 9, 2005 *Markman* Hearing.

6.  Attached to this Declaration as Exhibit 6 is a true copy and correct copy of U.S. Patent No. 5,880,934.

7.  Attached to this Declaration as Exhibit 7 is a true copy and correct copy of International Patent Pub. No. WO88/08592.

8.  Attached to this Declaration as Exhibit 8 is a true copy and correct copy of page 64 of the transcript from the February 9, 2005 *Markman* Hearing.

9.  Attached to this Declaration as Exhibit 9 is a true copy and correct copy of an Amendment dated January 8, 1998 from the file history of the '207 patent.

10. Exhibit 10, a true copy and correct copy of the Report of Leighton Tech's technical expert, Dr. David Everett, is being filed under seal because it contains information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

11. Attached to this Declaration as Exhibit 11 is a true copy and correct copy of pages 522 and 793-94 from the October 23, 2006 deposition of Keith Leighton.

12. Attached to this Declaration as Exhibit 12 is a true copy and correct copy of pages 59-60 of the transcript from the February 9, 2005 *Markman* Hearing.

13. Exhibit 13 is a true and correct sample of unlaminated Amex cards, which is being filed under seal because it contains confidential information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

14. Exhibit 14, a true copy and correct copy of a documents produced in this case bearing production numbers OCS_F_070462-490, is being filed under seal because it contains information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

15. Exhibit 15, a true copy and correct copy of a documents produced in this case bearing production numbers OCS_A_039720-730, is being filed under seal because it contains information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

16. Exhibit 16, a true copy and correct copy of a documents produced in this case bearing production numbers OCS_A_039747-66, is being filed under seal because it contains information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

17. Exhibit 17, a true copy and correct copy of a documents produced in this case bearing production numbers OCS_A_009385-400, is being filed under seal because it contains information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

18. Attached to this Declaration as Exhibit 18 is a true copy and correct copy of pages 1 and 96 from the February 24, 2006 deposition of Barry Mosteller.

19. Attached to this Declaration as Exhibit 19 is a true copy and correct sample of unlaminated prelams supplied to Oberthur by Smartrac.

20. Exhibit 20 is a true and correct sample of unlaminated prelams supplied to Oberthur by Aontec, which is being filed under seal because it contains confidential information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

21. Exhibit 21 is a true and correct sample of unlaminated Xenon cards, which is being filed under seal because it contains confidential information designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

22. Attached to this Declaration as Exhibit 22 is a true and correct copy of a document produced in this case bearing bates numbers L07993-94.

23. Attached to this Declaration as Exhibit 23 is a true and correct copy of pages 522 and 839 from the October 23, 2006 deposition of Keith Leighton.

24. Attached to this Declaration as Exhibit 24 is a true copy and correct copy of pages 1 and 160-61 from the October 9, 2005 deposition of Keith Leighton.

25. Attached to this Declaration as Exhibit 25 is a true copy and correct copy of U.S. Patent No. 4,450,024.

26. Attached to this Declaration as Exhibit 26 is a true copy and correct copy of the Court's Order in this case dated April 13, 2006 denying Oberthur's previous summary judgment motion.

27. Exhibit 27, a true copy and correct copy of the Stipulation Regarding Accused Products, dated November 21, 2006, is being filed under seal because it contains information

designated as "Trial Counsel's Eyes Only" pursuant to the Protective Order entered in this case on August 20, 2004.

I swear under penalty of perjury that the foregoing is true and correct.

Dated: November 29, 2006

                                                Kevin P.B. Johnson

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on this 29th day of November, 2006.

/s/ Edward J. DeFranco (ED-6524)