Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC  20004-2415
Tel:  202-383-0100
Fax:  202-637-3593

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEIGHTON TECHNOLOGIES LLC,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 04-cv-02496 (CM)(LMS)** |
| ) | |
| **v.** ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **PLAINTIFF AND COUNTERCLAIM** |
| ) | **DEFENDANT LEIGHTON** |
| **OBERTHUR CARD SYSTEMS, S.A.,** ) | **TECHNOLOGIES LLC'S MOTION FOR** |
| **OBERTHUR CARD SYSTEMS,** ) | **LEAVE TO FILE AMENDED ANSWER TO** |
| **OF AMERICA CORPORATION** ) | **COUNTERCLAIMS, AFFIRMATIVE** |
| ) | **DEFENSES** |
| ) | |
| **Defendants.** ) | |
| ) | |
| **OBERTHUR CARD SYSTEMS, S.A.,** ) | |
| **OBERTHUR CARD SYSTEMS** ) | |
| **OF AMERICA CORPORATION** ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| **Counterclaim Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LEIGHTON TECHNOLOGIES LLC,** ) | |
| **GENERAL PATENT CORPORATION** ) | |
| **INTERNATIONAL,** ) | |
| **GENERAL PATENT CORPORATION,** ) | |
| **AND IP HOLDINGS LLC,** ) | |
| ) | |
| **Counterclaim Defendants.** ) | |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................. 1

II.  LEGAL STANDARDS .......................................................................... 2

III. ARGUMENT ...................................................................................... 4

   A.  LEIGHTON SUBMITS THAT OBERTHUR'S NEWLY RAISED
       ALLEGATIONS ARE BARRED BY LACHES ................................. 4

   B.  LEIGHTON'S REQUEST FOR AMENDMENT IS TIMELY AND
       THERE IS GOOD CAUSE TO AMEND THE PLEADINGS .......................... 7

   C.  LEIGHTON'S PROPOSED AMENDMENT WILL NOT PREJUDICE OBERTHUR ... 9

IV.  CONCLUSION .................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992)................................................................................. 5

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*,
   988 F.2d 1157 (Fed. Cir. 1993).......................................................................... 5, 6, 7

*City of New York v. B.L. Jennings*,
   219 F.R.D. 255 (E.D.N.Y. 2004)............................................................................. 3

*Foman v. Davis*,
   371 U.S. 178 (1962)................................................................................................ 2

*Friedl v. City of New York*,
   210 F.3d 79 (2d Cir. 2000)...................................................................................... 2

*Hemphill v. Scott*,
   141 F.3d 412 (2d Cir. 1998).................................................................................... 2

*Ikelionwu v. U.S.*,
   150 F.3d 233 (2d Cir. 1998).................................................................................... 4

*Kassner v. 2nd Avenue Delicatessen Inc*,
   496 F.3d 229 (2d Cir.2007)..................................................................................... 3

*Lincoln v. Potter*,
   418 F.Supp.2d 443 (S.D.N.Y. 2006)....................................................................... 3

*Middle Atlantic Utilities Co. v. S.M.W. Dev. Corp.*,
   392 F.2d 380 (2d Cir. 1968)................................................................................. 2, 3

*Pannu v. Iolab Corp.*,
   96 F. Supp. 2d 1359 (S.D. Fla. 2000) ............................................................... 5, 6, 7
*Parker v. Columbia Pictures Industries*,
   204 F.3d 326 (2d Cir. 2000).................................................................................... 3

*Serdarevic v. Advanced Med. Optics, Inc.*,
   2007 WL 2774177 (S.D.N.Y. Sept. 25, 2007).......................................................... 5

*Stark v. Advanced Magnetics, Inc.*,
   29 F.3d 1570 (Fed. Cir. 1994).............................................................................. 5, 7

*Tucker v. Union of Needletrades, Industrial and Textile Employees*,
   407 F.3d 784 (6th Cir. 2005) .................................................................................. 2

