Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC  20004-2415
Tel:  202-383-0100
Fax:  202-637-3593

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC, | ) |
| Plaintiff, | ) Case No. 04-cv-02496 |
| | )         (CM)(LMS) |
| v. | ) |
| | ) AMENDED ANSWER TO |
| OBERTHUR CARD SYSTEMS, S.A., | ) COUNTERCLAIMS, |
| OBERTHUR CARD SYSTEMS | ) AFFIRMATIVE DEFENSES |
| OF AMERICA CORPORATION | ) |
| | ) DEMAND FOR JURY TRIAL |
| Defendants. | ) |
| OBERTHUR CARD SYSTEMS, S.A., | ) |
| OBERTHUR CARD SYSTEMS | ) |
| OF AMERICA CORPORATION | ) |
| Counterclaim Plaintiffs, | ) |
| v. | ) |
| LEIGHTON TECHNOLOGIES LLC, | ) |
| GENERAL PATENT CORPORATION | ) |
| INTERNATIONAL, | ) |
| GENERAL PATENT CORPORATION, | ) |
| AND IP HOLDINGS LLC, | ) |
| Counterclaim Defendants. | ) |

7850153.1

1

Leighton Technologies LLC, General Patent Corporation International, General Patent Corporation, and IP Holdings LLC (collectively "Counterclaim Defendants"), by their undersigned counsel, answer the Counterclaims of Defendants and Counterclaim Plaintiffs Oberthur Card Systems, S.A. and Oberthur Card Systems of America Corporation (collectively "OCS-Entities") as follows:

1-49.   Paragraphs 1-49 contain the OCS-Entities' answer to Leighton Technologies LLC's Third Amended Complaint and the OCS-Entities' affirmative defenses. As such, Counterclaim Defendants do not respond to Paragraphs 1-49.

50.   Counterclaim Defendants admit that the OCS-Entities purport to state counterclaims against the Counterclaim Defendants.

51.   Counterclaim Defendants admit that this Court has subject matter jurisdiction over the counterclaims, but expressly deny any liability thereunder.

52.   Counterclaim Defendants are informed and believe that the allegations in Paragraph 52 are correct.

53.   Counterclaim Defendants are informed and believe that the allegations in Paragraph 53 are correct.

54.   Counterclaim Defendants are informed and believe that the allegations in Paragraph 54 are correct.

55.   Leighton Technologies LLC ("Leighton Technologies") admits the allegations set forth in Paragraph 55.

56.   General Patent Corporation ("GPC") denies that it is a New York corporation. GPC is a Delaware corporation. GPC admits the remaining allegations set forth in Paragraph 56.

57. General Patent Corporation International ("GPCI") admits the allegations set forth in Paragraph 57.

58. IP Holdings LLC ("IPH") admits the allegations set forth in Paragraph 58.

59. GPCI admits that it owns 33% of Leighton Technologies. IPH admits that it owns 17% of Leighton Technologies.

60. Leighton Technologies admits the allegations set forth in Paragraph 60.

61. Leighton Technologies admits that it alleges that the OCS-Entities infringe the Patents in Suit. Leighton Technologies denies that the OCS-Entities have characterized the discovery for this matter, or Mr. Leighton's deposition in this matter correctly. In fact, the OCS-Entities purposefully fail to mention that when they raised these same allegations of invalidity/inequitable conduct first before the Magistrate, and subsequently before the Judge, as a basis for discovering otherwise privileged documents, the very same "argument" was soundly rejected in its entirety by **both** the Magistrate and the Judge. Leighton Technologies therefore denies each and every remaining allegation in Paragraph 61.

62. Leighton Technologies denies the allegations set forth in Paragraph 62.

63. Leighton Technologies denies the allegations set forth in Paragraph 63.

## COUNTERCLAIM I

### (Against Counterclaim Defendant Leighton Technologies)

64. Leighton Technologies repeats and incorporates its answers to Paragraphs 1-63 as if stated here.

65. Leighton Technologies admits that the OCS-Entities purport to state a counterclaim for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

66. Leighton Technologies admits the allegations set forth in Paragraph 66.

67. Leighton Technologies denies the allegations set forth in Paragraph 67.

68. Leighton Technologies denies the allegations set forth in Paragraph 68.

69. Leighton Technologies admits that the parties disagree as to the validity and infringement of the Patents-in-Suit. Leighton Technologies denies each and every remaining allegation in Paragraph 69.

