Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick (Pro hac vice)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004-2415
Tel: 202-383-0100
Fax: 202-637-3593

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEIGHTON TECHNOLOGIES LLC, | |
| Plaintiff, | Case No. 04-cv-02496 (CM)(LMS) |
| v. | PLAINTIFF AND COUNTERCLAIM DEFENDANT LEIGHTON TECHNOLOGIES LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES |
| OBERTHUR CARD SYSTEMS, S.A., OBERTHUR CARD SYSTEMS, OF AMERICA CORPORATION | |
| Defendants. | |
| OBERTHUR CARD SYSTEMS, S.A., OBERTHUR CARD SYSTEMS OF AMERICA CORPORATION | DEMAND FOR JURY TRIAL |
| Counterclaim Plaintiffs, | |
| v. | PUBLIC VERSION |
| | Hon. Colleen McMahon |
| LEIGHTON TECHNOLOGIES LLC, GENERAL PATENT CORPORATION INTERNATIONAL, GENERAL PATENT CORPORATION, AND IP HOLDINGS LLC, | Magistrate Judge Lisa M. Smith |
| Counterclaim Defendants. | |

7887622.1

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ANALYSIS........................................................................................................................... 3

    A. Oberthur's Delay in Raising the Issue of Alleged Co-invention by Messrs. Delbecq and Eberhardt Dictated the Timing of Leighton's Motion to Amend ................................ 3

    B. Leighton's Laches Argument is Not Futile................................................................... 6

        1. Oberthur Used the Wrong Standard for Futility ............................................... 6

        2. Leighton's Laches Defense Can Be Applied to Oberthur ............................... 7

IV. CONCLUSION................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
960 F.2d 1020 (Fed. Cir. 1992) ............................................................................................. 1

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*,
988 F.2d 1157 (Fed. Cir. 1993) ............................................................................................. 6

*Am. Stock Exchange, LLC v. Mopex, Inc.*,
215 F.R.D. 87 (S.D.N.Y. 2002) ............................................................................................. 4

*Baker-Cammack Hosiery Mills, Inc. v. Davis Co.*,
181 F.2d 550 (4th Cir. 1950) ................................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
127 S.Ct. 1955 (2007) ........................................................................................................... 6

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993) .................................................................................................. 5

*E*Trade Financial Corp. v. Deutsche Bank AG*,
420 F. Supp. 2d 273 (S.D.N.Y. 2006) ............................................................................... 2, 6

*Five Star Mfg., Inc. v. Ramp Lite Mfg., Inc.*,
44 F. Supp. 2d 1149 (D. Kan. 1999) ..................................................................................... 7

*Foman v. Davis*,
371 U.S. 178 (1962) .............................................................................................................. 2

*Gillons v. Shell Co.*,
86 F.2d 600 (9th Cir. 1936) .................................................................................................. 7

*Gorman v. Consolidated Edison Corp.*,
488 F.3d 586 (2d Cir. 2007) .................................................................................................. 6

*Intellectual Property Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
248 F.3d 1333 (Fed. Cir. 2001) ............................................................................................. 8

*Israel Bio-Engineering Project v. Amgen Inc.*,
401 F.3d 1299 (Fed. Cir. 2005) ......................................................................................... 2, 7

*Jin v. Metro. Life Ins. Co.*,
310 F.3d 84 (2d Cir. 2002) .................................................................................................... 4

*Morrow v. Microsoft Corp.*,
499 F.3d 1332 (Fed. Cir. 2007) ............................................................................................. 8

*Ortho Pharm. Corp. v. Gentics Inst., Inc.*,
  52 F.3d 1026 (Fed. Cir. 1995) ............................................................................................... 8

*Pannu v. Iolab Corp.*,
  96 F. Supp. 2d 1359 (S.D. Fla. 2000) .................................................................................. 6

*Patane v. Clark*,
  508 F.3d 106 (2d Cir. 2007) ................................................................................................. 6

*R2 Med. Sys., Inc. v. Katecho, Inc.*,
  931 F. Supp. 1397 (N.D. Ill. 1996) ...................................................................................... 7

*Routolo v. City of New York*,
  514 F.3d 184 (2d Cir. 2008) ................................................................................................. 4

*State Teachers Re. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) ................................................................................................. 4

*Tokio Marine & Fire Ins. Co. Ltd. v. Employers Ins. of Wausau*,
  786 F.2d 101 (2d Cir. 1986) ................................................................................................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 6

Fed. R. Civ. P. 15(a) ............................................................................................................. 2, 9

Fed. R. Civ. P. 16(b) ............................................................................................................. 2, 9

FED. R. CIV. P. 37(c)(1) ............................................................................................................. 4

Leighton respectfully submits this Memorandum in further support of its Motion for Leave to File an Amended Answer to Oberthur's Counterclaims.