*Wanlass v. Gen. Elect. Co.*,
   148 F.3d 1334 (Fed. Cir. 1998) ................................................................................. 5

**Statutes**

35 U.S.C. § 256 ................................................................................................ 1, 4, 5, 6

35 U.S.C. §102(f) ............................................................................................. 1, 4, 5, 6

**Rules**

Fed. R. Civ. P. 15(a) ........................................................................................... 1, 2, 9

Fed. R. Civ. P. 16(b) ........................................................................................... 1, 3, 9

Fed. R. Civ. P. 8(c) ................................................................................................... 1

## I.    INTRODUCTION

Plaintiff and Counterclaim Defendant Leighton Technologies, LLC, ("Leighton") hereby moves this Court pursuant to Fed. R. Civ. P. 15(a) and 16(b) for leave to file an Amended Answer to Counterclaims, Affirmative Defenses.  The Amended Answer to Counterclaims, Affirmative Defenses seeks to add the affirmative defense of laches as required by Fed. R. Civ. P. 8(c).  (*See* Exh. 1).  In particular, the Amended Answer to Counterclaims, Affirmative Defenses states that Defendants and Counterclaim Plaintiffs Oberthur Card Systems, S.A. and Oberthur Card Systems of America Corporation (collectively "Oberthur") are barred by laches from arguing that Leighton's U.S. Patent Nos. 6,214,155 ("the '155 patent") and 5,817,207 ("the '207 patent") (collectively "patents-in-suit" or "the Leighton patents") are invalid under 35 U.S.C. §102(f) and/or that the inventorship of those patents must be corrected under § 256 based on the alleged prior invention (or co-invention) by Messrs. Jean-Marc Delbecq and Noel Eberhardt.[1]

Leighton's request to amend its pleadings should be granted for the following reasons:

- Oberthur raised new invalidity positions as recently as December 18, 2007, and produced documents, Mr. Eberhardt's lab notebooks, relating to these new positions as recently as February 15, 2008.  (Declaration of Robert A. Gutkin (hereafter "Gutkin Decl."), ¶¶ 1 & 2, Exhs. A & B).  Oberthur's new positions are based on its theory that Messrs. Delbecq and Eberhardt are co-inventors of the subject matter claimed in the patents-in-suit, despite sworn testimony by Mr. Delbecq that "I am not making any claim to be the inventor."  (Gutkin Decl., ¶7, Exh. F);

- Leighton believes that Oberthur's claims of invalidity are barred by laches due to the significant and unjustified delay between the date that Motorola was first notified of the inventorship status of the patents-in-suit, and the assertion of these allegations;

---

[1] In its January 8, 2008 Order denying Oberthur's standing motion and requesting an inventorship trial, the Court stated that it would not correct inventorship under § 256 as requested by Oberthur because HID was not present.  [Doc. No. 178, Decision and Order on Defendant's Rule 12(B)(1) Motion and Severing and Setting Trial on the Issue of Ownership, at p.9].

- The addition of this affirmative defense would bring the form of the pleadings into conformity with the understanding of the issues by the parties in this case;

- Leighton now diligently seeks to amend its pleadings to respond to Oberthur's allegations; and

- Leighton's proposed amendment will not unduly prejudice Oberthur, in part because Oberthur has been in control and/or had unfettered access to the relevant documents and witnesses, through a cooperative effort with HID, Motorola's successor-in-interest.

## II.    LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by "leave of the court," and that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15 (a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("this mandate is to be heeded"). Rule 15(a) embodies a liberal pleading policy of the federal rules. *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (Rule 15 provides for liberal amendment if a party advances a new claim based on discovery); *see also Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000) (allowing amendment proposed after discovery revealed additional facts).