70. Leighton Technologies denies the allegations set forth in Paragraph 70.

## COUNTERCLAIM II

### (Against Counterclaim Defendant Leighton Technologies)

71. Leighton Technologies repeats and incorporates its answers to Paragraphs 1-70 as if stated here.

72. Leighton Technologies admits that the OCS-Entities purport to state a counterclaim for declaratory judgment of unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

73. Leighton Technologies denies the allegations set forth in Paragraph 73.

74. Leighton Technologies admits that as stated on the face of the '207 Patent, that on October 7, 1996, Mr. Leighton's attorneys filed Appl. No. 727,789, which matured into the '207 Patent. Leighton Technologies further admits that the '207 Patent claims priority from the provisional application set forth on the face of the Patent. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations set forth in Paragraph 74.

75. Leighton Technologies admits that as stated on the face of the '155 Patent, that on September 22, 1998, Mr. Leighton's attorneys filed Appl. No. 09/158,290, which matured into the '155 Patent, and is a continuation application of the '207 application. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations set forth in Paragraph 75.

76. Leighton Technologies admits that as stated on the face of the '367 Patent, that on August 5, 1999, Mr. Leighton's attorneys filed Appl. No. 09/368,846, which matured into the '367 Patent, and is a continuation application of the '099 application, and a continuation-in-part of the '207 application. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations set forth in Paragraph 76.

77. Leighton Technologies admits that as stated on the face of the '736 Patent, currently the subject of a reissue application, that on June 29, 2000, Mr. Leighton's attorneys filed Appl. No. 09/606,945, which matured into the '736 Patent. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations set forth in Paragraph 77.

78. Leighton Technologies admits the allegations set forth in Paragraph 78.

79. Leighton Technologies admits that the Oldham firm was listed as the Attorneys of Record for the prosecution of the '155 patent application. Leighton Technologies objects to the characterization of the individual attorney's involvement in the prosecution. The OCS-Entities have deposed, and plan upon further depositions of individual attorneys involved in the prosecution, and on that basis deny the remaining allegations set forth in Paragraph 79.

80. Leighton Technologies admits that the Oldham firm, and subsequently the Hahn firm were listed as the Attorneys of Record for the prosecution of the '367 patent application. Leighton Technologies objects to the characterization of the individual attorneys' involvement in the prosecution. The OCS-Entities have deposed, and plan upon further depositions of individual attorneys involved in the prosecution, and on that basis deny the remaining allegations set forth in Paragraph 80.

81. Leighton Technologies admits that the Oldham firm, and subsequently the Hahn firm were listed as the Attorneys of Record for the prosecution of the '736 patent application.

Leighton Technologies objects to the characterization of the individual attorneys' involvement in the prosecution. The OCS-Entities have deposed, and plan upon further depositions of individual attorneys involved in the prosecution, and on that basis deny the remaining allegations set forth in Paragraph 81.

82. Leighton Technologies admits the allegations set forth in Paragraph 82.

83. Leighton Technologies admits that the Oldham firm was listed as the Attorneys of Record for the prosecution of the '155 patent application, and that Oldham firm, and subsequently the Hahn firm were listed as the Attorneys of Record for the prosecution of '367 and 736 patent applications. Leighton Technologies denies the remaining allegations set forth in Paragraph 83.

84. Leighton Technologies states that the prosecution history speaks for itself. The allegation is an incomplete summary of the prosecution history. Leighton Technologies admits that an Office Action rejecting claims was mailed on or about December 6, 2000 and that the Office Action refers to certain references. The Office Action and the prosecution history are a matter of public record. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 84.

85. Leighton Technologies admits the allegations set forth in Paragraph 85.

86. Leighton Technologies admits the allegations set forth in Paragraph 86.

87. Leighton Technologies admits the allegations set forth in Paragraph 87, based upon the definition set forth in Paragraph 84.

88. Leighton Technologies admits the allegations set forth in Paragraph 88.

89. Leighton Technologies denies the allegations set forth in Paragraph 89, based upon the definition set forth in Paragraph 84.

90. Leighton Technologies denies the allegations set forth in Paragraph 90, based upon the definition set forth in Paragraph 84.

91. Leighton Technologies denies the allegations set forth in Paragraph 91, based upon the definition set forth in Paragraph 84 .

92. Leighton Technologies denies the allegations set forth in Paragraph 92, based upon the definition set forth in Paragraph 84.