## I.  INTRODUCTION

Laches is an equitable defense and should be applied with flexibility to the varying circumstances of each particular case. (*See* Oberthur's Brief in Opposition to Leighton's Motion for Leave to File Amended Answer to Counterclaims, Affirmative Defenses ("Opp. Br.") at 3 (citing *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) ("[t]he defense…must have flexibility in its application.")). In this case, Oberthur seeks to invalidate Leighton's patents based on the facts and witnesses surrounding Mr. Leighton's consulting at Motorola, the same facts and witnesses that Motorola/HID would be barred from using to claim incorrect inventorship. Oberthur only recently raised its newly minted invalidity allegations – some 12 years after the circumstances leading to the allegations first arose. Moreover, Oberthur and HID (Motorola's successor-in-interest) have been working together to defend against Leighton's infringement allegations and

**REDACTED**                    **REDACTED**

(*See* Exh. H to Declaration of Robert Gutkin Submitted In Support of Leighton's Motion for Leave to Amend ("Gutkin Decl.")).

The equities here clearly warrant a finding that Oberthur is barred from asserting its newest invalidity position due to laches. To hold otherwise would defeat the very purpose of laches, to aid the vigilant, not those who sit on their rights. Another party, particularly one in privity, should not be allowed to revive an otherwise barred claim merely by using a different name.

To prevail on its motion to amend, Leighton does not need to show that it will prevail on its laches defense, but rather that it has a "plausible entitlement to relief." Based on the relevant facts and law, Leighton easily satisfies this standard and therefore its motion for leave to amend should be granted.[1]

It is well established that leave to amend should be freely granted absent an apparent or declared reason. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Oberthur's opposition brief fails to provide a reason why this liberal policy underlying Rules 15(a) and 16(b) should not be followed here and why Leighton's present motion should not be granted. In particular, Oberthur's opposition brief falls short for the following reasons:

1. Oberthur applies the wrong standard for futility. To prevail on its motion for leave to amend pleadings, Leighton only needs to satisfy the standards of a motion to dismiss – "a plausible entitlement to relief" — to overcome Oberthur's futility argument. *See E*Trade Financial Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 282 (S.D.N.Y. 2006);

2. Laches is a defense that is personal **to the party asserting the defense** – meaning laches is personal to Leighton. *See Israel Bio-Engineering Project v. Amgen Inc.*, 401 F.3d 1299, 1306 (Fed. Cir. 2005) ("a laches defense is personal to the defendant raising it."). The very cases cited by Oberthur confirm that Oberthur's analysis is flawed in this respect;

3. **REDACTED**

   **REDACTED**

4. Oberthur's arguments regarding Leighton's alleged delay and prejudice, lack merit because any delay associated with raising allegations of Motorola's co-inventorship **is attributable to Oberthur, not Leighton**.

---

[1] In footnote 1 of Oberthur's Opp. Br., Oberthur refers to a possible motion *in limine* to preclude certain evidence and argument from jury consideration. Leighton will also be filing *in limine* motions. However, Leighton submits that any consideration of this issue is premature and not relevant to Leighton's present motion.

7887622.1                                    2

## II. ANALYSIS

### A. Oberthur's Delay in Raising the Issue of Alleged Co-invention by Messrs. Delbecq and Eberhardt Dictated the Timing of Leighton's Motion to Amend

Oberthur's contention that the present motion to amend should be denied because Leighton delayed in filing it is wholly inconsistent with how the issue of Motorola's alleged co-inventorship was first raised in this case. Oberthur, not Leighton, delayed in raising the argument that Delbecq and Eberhardt are co-inventors of the patents-in-suit. Leighton is now merely responding to these newly minted allegations and reconciling its pleadings accordingly. To claim that plaintiff should have been aware of new allegations through Mr. Leighton is completely ridiculous.