While a trial court has the discretion to grant or deny leave to amend, leave to amend should be freely granted, as the Rule requires, unless there is sufficient reason to deny leave. *Foman*, 371 U.S. at 182; *Hemphill v. Scott*, 141 F.3d 412, 420 (2d Cir. 1998). A motion for leave to amend pleadings should only be denied if there is evidence of undue delay, bad faith or dilatory motive by the movant, undue prejudice to the opposing party, failure to cure deficiencies in former amendments, or futility of amendment. *Foman*, 371 U.S. at 182; *Hemphill*, 141 F.3d at 420.

Timing alone is an insufficient basis for the denial of a motion for leave to amend. *See Middle Atlantic Utilities Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (holding that a three year delay alone is an insufficient basis to deny a motion for leave to amend). A

motion for leave to amend pleadings should still be freely granted even if it is sought after
discovery has closed and trial approaches, so long as the delay is justifiable, the moving party
shows no dilatory motive, and the non-moving party is not unduly prejudiced. *See, e.g., Middle
Atlantic Utilities Co.*, 397 F.2d at 384 (reversing lower court's denial of a motion for leave to
amend the complaint when the moving party showed no bad faith and the non-moving party
would not have been prejudiced), *Lincoln v. Potter*, 418 F.Supp.2d 443, 454 (S.D.N.Y. 2006)
(allowing a late amendment to the complaint when events giving rise to the new claim only
occurred after deadline for amendments), *City of New York v. B.L. Jennings*, 219 F.R.D. 255, 257
(E.D.N.Y. 2004) (granting motion for leave to amend even though three years had passed since
filing of initial complaint, when defendants were already familiar with facts and issues involved
in new claim).

    In the event that a party seeks to amend the pleadings after the deadline set in the
scheduling order, the party must demonstrate that it has good cause to amend the pleadings.
FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause
and by leave of the district judge ...."). The Second Circuit has emphasized that "the primary
consideration" in determining whether good cause has been shown "is whether the moving party
can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d
Cir. 2007); *see also Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).
Specifically, it must be shown that the deadline set in the scheduling order could not reasonably
have been met despite the diligence of the party seeking the extension. FED. R. CIV. P. 16(b)
Advisory Committee Notes (1983 Amendment).

    Here, the interests of justice require that Leighton be given the opportunity to pursue the
defense of laches against Oberthur's invalidity positions. Oberthur did not raise its claim that

Messrs. Delbecq and Eberhardt were alleged inventors until some 18 months after the close of discovery.  Moreover, the production of Mr. Eberhardt's lab notebooks was a little over a month ago.  Leighton's request to amend its pleadings comes in response to Oberthur's recent introduction of new allegations in this case.  In addition, there has been no undue delay, bad faith or dilatory motive by Leighton, there is no undue prejudice to Oberthur, and Leighton has good cause to amend at this time.

## III.    ARGUMENT

### A.    LEIGHTON SUBMITS THAT OBERTHUR'S NEWLY RAISED ALLEGATIONS ARE BARRED BY LACHES

In a letter filed with the Court on December 18, 2007, Oberthur raised two allegations: (1) that the patents-in-suit were invalid under § 102(f) for the reason that the named inventor, Mr. Keith Leighton, did not himself invent the subject matter of the patents-in-suit and instead the true inventors were Messrs. Delbecq and Eberhardt and/or (2) that Leighton lacked standing to sue in this case because the inventorship of the patents must be corrected under Section 256.[2] (Gutkin Decl., ¶1, Exh. A).  According to Oberthur, both of these arguments are based on Oberthur's theory that Messrs. Jean-Marc Delbecq and Noel Eberhardt, ex-employees of Motorola, Inc., invented the subject matter claimed in the patents-in-suit.  (*Id.*).  At trial, Leighton intends to argue that these allegations are barred by the doctrine of laches.