93. Leighton Technologies admits and states that the file history speaks for itself and that Office Actions were mailed May 8, 2002 and December 6, 2000; that the Examiner conducted an interview with Michael Minns on October 9, 2002; and that the Examiner conducted an interview with Mark Watkins on November 30, 2000. To the extent that the allegation is an incomplete summary of the prosecution history, Leighton Technologies refers to and relies upon the complete prosecution history, which is a matter of public record, as the accurate record of prosecution, and denies the remaining allegations as inaccurate by omission.

94. Leighton Technologies admits that according to the file history an amendment was submitted on October 2, 2002 that stated the following: "the second pressure being at least 10% greater than the first pressure." Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 94.

95. Leighton Technologies admits and states that the file history speaks for itself and that the Office Action response stated: "There is no teaching or suggestion in UK '610 to **increase** the pressure during cooling to **at least 10 % greater than the pressure applied during heating**, as claimed by Applicant in independent claims 1 and 27." (Emphasis in the original). Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 95.

96. Leighton Technologies admits that the Examiner conducted an interview with Michael Minns on October 9, 2002. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 96.

97. Leighton Technologies admits that on October 9, 2002 the Examiner's Amendment paragraph 2 stated the following: "The following is an examiner's statement of reasons for allowance: None of the prior art of record taught or suggested that one skilled in the art at the time the invention was made to apply a second pressure upon the assembly during cooling wherein the second pressure was at least 10% greater than the first pressure applied during assembly and heating." Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 97.

98. Leighton Technologies admits the allegations set forth in Paragraph 98.

99. Leighton Technologies admits the allegations set forth in Paragraph 99.

100. Leighton Technologies denies the allegations set forth in Paragraph 100. The OCS-Entities have purposefully mischaracterized Mr. Leighton's deposition testimony. Both the Magistrate and the Judge have rejected the argument, raised by the OCS-Entities in an attempt to compel the production of privileged documents, that Mr. Leighton and his attorneys were aware of prior art that suggested and taught the greater than 10% pressure limitation. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 100.

101. Leighton Technologies denies the allegations set forth in Paragraph 101.

102. Leighton Technologies denies the allegations set forth in Paragraph 102.

103. Leighton Technologies denies the allegations set forth in Paragraph 103.

104. Leighton Technologies denies the allegations set forth in Paragraph 104.

105. Leighton Technologies admits that Mr. Leighton's attorneys filed the application that matured into the '766 Patent on the dates set forth in Paragraph 105. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 105.

106. Leighton Technologies admits the allegations set forth in Paragraph 106.

107. Leighton Technologies admits that the Oldham firm, and subsequently the Hahn firm were listed as the Attorneys of Record for the prosecution of '766 patent application. Leighton Technologies objects to the characterization of the individual attorneys' involvement in the prosecution. The OCS-Entities have deposed, and plan upon further depositions of individual attorneys involved in the prosecution, and on that basis deny the remaining allegations set forth in Paragraph 107.

108. Leighton Technologies admits that the Examiner assigned to the '766 application was not the same as the Examiners assigned to the '207, '155, 367, or '736 applications.

109. Leighton Technologies admits the allegations set forth in Paragraph 109, except that Leighton Technologies denies that prior art references were material to patentability.

110. Leighton Technologies admits the allegations set forth in Paragraph 110.

111. Leighton Technologies denies the allegations set forth in Paragraph 111.

112. Leighton Technologies denies the allegations set forth in Paragraph 112.

113. Leighton Technologies denies the allegations set forth in Paragraph 113.

114. Leighton Technologies denies the allegations set forth in Paragraph 114.

115. Leighton Technologies denies the allegations set forth in Paragraph 115.

116. Leighton Technologies admits the allegations set forth in Paragraph 116, except that with regard to the allegations based upon the use of the vague term principal, Leighton Technologies states that both Cohen and Lerner are shareholders in GPCI, and that Cohen is

Assistant General Counsel and Lerner is General Counsel. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 116.

117. Leighton Technologies admits that it filed a reissue application pursuant to 35 U.S.C. § 251 et seq, the relevant reissue statutes, which expressly state that claiming less than a patentee had a right to claim in its original patent is an error that is correctable by way of the reissue process. Leighton further admits that the application was also filed to reference a prior copending application. The reissue application and the ongoing prosecution is a matter of public record. Leighton Technologies admits that the partial quote from the prosecution history appears to be correct. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 117.

118. Leighton Technologies admits that a preliminary amendment was submitted, that the preliminary amendment is a matter of public record, and that the preliminary amendment speaks for itself. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 118.

119. Leighton Technologies admits that a preliminary amendment was submitted, that the preliminary amendment is a matter of public record, and that the preliminary amendment speaks for itself. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 119.