During discovery, Oberthur provided no meaningful responses to Leighton's inquiries into the bases of Oberthur's invalidity positions, nor did Oberthur specify these allegations anywhere in its pleadings. (*See* Exhs. C and I to Gutkin Decl., Oberthur's Responses to Leighton's relevant Interrogatories and Requests for Production). During discovery, Oberthur did not produce any documents to support such claims. In fact, the only marker laid by Oberthur on this issue during discovery was sworn testimony from Mr. Delbecq that he was **not** an inventor. (*See* Exh. F to Gutkin Decl., testimony of Mr. Jean-Marc Delbecq at 250:8). Oberthur's dilatory conduct continued until the evidentiary hearing, where Oberthur frequently veered off-topic and sought to introduce invalidity evidence despite the Court's repeated admonitions. (*See* November 5, 2007 Hearing Tr. at p. 115, lns. 11-17; p. 206, lns. 10-19; and November 6, 2007 Hearing Tr. at p. 25, ln. 25). After the hearing, Oberthur then produced over 3,000 pages of documents and identified Mr. Eberhardt as yet another ex-Motorola witness to testify on its behalf.

If any party should be scrutinized for any discernible delay in raising the issue of Delbecq's and Eberhardt's co-inventorship status it is Oberthur, under well-established discovery principles that preclude evidence that was not provided under a party's discovery obligations. *See* FED. R. CIV. P. 37(c)(1). The purpose of discovery and any necessary evidentiary preclusions under Rule 37(c)(1) is to "avoid surprise or trial by ambush." *Am. Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (prohibiting patentee from introducing infringement evidence where patentee identified theory one month after discovery closed).

The facts of the cases cited by Oberthur to support its position of undue delay by Leighton are highly distinguishable. In both cases, the party seeking to amend its pleadings moved **after judgment**. *See Routolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (denying motion because party sought to amend after judgment and failed to vacate or set aside judgment and movant was aware of cause of action at time of initial filing); *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (denying motion because party sought to amend almost four months after summary judgment ruling).

Relevant case law also holds that the mere passage of time without a showing of bad faith or prejudice cannot provide a basis for the district court to deny a party the right to amend. *See Tokio Marine & Fire Ins. Co. Ltd. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (finding abuse of discretion by trial court in denying amendment where no prejudice by non-movant); *State Teachers Re. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (granting motion because no bad faith or prejudice existed). A party opposing a motion to amend only experiences "prejudice" where the assertion of the new claim would require significant

additional discovery and trial preparation or significant delay of the resolution of the dispute.[2] *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (granting motion to amend).

Here, Oberthur will not be prejudiced by Leighton's amendment. Oberthur first introduced the issue of Motorola's alleged co-inventorship, not Leighton, and, **REDACTED** **REDACTED** **REDACTED**

Oberthur was fully prepared to present evidence of co-inventorship at the November hearing, and attempted to do so. There is no reason why Oberthur could not be prepared for trial.

Putting aside the upcoming deposition of Mr. Eberhardt who was added as a witnesses by Oberthur, all the relevant documents and witnesses have been vetted in discovery and therefore Oberthur will not be required to take any discovery that it has not affirmatively sought itself. *See Block*, 988 F.2d at 350 (listing additional discovery expenses as prejudice). It is Leighton, not Oberthur, who has been prejudiced by Oberthur's post-discovery disclosure and change of position. Also, the amendment sought by Leighton will not delay the start of trial. Where amendment results in no additional discovery costs and the trial date is unaffected, there is no prejudice to the non-movant and a motion to amend pleadings should be granted. *See Block*, 988 F.2d at 350.

---

[2] Any implication by Oberthur that Leighton's amendment will require Oberthur to re-take depositions must be rejected. However, Leighton is the party in the position to argue that it could be required to re-depose the Motorola witnesses based on Oberthur's newly raised assertion that Mr. Eberhardt and Mr. Delbecq are alleged co-inventors. Leighton would have every right to question each Motorola witness regarding the Motorola employees alleged "inventive" contributions in light of Mr. Delbecq's repudiation of his earlier testimony.

### B.    Leighton's Laches Argument is Not Futile

#### 1.    Oberthur Used the Wrong Standard for Futility

An amendment to a pleading is deemed futile only if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See E\*Trade Financial Corp.*, 420 F. Supp. 2d at 282-88 (granting motion to amend because amendment not futile) (citations omitted). The standard most recently articulated by the Supreme Court for determining whether a pleading can withstand a motion to dismiss under Rule 12(b)(6) is whether the pleading shows "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-69 (2007) ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."). Here, Leighton easily surpasses that standard.

Noticeably, Oberthur fails to cite a case that directly supports its argument that it cannot be barred by laches. Oberthur primarily relies on *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993), but that case is inapposite because the court never addressed the issue of whether laches of an alleged co-inventor barred related invalidity allegations raised by the defendant. Instead the parties settled before final judgment on the alleged co-inventor's claims. *Id.*

The facts of *Patane v. Clark*, 508 F.3d 106, 112-13 (2d Cir. 2007), also cited by Oberthur, differ significantly from the facts of this case. In *Patane*, the plaintiff did not even allege the necessary elements of a cause of action of gender based discrimination. In *Gorman v. Consolidated Edison Corp.*, the plaintiffs likewise failed to provide any facts entitling them to relief. 488 F.3d 586, 595 (2d Cir. 2007).