The doctrine of laches is based on the maxim that "equity aids the vigilant, but not those who sleep on their rights."  *Ikelionwu v. U.S.*, 150 F.3d 233, 237 (2d Cir. 1998).  It is well settled

---

[2] During the discovery period, Oberthur did not divulge these invalidity positions in response to Interrogatory No. 11, which specifically requested that Oberthur support its contentions of invalidity (Gutkin Decl., ¶4, Exh. C), nor did Oberthur produce the relevant documents in response to Leighton's Requests for Production Nos. 46 through 51 (Gutkin Decl., ¶10, Exh. I).  Furthermore, when asked at deposition, Mr. Delbecq denied any claim to inventorship.  (Gutkin Decl., ¶7, Exh. F).

that laches will bar allegations by alleged co-inventors seeking to correct inventorship under Section 256. *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1163 (Fed. Cir. 1993); *Stark v. Advanced Magnetics, Inc.*, 29 F.3d 1570, 1573 (Fed. Cir. 1994); *Serdarevic v. Advanced Med. Optics, Inc.*, 2007 WL 2774177, *22 (S.D.N.Y. Sept. 25, 2007) (barring a claim for correction of inventorship where alleged inventor knew of the alleged claim for eight years before filing suit).

Likewise, laches will also bar claims of incorrect inventorship brought by a third-party, either under Section 256 or Section 102(f), where the underlying co-inventor(s) would be otherwise equitably barred from claiming incorrect inventorship. *Pannu v. Iolab Corp.*, 96 F. Supp. 2d 1359, 1369 (S.D. Fla. 2000) ("A finding that a claimed co-inventor has waived the patent right, or is otherwise equitably estopped to claim the right, is binding on third parties."). Notably, Oberthur relies on the Federal Circuit's opinion in the *Pannu* case in its December 18, 2007 letter. (Gutkin Decl., ¶1, Ex. A at pp. 5-6).

A claim for inventorship is barred by the doctrine of laches when (1) there is an unreasonable or unexcused delay in bringing the claim, and (2) the party asserting laches would experience material prejudice as a result of the delay. *Advanced Cardiovascular Sys.*, 988 F.2d at 1161. ***A presumption of laches arises when an allegation of incorrect inventorship is brought more than six years after the date on which the entity alleging incorrect inventorship knew or should have known the events that form the basis of its claim.*** *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992), *en banc* (finding that six year delay creates a presumption that laches bars a claim) (emphasis added); *Wanlass v. Gen. Elect. Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998) (barring a patent infringement action for laches). In cases where laches is applied to bar a claim for incorrect inventorship, the period of delay is

measured from when the entity alleging co-inventorship had actual notice of the claim or would have reasonably been expected to inquire about the subject matter.  *See Advanced Cardiovascular Systems*, 988 F.2d at 1161-62.

In this case, Oberthur's allegations are barred by laches.  Motorola was on notice of the inventorship status of the patents-in-suit ten years ago and, up until recently, had never claimed a right of inventorship to the patents.  In particular, Motorola was put on notice of the inventorship status of the patents-in-suit no later than 1997 when Mr. Leighton, the named inventor of the patents-in-suit, met with Motorola representatives at a trade show, began sending letters to Motorola describing his claims to his invention and engaged in licensing discussions with representatives of Motorola.[3]  (Gutkin Decl., ¶¶ 5-6 and 8, Exhs. D-E and G; [Doc. No. 158, January 26, 2007 Declaration of Keith Leighton, ¶24, Exhs. 12-17]).  In Mr. Leighton's communications with representatives of Motorola, he made it very clear that he was claiming to be the sole inventor of the patents-in-suit.  (Gutkin Decl., ¶8, Exh. G; [Leighton Decl. ¶24, Exhs. 12-17]).  Mr. Thompson, another former Motorola employee, testified at his deposition about Motorola's knowledge of Mr. Leighton's claims to the patented invention and attempts to license his patents.  (Gutkin Decl, ¶¶5-6, Exhs. D and E).