120. Leighton Technologies denies that it has made any contrasting representations to the Court or the USPTO. The Court's Markman Decision, and the ongoing prosecution of the '736 Patent speaks for itself. The Markman Decision and the ongoing prosecution of the '736 Patent are a matter of public record and Leighton Technologies admits the statements made on the record therein, and intends to follow the Court's definitions. To the extent that the Court has

defined certain terms and phrases, as well as summarized various arguments of the parties, the Markman Decision is what governs this matter, not the OCS-Entities characterization of the arguments or summary of the terms. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations of Paragraph 120.

121.   Leighton Technologies denies the allegations set forth in Paragraph 121.

122.   Leighton Technologies admits that the reissue application claims priority to the provisional application for the '207 Patent. Except as expressly admitted herein, Leighton Technologies denies the remaining allegations set forth in Paragraph 122.

123.   Leighton Technologies denies the allegations set forth in Paragraph 123. The USPTO was advised of litigation information prior to July 5, 2006

124.   Leighton Technologies denies the allegations set forth in Paragraph 124.

125.   Leighton Technologies denies the allegations set forth in Paragraph 125.

126.   Leighton Technologies denies the allegations set forth in Paragraph 126.

127.   Leighton Technologies denies the allegations set forth in Paragraph 127.

128.   Leighton Technologies denies the allegations set forth in Paragraph 128.

129.   Leighton Technologies denies the allegations set forth in Paragraph 129.

## COUNTERCLAIM III

**(Against Counterclaim Defendants Leighton Technologies, General Patent Corporation International, General Patent Corporation, and IP Holdings LLC**)

130.   Leighton Technologies repeats and incorporates its answers to Paragraphs 1-129 as if stated here. GPC, GPCI, and IPH incorporate Leighton Technologies answers to Paragraphs 1-129, to the extent that the allegations are applicable to GPC, GPCI, and IPH, as if stated here.

131. Counterclaim Defendants admit that the OCS-Entities purport to state a counterclaim for declaratory judgment of unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

132. Counterclaim Defendants admit the allegations set forth in Paragraph 132.

133. Counterclaim Defendants deny the allegations set forth in Paragraph 133.

134. Counterclaim Defendants deny the allegations set forth in Paragraph 134.

135. Counterclaim Defendants deny the allegations set forth in Paragraph 135.

136. Counterclaim Defendants deny the allegations set forth in Paragraph 136.

137. Counterclaim Defendants deny the allegations set forth in Paragraph 137.

138. Counterclaim Defendants deny the allegations set forth in Paragraph 138.

139. Counterclaim Defendants deny the allegations set forth in Paragraph 139.

## AFFIRMATIVE DEFENSES

As for their separate and affirmative defenses, the Counterclaim Defendants allege as follows:

### First Affirmative Defense

(Failure to State a Claim)

140. OCS-Entities' Counterclaims fail to state a claim against the Counterclaim Defendants, separately and/or collectively, upon which relief can be granted.

### Second Affirmative Defense

(Laches)

141. OCS-Entities' Counterclaims are barred by the doctrine of laches.

### Third Affirmative Defense

145.    Counterclaim Defendants give notice that they intend to rely upon any additional affirmative defenses that become available or apparent during discovery, and reserve their right to amend their answer and to assert such additional affirmative defenses or, if appropriate, delete affirmative defenses as discovery proceeds.

### PRAYER FOR RELIEF

WHEREFORE, the Counterclaim Defendants pray for judgment against OCS-Entities as follows:

A.    That the OCS-Entities take nothing by way of their Counterclaims and the relief sought by the OCS-Entities be denied;

B.    That the Counterclaims be dismissed with prejudice in their entirety;

C.    For judgment in favor of the Counterclaim Defendants on the Counterclaims;

D.    For costs, including such reasonable attorneys' fees as the Court may find recoverable; and

E.    For such further or alternate relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Leighton Technologies LLC, General Patent Corporation International, General Patent Corporation, and IP Holdings LLC hereby demand a jury trial on all triable issues raised in this action.

Date:   March 27, 2008

          /s/ Robert A. Gutkin
Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick, Esq. (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC  20004-2415
Tel:  202-383-0751
Fax: 202-637-3593

*Attorneys for*
LEIGHTON TECHNOLOGIES LLC
GENERAL PATENT CORPORATION
   INTERNATIONAL
GENERAL PATENT CORPORATION
IP HOLDINGS LLC