Indeed, the only published decision of which Leighton is aware that directly addresses the issue of the present motion is *Pannu v. Iolab Corp.* – which holds that the laches of an alleged

co-inventor can apply to a third party alleging invalidity on the same basis. 96 F. Supp. 2d 1359, 1369 (S.D. Fla. 2000). The facts of *Pannu* are analogous to the facts here. Oberthur and HID are in privity with one another, as discussed below, and the equitable bar regarding Motorola's claims to co-inventorship cannot be circumvented by Oberthur's invalidity defense.

### 2. Leighton's Laches Defense Can Be Applied to Oberthur

Oberthur's contention that Leighton's laches defense cannot be applied to Oberthur because the defense is personal to the party against which it is asserted is misplaced. (Opp. Br. at 3-4). The cases cited by Oberthur in support of this argument stand for a different conclusion – that laches is personal **to the party asserting the defense**. *See Israel Bio-Engineering Project*, 401 F.3d at 1306 ("a laches defense is personal to the <u>defendant raising it</u>") (emphasis added); *Five Star Mfg., Inc. v. Ramp Lite Mfg., Inc.*, 44 F. Supp. 2d 1149, 1156 (D. Kan. 1999) ("[g]enerally, the defense of laches is personal to the <u>defendant</u> [asserting it].") (emphasis added); *R2 Med. Sys., Inc. v. Katecho, Inc.*, 931 F. Supp. 1397, 1412 (N.D. Ill. 1996) ("[a]s a general matter, the defense of laches is personal to the <u>defendant</u> [asserting it].") (emphasis added). Here, Leighton is the party seeking to assert the defense of laches and therefore laches is personal to it, and to no other party.

In contrast, the act of laches can be imputed from one party to another. *See* Opp. Br. at 4 (citing *Gillons v. Shell Co.*, 86 F.2d 600, 605 (9th Cir. 1936) ("generally speaking plaintiff is barred from relief by the laches of one with whom he stands in privity, as a grantee by the laches of his grantor, an assignee by that of his assignor, etc.") (citation omitted)); *see also Baker-Cammack Hosiery Mills, Inc. v. Davis Co.*, 181 F.2d 550, 564 (4th Cir. 1950). In *Gillons*, a party was barred by laches based, in part, on the delay of another where the party and delaying party were related, much the same as what Leighton seeks to do here. *Gillons*, 86 F.2d at 606.

**REDACTED**

*Id.* at OCS_Z_098838 :

**REDACTED**

**REDACTED**

Furthermore, Oberthur fully believes that it represents HID's interests for purposes of determining inventorship and Oberthur must be held to that understanding. In its December 18, 2007 letter to the Court, Oberthur stated that HID's interest in these matters was sufficiently represented. (*See* Exh. A to Gutkin Decl. at 3, n.1).

**REDACTED**

. Oberthur has stated plainly that HID's interests are represented for

purposes of this inventorship debate and Oberthur cannot now be permitted to get out from under this position.

## IV. CONCLUSION

For the foregoing reasons above, the reasons provided in Leighton's initial Memorandum in support of this Motion [Doc. No. 186], including the accompanying Declaration of Mr. Robert A. Gutkin [Doc. No. 187], and in view of the liberal amendment policy of Rule 15(a) and 16(b) of the Federal Rules of Civil Procedure, Leighton respectfully requests that the Court grant its Motion for Leave to amend its Answer to Counterclaims, Affirmative Defenses to include the affirmative defense of laches.

Dated: April 28, 2008

SUTHERLAND ASBILL & BRENNAN LLP

/s/ Robert A. Gutkin
By: Robert A. Gutkin, Esq. (Pro hac vice)
Blair M. Jacobs, Esq. (Pro hac vice)
Christina A. Ondrick, Esq. (Pro hac vice)
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Tel: 202-383-0100
Fax: 202-637-3593

*Attorneys for Plaintiff*
LEIGHTON TECHNOLOGIES LLC

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the following pleadings:

1. REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES,

have been made on counsel for OBERTHUR CARD SYSTEMS, S.A. by sending a copy of this document by overnight mail and email on April 28, 2008 to the following:

> Edward DeFranco
> Kevin Johnson
> Mark Baker
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 51 Madison Avenue, 22nd Floor
> New York, NY 10010

/s/ Robert A. Gutkin