Since Motorola would be barred by laches from asserting these defenses, it also follows that Oberthur is likewise barred from arguing invalidity under §102(f) and incorrect inventorship under § 256, when such arguments would rely solely on identical witnesses, facts and evidence.  *Pannu*, 96 F. Supp. 2d at 1369.  Leighton therefore intends to claim at trial that Oberthur is

---

[3] This Court acknowledged the significance of this delay at the evidentiary hearing on Oberthur's standing motion, and inquired "[w]hat am I supposed to take from the fact that Motorola and, until recently, Motorola's successor-in-interest, until it was sued, Motorola's successor-in-interest, but especially that Motorola never showed any interest and laid claim to what Mr. Leighton had patented?" (Nov. 6, 2007 Hearing Tr. at p. 24, ll. 5-10).  Leighton submits that Motorola's delay is significant and affects Oberthur's ability to pursue these new arguments.

barred by laches from asserting these invalidity positions.  *Advanced Cardiovascular Sys., Inc.*, 988 F.2d at 1163; *Stark*, 29 F.3d at 1573; *Pannu*, 96 F. Supp. 2d at 1369.

**B.     LEIGHTON'S REQUEST FOR AMENDMENT IS TIMELY AND THERE IS GOOD CAUSE TO AMEND THE PLEADINGS**

Leighton has good cause to amend the pleadings at this time.[4]  Leighton did not have notice of Oberthur's invalidity positions at-issue until December 18, 2007, 18 months after the close of discovery in this case,[5] when Oberthur raised these allegations in its letter to the Court.  (Gutkin Decl., ¶1).  Since receiving notice of Oberthur's claims, Leighton has been diligent in evaluating Oberthur's new positions and subsequently seeking to amend its pleadings in response thereto.

Prior to the December 18, 2007 letter, neither Oberthur nor Motorola claimed that Mr. Delbecq and Mr. Eberhardt were the true inventors.  During the discovery period, Oberthur did not specify these invalidity positions in response to Leighton's interrogatory number 11, which sought the bases for Oberthur's invalidity positions, nor did it produce documents in response to Leighton's relevant document requests that supported such an allegation.  (Gutkin Decl., ¶¶4&10, Exhs. C & I, respectively).  In fact, when Mr. Delbecq was specifically asked at his deposition on March 22, 2006 whether he claimed to be an inventor of the subject matter of the patents, he stated ***"I am not making any claim to be the inventor."***  (Gutkin Decl., ¶7, Exh. F).  Moreover, there were no Motorola lab notebooks produced that attempted to claim otherwise.

---

[4] According to the Court's December 1, 2005 Scheduling Order, the deadline for amending the pleadings was January 2, 2006.  [Doc. No. 92].

[5] The discovery period for this case lasted from July 23, 2004 to July 28, 2006.  July 23, 2004 represents the first date of service of fact discovery in this case.  The Stipulated Protective Order in this case was entered on August 20, 2004.

While Motorola representatives testified before this Court during the November 5 and 6, 2007 evidentiary hearing, Oberthur's counsel continuously confirmed that the hearing was only being conducted to determine the timing of _Mr. Leighton's_ conception.[6]  That was Leighton's understanding of the purpose and content of the hearing as well.[7]

In an abrupt change in position, Oberthur added the allegations discussed above in its December 18 letter.  Additionally, on February 15, 2008 Oberthur produced over three thousand pages of documents purporting to be laboratory notebooks from the files of Mr. Eberhardt, presumably to show his conception and/or reduction to practice of certain inventions.[8]  (Gutkin Decl., ¶2, Exh. B).  Oberthur also advised Leighton's counsel that it intends to call Mr. Eberhardt as a witness at trial.  Leighton is still in the process of reviewing those documents and evaluating the merits of Oberthur's new claims.  The parties are close to reaching agreement regarding the production of the Eberhardt documents, as well as Oberthur's claim that documents produced by HID in the California litigation should have been produced in this litigation by Leighton. (Gutkin Decl. ¶3)

In response to these recent activities and the resulting allegations, Leighton hereby seeks to modify its Answer to Counterclaims, Affirmative Defenses to include the affirmative defense of laches.  Prior to these events, Leighton did not have notice of Oberthur's intent to argue that

---

[6] Oberthur's counsel stated that "...the only issue to be decided [here] is whether Mr. Leighton conceived of his patented invention while he was at Motorola or whether it happened after the fact....  The issues that we intend to show your Honor today is that Mr. Leighton conceived of his invention at Motorola."  (Nov. 5, 2007 Hearing Tr. at 4:1-13).

[7] Leighton believes that the Court shared a similar understanding. (J. McMahon:  "We came here to decide a question of standing and the issue of whether this invention was conceived while at Motorola."). (Nov. 6, 2007 Hearing Tr. at 2:5-7).

[8] It appears as though Oberthur's latest production of documents is responsive to Leighton's Requests for Production Nos. 46 through 51, which were served upon Oberthur in April of 2005 and requested, among other things, relevant documents pertaining to Oberthur's invalidity positions.  (Gutkin Decl., ¶10, Exh. I).

Messrs. Eberhardt and Delbecq were the inventors of the patented inventions and no reasonable investigation on Leighton's part would have revealed Oberthur's intent to pursue these positions. Moreover, Leighton would be unduly harmed if it was barred from amending its pleadings to include laches. As such, Leighton has shown good cause to amend under FED. R. CIV. P. 16(b), and diligence under FED. R. CIV. P. 15(a).

> ### C.    LEIGHTON'S PROPOSED AMENDMENT WILL NOT PREJUDICE OBERTHUR

Leighton's proposed amendment will not prejudice Oberthur.  Mr. Leighton has already presented evidence in this case regarding his post-consultancy communications with Motorola. [Doc. No. 158, Leighton Decl. at ¶24, Exhs. 12-17].  Leighton's request to add the laches defense is made as a direct result of the action (or in this case the inaction) of witnesses who are former Motorola employees – Oberthur's own witnesses.  (Gutkin Decl., ¶9).  Moreover, throughout the course of this case, Oberthur and Motorola's successor-in-interest, HID Corp., have been cooperating and communicating regarding their defenses.  (Gutkin Decl., ¶9, Exh. H). Oberthur will not be prejudiced by the addition of the affirmative defense of laches to Leighton's Answer to Counterclaims, Affirmative Defenses.

## IV.    CONCLUSION

For the reasons above, and in view of the liberal amendment policy of Rule 15(a) and 16(b) of the Federal Rules of Civil Procedure, Leighton respectfully requests that the Court grant its Motion for Leave to amend its Answer to Counterclaims, Affirmative Defenses to include the affirmative defense of laches.

Dated: March 27, 2008

SUTHERLAND ASBILL & BRENNAN LLP


_____/s/ Robert A. Gutkin_____
By:  Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick, Esq. (Pro hac vice)
1275 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2415
Tel:  202-383-0100
Fax: 202-637-3593

*Attorneys for Plaintiff*
LEIGHTON TECHNOLOGIES LLC

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the following pleadings:

1.   NOTICE OF MOTION FOR LEAVE TO FILE AMENDED ANSWER TO
     COUNTERCLAIMS, AFFIRMATIVE DEFENSES,

2.   MOTION FOR LEAVE TO FILE AMENDED ANSWER TO
     COUNTERCLAIMS, AFFIRMATIVE DEFENSES,

3.   MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
     AMENDED ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES,
     and

4.   PROPOSED ORDER

have been made on counsel for OBERTHUR CARD SYSTEMS, S.A. by sending a copy of this

document by overnight mail and email on March 27, 2008 to the following:

            Edward DeFranco
            Kevin Johnson
            Mark Baker
            Quinn Emanuel Urquhart Oliver & Hedges, LLP
            51 Madison Avenue, 22nd Floor
            New York, NY 10010

            __/s/ Robert A. Gutkin_____

7847272.10